# EXHIBIT A

FILED FOR RECORD 07/25/2018 08:54:53
Michelle S. Bruner, DY. CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON LA

STATE OF LOUISIANA

NO. 785-955                                    DIVISION "H"

ELIAS JORGE "GEORGE" ICTECH-BENDECK
VERSUS
PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,
INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED:_____         _____
                                         DEPUTY CLERK

**CLASS ACTION PETITION FOR DAMAGES**

The petition of **ELIAS JORGE "GEORGE" ICTECH-BENDECK**, a person of the full

age of majority and a resident of and domiciled in the Parish of Jefferson, State of Louisiana, on

behalf of himself and all other similarly situated persons residing in and/or domiciled in the effected

areas of Jefferson Parish, with respect represents that:

**I.**

Made Defendants in this cause of action are:

**1. PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, a foreign corporation authorized

to do and doing business in this Parish and State;

**2. WASTE CONNECTIONS, US, INC.**, a foreign corporation authorized to do and doing

business in this Parish and State;

**3. IESI LA LANDFILL CORPORATION**, a foreign corporation authorized to do and

doing business in this Parish and State;

**4. LOUISIANA REGIONAL LANDFILL COMPANY, INC.**, a foreign corporation

authorized to do and doing business in this Parish and State;

**5. APTIM CORPORATION**, a foreign corporation authorized to do and doing business in

this Parish and State;

**6. PARISH OF JEFFERSON**, a Louisiana municipal parish in the State of Louisiana.

**II.**

Defendants are jointly, severally and in solido indebted unto your Petitioner and all those

1

similarly situated, for general and special damages suffered by Petitioner and all those similarly situated in a sum sufficient to fully compensate him/her/them for all of his/her/their damages, together with legal interest, and for all costs, for this, to-wit:

## III.

### UNDERLYING FACTS

On or about August 1, 2017 the purported "sanitary solid waste" facility/landfill owned by Defendant Jefferson Parish and known as the Jefferson Parish landfill (hereinafter JP Landfill) that is located in Waggaman, LA began to emit noxious odors, believed to consist primarily of methane and hydrogen sulfide gases, into areas surrounding the JP Landfill. The surrounding neighborhoods, including but not limited to those located in Waggaman, LA., River Ridge, La. and Harahan, La., experienced said noxious odors on various days and at various times of the day and night depending upon the then prevailing wind direction crossing over and/or otherwise emanating from the site of the JP Landfill. The emission of said noxious odors continue to date of filing, continued into the past approximate 11 month period and are asserted to likely continue into the foreseeable future such that the emission has been and will be a continuous tort into the foreseeable future.

## IV.

### DEFENDANT PARTIES

The JP Landfill is, and/or was at relevant times, owned by Defendant JEFFERSON PARISH and is, and/or was at all relevant times, being operated pursuant to contracts issued by Defendant JEFFERSON PARISH to Defendants IESI LA LANDFILL CORPORATION, (hereinafter IESI-LA) a wholly owned subsidiary of Defendant PROGRESSIVE WASTE SOLUTIONS OF LA, INC., that was in turn acquired by Defendant WASTE CONNECTIONS, US, INC.

IESI-LA is controlled by its parent corporations PROGRESSIVE WASTE SOLUTIONS, OF LA, INC. and/or WASTE CONNECTIONS, US, INC. and is the "alter ego" of said parent corporation(s) and operates without autonomy and only pursuant to the directions, policies and procedures of its parent corporation(s); as such, said corporation(s) are liable for all negligent and/or otherwise bad acts of its wholly owned subsidiary(ies), IESI-LA and/or LOUISIANA REGIONAL LANDFILL COMPANY, INC..

IESI operated and managed (and/or mis-managed) the JP landfill from the date of the initial omissions of noxious odors in August, 2017 and it is thus liable for all damages sustained from

2

August 1, 2017 to the date of its corporate name change, to wit: IESI recently changed its corporate name in June, 2018 to LOUISIANA REGIONAL LANDFILL COMPANY, INC. (hereinafter LRLC) and LRLC is the current operator and manager (and/or mis-manager) of the JP Landfill and is thus liable for all damages sustained since its corporate name change to date of just and equitable adjudication, and into such future date as the emissions cease, if ever.

Defendant APTIM CORPORATION, based upon information and belief, manages, or in this case, mis-manages, pursuant to contract and/or subcontract, the gas and/or leachate collection system(s) of JP Landfill that, in addition to the site's liquid industrial waste, residential sewerage, commercial waste, and improperly covered solid waste is at least one "point source" of the noxious odors and gases emanating from the JP landfill.

## V.

### PROXIMATE CAUSE AND BAD ACTS

The sole proximate cause of the above described emanations of noxious odors and gases is and was the strict liability, breach of contractual obligations and/or negligent acts of Defendants, which strict liability, breach of contractual obligations and/or negligence consists more particularly, but not exclusively, of the following:

1.  Violation of Civil Code Articles 667, 669, 2315, 2316, 2317, 2317.1, 2322 and applicable environmental rules and regulations promulgated by the State of Louisiana and/or Louisiana Department of Environmental Quality (LDEQ) ;

2.  Failure to properly operate and/or manage a solid waste "sanitary" landfill in a manner that does not cause harm to others, and in particular, to its neighbors;

3.  Failure to take all reasonable action to avoid causing harm as set forth herein;

4.  Failure to prevent the emission of noxious and harmful odors and gases into and onto the persons and properties of the surrounding neighborhoods;

5.  Breach of contractual obligations of which Petitioner and all those similarly situated are third party beneficiaries of the contract(s) between Defendant Jefferson Parish and all other Defendants named herein that cause(d) harm to Petitioner and all those similarly situated that he seeks to represent.

### VI.

### DAMAGES

3

As a consequence of the acts and/or failures to act and/or breach of duties and/or obligations and resulting legally cognizable damages, Petitioner and all those similarly situated, sustained damages as follows:

A.     Past, present and future nuisance damages;

B.     Past, present and future diminution in property value.

## VI (a).

## ARTICLE 893

Pursuant to La. Code of Civil Procedure Article 893, Petitioner prays and/or asserts that the sum in damages sought by and for any individual petitioner herein be and is greater than the jurisdictional amount necessary for trial by jury.

## VII.

## CLASS ACTION PROCEDURAL PROVISIONS

Petitioner seeks to proceed as a Class Action pursuant to Louisiana Code of Civil Procedure Article 591, et seq., individually and as class representative on behalf of a class of Plaintiffs similarly situated but as yet fully identified, as Plaintiff herein represents that he has sustained legally cognizable damages common to all those similarly situated who incurred such damages arising from the direct and proximate result of the wrongful conduct of Defendants as set forth herein, and/or by those for whom they are legally responsible pursuant to the doctrine of respondiat superior, employer-employee, master-servant and/or as otherwise authorized by statutory law and/or jurisprudence.

## VII (a)

Petitioner/Plaintiff proposes that the Class be defined as:

"All persons domiciled of and/or within the Parish of Jefferson, (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties".

## VII (b)

This action is appropriate for determination through utilization of the Louisiana class action procedural device, to wit: Louisiana Class Action Procedure Articles (La. C.Civ.P. Art. 591, *et seq.*) for the following reasons:

4

1.   **NUMEROSITY**

While the exact number of and identities of the class members are unknown at this time, they may be ascertained through appropriate discovery and Plaintiff is of the information and belief that the class of Plaintiffs clearly consists of persons presenting a level of numerosity better handled through the class action procedural device;

2.   **COMMON QUESTIONS OF LAW AND FACT**

There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include, but are not limited to: whether the damages were a result of the wrongful conduct of Defendant(s);

3.   **TYPICALITY**

The claims of the class representative as named herein are typical of the class members he seeks to represent and the defenses of Defendants are typical as to the Plaintiff and class members in that all seek damages arising from the wrongful conduct of Defendants as alleged herein;

4.   **ADEQUACY OF REPRESENTATION**

Plaintiff will fairly and adequately represent the interests of the class, and the class representative herein is represented by skilled attorneys who are experienced in the handling of mass tort class action litigation, and who will handle this action in an expeditious and economical manner, and all in the best interests of all members of the class; further, undersigned Counsel Val Patrick Exnicios, Esq. serves as Chairman of the Louisiana State Bar Association's Class Action, Mass Torts & Complex Litigation Section, and as Co-Chairman of the Louisiana Supreme Court's Class Action, Rules of Professional Conduct and MDL Committee and is pro bono ethics counsel to several plaintiff and defense law firms and is a frequent lecturer at CLE presentations and at area law schools on both ethics and professionalism in the practice of law in this State; as such, he is highly skilled in the prosecution and management of actions wherein the Court has determined that the class action procedural device is the most appropriate means to manage mass and/or complex litigation, and highly skilled as to the Louisiana Supreme Court's Rules of

Professional Conduct applicable to said procedural device and mass and individual client representation actions.

5. **OBJECTIVE CLASS DEFINITION**

This Class is (or may be as this Honorable Court determines) defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in this case.

6. **RISK OF PROSECUTING SEPARATE ACTIONS**

The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party(ies) opposing the class, or adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Lastly, the Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the Plaintiffs, would also be unduly burdensome and expensive to the court system, as well as to the Defendants.

## VIII

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELIAS JORGE "GEORGE" ICTECH-BENDECK prays that a copy of this Petition be served on each Defendant, and that they each be cited to answer same within the delays allowed by law and that, after due proceedings are had, that the class be certified and that appropriate Notice be issued, and that judgment against Defendants be granted in favor of Plaintiff and all those similarly situated be entered in an amount to be determined at trial by the trier of fact reasonable in the premises for injuries, harms, damages, and losses as set forth above, special damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees, filing fees, pre- and post-judgment interest, all other injuries and damages as shall be proven at trial, and such other

6

further relief as the Court may deem appropriate, just, and proper as the law allows.

Respectfully submitted,

*Liska, Exnicios, & Nungesser*

**Val Patrick Exnicios, TA (LA Bar #19563)**
**Kelsey L. Zeitzer (LA Bar #37368)**
**Max N. Tobias, Jr. (LA Bar # 12837)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*
A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*

**PLEASE SERVE:**

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS, US, INC.**
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**IESI LA LANDFILL CORPORATION**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

7

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

*Lisa M. Chieman*
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

**LOUISIANA REGIONAL LANDFILL COMPANY, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802


**APTIM CORPORATION**
Through its Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**JEFFERSON PARISH**
Through the Parish Attorney
Michael J. Power
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

FILED FOR RECORD 07/25/2018 08:38:33
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA   845

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO: 785-955                                      DIVISION H 

ELIAS JORGE "GEORGE" ICTECH-BENDECK
**VERSUS**
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,
INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON**

FILED:_____        _____
                                            DEPUTY CLERK

### EX PARTE MOTION AND ORDER & INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO APPOINT INTERIM CLASS COUNSEL

   Now into Court comes Plaintiff through undersigned counsel who respectfully moves this

Honorable Court for an Order appointing his retained counsel as Interim Putative Class Counsel to

manage the subject litigation seeking utilization of the class action procedural device during the

period leading up to and during this Honorable Court's determination of whether it desires use of

the class certification process to manage this complex litigation, and all for the reasons set forth

below:

1.     Louisiana Code of Civil Procedure Article 592 provides that the parties shall have "a

       reasonable opportunity to obtain discovery on class certification issues on such terms and

       conditions as the court deems necessary, which may include expert witness testimony or

       evidence". *West*, 2018

2.     Louisiana Code of Civil Procedure Article 592 additionally specifies that at the Hearing on

       the motion to certify an action as a class action, the proponents of the class shall have the

       burden of proof. *West*, 2018

3.     Louisiana Code of Civil Procedure Article 191 provides that Judges inherently possess all

       of the power and authority necessary for the exercise of jurisdiction whether or not expressly

       granted by law. *West*, 2018

4.     Plaintiff submits that it is anticipated that multiple actions similar to the subject action, some

       potentially seeking class certification, will be filed in this Honorable 24th JDC and that, as

       such, there is the need for the orderly management of the class action certification process

       by counsel with extensive experience in the area of class action, mass tort and complex

       litigation. Plaintiff's Counsel Val P. Exnicios serves as Co-Chairman of the Louisiana

       Supreme Court's Class Action RPC-MDL Committee, Chairman of the LSBA's Class



JON A. GEGENHEIMER

Action, Mass Tort and Complex Litigation Section, and has been appointed by numerous state and federal Judges to membership on Plaintiffs Steering Committees and/or as Class Counsel in certified class actions over the past 25 + years.

For all of the foregoing reasons, Plaintiff moves for appointment of his counsel, Val Exnicios, Seth Schaumberg and Douglas Hammel as Interim Putative Class Counsel to manage the subject litigation, to facilitate motion practice, class discovery, case management, investigation, securing evidence, discovery, and other matters relating to the prosecution of this putative class action, and/or other matters that may be ordered by this Honorable Court from time to time.

Respectfully submitted,

*Liska, Exnicios, & Nungesser*

Val Patrick Exnicios, TA (LA Bar #19563)
**Kelsey L. Zeitzer (LA Bar #37368)**
**Max N. Tobias, Jr. (LA Bar # 12837)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*
A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*



24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. DIVISION " "

ELIAS JORGE "GEORGE" ICTECH-BENDECK
VERSUS
PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,
INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED:_____          _____
                                              DEPUTY CLERK

**ORDER**

**IT IS HEREBY ORDERED THAT:**

Val Exnicios, Seth Schaumberg and Douglas Hammel be Appointed as Interim Putative Class

Counsel to manage the subject litigation, to facilitate motion practice, class discovery, case

management, investigation, securing evidence, discovery, and other matters relating to the

prosecution of this putative class action, and/or other matters that may be ordered by this Honorable

Court.

Signed this _____ day of _____, 2018.

_____
JUDGE



FILED FOR RECORD 07/25/2018 08:38:26
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH LA   515

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO: 785.955                                    DIVISION H

ELIAS JORGE "GEORGE" ICTECH-BENDECK
VERSUS
PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,
INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED:_____        _____
                                     DEPUTY CLERK

REQUEST FOR WRITTEN NOTICE OF
ASSIGNMENT AND/OR WRITTEN NOTICE
OF ANY ORDER OR JUDGMENT MADE OR RENDERED

Clerk of Court

City of Jefferson

        In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil

Procedure, you are hereby requested to give us, as counsel for plaintiff, in the above numbered and

entitled cause, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing

of the case, whether on exceptions, rules or the merits thereof.

        In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil

Procedure, you are hereby additionally requested to send us immediately notices of any order or

judgment made or rendered int his case upon entry of any such order or judgment.

                                Respectfully submitted,

                                Liska, Exnicios, & Nungesser



                                Val Patrick Exnicios, TA (LA Bar #19563)
                                Kelsey L. Zeitzer (LA Bar #37368)
                                Max N. Tobias, Jr. (LA Bar # 12837)
                                *Liska, Exnicios & Nungesser*
                                1515 Poydras Street, Suite 1400
                                New Orleans, LA 70112
                                Telephone: (504) 410-9611
                                Facsimile: (504) 410-9937

                                *FAVRET, DEMAREST, RUSSO,*
                                *LUTKEWITTE & SCHAUMBURG*
                                A Professional Law Corporation
                                Seth H. Schaumburg, No. 24636
                                Anthony J. Russo, No. 8806
                                Dean J. Favret, No. 20186
                                Angela C. Imbornone, No. 19631
                                Lauren A. Favret, No. 33826



1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  (504) 561-1006
Facsimile:  (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION          180726-4039-6
TO APPOINT INTERIM CLASS COUNSEL;

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

ELIAS JORGE ICTECH-BENDECK, ELIAS GEORGE
ICTECH-BENDICK
    versus                                      Case: 785-955   Div. "H"
PROGRESSIVE WASTE SOLUTION OF LA INC, WASTE    P 1 ELIAS JORGE ICTECH-
CONNECTIONS US INC, IESI LA LANDFILL           BENDECK
CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY INC, APTIM CORPORATION, PARISH OF
JEFFERSON

To:  WASTE CONNECTIONS US INC
THRU CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

VIA LOUISIANA LONG ARM STATUE SERVICE

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION
PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE ; EX PARTE MOTION AND
ORDER AND INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO
APPOINT INTERIM CLASS COUNSEL of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30)
CALENDAR days after the return of service hereof, under penalty of default.

This service was requested by attorney VAL P. EXNICIOS and was issued by the Clerk of Court
on the 26th day of July, 2018.

                    /s/ Lisa M. Cheramie
                    Lisa M. Cheramie, Deputy Clerk of Court for
                    Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION_____

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION          180726-4039-6
TO APPOINT INTERIM CLASS COUNSEL;

Received:_____  Served:_____  Returned:_____

Service was made:
    ___ Personal           ___ Domiciliary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant              ___ Received too late to serve
    ___ Moved              ___ No longer works at this address
    ___ No such address      ___ Need apartment / building number
    ___ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____ # _____
                Deputy Sheriff
Parish of:_____

        Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 1

PT/865

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 785-955                                          DIVISION "H"    **FILED**

ELIAS JORGE "GEORGE" ICTECH-BENDECK

VERSUS

PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.

FILED:_____        DEPUTY CLERK: _____

## ORDER OF RECUSAL AND TRANSFER

Pursuant to Canon 3c of the Judicial Code of Conduct, I, Glenn B. Ansardi, Judge, Division

"H," 24th Judicial District Court, State of Louisiana, voluntarily recuse myself from presiding over

the above captioned matter entitled *Elias Jorge "George" Ictech-Bendeck v. Progessive Waste*

*Solutions of LA, Inc.*, Docket No. 785-955, 24th Judicial District Court, Parish of Jefferson, State of

Louisiana, as this action involves the Parish of Jefferson, and my daughter currently has a

consulting contract with the Parish for government relations.

Gretna, Louisiana, this 1st day of August, 2018.

_____
HONORABLE GLENN B. ANSARDI

JON A GEGENHEIMER, CLERK OF COURT
JEFFERSON PARISH
P O BOX 10
GRETNA, LA 70054

DATE: 08-02-18

CASE NO.: **785-955 E**

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**

**VERSUS**

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.**

AS PER ORDER OF RE-ALLOTMENT DATED AUGUST 1, 2018
SIGNED BY JUDGE GLENN B. ANSARDI, DIVISION "H".  CASE
IS RE-ALLOTTED TO DIVISION "E", JUDGE JOHN J. MOLAISON
JR.

REQUESTED BY : JUDGE GLENN B. ANSARDI – DIVISION "H"

DEPUTY CLERK: Tracy Goodwyne
CORRECTIONS/TRAINING
TELEPHONE NO.: 364-3961

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO          180726-4029-7
APPOINT INTERIM CLASS COUNSEL

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

ELIAS JORGE ICTECH-BENDECK, ELIAS GEORGE
ICTECH-BENDICK
            versus                                    Case: 785-955    Div "H"
PROGRESSIVE WASTE SOLUTION OF LA INC, WASTE           P 1 ELIAS JORGE ICTECH-
CONNECTIONS US INC, IESI LA LANDFILL                  BENDECK
CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY INC, APTIM CORPORATION, PARISH OF
JEFFERSON

To: PROGRESSIVE WASTE SOLUTION OF LA INC
THRU ITS AGENT
CORPORATION SERVICE COMPANY                           EBR# 15955  $139.44
501 LOUISIANA AVE
BATON ROUGE LA 70802

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION
PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE / EX PARTE MOTION AND
ORDER AND INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO
APPOINT INTERIM CLASS COUNSEL  of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15)
CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney VAL P. EXNICIOS and was issued by the Clerk of Court
on the 26th day of July, 2018.

/s/ Lisa M. Cheramie
Lisa M. Cheramie, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO          180726-4029-7
APPOINT INTERIM CLASS COUNSEL

Received:_____  Served:_____  Returned:_____

Service was made:
        ___ Personal              ___ Domiciliary _____

Unable to serve:
        ___ Not at this address   ___ Numerous attempts ___ times
        ___ Vacant                ___ Received too late to serve
        ___ Moved                 ___ No longer works at this address
        ___ No such address       ___ Need apartment / building number
        ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ #_____
                    Deputy Sheriff
Parish of: _____

Page 1 of 1

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

FILED FOR RECORD 07/25/2018 08:54:44
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 785-955                                                    DIVISION H

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**
**VERSUS**
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,**
**INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL**
**COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON**

FILED:_____          _____
                                                    DEPUTY CLERK

## CLASS ACTION PETITION FOR DAMAGES

The petition of **ELIAS JORGE "GEORGE" ICTECH-BENDECK**, a person of the full

age of majority and a resident of and domiciled in the Parish of Jefferson, State of Louisiana, on

behalf of himself and all other similarly situated persons residing in and/or domiciled in the effected

areas of Jefferson Parish, with respect represents that:

**I.**

Made Defendants in this cause of action are:

**1. PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, a foreign corporation authorized

to do and doing business in this Parish and State;

**2. WASTE CONNECTIONS, US, INC.**, a foreign corporation authorized to do and doing

business in this Parish and State;

**3. IESI LA LANDFILL CORPORATION**, a foreign corporation authorized to do and

doing business in this Parish and State;

**4. LOUISIANA REGIONAL LANDFILL COMPANY, INC.**, a foreign corporation

authorized to do and doing business in this Parish and State;

**5. APTIM CORPORATION**, a foreign corporation authorized to do and doing business in

this Parish and State;

**6. PARISH OF JEFFERSON**, a Louisiana municipal parish in the State of Louisiana.

**II.**

Defendants are jointly, severally and in solido indebted unto your Petitioner and all those

1

similarly situated, for general and special damages suffered by Petitioner and all those similarly situated in a sum sufficient to fully compensate him/her/them for all of his/her/their damages, together with legal interest, and for all costs, for this, to-wit:

## III.

### UNDERLYING FACTS

On or about August 1, 2017 the purported "sanitary solid waste" facility/landfill owned by Defendant Jefferson Parish and known as the Jefferson Parish landfill (hereinafter JP Landfill) that is located in Waggaman, LA began to emit noxious odors, believed to consist primarily of methane and hydrogen sulfide gases, into areas surrounding the JP Landfill. The surrounding neighborhoods, including but not limited to those located in Waggaman, LA., River Ridge, La. and Harahan, La., experienced said noxious odors on various days and at various times of the day and night depending upon the then prevailing wind direction crossing over and/or otherwise emanating from the site of the JP Landfill. The emission of said noxious odors continue to date of filing, continued into the past approximate 11 month period and are asserted to likely continue into the foreseeable future such that the emission has been and will be a continuous tort into the foreseeable future.

## IV.

### DEFENDANT PARTIES

The JP Landfill is, and/or was at relevant times, owned by Defendant JEFFERSON PARISH and is, and/or was at all relevant times, being operated pursuant to contracts issued by Defendant JEFFERSON PARISH to Defendants IESI LA LANDFILL CORPORATION, (hereinafter IESI-LA) a wholly owned subsidiary of Defendant PROGRESSIVE WASTE SOLUTIONS OF LA, INC., that was in turn acquired by Defendant WASTE CONNECTIONS, US, INC.

IESI-LA is controlled by its parent corporations PROGRESSIVE WASTE SOLUTIONS, OF LA, INC. and/or  WASTE CONNECTIONS, US, INC. and is the "alter ego" of said parent corporation(s) and operates without autonomy and only pursuant to the directions, policies and procedures of its parent corporation(s); as such, said parent corporation(s) are liable for all negligent and/or otherwise bad acts of its wholly owned subsidiary(ies), IESI-LA and/or LOUISIANA REGIONAL LANDFILL COMPANY, INC..

IESI operated and managed (and/or mis-managed) the JP landfill from the date of the initial omissions of noxious odors in August, 2017 and it is thus liable for all damages sustained from

August 1, 2017 to the date of its corporate name change, to wit: IESI recently changed its corporate name in June, 2018 to LOUISIANA REGIONAL LANDFILL COMPANY, INC. (hereinafter LRLC) and LRLC is the current operator and manager (and/or mis-manager) of the JP Landfill and is thus liable for all damages sustained since its corporate name change to date of just and equitable adjudication, and into such future date as the emissions cease, if ever.

Defendant APTIM CORPORATION, based upon information and belief, manages, or in this case, mis-manages, pursuant to contract and/or subcontract, the gas and/or leachate collection system(s) of JP Landfill that, in addition to the site's liquid industrial waste, residential sewerage, commercial waste, and improperly covered solid waste is at least one "point source" of the noxious odors and gases emanating from the JP landfill.

### V.

### PROXIMATE CAUSE AND BAD ACTS

The sole proximate cause of the above described emanations of noxious odors and gases is and was the strict liability, breach of contractual obligations and/or negligent acts of Defendants, which strict liability, breach of contractual obligations and/or negligence consists more particularly, but not exclusively, of the following:

1. Violation of Civil Code Articles 667, 669, 2315, 2316, 2317, 2317.1, 2322 and applicable environmental rules and regulations promulgated by the State of Louisiana and/or Louisiana Department of Environmental Quality (LDEQ) ;

2. Failure to properly operate and/or manage a solid waste "sanitary" landfill in a manner that does not cause harm to others, and in particular, to its neighbors;

3. Failure to take all reasonable action to avoid causing harm as set forth herein;

4. Failure to prevent the emission of noxious and harmful odors and gases into and onto the persons and properties of the surrounding neighborhoods;

5. Breach of contractual obligations of which Petitioner and all those similarly situated are third party beneficiaries of the contract(s) between Defendant Jefferson Parish and all other Defendants named herein that cause(d) harm to Petitioner and all those similarly situated that he seeks to represent.

### VI.

### DAMAGES

3

As a consequence of the acts and/or failures to act and/or breach of duties and/or obligations and resulting legally cognizable damages, Petitioner and all those similarly situated, sustained damages as follows:

A.    Past, present and future nuisance damages;

B.    Past, present and future diminution in property value.

## VI (a).

## ARTICLE 893

Pursuant to La. Code of Civil Procedure Article 893, Petitioner prays and/or asserts that the sum in damages sought by and for any individual petitioner herein be and is greater than the jurisdictional amount necessary for trial by jury.

## VII.

## CLASS ACTION PROCEDURAL PROVISIONS

Petitioner seeks to proceed as a Class Action pursuant to Louisiana Code of Civil Procedure Article 591, et seq., individually and as class representative on behalf of a class of Plaintiffs similarly situated but as yet fully identified, as Plaintiff herein represents that he has sustained legally cognizable damages common to all those similarly situated who incurred such damages arising from the direct and proximate result of the wrongful conduct of Defendants as set forth herein, and/or by those for whom they are legally responsible pursuant to the doctrine of respondiat superior, employer-employee, master-servant and/or as otherwise authorized by statutory law and/or jurisprudence.

## VII (a)

Petitioner/Plaintiff proposes that the Class be defined as:

"All persons domiciled of and/or within the Parish of Jefferson, (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties".

## VII (b)

This action is appropriate for determination through utilization of the Louisiana class action procedural device, to wit: Louisiana Class Action Procedure Articles (La. C.Civ.P. Art. 591, *et seq*.) for the following reasons:

4

1. **NUMEROSITY**

While the exact number of and identities of the class members are unknown at this time, they may be ascertained through appropriate discovery and Plaintiff is of the information and belief that the class of Plaintiffs clearly consists of persons presenting a level of numerosity better handled through the class action procedural device;

2. **COMMON QUESTIONS OF LAW AND FACT**

There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include, but are not limited to: whether the damages were a result of the wrongful conduct of Defendant(s);

3. **TYPICALITY**

The claims of the class representative as named herein are typical of the class members he seeks to represent and the defenses of Defendants are typical as to the Plaintiff and class members in that all seek damages arising from the wrongful conduct of Defendants as alleged herein;

4. **ADEQUACY OF REPRESENTATION**

Plaintiff will fairly and adequately represent the interests of the class, and the class representative herein is represented by skilled attorneys who are experienced in the handling of mass tort class action litigation, and who will handle this action in an expeditious and economical manner, and all in the best interests of all members of the class; further, undersigned Counsel Val Patrick Exnicios, Esq. serves as Chairman of the Louisiana State Bar Association's Class Action, Mass Torts & Complex Litigation Section, and as Co-Chairman of the Louisiana Supreme Court's Class Action, Rules of Professional Conduct and MDL Committee and is pro bono ethics counsel to several plaintiff and defense law firms and is a frequent lecturer at CLE presentations and at area law schools on both ethics and professionalism in the practice of law in this State; as such, he is highly skilled in the prosecution and management of actions wherein the Court has determined that the class action procedural device is the most appropriate means to manage mass and/or complex litigation, and highly skilled as to the Louisiana Supreme Court's Rules of

Professional Conduct applicable to said procedural device and mass and individual client representation actions.

5.   **OBJECTIVE CLASS DEFINITION**

This Class is (or may be as this Honorable Court determines) defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in this case.

6.   **RISK OF PROSECUTING SEPARATE ACTIONS**

The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party(ies) opposing the class, or adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Lastly, the Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the Plaintiffs, would also be unduly burdensome and expensive to the court system, as well as to the Defendants.

## VIII

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELIAS JORGE "GEORGE" ICTECH-BENDECK prays that a copy of this Petition be served on each Defendant, and that they each be cited to answer same within the delays allowed by law and that, after due proceedings are had, that the class be certified and that appropriate Notice be issued, and that judgment against Defendants be granted in favor of Plaintiff and all those similarly situated be entered in an amount to be determined at trial by the trier of fact reasonable in the premises for injuries, harms, damages, and losses as set forth above, special damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees, filing fees, pre- and post-judgment interest, all other injuries and damages as shall be proven at trial, and such other

further relief as the Court may deem appropriate, just, and proper as the law allows.

Respectfully submitted,

*Liska, Exnicios, & Nungesser*

**Val Patrick Exnicios, TA (LA Bar #19563)**
**Kelsey L. Zeitzer (LA Bar #37368)**
**Max N. Tobias, Jr. (LA Bar # 12837)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*
A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  (504) 561-1006
Facsimile:  (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*

**PLEASE SERVE:**

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS, US, INC.**
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**IESI LA LANDFILL CORPORATION**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

7

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

**LOUISIANA REGIONAL LANDFILL COMPANY, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802


**APTIM CORPORATION**
Through its Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**JEFFERSON PARISH**
Through the Parish Attorney
Michael J. Power
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

FILED FOR RECORD 07/25/2018 08:38:26
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH LA
24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON   515
STATE OF LOUISIANA

NO: 785.955                                            DIVISION H

## ELIAS JORGE "GEORGE" ICTECH-BENDECK
### VERSUS
## PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US, INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED:_____        _____
                                              DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE OF
### ASSIGNMENT AND/OR WRITTEN NOTICE
### OF ANY ORDER OR JUDGMENT MADE OR RENDERED

Clerk of Court

City of Jefferson

    In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil

Procedure, you are hereby requested to give us, as counsel for plaintiff, in the above numbered and

entitled cause, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing

of the case, whether on exceptions, rules or the merits thereof.

    In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil

Procedure, you are hereby additionally requested to send us immediately notices of any order or

judgment made or rendered int his case upon entry of any such order or judgment.

                            Respectfully submitted,

                            *Liska, Exnicios, & Nungesser*

                            **Val Patrick Exnicios, TX (LA Bar #19563)**
                            **Kelsey L. Zeitzer (LA Bar #37368)**
                            **Max N. Tobias, Jr. (LA Bar # 12837)**
                            *Liska, Exnicios & Nungesser*
                            1515 Poydras Street, Suite 1400
                            New Orleans, LA 70112
                            Telephone: (504) 410-9611
                            Facsimile: (504) 410-9937

                            ***FAVRET, DEMAREST, RUSSO,***
                            ***LUTKEWITTE & SCHAUMBURG***
                            A Professional Law Corporation
                            **Seth H. Schaumburg, No. 24636**
                            **Anthony J. Russo, No. 8806**
                            **Dean J. Favret, No. 20186**
                            **Angela C. Imbornone, No. 19631**
                            **Lauren A. Favret, No. 33826**



1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*

FILED FOR RECORD 07/25/2018 08:38:33
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA    345

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 785-955                                        DIVISION "H"

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**
**VERSUS**
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,**
**INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL**
**COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON**

FILED:_____      _____
                                              DEPUTY CLERK

## EX PARTE MOTION AND ORDER & INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO APPOINT INTERIM CLASS COUNSEL

Now into Court comes Plaintiff through undersigned counsel who respectfully moves this

Honorable Court for an Order appointing his retained counsel as Interim Putative Class Counsel to

manage the subject litigation seeking utilization of the class action procedural device during the

period leading up to and during this Honorable Court's determination of whether it desires use of

the class certification process to manage this complex litigation, and all for the reasons set forth

below:

1.      Louisiana Code of Civil Procedure Article 592 provides that the parties shall have "a

        reasonable opportunity to obtain discovery on class certification issues on such terms and

        conditions as the court deems necessary, which may include expert witness testimony or

        evidence". *West*, 2018

2.      Louisiana Code of Civil Procedure Article 592 additionally specifies that at the Hearing on

        the motion to certify an action as a class action, the proponents of the class shall have the

        burden of proof. *West*, 2018

3.      Louisiana Code of Civil Procedure Article 191 provides that Judges inherently possess all

        of the power and authority necessary for the exercise of jurisdiction whether or not expressly

        granted by law. *West*, 2018

4.      Plaintiff submits that it is anticipated that multiple actions similar to the subject action, some

        potentially seeking class certification, will be filed in this Honorable 24th JDC and that, as

        such, there is the need for the orderly management of the class action certification process

        by counsel with extensive experience in the area of class action, mass tort and complex

        litigation. Plaintiff's Counsel Val P. Exnicios serves as Co-Chairman of the Louisiana

        Supreme Court's Class Action RPC-MDL Committee, Chairman of the LSBA's Class



Action, Mass Tort and Complex Litigation Section, and has been appointed by numerous state and federal Judges to membership on Plaintiffs Steering Committees and/or as Class Counsel in certified class actions over the past 25 + years.

For all of the foregoing reasons, Plaintiff moves for appointment of his counsel, Val Exnicios, Seth Schaumberg and Douglas Hammel as Interim Putative Class Counsel to manage the subject litigation, to facilitate motion practice, class discovery, case management, investigation, securing evidence, discovery, and other matters relating to the prosecution of this putative class action, and/or other matters that may be ordered by this Honorable Court from time to time.

Respectfully submitted,

*Liska, Exnicios, & Nungesser*

**Val Patrick Exnicios, TA (LA Bar #19563)**
**Kelsey L. Zeitzer (LA Bar #37368)**
**Max N. Tobias, Jr. (LA Bar # 12837)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*
A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  (504) 561-1006
Facsimile:  (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*



24ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO.                                             DIVISION " "

ELIAS JORGE "GEORGE" ICTECH-BENDECK
VERSUS
PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,
INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED:_____        _____
                                            DEPUTY CLERK

**ORDER**

**IT IS HEREBY ORDERED THAT**:

Val Exnicios, Seth Schaumberg and Douglas Hammel be Appointed as Interim Putative Class

Counsel to manage the subject litigation, to facilitate motion practice, class discovery, case

management, investigation, securing evidence, discovery, and other matters relating to the

prosecution of this putative class action, and/or other matters that may be ordered by this Honorable

Court.

Signed this ⟨25ᵗᵉ⟩ day of ⟨July⟩ , 2018.

                                        _____
                                            JUDGE



07/26/2018 09:21:58 CERTIFIED TRUE COPY - Pg:3 of 3 - Jefferson Parish Clerk of Court - ID:1835643

FILED FOR RECORD 08/07/2018 03:09:13
Mary G Brisco, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.   785-955                                                          DIVISION: "H"

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**

**VERSUS**

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL**

FILED: _____        _____

                                       **DEPUTY CLERK**

**MOTION AND ORDER FOR EXTENSION OF TIME**
**WITHIN WHICH TO PLEAD**

     **NOW INTO COURT,** through undersigned counsel, comes Defendant, the Parish of

Jefferson, appearing specially and solely for the purpose of this motion and reserving all rights,

and moves the court for an extension of time of thirty (30) days from the date the Answer is due,

within which to plead or until September 17, 2018, for the reason that counsel has only recently

been retained and additional time is required to conduct an investigation.  No other extensions

have been granted and no oppositions have been filed in the record.

     **IT IS ORDERED** that Defendant be and is hereby granted an extension of time through

and including September 17, 2018 within which to file its responsive pleadings to the Plaintiff's

Petition for Damages, with full reservation of all of their rights and without waiver thereof.

     **GRETNA, LOUISIANA,** this _____ day of _____, 2018.


                                       _____
                                                **J U D G E**

Respectfully submitted,

**CONNICK AND CONNICK, L.L.C.**

_____
**WILLIAM P. CONNICK (14158)**
**MICHAEL S. FUTRELL (20819)**
**MATTHEW D. MOGHIS (33994)**
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6663
Attorney for Defendant, the Parish of Jefferson

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been forwarded to all counsel of record by depositing same in the United States Mail, postage prepaid, this 6TH day of August, 2018.

_____

**MICHAEL S. FUTRELL**

**CONNICK AND CONNICK, L.L.C.**
**ATTORNEYS AT LAW**

WILLIAM PETER CONNICK
MICHAEL S. FUTRELL
MICHAEL F. NOLAN
..................
ELIZABETH O. CLINTON
MICHAEL J. MONISTERE
CARLEY A. FAUCHEUX
ELIZABETH A. ZAVALA
CHRISTOPHER M. LACK

3421 NORTH CAUSEWAY BOULEVARD
SUITE 408
METAIRIE, LOUISIANA 70002
TELEPHONE (504) 838-8777
FACSIMILE (504) 838-9903
Website: www.connicklaw.com

OF COUNSEL

PAUL D. CONNICK, JR.

Direct Dial: (504) 681-6663
Email: mfutrell@connicklaw.com

August 6, 2018

Clerk of Court
24th Judicial District Court
Post Office Box 10
Gretna, LA 70054-0010

Re:     Elias Jorge "George" Ictech-Bendeck
        v. Progressive Waste Solutions of LA, Inc., et al
        24th JDC No.: 785-955 "H"

Dear Sir/Madam:

Enclosed please find the originals and one copy of the Motion and Order for Extension of Time and Request for Notice which I ask that you file in connection with the above captioned matter.  Please return filed copies of same to my office in the enclosed envelope.

Sent 8/8/2018

It is my understanding that there are no costs due at this time as I represent the Parish of Jefferson.

Thanking you in advance for your cooperation, I remain

Sincerely yours,

**CONNICK AND CONNICK, L.L.C.**

**MICHAEL S. FUTRELL**

MSF/rmm

FILED FOR RECORD 08/07/2018 09:09:51
Mary G Brisco, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.   785-955                                                    DIVISION: "H"

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**

**VERSUS**

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL**

FILED: _____        _____

                                                              **DEPUTY CLERK**

**REQUEST FOR NOTICE**

CLERK OF COURT

STATE OF LOUISIANA

PARISH OF JEFFERSON

        Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, Defendant, Parish of

Jefferson, hereby requests written notice of the date set for hearing of any pleadings or motions

therein at least ten (10) days before any trial or hearing date.

        Defendant also requests notice of the signing of any final judgment or of the rendition of

any interlocutory order or judgment in said cause as provided by Articles 1913 and 1914 of the

Louisiana Code of Civil Procedure.

                                Respectfully submitted,

                                **CONNICK AND CONNICK, L.L.C.**

                                _____
                                **WILLIAM P. CONNICK (14158)**
                                **MICHAEL S. FUTRELL (20819)**
                                **MATTHEW D. MOGHIS (33994)**
                                3421 N. Causeway Blvd., Suite 408
                                Metairie, Louisiana 70002
                                Telephone: (504) 681-6663
                                *Attorneys for Defendant, the Parish of Jefferson*

**CERTIFICATE OF SERVICE**

        I certify that a copy of the foregoing pleading has been forwarded to all counsel of record

by depositing same in the United States Mail, postage prepaid, this 6TH day of August, 2018.

                                _____
                                MICHAEL S. FUTRELL

FILED FOR RECORD 08/09/2018 15:17:34
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO.   785-955                                          DIVISION " E "

ELIAS JORGE "GEORGE" ICTECH-BENDECK
VERSUS
PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,
INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON

FILED:_____          _____
                                                    DEPUTY CLERK

**AFFIDAVIT**

STATE OF LOUISIANA                    FILED FOR RECORD 08/09/2018 09:15:53
                                      Mary G Brisco, DY CLERK
PARISH OF ORLEANS                     JEFFERSON PARISH, LA

BEFORE ME, Notary, personally came and appeared:

Brandy M. Sergi

who, after having been duly sworn, did depose and say:

That on the 30th day of July, 2018 she did deposit in the U. S. Mail, a certified copy of the

Citation and Petition in the above captioned matter, pursuant to the Long Arm Statute, LA R.S.

13:3201, et seq. to the defendant, Waste Connections US Inc., in an envelope properly addressed to

said defendant with sufficient postage affixed and did send same to said defendant via certified mail,

return receipt requested, copy of which receipt is affixed hereto and made a part hereof.  Return

Receipt was received back on August 6, 2018.

_____
Brandy M. Sergi

SWORN TO AND SUBSCRIBED BEFORE
ME, NOTARY, THIS 6th DAY OF August,
2018.

_____
NOTARY PUBLIC

KELSEY LEIGH ZEITZER
NOTARY PUBLIC
State of Louisiana, Bar Roll # 37368
My Commission is for life.

**LISKA, EXNICIOS & NUNGESSER**

ATTORNEYS AT LAW

www.exnicioslaw.com

1515 POYDRAS STREET
SUITE 1400
NEW ORLEANS, LA 70112

VAL PATRICK EXNICIOS
vpexnicios@exnicioslaw.com

August 6, 2018

TELEPHONE: (504) 410-9611
FACSIMILE:  (504) 410-9937

24th JDC
Clerk of Court
P.O. Box 10
Gretna, LA 70054

re:   *Elias Jorge Ictech-Bendeck v. Progressive Waste Solution of LA Inc., et al*
      24th JDC #785-955 Division "E"

Dear Sir or Madam:

Enclosed please find the original affidavit and one copy, together with the registered return receipt card indicating that service by Certified Mail has been made on Waste Connections US, Inc., with reference to the Class Action Petition for Damages which has been filed in the above referenced case.

Please file the affidavit into the record and return one conformed copy to this office in the self addressed, stamped envelope which is provided.

With best personal and professional regards, I remain

Very truly yours,

VAL P. EXNICIOS

/bms
Enclosures

FILED FOR RECORD 08/09/2018 15:17:34
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

A
5k

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Williams Rolley_ ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> Waste Connections US Inc. <br> Through Corporation Service Company <br> 251 Little Falls Drive <br> Wilmington, DE 19808 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail®  ☐ Priority Mail Express™ <br> ☐ Registered    ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ Collect on Delivery <br> 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7014 3490 0001 1020 9357 |
| PS Form 3811, July 2013 | Domestic Return Receipt |

FILED FOR RECORD 08/13/2018 13:12:53
Courtney T. Boudreaux, DY CLERK
JEFFERSON PARISH, LA

(101)  CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO       180726-4033-9
APPOINT INTERIM CLASS COUNSEL

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

ELIAS JORGE ICTECH-BENDECK, ELIAS GEORGE
ICTECH-BENDICK
        versus                                          Case: 785-955   Div "H"
PROGRESSIVE WASTE SOLUTION OF LA INC, WASTE        P 1 ELIAS JORGE ICTECH-
CONNECTIONS US INC, IESI LA LANDFILL               BENDECK
CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY INC, APTIM CORPORATION, PARISH OF
JEFFERSON

To:  PARISH OF JEFFERSON
THRU THE PARISH ATTY
 MICHAEL J POWER
1221 ELMWOOD PARK BLVD
SUITE 701
JEFFERSON LA 70123

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION
PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE / EX PARTE MOTION AND
ORDER AND INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO
APPOINT INTERIM CLASS COUNSEL  of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15)
CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney VAL P. EXNICIOS and was issued by the Clerk of Court
on the 26th day of July, 2018.

                              /s/ Lisa M. Cheramie
                              Lisa M. Cheramie, Deputy Clerk of Court for
                              Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO       180726-4033-9
APPOINT INTERIM CLASS COUNSEL

5  Received: 7-30-18  Served: 8/2/18  Returned: 8/2/18

Service was made:
         __Personal            ___ Domicilary _____

Unable to serve:
         ___ Not at this address      ___ Numerous attempts _____ times
         ___ Vacant                   ___ Received too late to serve
         ___ Moved                    ___ No longer works at this address
         ___ No such address          ___ Need apartment / building number
         ___ Other

Service: $_____  Mileage: $_____  Total: $_____

Completed by: _____ # 17208
                      Deputy Sheriff

Parish of: _____

Page 1 of 1

Thomas F. Donelon: Courthouse : 200 Derbigny St. : Gretna LA 70053

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO          180726-4031-3
APPOINT INTERIM CLASS COUNSEL

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

ELIAS JORGE ICTECH-BENDECK, ELIAS GEORGE
ICTECH-BENDICK
    versus                                         Case: 785-955    Div "H"
PROGRESSIVE WASTE SOLUTION OF LA INC, WASTE          P 1 ELIAS JORGE ICTECH-
CONNECTIONS US INC, IESI LA LANDFILL                 BENDECK
CORPORATION, LOUISIANA REGIONAL LANDFILL
COMPANY INC, APTIM CORPORATION, PARISH OF
JEFFERSON

To: LOUISIANA REGIONAL LANDFILL COMPANY INC
THRU ITS AGENT
 CORPORATION SERVICE COMPANY                        EBR# 15955  $139.44
501 LOUISIANA AVE
BATON ROUGE LA 70802

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the CLASS ACTION
PETITION FOR DAMAGES / REQUEST FOR WRITTEN NOTICE / EX PARTE MOTION AND
ORDER AND INCORPORATED MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO
APPOINT INTERIM CLASS COUNSEL of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15)
CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney VAL P. EXNICIOS and was issued by the Clerk of Court
on the 26th day of July, 2018.

/s/ Lisa M. Cheramie
Lisa M. Cheramie, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: CLASS ACTION PETITION FOR DAMAGES / REQUEST
FOR WRITTEN NOTICE ; EX PARTE MOTION AND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT OF X PARTE MOTION TO          180726-4031-3
APPOINT INTERIM CLASS COUNSEL

Received:_____   Served:_____   Returned:_____

Service was made:
    ___ Personal          ___ Domiciary _____

Unable to serve:
       ___ Not at this address     ___ Numerous attempts _____ times
       ___ Vacant                  ___ Received too late to serve
       ___ Moved                   ___ No longer works at this address
       ___ No such address         ___ Need apartment / building number
       ___ Other :_____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____   #_____
                Deputy Sheriff
Parish of:_____

Page 1 of 1

FILED FOR RECORD 07/25/2018 08:56:09
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 785-955                                    DIVISION H

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**
**VERSUS**
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,**
**INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL**
**COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON**

FILED:_____          _____
                                                      DEPUTY CLERK

### CLASS ACTION PETITION FOR DAMAGES

The petition of **ELIAS JORGE "GEORGE" ICTECH-BENDECK**, a person of the full

age of majority and a resident of and domiciled in the Parish of Jefferson, State of Louisiana, on

behalf of himself and all other similarly situated persons residing in and/or domiciled in the effected

areas of Jefferson Parish, with respect represents that:

**I.**

Made Defendants in this cause of action are:

**1. PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**, a foreign corporation authorized

to do and doing business in this Parish and State;

**2. WASTE CONNECTIONS, US, INC.**, a foreign corporation authorized to do and doing

business in this Parish and State;

**3. IESI LA LANDFILL CORPORATION**, a foreign corporation authorized to do and

doing business in this Parish and State;

**4. LOUISIANA REGIONAL LANDFILL COMPANY, INC.**, a foreign corporation

authorized to do and doing business in this Parish and State;

**5. APTIM CORPORATION**, a foreign corporation authorized to do and doing business in

this Parish and State;

**6. PARISH OF JEFFERSON**, a Louisiana municipal parish in the State of Louisiana.

**II.**

Defendants are jointly, severally and in solido indebted unto your Petitioner and all those

1

similarly situated, for general and special damages suffered by Petitioner and all those similarly situated in a sum sufficient to fully compensate him/her/them for all of his/her/their damages, together with legal interest, and for all costs, for this, to-wit:

### III.

### UNDERLYING FACTS

On or about August 1, 2017 the purported "sanitary solid waste" facility/landfill owned by Defendant Jefferson Parish and known as the Jefferson Parish landfill (hereinafter JP Landfill) that is located in Waggaman, LA began to emit noxious odors, believed to consist primarily of methane and hydrogen sulfide gases, into areas surrounding the JP Landfill. The surrounding neighborhoods, including but not limited to those located in Waggaman, LA., River Ridge, La. and Harahan, La., experienced said noxious odors on various days and at various times of the day and night depending upon the then prevailing wind direction crossing over and/or otherwise emanating from the site of the JP Landfill. The emission of said noxious odors continue to date of filing, continued into the past approximate 11 month period and are asserted to likely continue into the foreseeable future such that the emission has been and will be a continuous tort into the foreseeable future.

### IV.

### DEFENDANT PARTIES

The JP Landfill is, and/or was at relevant times, owned by Defendant JEFFERSON PARISH and is, and/or was at all relevant times, being operated pursuant to contracts issued by Defendant JEFFERSON PARISH to Defendants IESI LA LANDFILL CORPORATION, (hereinafter IESI-LA) a wholly owned subsidiary of Defendant PROGRESSIVE WASTE SOLUTIONS OF LA, INC., that was in turn acquired by Defendant WASTE CONNECTIONS, US, INC.

IESI-LA is controlled by its parent corporations PROGRESSIVE WASTE SOLUTIONS, OF LA, INC. and/or WASTE CONNECTIONS, US, INC. and is the "alter ego" of said parent corporation(s) and operates without autonomy and only pursuant to the directions, policies and procedures of its parent corporation(s); as such, said parent corporation(s) are liable for all negligent and/or otherwise bad acts of its wholly owned subsidiary(ies), IESI-LA and/or LOUISIANA REGIONAL LANDFILL COMPANY, INC..

IESI operated and managed (and/or mis-managed) the JP landfill from the date of the initial omissions of noxious odors in August, 2017 and it is thus liable for all damages sustained from

2

August 1, 2017 to the date of its corporate name change, to wit: IESI recently changed its corporate name in June, 2018 to LOUISIANA REGIONAL LANDFILL COMPANY, INC. (hereinafter LRLC) and LRLC is the current operator and manager (and/or mis-manager) of the JP Landfill and is thus liable for all damages sustained since its corporate name change to date of just and equitable adjudication, and into such future date as the emissions cease, if ever.

Defendant APTIM CORPORATION, based upon information and belief, manages, or in this case, mis-manages, pursuant to contract and/or subcontract, the gas and/or leachate collection system(s) of JP Landfill that, in addition to the site's liquid industrial waste, residential sewerage, commercial waste, and improperly covered solid waste is at least one "point source" of the noxious odors and gases emanating from the JP landfill.

## V.

### PROXIMATE CAUSE AND BAD ACTS

The sole proximate cause of the above described emanations of noxious odors and gases is and was the strict liability, breach of contractual obligations and/or negligent acts of Defendants, which strict liability, breach of contractual obligations and/or negligence consists more particularly, but not exclusively, of the following:

1. Violation of Civil Code Articles 667, 669, 2315, 2316, 2317, 2317.1, 2322 and applicable environmental rules and regulations promulgated by the State of Louisiana and/or Louisiana Department of Environmental Quality (LDEQ) ;

2. Failure to properly operate and/or manage a solid waste "sanitary" landfill in a manner that does not cause harm to others, and in particular, to its neighbors;

3. Failure to take all reasonable action to avoid causing harm as set forth herein;

4. Failure to prevent the emission of noxious and harmful odors and gases into and onto the persons and properties of the surrounding neighborhoods;

5. Breach of contractual obligations of which Petitioner and all those similarly situated are third party beneficiaries of the contract(s) between Defendant Jefferson Parish and all other Defendants named herein that cause(d) harm to Petitioner and all those similarly situated that he seeks to represent.

## VI.

### DAMAGES

As a consequence of the acts and/or failures to act and/or breach of duties and/or obligations and resulting legally cognizable damages, Petitioner and all those similarly situated, sustained damages as follows:

    A.    Past, present and future nuisance damages;

    B.    Past, present and future diminution in property value.

## VI (a).

## ARTICLE 893

Pursuant to La. Code of Civil Procedure Article 893, Petitioner prays and/or asserts that the sum in damages sought by and for any individual petitioner herein be and is greater than the jurisdictional amount necessary for trial by jury.

## VII.

## CLASS ACTION PROCEDURAL PROVISIONS

Petitioner seeks to proceed as a Class Action pursuant to Louisiana Code of Civil Procedure Article 591, et seq., individually and as class representative on behalf of a class of Plaintiffs similarly situated but as yet fully identified, as Plaintiff herein represents that he has sustained legally cognizable damages common to all those similarly situated who incurred such damages arising from the direct and proximate result of the wrongful conduct of Defendants as set forth herein, and/or by those for whom they are legally responsible pursuant to the doctrine of respondiat superior, employer-employee, master-servant and/or as otherwise authorized by statutory law and/or jurisprudence.

## VII (a)

Petitioner/Plaintiff proposes that the Class be defined as:

"All persons domiciled of and/or within the Parish of Jefferson, (except Defendants' employees and appropriate court personnel involved in the subject action at the district and appellate levels), who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that caused the emission of noxious odors and gases into and unto their persons and properties".

## VII (b)

This action is appropriate for determination through utilization of the Louisiana class action procedural device, to wit: Louisiana Class Action Procedure Articles (La. C.Civ.P. Art. 591, *et seq.*) for the following reasons:

1.   **NUMEROSITY**

While the exact number of and identities of the class members are unknown at this time, they may be ascertained through appropriate discovery and Plaintiff is of the information and belief that the class of Plaintiffs clearly consists of persons presenting a level of numerosity better handled through the class action procedural device;

2.   **COMMON QUESTIONS OF LAW AND FACT**

There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include, but are not limited to: whether the damages were a result of the wrongful conduct of Defendant(s);

3.   **TYPICALITY**

The claims of the class representative as named herein are typical of the class members he seeks to represent and the defenses of Defendants are typical as to the Plaintiff and class members in that all seek damages arising from the wrongful conduct of Defendants as alleged herein;

4.   **ADEQUACY OF REPRESENTATION**

Plaintiff will fairly and adequately represent the interests of the class, and the class representative herein is represented by skilled attorneys who are experienced in the handling of mass tort class action litigation, and who will handle this action in an expeditious and economical manner, and all in the best interests of all members of the class; further, undersigned Counsel Val Patrick Exnicios, Esq. serves as Chairman of the Louisiana State Bar Association's Class Action, Mass Torts & Complex Litigation Section, and as Co-Chairman of the Louisiana Supreme Court's Class Action, Rules of Professional Conduct and MDL Committee and is pro bono ethics counsel to several plaintiff and defense law firms and is a frequent lecturer at CLE presentations and at area law schools on both ethics and professionalism in the practice of law in this State; as such, he is highly skilled in the prosecution and management of actions wherein the Court has determined that the class action procedural device is the most appropriate means to manage mass and/or complex litigation, and highly skilled as to the Louisiana Supreme Court's Rules of

Professional Conduct applicable to said procedural device and mass and individual client representation actions.

5.   **OBJECTIVE CLASS DEFINITION**

This Class is (or may be as this Honorable Court determines) defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in this case.

6.   **RISK OF PROSECUTING SEPARATE ACTIONS**

The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party(ies) opposing the class, or adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Lastly, the Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the Plaintiffs, would also be unduly burdensome and expensive to the court system, as well as to the Defendants.

**VIII**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff  ELIAS JORGE "GEORGE" ICTECH-BENDECK prays that a copy of this Petition be served on each Defendant, and that they each be cited to answer same within the delays allowed by law and that, after due proceedings are had, that the class be certified and that appropriate Notice be issued, and that judgment against Defendants be granted in favor of Plaintiff and all those similarly situated be entered in an amount to be determined at trial by the trier of fact reasonable in the premises for injuries, harms, damages, and losses as set forth above, special damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees, filing fees, pre- and post-judgment interest, all other injuries and damages as shall be proven at trial, and such other

6

further relief as the Court may deem appropriate, just, and proper as the law allows.

Respectfully submitted,

*Liska, Exnicios, & Nungesser*

**Val Patrick Exnicios, TA (LA Bar #19563)**
**Kelsey L. Zeitzer (LA Bar #37368)**
**Max N. Tobias, Jr. (LA Bar # 12837)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*
A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  (504) 561-1006
Facsimile:  (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*

**PLEASE SERVE:**

**PROGRESSIVE WASTE SOLUTIONS OF LA, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**WASTE CONNECTIONS, US, INC.**
Via long arm through its Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**IESI LA LANDFILL CORPORATION**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

7

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT

**LOUISIANA REGIONAL LANDFILL COMPANY, INC.**
Through its Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**APTIM CORPORATION**
Through its Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**JEFFERSON PARISH**
Through the Parish Attorney
Michael J. Power
1221 Elmwood Park Blvd., Suite 701
Jefferson, LA 70123

FILED FOR RECORD 07/25/2018 08:38:26
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA   515

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO: 785.955                                      DIVISION H

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**
**VERSUS**
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,**
**INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL**
**COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON**

FILED:_____        _____
                                                  DEPUTY CLERK

REQUEST FOR WRITTEN NOTICE OF
ASSIGNMENT AND/OR WRITTEN NOTICE
OF ANY ORDER OR JUDGMENT MADE OR RENDERED

Clerk of Court

City of Jefferson

     In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil

Procedure, you are hereby requested to give us, as counsel for plaintiff, in the above numbered and

entitled cause, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing

of the case, whether on exceptions, rules or the merits thereof.

     In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil

Procedure, you are hereby additionally requested to send us immediately notices of any order or

judgment made or rendered int his case upon entry of any such order or judgment.

                  Respectfully submitted,

            *Liska, Exnicios, & Nungesser*

            **Val Patrick Exnicios, TA (LA Bar #19563)**
            **Kelsey L. Zeitzer (LA Bar #37368)**
            **Max N. Tobias, Jr. (LA Bar # 12837)**
            *Liska, Exnicios & Nungesser*
            1515 Poydras Street, Suite 1400
            New Orleans, LA 70112
            Telephone: (504) 410-9611
            Facsimile: (504) 410-9937

            *FAVRET, DEMAREST, RUSSO,*
            *LUTKEWITTE & SCHAUMBURG*
            A Professional Law Corporation
            **Seth H. Schaumburg, No. 24636**
            **Anthony J. Russo, No. 8806**
            **Dean J. Favret, No. 20186**
            **Angela C. Imbornone, No. 19631**
            **Lauren A. Favret, No. 33826**



07/26/2018 09:35:08 CERTIFIED TRUE COPY - Pg:1 of 2 - Jefferson Parish Clerk of Court - ID:1835648

1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Attorneys for Plaintiff and the Proposed Class*

FILED FOR RECORD 07/25/2018 08:38:33
Michelle S. Bruner, DY CLERK
JEFFERSON PARISH, LA    3-5

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 785-955                                    DIVISION ' H

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**
**VERSUS**
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,**
**INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL**
**COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON**

FILED:_____        _____
                                              DEPUTY CLERK

**EX PARTE MOTION AND ORDER & INCORPORATED MEMORANDUM IN**
**SUPPORT OF EX PARTE MOTION TO APPOINT INTERIM CLASS COUNSEL**

Now into Court comes Plaintiff through undersigned counsel who respectfully moves this

Honorable Court for an Order appointing his retained counsel as Interim Putative Class Counsel to

manage the subject litigation seeking utilization of the class action procedural device during the

period leading up to and during this Honorable Court's determination of whether it desires use of

the class certification process to manage this complex litigation, and all for the reasons set forth

below:

1.     Louisiana Code of Civil Procedure Article 592 provides that the parties shall have "a

       reasonable opportunity to obtain discovery on class certification issues on such terms and

       conditions as the court deems necessary, which may include expert witness testimony or

       evidence". *West*, 2018

2.     Louisiana Code of Civil Procedure Article 592 additionally specifies that at the Hearing on

       the motion to certify an action as a class action, the proponents of the class shall have the

       burden of proof. *West*, 2018

3.     Louisiana Code of Civil Procedure Article 191 provides that Judges inherently possess all

       of the power and authority necessary for the exercise of jurisdiction whether or not expressly

       granted by law. *West*, 2018

4.     Plaintiff submits that it is anticipated that multiple actions similar to the subject action, some

       potentially seeking class certification, will be filed in this Honorable 24th JDC and that, as

       such, there is the need for the orderly management of the class action certification process

       by counsel with extensive experience in the area of class action, mass tort and complex

       litigation. Plaintiff's Counsel Val P. Exnicios serves as Co-Chairman of the Louisiana

       Supreme Court's Class Action RPC-MDL Committee, Chairman of the LSBA's Class



Action, Mass Tort and Complex Litigation Section, and has been appointed by numerous state and federal Judges to membership on Plaintiffs Steering Committees and/or as Class Counsel in certified class actions over the past 25 + years.

For all of the foregoing reasons, Plaintiff moves for appointment of his counsel, Val Exnicios, Seth Schaumberg and Douglas Hammel as Interim Putative Class Counsel to manage the subject litigation, to facilitate motion practice, class discovery, case management, investigation, securing evidence, discovery, and other matters relating to the prosecution of this putative class action, and/or other matters that may be ordered by this Honorable Court from time to time.

Respectfully submitted,

*Liska, Exnicios, & Nungesser*

Val Patrick Exnicios, TA (LA Bar #19563)
**Kelsey L. Zeitzer (LA Bar #37368)**
**Max N. Tobias, Jr. (LA Bar # 12837)**
*Liska, Exnicios & Nungesser*
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

*FAVRET, DEMAREST, RUSSO,*
*LUTKEWITTE & SCHAUMBURG*
A Professional Law Corporation
**Seth H. Schaumburg, No. 24636**
**Anthony J. Russo, No. 8806**
**Dean J. Favret, No. 20186**
**Angela C. Imbornone, No. 19631**
**Lauren A. Favret, No. 33826**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

**Douglas Hammel, LA BAR #( 26915)**
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
***Attorneys for Plaintiff and the Proposed Class***



24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO.                                                        DIVISION " "

**ELIAS JORGE "GEORGE" ICTECH-BENDECK**
**VERSUS**
**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS, US,**
**INC., IESI LA LANDFILL CORPORATION, LOUISIANA REGIONAL LANDFILL**
**COMPANY, INC. , APTIM CORPORATION, AND PARISH OF JEFFERSON**

FILED:_____          _____
                                              DEPUTY CLERK

**ORDER**

**IT IS HEREBY ORDERED THAT**:

Val Exnicios, Seth Schaumberg and Douglas Hammel be Appointed as Interim Putative Class

Counsel to manage the subject litigation, to facilitate motion practice, class discovery, case

management, investigation, securing evidence, discovery, and other matters relating to the

prosecution of this putative class action, and/or other matters that may be ordered by this Honorable

Court.

Signed this _____ day of _____, 2018.

                              _____
                                      JUDGE

