UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK,    Plaintiff | CIVIL DOCKET |
| VERSUS | NO. 18-7889 |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,    Defendants | SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is a motion to remand, filed by Plaintiff Elias Jorge "George" Ictech-Bendeck.[1] The motion is opposed.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On July 25, 2018, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Plaintiff Ictech-Bendeck filed a class action petition, pursuant to Louisiana Code of Civil Procedure article 591 *et seq.*, against Defendants Waste Connections US, Inc.; Louisiana Regional Landfill Company (formerly known as, and named in the caption as, IESI LA Landfill Corporation);[3] Waste Connections Bayou, Inc. (formerly known as, and named in the caption as, Progressive Waste Solutions of LA, Inc.) (collectively, "Waste Connections Defendants"); Aptim Corporation; and Jefferson Parish.[4] Plaintiff alleges the Jefferson Parish Landfill in Waggaman, Louisiana ("the Landfill") emitted

---

[1] R. Doc. 19.
[2] R. Docs. 26, 28, 29.
[3] Plaintiff incorrectly named as a separate Defendant "Louisiana Regional Landfill Company, Inc.," a non-existent entity. R. Doc. 1-4.
[4] *Id.*

1

noxious odors and gases into neighborhoods in the surrounding areas.[5] The proposed Plaintiff class is defined as:

> All persons domiciled of and/or within the Parish of Jefferson, . . . who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that cause the emission of noxious odors and gases into and unto their persons and properties.[6]

On August 17, 2018, Defendant Waste Connections US, Inc., removed the case to this Court, invoking this Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").[7] On September 20, 2018, Plaintiff filed the instant motion to remand the case to state court.[8] He argues several statutory exceptions to this Court's jurisdiction under CAFA apply to this case.[9] Defendants oppose.[10] On October 31, 2018, the Court held a hearing on the instant motion.[11]

## STANDARD OF LAW

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[12] Generally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[13] When a party objects to the Court's jurisdiction under CAFA, that party "must prove that the CAFA exceptions to federal jurisdiction divest[] the district court of subject matter jurisdiction."[14] To determine whether the Court has jurisdiction,

---

[5] *Id.* at 3, ¶ III.
[6] *Id.* at 5, ¶ VII(a).
[7] R. Doc. 1.
[8] R. Doc. 19.
[9] R. Doc. 19-1 at 3–6.
[10] R. Docs. 26, 28, 29.
[11] R. Doc. 35.
[12] *See* 28 U.S.C. § 1441(a).
[13] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[14] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n.3 (5th Cir. 2014).

2

the Court considers the claims in the state court petition as they existed at the time of removal.[15] Remand is proper if at any time before final judgment it appears the Court lacks subject-matter jurisdiction.[16]

CAFA vests federal district courts with original jurisdiction over class actions in which the amount-in-controversy exceeds $5 million, and the class fits one of the following categories:

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.[17]

28 U.S.C. § 1332(d) includes several statutory exceptions to jurisdiction. At issue in the instant motion are the "local controversy exception," codified at § 1332(d)(4)(A), and the "home state exception," codified at § 1332(d)(4)(B).

## ANALYSIS

### I. This case satisfies the jurisdictional requirements of § 1332(d)(2).

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."[18] Plaintiff

---

[15] *Hollinger*, 654 F.3d at 571.
[16] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").
[17] 28 U.S.C. § 1332(d)(2). CAFA also contains separate provisions for "mass actions," which are actions in which there are over 100 named plaintiffs. *Id.* at § 1332(d)(11)(B)(i); *see Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 164 (2014) ("According to CAFA's plain text, a "mass action" must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs."). This case is not a mass action because there is only one named Plaintiff.
[18] 28 U.S.C. § 1332(d)(1)(B).

filed his petition as a class action petition pursuant to Louisiana Code of Civil Procedure Article 591 *et seq.*[19] Such actions are class actions for purposes of CAFA.[20]

Plaintiff is a Louisiana domiciliary, and Defendant Waste Connections US is a Delaware corporation with its principal place of business in Texas.[21] As a result, CAFA's requirement of minimal diversity of citizenship is met. Because of the potential size of the proposed plaintiff class and the damages requested, the Court finds the $5,000,000 amount-in-controversy requirement is met.[22] The Court finds this case meets the jurisdictional requirements of § 1332(d)(2).

Although Plaintiff does not contest that the total amount-in-controversy exceeds $5,000,000, he offers to "stipulate to less than the $75,000 jurisdictional amount in controversy" on an individual basis.[23] The statutory text of § 1332(d)(2) includes no individual amount-in-controversy requirement. Whether Plaintiff stipulates to less than $75,000 in each individual class member's damages has no bearing on the Court's determination of whether the total amount-in-controversy requirement of $5,000,000 is met.

---

[19] R. Doc. 1-4 at 5, ¶ 7.
[20] *See In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (finding LA. CODE. CIV. P. art. 591(A) is "a state statute that authorizes class actions to be brought by a person" because it "permits members of a class to sue or be sued as representative parties.").
[21] R. Doc. 1 at 2, ¶ 6.
[22] R. Doc. 1 at 3–4, ¶ 8.
[23] R. Doc. 19-1 at 7. Plaintiff cites no cases or statutes in support of the proposition that a stipulation to less than $75,000 in individual damages for himself would affect this Court's jurisdiction. The Court notes that 28 U.S.C. § 1332(d)(11)(B)(i), which governs *mass actions*, not class actions, contains a requirement that plaintiffs must also satisfy the $75,000 amount-in-controversy requirement of § 1332(a). This requirement has no bearing on this matter, which is a *class* action under § 1332(d).

**II. The local controversy exception does not apply because, although the proposed class seeks significant relief from Jefferson Parish, Plaintiff has not met his burden of showing that Jefferson Parish's conduct, in relation to the conduct of all Defendants, forms a significant basis for the claims asserted.**

Under the local controversy exception, a district must decline jurisdiction if the following conditions are met:

    (i)    [the] class action [is one] in which—
        (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
        (II)   at least 1 defendant is a defendant—
            (aa)   from whom significant relief is sought by members of the plaintiff class;
            (bb)   whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
            (cc)   who is a citizen of the State in which the action was originally filed; and
        (III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
    (ii)   during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.[24]

"[T]he exception is intended to be narrow, 'with all doubts resolved in favor of exercising jurisdiction over the case.'"[25]

Plaintiff argues CAFA's local controversy exception precludes the Court from exercising jurisdiction over this case.[26] The proposed plaintiff class consists of citizens of Jefferson Parish who "sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their

---

[24] 28 U.S.C. § 1332(d)(4)(A).
[25] *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) (citing *Westerfeld v. Independent Processing, LLC,* 621 F.3d 819, 822 (8th Cir.2010); *Evans v. Walter Indus. Inc.*, 449 F.3d 1159, 1163 (11th Cir.2006)).
[26] R. Doc. 19-1 at 4–5.

properties" as a result of the emissions from the Landfill.[27] Principal injuries from the alleged conduct occurred in Louisiana.[28] Plaintiff has alleged no other class action has been filed asserting the same or similar factual allegations against any of the defendants in the three years before the filing of this action,[29] and Defendants have not presented evidence to the contrary.[30]

The only prong of the test Defendants argue Plaintiff has not satisfied is § 1332(d)(4)(A)(i)(II).[31] Jefferson Parish, as a political subdivision of the State of Louisiana, is a citizen of Louisiana.[32] The issues in this case are whether the proposed class seeks significant relief from Jefferson Parish and whether Jefferson Parish's alleged conduct forms a significant basis for the claims asserted.[33] Defendants argue Plaintiff has shown neither that members of the Plaintiff class seek significant relief from Jefferson Parish nor that Jefferson Parish's alleged conduct forms a significant basis for the proposed plaintiff class's claims.[34]

A. <u>Plaintiff's request for jurisdictional discovery is denied.</u>

At oral argument, Plaintiff's counsel referred to statements made by the President of Jefferson Parish and by Jefferson Parish's "chief landfill engineer."[35] Counsel requested the Court either take judicial notice of the statements or grant Plaintiff leave to depose

---

[27] R. Doc. 1-4 at 5, ¶ VII(a).
[28] *Id.* at ¶ VI.
[29] R. Doc. 19-1 at 5.
[30] R. Docs. 26, 28, 29.
[31] R. Doc. 26 at 11 (Waste Connections Defendants' opposition); R. Doc. 28 (Jefferson Parish's opposition, adopting *in extenso* Waste Connections Defendants' opposition); R. Doc. 29 at 3 (Aptim Corporation's opposition).
[32] *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes.").
[33] R. Doc. 19-1 at 4.
[34] R. Doc. 26 at 11–18; R. Doc. 28 at 2; R. Doc. 29 at 5–7.
[35] R. Doc. 36 at 12–14.

the President of Jefferson Parish.[36] In response, counsel for the Waste Connections Defendants argued jurisdictional discovery is not appropriate, as the Court may consider only evidence in the pleadings in determining whether the local controversy exception applies.[37] Defendants cited *Coleman v. Estes Exp. Lines, Inc.*[38] for the proposition that, in CAFA cases, jurisdictional discovery is permitted only for the "narrowly tailored factual questions" of citizenship and amount-in-controversy, but that discovery is not permitted to determine whether a defendant's conduct is significant or if a plaintiff seeks significant relief from a defendant.[39]

In *Coleman*, the Ninth Circuit addressed whether a district court may look beyond the allegations of the complaint to determine whether the local controversy exception applies.[40] Based on the statutory language of the local controversy exception, particularly Congress' use of the phrases "from whom significant relief is *sought*" and "whose *alleged* conduct forms a significant basis for the claims *asserted*," the Ninth Circuit held that a district court must narrow its inquiry to "what is alleged in the complaint rather than on what may or may not be proved by evidence."[41] The Ninth Circuit consulted the legislative history of CAFA.[42] The Senate Judiciary Committee issued a report accompanying CAFA stating:

> The Committee understands that in assessing the various criteria established in all these new jurisdictional provisions, a federal court may have to engage in some fact-finding, *not unlike what is necessitated by the existing jurisdictional statutes*. The Committee further understands that in some instances, limited discovery may be necessary to make these determinations. However, the Committee cautions that these jurisdictional

---

[36] *Id.* at 52.
[37] *Id.* at 53–54.
[38] 631 F.3d 1010 (9th Cir. 2011).
[39] R. Doc. 36 at 53–54.
[40] 631 F.3d at 1014–20.
[41] *Id.* at 1015.
[42] *Id.* at 1017–19.

7

determinations should be made largely on the basis of readily available information. Allowing substantial, burdensome discovery on jurisdictional issues would be contrary to the intent of these provisions to encourage the exercise of federal jurisdiction over class actions.[43]

The *Coleman* court interpreted the Committee's statement that jurisdictional discovery under CAFA is to be "not unlike what is necessitated by the existing jurisdictional statutes" to mean jurisdictional discovery is limited to the questions of citizenship and amount-in-controversy.[44] This holding is consistent with the Third Circuit's holding in *Kaufman v. Allstate New Jersey Ins. Co.*[45] The Sixth Circuit also has adopted *Coleman*'s reasoning.[46]

The Fifth Circuit has not addressed this issue. In *Opelousas General Hospital Authority v. FairPay Solutions, Inc.*, the Fifth Circuit declined to address whether a district court may look beyond the pleadings to determine whether the local controversy exception applies because the issue was not raised before the district court.[47] Unlike in *Opelousas*, the issue is squarely before this Court, as Plaintiff has requested jurisdictional discovery on the significant conduct and significant basis prongs of the local controversy exception.

If the Fifth Circuit has not addressed an issue, the Court may consult the decisions of other Courts of Appeal as persuasive authority.[48] The Court finds persuasive the Ninth

---

[43] S. REP. No. 109-14, at 44 (2005) (emphasis added).
[44] 631 F.3d at 1017.
[45] 561 F.3d 144, 151 (3d Cir. 2009) ("In removal cases, we begin evaluating jurisdiction by reviewing the allegations in the complaint and in the notice of removal.") (citing *Frederico v. Home Depot,* 507 F.3d 188, 197 (3d Cir.2007)). The Fifth Circuit has cited *Kaufman* favorably. *Opelousas*, 655 F.3d at 361, 362.
[46] *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 399 (6th Cir. 2016) ("[A]s the Ninth Circuit has persuasively explained, the statutory reference to "alleged conduct" means that (in contrast to the citizenship requirement) we look solely to the allegations in the complaint when determining whether the plaintiffs have met this prerequisite to abstention.") (citing *Coleman*, 631 F.3d at 1015).
[47] 655 F.3d at 361.
[48] *See United States v. Diamond*, 430 F.2d 688, 692 (5th Cir. 1970) (holding authority from other circuits persuasive rather than binding).

Circuit's reasoning in *Coleman*, particularly in light of Congress' clear intent for the local controversy exception to be narrowly construed. The Court holds it may consider only the allegations in Plaintiff's state court petition in determining whether the local controversy exception applies. As a result, the Court denies Plaintiff's request for jurisdictional discovery.

> B. <u>Plaintiff has shown the proposed plaintiff class seeks significant relief from Jefferson Parish.</u>

"A proposed plaintiff class seeks 'significant relief' from a particular defendant when the relief sought from that defendant constitutes a significant portion of the entire relief sought by the class."[49] "[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment."[50] "CAFA does not specifically provide a definition of 'significant,'"[51] and the courts interpreting this provision have not set forth a numerical benchmark to use to determine whether relief is significant.

It is rare that a court has found a defendant is not a significant defendant. In *Phillips v. Severn Trent Envtl. Servs., Inc.*, the court stated that "[t]here are at least two factual situations where courts have found that a defendant is not a 'significant' defendant. The first is when only a small portion of the class members have claims against

---

[49] *Eckerle v. Northrop Grumman Ship, Sys., Inc.*, No. CIV.A.10-1460, 2010 WL 2651637, at *2 (E.D. La. June 25, 2010) (Lemmon, J.) (citing *Evans*, 449 F.3d at 1167 ("[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment.")).
[50] *Robinson v. Cheetah Transp.*, No. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb.27, 2006).
[51] *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 368 (E.D. La. 2007) (Vance, J.).

9

that particular defendant."[52] The second situation occurs in cases in which "the relief sought (or reasonably expected) from a particular defendant is 'just small change' in comparison to what the class is seeking from the other co-defendants."[53] In *Phillips*, the plaintiffs alleged their tap water was contaminated and sought relief from Plaquemines Parish and from a foreign corporation administering the water system.[54] They alleged Plaquemines Parish had "ultimate oversight and responsibility over the quality of the drinking water."[55] Because all of the plaintiffs sought relief from Plaquemines Parish, the court found the case was not one in which only a small portion of the class members have claims against the local defendant.[56] Because the plaintiffs alleged Plaquemines Parish had ultimate responsibility over the quality of the drinking water, the court found the class was seeking more than "just small change" from the local defendant.[57] As a result, the court found the proposed class sought significant relief from Plaquemines Parish. Similarly, in this case, all class members have made claims against all defendants. This case is not one in which only a small portion of the class members have claims against the local defendant. Because the state court petition alleges Jefferson Parish owns the entire Landfill and hires contractors to operate different phases of the facility,[58] the class seeks more than just small change from Jefferson Parish. As a result, the proposed class seeks significant relief from Jefferson Parish.

---

[52] *Phillips v. Severn Trent Envtl. Servs., Inc.*, No. CIV.A. 07-3889, 2007 WL 2757131, at *3 (E.D. La. Sept. 19, 2007) (Feldman, J.) (citing *Escoe v. State Farm Fire & Cas. Co.*, No. CIV.A.07-1123, 2007 WL 1207231 (E.D. La. Apr. 23, 2007)).
[53] *Id.* (citation omitted).
[54] *Id.* at *1.
[55] *Id.*
[56] *Id.* at *3.
[57] *Id.*
[58] R. Doc. 1-4 at 3, ¶ IV.

This conclusion is supported by the claims brought by the proposed class. Plaintiff defines the proposed class as citizens of Jefferson Parish who "sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties" as a result of the emissions from the Landfill.[59] The proposed class brings a claim for nuisance and interference with enjoyment under article 667 of the Louisiana Civil Code.

> Article 667 provides,
>
> Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.[60]

Article 667, as one of the "vicinage" articles, "establish[es] certain limitations on the scope and extent of the right of ownership in immovable (real) property."[61] The article is "an expression of the *sic utere* doctrine that limits the rights of proprietors in the use of their property."[62] "The *sic utere* doctrine is an embodiment of the maxim '*sic utere tuo, ut alienum non laedas*'—'use your own property in such a manner as not to injure that of another.'"[63] Article 667 imposes liability on the proprietor of an estate.

In *Yokum v. 615 Bourbon St., L.L.C.*, plaintiffs sought damages from a landowner, alleging they had been subjected to loud noises by a lessee.[64] The Louisiana Supreme

---

[59] *Id.* at 5, ¶ VII(a).
[60] LA. CIV. CODE art. 667.
[61] *Perkins v. F.I.E. Corp.*, 762 F.2d 1250, 1255 (5th Cir. 1985).
[62] *Id.*
[63] *Id.* at n.6.
[64] 2007-1785 (La. 2/26/08), 977 So. 2d 859, 861–62 (La. 2008).

11

Case 2:18-cv-07889-SM-MBN Document 37 Filed 03/14/19 Page 12 of 16

Court held that "a proprietor/landowner can be responsible for the works or actions on its property that may cause damage to neighboring proprietors. . . . Merely because a proprietor/landowner utilizes his right as a property owner to lease his property to another does not eradicate his or her responsibilities and obligations" as a landowner under article 667.[65] Similarly, in *Lombard v. Sewerage & Water Bd. of New Orleans*, the Louisiana Supreme Court held the City of New Orleans and the Sewerage & Water Board of New Orleans could be held liable for damages caused by a contractor under article 667.[66] The Louisiana Supreme Court held there is "no exculpatory principle, except sovereign immunity, which relieves public bodies or municipalities of the obligation to compensate those whose property it has damaged in carrying on public works."[67]

Similar to the landlord in *Yokum*, Jefferson Parish cannot relieve itself of its obligations under article 667 by leasing its property to the other Defendants in this case. Similar to the City of New Orleans in *Lombard*, Jefferson Parish's hiring contractors to operate the Landfill does not relieve it of its obligation as a proprietor and landlord to compensate the members of the proposed plaintiff class, whose property it has allegedly damaged. Jefferson Parish, as the alleged owner of the Landfill, may be found liable for nuisance under article 667.[68] As a result, the Court finds the class seeks significant relief from Jefferson Parish.[69]

---

[65] *Id.* at 875–76.
[66] 284 So. 2d 905, 914 (La. 1973).
[67] *Id.*
[68] At oral argument, Defendants noted that the *Yokum* court did not find the landlord liable, but remanded the case to the trial court for further proceedings. This does not change the Louisiana Supreme Court's holding that article 667 imposes liability on landlords for the acts of their tenants.
[69] Jefferson Parish also may be liable for Plaintiff's claims under articles 2317 and 2317.1, which impose liability on owners or custodians, presumptively including landowners. *Doughty,* 576 So. 2d at 464 ("[O]wnership creates the presumption of garde [or custody].") (citing *King v. Louviere,* 543 So.2d 1327, 1329 (La.1989); *Loescher v. Parr,* 324 So. 2d 441, 446 (La.1975)).

C. <u>Plaintiff has not shown Jefferson Parish's conduct forms a significant basis for the claims asserted.</u>

To establish the local controversy exception applies, Plaintiff also must show a local defendant's "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class."[70] This statutory provision "relates the alleged conduct of the local defendant, on one hand, to all the claims asserted in the action, on the other. . . . [I]t requires the alleged conduct to form a significant basis of all the claims asserted."[71] A plaintiff need not provide a "definitive analysis of the measure of damages caused by each defendant," but must provide "detailed allegations . . . [concerning] the local defendant's conduct in relation to the out-of-state defendants."[72] The allegations must show whether the local defendant "played a significant role in the alleged [harm], as opposed to a lesser role, or even a minimal role."[73] The Third Circuit has explained this requirement as follows:

> In relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants. Indeed, all the claims asserted by the Plaintiffs reflect the alleged conduct of all the Defendants. If the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied. Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants.[74]

In this case, the allegations in the state court petition concerning the conduct of Jefferson Parish and the other defendants are sparse. The petition alleges:

(1) the Landfill was "owned by Defendant Jefferson Parish" and "operated pursuant to contracts issued by Defendant Jefferson Parish" to Louisiana

---

[70] 28 U.S.C. § 1332(d)(A)(i)(II)(bb).
[71] *Opelousas*, 655 F.3d at 361 (quoting *Kaufman*, 561 F.3d at 155).
[72] *Id.* at 363.
[73] *Evans*, 449 F.3d at 1167.
[74] *Kaufman*, 561 F.3d at 156.

13

>    Regional Landfill Company, "a wholly owned subsidiary of" Waste Connections Bayou, Inc. and Waste Connections US, Inc.;
> (2) Louisiana Regional Landfill Company, under its former name IESI LA Landfill Corporation, operated and managed the Landfill from the date of the initial emission of noxious odors;
> (3) Louisiana Regional Landfill Company is the "current operator and manager" of the Landfill; and
> (4) Aptim manages the "gas and/or leachate collection system(s)" of the Landfill, and "improperly covered solid waste is at least one 'point source' of the noxious odors and gases."[75]

The petition does not otherwise differentiate between the conduct of Jefferson Parish and the conduct of the other Defendants. Because of this lack of allegations, Plaintiff has failed to establish that Jefferson Parish's conduct is significant in relation to the conduct of the non-local Defendants. In fact, the only *conduct* of Jefferson Parish mentioned in the petition is its alleged issuing of contracts to Waste Connections Defendants.

In *Opelousas*, a hospital brought a putative class action against three defendants for violations of the Louisiana Racketeering Act: a foreign bill review company, a foreign insurance company, and a local insurance company.[76] The Fifth Circuit found the plaintiff had not alleged that the local defendant's conduct formed a significant basis of the claims asserted because "the complaint ma[de] no effort to quantify or even estimate the alleged illegal underpayments made by [the local insurance company] versus those made by" the foreign insurance company.[77] Similarly, the state court petition in this case states merely that the Landfill was owned by Defendant Jefferson Parish and operated pursuant to contracts issued by Jefferson Parish, but does not sufficiently differentiate between its conduct and the conduct of the other Defendants.[78]

---

[75] R. Doc. 1-4 at 3–4, ¶¶ III, IV.
[76] 655 F.3d at 359–60.
[77] *Id.* at 362.
[78] R. Doc. 1-4 at 3, ¶ IV. At oral argument, Plaintiff's counsel argued Jefferson Parish was a significant defendant because Jefferson Parish may be solidarily liable for damages under articles 667 and 2317. R. Doc. 36 at 10–11. In *Opelousas*, the plaintiff similarly argued that the local defendant's conduct was

In light of the narrow construction of the local controversy exception and the burden of proof on Plaintiff to show the exception applies, the Court finds Plaintiff has not met his burden of showing Jefferson Parish's alleged conduct forms a significant basis of the claims asserted. As a result, the local controversy exception does not apply.

### III. The "home-state exception" does not apply because Plaintiff has not shown Defendant Jefferson Parish is the only primary defendant.

Under the home state exception, a district court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."[79] "[T]he home state exception applies if all of the primary defendants are citizens" of the state where the action was filed.[80]

In this case, Jefferson Parish is the only defendant that is a Louisiana citizen.[81] Waste Connections Defendants and Aptim Corp. are not Louisiana citizens.[82] The state court petition brings claims against all Defendants.[83] Plaintiff does not argue Waste Connections Defendants and Aptim Corp. are not primary Defendants. Plaintiff has failed to meet his burden of proof of showing the home-state exception applies.

---

"necessarily significant" because it could be solidarily liable for damages. 655 F.3d at 363. The Fifth Circuit rejected this argument because it conflates the significant basis and significant relief prongs. *Id*. The court stated the plaintiff could not rely on the local defendant's solidary liability to "fill the gaps in proof it is required to provide to establish that [the local defendant]'s conduct forms a significant basis for the claims asserted by the proposed plaintiff class." *Id*. To the extent Plaintiff argues that, because Jefferson Parish may be solidarily liable for damages, its conduct forms a significant basis for the claims asserted, the Court rejects Plaintiff's argument for the same reasons.

[79] 28 U.S.C. § 1332(d)(4)(B).
[80] *Watson v. City of Allen, Tx.*, 821 F.3d 634, 641 (5th Cir. 2016).
[81] R. Doc. 1-4 at 1, ¶ I.
[82] *Id*.
[83] *Id*.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion to remand, filed by Plaintiff Elias Jorge "George" Ictech-Bendeck be and hereby is **DENIED.**[84]

**New Orleans, Louisiana, this 14th day of March, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[84] R. Doc. 19.