UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ELIAS JORGE "GEORGE" ICTECH-BENDECK, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL., Defendants | SECTION: "E" (5) |

*Applies to: All Cases*

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendants Louisiana Regional Landfill Company, Waste Connections US, Inc., Waste Connections Bayou, Inc., Jefferson Parish, and Aptim Corp.[1] Plaintiffs Elias Jorge "George" Ictech-Bendeck, Savannah Thompson, Nicole M. Landry-Bourdreaux, Larry Bernard, Sr., and Mona Bernard, individually, and on behalf of similarly situated individuals, oppose the motion.[2] Defendants filed a reply.[3] For the following reasons, the motion is **DENIED**.

## BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill ("the Landfill") in Waggaman, Louisiana. According to Plaintiffs, around August 1, 2017, the Landfill began emitting noxious odors, which Plaintiffs allege consist primarily of methane and hydrogen sulfide gases, into surrounding neighborhoods.[4] Over the next year, Plaintiffs, who are

---

[1] R. Doc. 52.
[2] R. Doc. 55.
[3] R. Doc. 58.
[4] R. Doc. 48 ¶ 6.

1

Jefferson Parish residents and domiciliaries,[5] filed state-court class action suits against Defendants. Defendants are Jefferson Parish, which owns and contracts with others to operate the Landfill; Aptim Corporation, which manages the gas and leachate collection systems of the Landfill; and three entities that operate the Landfill: Louisiana Regional Landfill Company (formerly known as IESI LA Landfill Corporation); Waste Connections Bayou, Inc. (f/k/a Progressive Waste Solutions of LA, Inc.); and Waste Connections US, Inc.[6] Defendants removed these suits to federal court,[7] and the suits were consolidated.[8] After consolidation, Plaintiffs filed the Master Complaint now subject to this Motion to Dismiss.[9]

In their complaint, Plaintiffs allege odors from the Landfill have unreasonably interfered with their use and enjoyment of immovable property in violation of Louisiana law.[10] Defendants filed the motion to dismiss that is now before the Court under Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his or her claim that would entitle him to relief.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] "A claim has

---

[5] *Id.* ¶ 1.
[6] *See* R. Doc. 45.
[7] *See id.*
[8] R. Doc. 47.
[9] R. Doc. 48.
[10] *Id.* ¶¶ 27–28.
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[14] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[15]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[16] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[17] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[18]

## **LAW AND ANALYSIS**

Defendants argue the Court should dismiss Plaintiffs' case because Plaintiffs fail to state claims for nuisance,[19] negligence,[20] and premises liability,[21] and fail to sufficiently plead class allegations.[22] In the alternative, Defendants argue the Court should stay Plaintiffs' action under the doctrine of primary jurisdiction pending the resolution of certain administrative enforcement proceedings.[23]

---

[13] *Id.*
[14] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[15] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[16] *Twombly*, 550 U.S. at 555.
[17] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[18] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[19] R. Doc. 52-1 at 9.
[20] *Id.* at 14.
[21] *Id.* at 17.
[22] *Id.* at 19.
[23] *Id.* at 29.

Although Plaintiffs' complaint mentions causes of action for negligence, gross negligence, and potential premises liability, at oral argument, Plaintiffs' counsel clarified the only cause of action brought by Plaintiffs, individually and on behalf of a class, is Plaintiffs' nuisance claim under articles 667–669.[24]

Plaintiffs' complaint sets forth factual allegations strong "enough to raise a right to relief above the speculative level"[25] with respect to their nuisance claim. Accordingly, Plaintiffs' nuisance claim survives this motion to dismiss.

I. **Plaintiffs' Complaint States a Claim for Nuisance**

Under Louisiana law, nuisance claims are governed by Louisiana Civil Code articles 667–669.[26] These articles impose on property owners certain legal servitudes known as "obligations of vicinage."[27] The Louisiana Supreme Court has observed articles 667–669 "embody a balancing of rights and obligations associated with the ownership of immovables. As a general rule, the landowner is free to exercise his rights of ownership in any manner he sees fit. . . . However, his extensive rights do not allow him to do "real damage" to his neighbor.[28]

> Louisiana Civil Code article 667 defines nuisance:
>
> **Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have**

---

[24] R. Doc. 65 at 34:14–18, 35:9–11; *see also Yokum v. 615 Bourbon St. L.L.C.*, 07-1785, p. 19 (La. 2/26/08), 977 So. 2d 859, 872–73 ("[T]his Court has previously found that the corresponding rights and obligations of neighboring proprietors, arising from that relationship between proprietors, are principally governed by Louisiana Civil Code articles 667, 668, and 669.").
[25] *Twombly*, 550 U.S. at 555.
[26] *Rodrigue v. Copeland*, 475 So. 2d 1071, 1077 (La. 1985).
[27] *Id.*
[28] *Id.*

4

been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Excluding certain ultrahazardous activities (which are not alleged in this case), to bring a successful nuisance claim under this provision, a plaintiff must prove a defendant is: (1) a proprietor who (2) negligently (3) conducts 'work' on his property (4) that causes damage to his neighbor.[29]

In this case, Plaintiffs allege Defendants violate article 667 by creating "a nuisance through the emission of noxious odors into the air in and around the JP Landfill, which unreasonably interferes with Plaintiffs' use and enjoyment of their property."[30] All parties agree Plaintiffs have alleged Defendants are "proprietors" who "conduct work on their property," the Landfill.[31] Similarly, Defendants do not put the negligence element at issue; under their nuisance theory, Plaintiffs sufficiently allege Defendants knew or should have known the Landfill's odors were causing harm.[32] The only disputed element is whether Plaintiffs alleged Defendants' work on the Landfill "caused damage to his neighbor."

In particular, Defendants argue Plaintiffs fail to plead this element, and as a result fail state a claim for nuisance under article 667, because Plaintiffs (1) do not allege an interest in real property that neighbors the Landfill, (2) do not claim the odors from the Landfill are unreasonable or excessive, and (3) do not assert the odors from the Landfill caused their harm.[33] Defendants arguments fail. Plaintiffs' complaint sufficiently alleges they have an interest in property neighboring the Landfill and suffer unreasonable

---

[29] *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., LLC*, 88 F. Supp. 3d 615, 643 (E.D. La. 2015).
[30] R. Doc 48 ¶ 27.
[31] R. Doc. 52-1 at 1.
[32] R. Doc. 48 ¶¶ 8–10, 12–13.
[33] *Id.* at 9, 18.

interference with the use of that property because of the noxious odors emitted from the Landfill.

### A. Plaintiffs' complaint alleges an interest in immovable property neighboring the Landfill

Liability under article 667 arises "when activity by one party holding a right to immovable property has caused damages to a party *holding a right to neighboring property*."[34]

#### 1. Plaintiffs pleaded a sufficient property interest

Under article 667, a plaintiff's interest in neighboring property can be an ownership interest, leasehold interest, third-party interest, or more generally the interest of "a person whose right derives from the owner."[35] In this case, Plaintiffs allege they, along with prospective class members, are "resident[s] of and domiciled in" Jefferson Parish.[36] Moreover, the Complaint states "Defendants created a nuisance . . . which unreasonably interferes with Plaintiffs' use and enjoyment of *their property*."[37] Taken together, these statements are sufficient "factual content t[o] allow[] the court to draw the reasonable inference"[38] that Plaintiffs "have some interest in an immovable."[39]

---

[34] *Inabnet v. Exxon Corp.*, 93-0681 (La. 9/6/94), 642 So. 2d 1243, 1251–52 (emphasis added).
[35] *Yokum v. 615 Bourbon St., L.L.C.*, 2007-1785 (La. 2/26/08), 977 So. 2d 859, 874.
[36] R. Doc. 48 ¶ 1.
[37] *Id.* ¶ 27.
[38] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[39] *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 731 (5th Cir. 2017).

### 2. Plaintiffs allege their property neighbors Defendants' property

"In its ordinary meaning, 'neighbor' is a person who lives near another."[40] Louisiana law defines "neighbor" on a case-by-case basis.[41] According to the Fifth Circuit, there must be "some propinquity" between the properties of the neighbor and the proprietor.[42] A mere "causal nexus" between the use of a property and harm to another is insufficient to make those properties "neighbors."[43] What qualifies as "some propinquity," however, is fact specific and may change based on the harm alleged (for example, the radius of neighbors surrounding a loud manufacturing plant may be much smaller than the radius of neighbors surrounding a nuclear waste facility).[44]

On the other hand, Louisiana courts have held "the word 'neighbor' as used in Article 667 is indefinite and refers to any land owner whose property may be damaged irrespective of the distance his property may be from that of the proprietor whose work caused the damage."[45] Federal courts have acknowledged this precedent.[46]

---

[40] *TS & C Invs., LLC v. Beusa Energy, Inc.*, 637 F. Supp. 2d 370, 390 (W.D. La. 2009).
[41] *In re Katrina Canal Breaches Consol. Litig.*, 647 F. Supp. 2d 644, 734 (E.D. La. 2009) (noting the "paucity of guidance in the law as to the proximity required so as to be a "neighbor" for purposes of art. 667").
[42] *Bd. of Comm'rs*, 850 F.3d at 731 ("[A] complaint nonetheless must establish some degree of propinquity, so as to substantiate the allegation that activity on one property has caused damage on another. [It] is thus incorrect to interpret the relevant law to require nothing more than a "causal nexus" between the offending property and the damage done"); *TS & C Invs.*, 637 F. Supp. 2d at 390 (dismissing a claim when the plaintiffs sought to represent a class of "all businesses" adversely affected by a well blowout because that contained no geographical limitation).
[43] *Bd. of Comm'rs*, 850 F.3d at 731
[44] *Id.* ("[T]here is no rule of law compelling 'neighbor' to be interpreted as requiring a *certain* physical adjacency or proximity." (emphasis added) (quoting *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 385 (5th Cir. 2001))). Courts apply different standards of "nearness" based on the facts of the case at hand. *See In re Katrina*, 647 F. Supp. 2d at 734 (holding plaintiffs living three miles away from the property allegedly causing the nuisance were not neighbors because the distance was "too attenuated" for the type of harm alleged—flood damage).
[45] *Gulf Ins. Co. v. Emp'rs Liab. Assur. Corp.*, 170 So. 2d 125, 129 (La. Ct. App. 1964); *see also Craig v. Montelepre Realty Co.*, 211 So. 2d 627, 631 (La. 1968) ("A plaintiff has to show by a preponderance of the evidence that there exists a causal connection between the acts of a defendant property owner and the damages suffered by him.").
[46] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 386 (5th Cir. 2001); *Brister v. Gulf Cent. Pipeline Co.*, 684 F. Supp. 1373, 1385 (W.D. La. 1988).

In this case, Plaintiffs allege they, and any prospective class members, have a property interest within Jefferson Parish, specifically including, but not limited to, the neighborhoods of Waggaman, River Ridge, and Harahan.[47] Plaintiffs allege they are harmed by the noxious odors emanating from the Landfill.[48] Whether article 667 requires "some propinquity" between the neighbor and proprietor or merely a causal connection between the acts of a defendant property owner and the damages suffered by a plaintiff, Plaintiffs have sufficiently alleged they have an interest in property that neighbors the Landfill as their property is both in the same parish as the Landfill and is adversely affected by the odors the Landfill emits. Accordingly, Plaintiffs have alleged they are the Landfill's neighbors under Louisiana Civil Code article 667.

### B. Plaintiffs' complaint alleges the Landfill's odors are excessive and unreasonable

To be liable under article 667, a proprietor's use of land must "deprive[] his neighbor of enjoyment or cause[] damage to him."[49] Article 668 limits this recovery by providing a proprietor may permissibly cause "some inconvenience" to a neighbor,[50] and article 669 "requires tolerance of lesser inconveniences."[51] In the context of an article 667 claim based on the proprietor's land giving off odors, the Louisiana Supreme Court has held that odors only constitute a nuisance if they are "excessive [and] unreasonable in degree, and of such character as to produce actual, physical discomfort and annoyance to a person of ordinary sensibilities."[52] For example, in *Taylor v. Denka Performance Elastomer LLC*, another section of this Court suggested that a Plaintiff could properly

---

[47] R. Doc. 48 ¶ 27.
[48] *Id.* ¶ 17.
[49] LA. CIV. CODE art. 667.
[50] LA. CIV. CODE art. 668.
[51] *Inabnet v. Exxon Corp.*, 93-0681 (La. 9/6/94), 642 So. 2d 1243, 1251–52.
[52] *Meyer v. Kemper Ice Co.*, 180 La. 1037, 1044, 158 So. 378, 380.

8

allege an article 667 claim by pleading that an odor was "noxious" and, as a result, caused annoyance.[53]

In this case, Plaintiffs allege the Landfill gives off a "noxious odor" that interferes with the enjoyment of their property.[54] "Noxious" is a powerful term that means "harmful to health" or "injurious."[55] This is a sufficient factual allegation to create a reasonable inference that the odor produced by the Landfill is excessive and unreasonable.

### C.    Plaintiffs allege the Landfill's noxious odors caused them harm

Under article 667, the defendant-proprietor's use of land must "cause" damage to his neighbor's land. For causation to be found, the defendant's actions "need not be the sole cause, but it must be a cause in fact, and to be a cause in fact in legal contemplation, it must have a proximate relation to the harm which occurs."[56]

In this case, Plaintiffs allege the Landfill emits noxious odors onto neighboring properties.[57] This is a plain, clear statement that Defendants are *causing* the foul odors to be present on and to cause damage to Plaintiffs' neighboring property. Defendants present possible alternative sources of the odors, but that is a merits argument and is inappropriate in a motion to dismiss when the allegations in the complaint must be taken as true and when defendant's actions need not be the sole cause of the harm.[58]

---

[53] *Taylor v. Denka Performance Elastomer LLC*, 332 F. Supp. 3d 1039, 1054 (E.D. La. 2018) (holding that the plaintiffs only pled insufficient conclusions that certain emissions were a nuisance but suggesting the pleading could be remedied by the plaintiffs claiming those emissions gave off a "noxious odor" that caused discomfort and annoyance).
[54] R. Doc. 48 ¶ 27.
[55] *Noxious*, BLACK'S LAW DICTIONARY (10th ed., 2014).
[56] *Lombard v. Sewerage & Water Bd. of New Orleans*, 284 So. 2d 905, 913 (La. 1973).
[57] R. Doc. 48 ¶ 14.
[58] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

9

## II. Plaintiffs Sufficiently Plead Class Allegations

Federal Rule of Civil Procedure 23(a) sets forth the following four prerequisites to certifying any class: (1) the class must be "so numerous that joinder of all parties is impracticable," (2) there must be "questions of law or fact common to the class," (3) "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class," and (4) "the representative parties [must] fairly and adequately protect the interests of the class."[59] If those prerequisites are satisfied, a court may permit the action to be maintained as a class so long as the action falls within any one or more of the three categories established by Rule 23(b).[60]

At the pleadings stage, a court has two avenues to eliminate class allegations. Under Rule 23(d)(1)(D), a court may strike class allegations if the pleadings fail to set forth the "minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate."[61] According to Rule 12(b)(6), if "it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."[62]

Plaintiffs in this case have set forth facts necessary to allow "the court to draw the reasonable inference"[63] that a class satisfying Rule 23's mandate exists, and striking the allegations under Rule 23(d)(1)(D) is accordingly improper. Plaintiffs allege there are "thousands" of potential class members, which makes joinder impracticable and satisfies

---

[59] FED. R. CIV. P. 23(a).
[60] FED. R. CIV. P. 23(b).
[61] *Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. 06-cv-4660, 2007 WL 734809, at *2 (E.D. La. Mar. 6, 2007) (construing Rule 23(d)(4), which is now codified at Rule 23(d)(1)(D)).
[62] *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).
[63] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

the numerosity requirement of Rule 23.[64] Plaintiffs list ten common questions of law and fact among the class representatives and potential class members.[65] Plaintiffs allege the harm they have suffered is similar to the harms of all potential class members, which means the claims and defenses of the representatives are typical of the class and the representatives have a sufficient stake in the outcome of the litigation to be fair and adequate representatives.[66] Similarly, Plaintiffs allege Rule 23(b) will be satisfied based on the predominance of common questions of law or fact,[67] such as those mentioned above that satisfy Rule 23(a).[68]

Next, dismissal under Rule 12(b)(6) is inappropriate in this case because it is not "facially apparent from the pleadings that there is no ascertainable class."[69] "It is elementary that the class sought to be represented must be adequately defined and clearly ascertainable."[70] "The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23."[71] The class must be susceptible of a precise definition, and "[t]he definition must make it administratively feasible for the court to determine, based on objective and practical criteria, whether a person is or is not a member of the class.[72] "[T]he definition is inadequate if the merits must be examined to determine class membership."[73]

---

[64] R. Doc. 48 ¶ 18, 25.
[65] *Id.* ¶ 19.
[66] *Id.* ¶ 22.
[67] *Id.* ¶ 25.
[68] *Id.* ¶ 19.
[69] *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).
[70] *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970).
[71] *John*, 501 F.3d at 445.
[72] *Sadler v. Int'l Paper Co.*, No. 09-CV-1254, 2011 WL 3502467, at *2 (W.D. La. July 13, 2011), *report and recommendation adopted*, No. CIV.A. 09-1254, 2011 WL 3510891 (W.D. La. Aug. 10, 2011) (citing Moore's Federal Practice, § 23.21[1]-[3][c]).
[73] *Id.*

In the "mass tort" context, class actions often are not permissible "because of the likelihood that significant questions, not only of damages but of liability and defenses to liability, would be present, affecting the individuals in different ways."[74] Although the requirements to obtain class certification in a mass tort case are demanding,[75] motions to dismiss for failure to plead some ascertainable class should not be routinely granted.[76] "If the viability of a class depends on factual matters that must be developed through discovery, the motion [to dismiss] should be denied pending the full-blown certification process."[77] Plaintiffs are not required in pleadings to prove a class is "currently and readily ascertainable based on objective criteria," but "need only demonstrate—at some stage of the proceeding—that the class is adequately defined and clearly ascertainable."[78] Further, courts are "encouraged" to allow discovery on class certification matters.[79]

At this early stage in this case, Plaintiffs sufficiently allege the potential for an adequately ascertainable class. Determining class membership will not necessarily require finding individual liability. Once discovery is underway, it is entirely possible, based on the current allegations, that objective, non-individualized criteria (such as distance from the Landfill or results of air quality testing) will define the class.[80] Accordingly, as encouraged by the Fifth Circuit, the Court will permit discovery on

---

[74] *Madison v. Chalmette Ref., L.L.C.*, 637 F.3d 551, 556 (5th Cir. 2011) (citing the advisory committee note to FED. R. CIV. P. 23(b)(3)).
[75] *See id.*
[76] *Sadler*, 2011 WL 3502467, at *2 (citing 1 McLaughlin on Class Actions, § 3:4 (6th ed.)).
[77] *Id.* (permitting a class action based on a mass tort to survive a motion to dismiss so that plaintiffs could more concretely define the class at the certification stage).
[78] *Seeligson v. Devon Energy Prod. Co., L.P.*, 753 F. App'x 225, 230 (5th Cir. 2018) (internal citations omitted).
[79] *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 703 (5th Cir. 2010) (citing Fed R. Civ. P. 23(c) 1(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action."), and Fed R. Civ. P. 23 advisory committee's notes ("[I]t is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis.")).
[80] *See, e.g.*, *Powell v. Tosh*, 280 F.R.D. 296, 306 (W.D. Ky. 2012) (establishing a class based on an expert report showing a barn as the source of a noxious odor for individuals surrounding 1.25 miles of the barn).

Plaintiffs' class allegations. It is premature to dismiss the class allegations at this early stage in the proceedings based on a substantive argument that the class cannot be objectively defined. Plaintiffs have alleged all prerequisites for establishing a class and have proposed a class that is potentially ascertainable by purely objective standards.

### III. The Court Will Not Stay Plaintiffs' Case Under the Doctrine of Primary Jurisdiction

The doctrine of primary jurisdiction gives courts discretion to stay an action "pending referral to [an] administrative agency of issues, which under a regulatory scheme, are within the agency's special competence."[81] In general, this doctrine applies if: "(1) the court has original jurisdiction over the claim before it; (2) the adjudication of that claim requires the resolution of predicate issues or the making of preliminary findings; and (3) the legislature has established a regulatory scheme whereby it has committed the resolution of those issues or the making of those findings to an administrative body."[82]

With that said, the Fifth Circuit has admonished "courts should be reluctant to invoke the doctrine of primary jurisdiction, which often, but not always, results in added expense and delay to the litigants."[83] Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction.[84] And "courts must always balance the benefits of seeking the agency's aid with the need to resolve disputes fairly yet as expeditiously as possible."[85] In light of that balance, there are several particular situations in which

---

[81] *Richards v. Baton Rouge Water Co.*, 2013-0873 (La. App. 1 Cir. 3/21/14), 142 So. 3d 1027, 1033.
[82] *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995).
[83] *Miss. Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 419 (5th Cir. 1976); *see also Stewart–Sterling One, LLC v. Tricon Global Restaurants, Inc.*, No. Civ. A. 00–477, 2002 WL 1837844, at *5 (E.D. La. Aug. 9, 2002) (recognizing that courts have consistently rejected these claims).
[84] *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Ref., L.L.C.*, 348 F. Supp. 2d 765, 767 (E.D. La. 2004) (quoting *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000)).
[85] *Miss. Power & Light Co.*, 532 F.2d at 419.

referral is unwarranted, one of which arises anytime the "agency's position is sufficiently clear or nontechnical or when the issue is peripheral to the main litigation."[86]

In this case, "the need to resolve disputes fairly yet as expeditiously as possible" outweighs any potential benefit gained from staying this proceeding until the Louisiana Department of Environmental Quality (LDEQ) renders future decisions. As Defendants point out, the LDEQ is tasked with "environmental protection" and regulating solid waste disposal.[87] Plaintiffs claim is based on harm to property, not environmental protection, and does not necessarily contain any predicate issues wholly committed to the LDEQ for resolution. While LDEQ decisions may provide probative evidence in determining Defendants' liability, the decisions are not required to determine predicate issues—the jury is fully capable of adjudicating each element of Plaintiffs' claim under article 667.

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss[88] Plaintiffs' claim for nuisance under Louisiana code of civil procedure articles 667–669 **is DENIED**.[89]

**New Orleans, Louisiana, this 29th day of August, 2019.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[86] *Id.*
[87] R. Doc. 52-1 at 39 (quoting La. Stat. Ann. 30:2011(A)(1)).
[88] R. Doc. 52.
[89] To the extent Plaintiffs bring a cause of action for negligence, gross negligence, or premises liability, those causes of action are dismissed with prejudice.