## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>　　　　**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  18-7889**<br>　　　　**c/w 18-8071,**<br>　　**18-8218, 18-9312** |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>　　　　**Defendants** | **SECTION: "E" (5)** |

*Related Case:*

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>　　　　**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-11133**<br>　　　　**c/w 19-14512** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>　　　　**Defendants** | **SECTION: "E"(5)** |

*Applies to: All Cases*

## <u>ORDER AND REASONS</u>

Before the Court is a motion to compel filed by Plaintiffs.[1] Defendants Waste Connections Bayou, Inc., Waste Connections US, Inc., and Louisiana Regional Landfill Company (collectively the "Waste Connections Defendants" or "Defendants") filed an

---

[1] R. Doc. 326 (18-7889); R. Doc. 380 (19-11133).

opposition.[2] Plaintiffs replied.[3] Plaintiffs filed a supplemental memorandum.[4] Defendants filed a supplemental opposition.[5]

## BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill (the "Landfill") and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019. Having previously stated the facts of this case in detail, the Court will repeat only the facts relevant to the instant motion.

The Court held a trial on general causation, which took place on January 31, February 1-4, and February 22-25, 2022.[6] On November 29, 2022, this Court issued its Findings of Fact and Conclusions of Law as to general causation, determining odors and gases were emitted by the Landfill;[7] the emissions of gases and odors from the Landfill occurred during the relevant time period;[8] and exposure to the odors and gases emitted by the Landfill at a level of five ppb for thirty minutes was capable of producing the injuries claimed by any one or more of the plaintiffs.[9] Having found for Plaintiffs at the general causation stage, the Court decided a test trial should be conducted with a select number of *Addison* plaintiffs to provide the parties with the necessary information to advance toward settlement (hereinafter "the first *Addison* trial"). The Court set the first *Addison* trial to begin on September 5, 2023,[10] which has now been continued to September 25, 2023.[11]

---

[2] R. Doc. 329 (18-7889); R. Doc. 383 (19-11133).
[3] R. Doc. 389 (19-11133).
[4] R. Doc. 391 (19-111333).
[5] R. Doc. 394 (19-11133).
[6] R. Docs. 243-247, 256-259 (18-7889); R. Docs. 274-278, 286-289 (19-11133).
[7] R. Doc. 323 at p. 5 (19-11133).
[8] *Id.* at p. 26.
[9] *Id.* at p. 27.
[10] *Id.*
[11] R. Doc. 397 (19-11133).

On April 17, 2023, the Court entered its Eighth Case Management Order governing the discovery, pretrial, and trial dates leading up to the first *Addison* trial.[12] During discovery, Plaintiffs filed the instant motion to compel outstanding discovery from the Waste Connections Defendants.[13]

## **LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[14] "Information within the scope of discovery need not be admissible in evidence to be discovered."[15] At the discovery stage, relevant evidence includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in that case."[16] "[T]he threshold for relevance at the discovery stage [under Rule 26(b) of the Federal Rules of Civil Procedure] is lower than at the trial stage" under Federal Rule of Evidence 401.[17] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[18] This broader scope is necessary given the nature of litigation, where determinations of discoverability are made well in advance of trial.[19] If relevance is in doubt, the court should be permissive in allowing discovery.[20] Likewise,

---

[12] R. Doc. 378 (19-11133). The Court has subsequently entered Ninth and Tenth Case Management Orders as well. R. Docs. 385; 397 (19-11133). The operative case management order is the Tenth. R. Doc. 397.

[13] R. Doc. 380 (19-11133).

[14] FED. R. CIV. PRO. 26(b); *see also Miller v. Sam Houston Univ.*, 986 F.3d 880, 891 (5th Cir. 2021).

[15] *Id.*

[16] *Stevenson v. Benjamin*, 2022 WL 12309062, *1 (5th Cir. 10/21/2022) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978); *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 4/11/2011).

[17] *Id.*

[18] *Dotson v. Edmonson*, 2017 WL 11535244, at *2 (E.D. La. 11/21/2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2/4/2005)).

[19] *Rangel*, 274 F.R.D. at 590 n.5.

[20] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 5/11/2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

"broad discretion is afforded to the district court when deciding discovery matters,"[21] and the Court must determine the scope of discovery "in light of the relevant facts of the particular case."[22]

A party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests.[23] When considering whether discovery is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely burden."[24] If a party resists discovery on grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the proportionality considerations.[25]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[26] discovery does have "'ultimate and necessary boundaries.'"[27] Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;

---

[21] *Miller*, 986 F.3d at 891 (citing *Crosby v. la. Health Serv. & Indemnity Co.*, 647 F.3d 258, 261 (5th Cir. 2011)).

[22] *See Conboy v. Edward D. Jones & Co.*, 140 F. App'x 510, 517 (5th Cir. 2005).

[23] *Muslow v. Bd. of Supervisors of La. State Univ.*, 2021 WL 4239102, *2 (E.D. La. 7/22/2021) (M.J., Currault).

[24] FED. R. CIV. PRO. 26(b).

[25] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 8/22/2016).

[26] *Herbert v. Lando*, 441 U.S. 153, 176 (1979) (citations omitted).

[27] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

or (iii) the proposed discovery is outside the scope of Rule 26(b)(1)."[28] Further, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[29] While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[30]

"The party filing the motion to compel bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence."[31] "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted."[32]

## LAW AND ANALYSIS

In their motion, Plaintiffs seek to compel discovery of dozens of documents.[33] After discussions with the parties, the Court categorizes the outstanding discovery requests dealt with in this order into three categories: (1) documents that have been redacted, which are listed in the Redaction Log; (2) documents to which Defendants assert either the work product doctrine or attorney-client privilege applies, which are listed in the Privilege Log; and (3) miscellaneous outstanding discovery items.[34] The Court will address each category in turn.

---

[28] FED. R. CIV. PRO. 26(b)(2)(C)(i)–(iii).

[29] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

[30] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. 7/14/2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, No. 18-13556, 2020 WL 1046336, at *3 (E.D. La. 3/4/2020) (Morgan, J.).

[31] *Summers v. Louisiana*, 2021 WL 4392309, *3 (M.D. La. 9/24/2021) (internal quotations and citations omitted).

[32] *Id.*

[33] R. Doc. 326 (18-7889).

[34] Defendants have redacted certain documents because the documents contain privileged information. The Court addresses these documents with the other documents Defendants claim are privileged, in Section II.

## I.     Redaction Log

Defendants redacted portions of dozens of documents on the basis that the information is either confidential, or not relevant.[35] In their motion to compel, Plaintiffs argue the protective order entered in this case will remedy any issues of confidentiality.[36] Plaintiffs further argue that, if the information is non-responsive, a review of the information by Plaintiffs' counsel will reveal that.[37]

In opposition, Defendants acknowledge there is a protective order in place in this matter but argue the redactions are nonetheless appropriate.[38] Defendants argue Plaintiffs have requested "protected financial information" sought "seemingly with the intent of inflaming the jury," and [that] the information "has no relevance and is disproportionate to the needs of the case."[39] Defendants contend the partial redactions are necessary to protect "highly sensitive business information and to avoid unfair prejudice and jury confusion."[40] Defendants argue that courts frequently allow redactions when a protective order is in place.[41] For the following reasons, the Court rejects Defendants' arguments and orders the documents in the Redaction Log be produced in full.

---

[35] The documents subject to redactions are as follows: 407497; 407531; 407533; 411900; 412039; 412048; 412060; 412064; 413220; 414052; 418013; 418054; 418056; 418161; 418162; 418253; 418265; 418274; 418275; 418351; 418508; 418512; 418514; 418526; 418529; 418571; 418574; 418684; 418705; 418814; 418915; 418917; 418989; 418992; 419158; 419207; 419264; 419491; 419521; 419558; 419567; 419608; 419631; 419846; 419891; 420032; 420055; 420066; 420086; 420223; 420224; 420225; 420226; 420401; 420410; 420436; 420441; 420451; 420522; 420523; 420556; 420658; 420729; 420734; 420735; 420736; 421022; 421023; 421151; 421475; 421478; 421479; 421480; 421670; 421907; 421909; 422065; 422195; 422212; 422217; 422219; 422220; 422221; 422226; 422238; 422969; 422974; 423224; 424739; 424758; and 424872. R. Doc. 380-7 at pp. 5-13.
[36] R. Doc. 326-1 at p. 19 (18-7889).
[37] *Id.*
[38] R. Doc. 329 at p. 25 (18-7889).
[39] *Id.*
[40] *Id.*
[41] R. Doc. 329 (19-11133).

## A. Confidentiality

The Court finds the Protective Order in place in this matter will sufficiently protect the privacy interests of Defendants. On November 19, 2019, the Court entered a Protective Order prepared by the parties.[42] In so doing, the parties "anticipated that some of the information to be produced in discovery by the Parties constitutes confidential personal information, including medical or health information, financial information, trade secrets, or other confidential commercially sensitive or proprietary information . . . that is subject to protection against use, publication, or disclosure."[43] The parties stipulated to the Protective Order "to eliminate undue delay during the discovery process, to set a procedure for resolving disputes as to whether confidentiality is or is not appropriate, and to govern the use of confidential information during discovery and hearings."[44]

The Court agrees with Plaintiffs that the Protective Order is sufficient, and no redactions are necessary at this time. The Protective Order expressly contemplated the attorneys in this case would have access to documents designated as "confidential" or "confidential-outside counsel only."[45] Moreover, Defendants failed to provide any explanation why the Protective Order is insufficient to protect the redacted information. Accordingly, the Court finds the Protective Order adequately protects the confidentiality interests of Defendants, and Defendants' redactions on this basis are improper.[46]

---

[42] R. Doc. 79 (19-11133).

[43] *Id.* at p. 2.

[44] *Id.*

[45] *Id.* at pp. 4-5.

[46] *See, e.g.*, *Pavillion Bank v. OneBeacon Am. Ins. Co.*, No. 3:12-CV-05211-G-BK, 2013 WL 12126258, at *3 (N.D. Tex. Nov. 13, 2013) (holding a party's unilateral redactions where inappropriate where a protective order was in place and sufficiently addressed issues of confidentiality); *In re Direct Southwest, Inc., Fair Labor Standards Act (FLSA) Lit.*, No. CIVA 08-1984-MLCF-SS, 2009 WL 1160454, at *4 (E.D. La. Apr. 29, 2009) (holding there was no basis for redactions where a protective order was in place); *Front-Line Promotions & Marketing, Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 10680116, at *1 (E.D. La. Apr. 23, 2009) (denying a motion to redact where the party's confidentiality interest was sufficiently protected by the protective order in the case).

## B. Discoverability

Having conducted in camera review, the Court finds the redacted information is discoverable. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[47] "Information within the scope of discovery need not be admissible in evidence to be discovered."[48] At the discovery stage, relevant evidence includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in that case."[49] "[T]he threshold for relevance at the discovery stage [under Rule 26(b) of the Federal Rules of Civil Procedure] is lower than at the trial stage" under Federal Rule of Evidence 401.[50] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[51] If relevance is in doubt, the court should be permissive in allowing discovery.[52] "Broad discretion is afforded to the district court when deciding discovery matters,"[53] and the Court must determine the scope of discovery "in light of the relevant facts of the particular case."[54]

Plaintiffs argue the redacted information, which consists of operational and financial information from other landfills associated with Defendants, will provide them with "[e]vidence of what Waste Connections knew based on its experience at other landfills."[55] Plaintiffs argue this information—Defendants' knowledge of the risks

---

[47] FED. R. CIV. PRO. 26(b); *see also Miller v. Sam Houston Univ.*, 986 F.3d 880, 891 (5th Cir. 2021).
[48] *Id.*
[49] *Stevenson*, 2022 WL 12309062, at *1.
[50] *Rangel*, 274 F.R.D. at 590.
[51] *Dotson*, 2017 WL 11535244, at *2.
[52] *Simply Storage Mgmt.*, 270 F.R.D. at 433.
[53] *Miller*, 986 F.3d at 891.
[54] R. Doc. 389 at p. 5 (19-11133).
[55] *Id.* Whether a Waste Connections affiliate's knowledge can be imputed to Defendants is yet to be determined, and the Court will not limit discovery on the issue based on this argument made by Defendants. *See* R. Doc. 329 at p. 16 (18-7889).

associated with accepting certain types of waste—bears on its claim under Louisiana Civil Code article 667, when the defendant's knowledge is an element of the claim. Plaintiffs have clearly established that the information redacted by Defendants "bears on, or . . . reasonably could lead to other matters that could bear on, any issue that is or may be in th[e] case."[56] The standard at the discovery stage is lower than at trial.[57] Moreover, the Court is cognizant that "[i]f relevance is in doubt, the Court should be permissive in allowing discovery."[58] And although Defendant raises issues of inflaming the jury, unfair prejudice, and jury confusion, these arguments are properly considered in pretrial motions *in limine* on the basis of admissibility which are not before the Court at this time. Accordingly, the Court finds the redacted information bears on Plaintiffs' claims for discovery purposes and is discoverable.

### C. Proportionality

The Court finds Plaintiffs' requests for the documents in the Redaction Log are proportional to the needs of the case. A party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests.[59] When considering whether discovery is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely burden."[60] If a party resists discovery on grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s

---

[56] *Stevenson*, 2022 WL 12309062, at *1.
[57] *Rangel*, 274 F.R.D. at 590.
[58] *Dotson*, 2017 WL 11535244, at *2.
[59] *Muslow*, 2021 WL 4239102 at *2.
[60] Fed. R. Civ. Pro. 26(b).

proportionality calculation by coming forward with specific information to address the proportionality considerations.[61]

Defendants have failed to demonstrate any specific proportionality concerns. Moreover, Defendants have already produced these documents, subject to redactions, and the limited burden on Defendants to produce the documents without redactions is outweighed by Plaintiffs' demonstration of the importance of the redacted information in resolving the issues. Accordingly, the Court finds the proportionality element is satisfied.

Having rejected each of Defendants' arguments, the Court finds Defendants shall produce to Plaintiffs in full all documents listed in the Redaction Log, unless a document is subject to a privilege, as determined herein.[62]

## II.   Privilege Log

Defendants claim the documents in their Privilege Log they provided are properly withheld because the documents are privileged under either the work product doctrine, the attorney-client privilege, or both. The Court addresses each argument in turn.

### A.  The Work Product Doctrine

Defendants argue the following documents are privileged based on the work product doctrine: Documents 195, 197, 198, 199, 200, 204, 206, 207, 209, 210, 211, 213, 216, 217, 218, 220, 221, 222, 225, 226, 232, 237, 238, 239, 240, 241, 242, 243, 244, 246, 248, 249, 250, 251, 254, 255, 257, 260, 261, 264, 265, 272, 273, 276, 278, 279, 280, 281, 282, 283, 284, 286, 287, 288, 293, 294, 299, 302, 303, 304, 305, 308, 310, 311, 312, 313, 314, 318, 319, 320, 322, 324, 325, 328, 329, 330, 332, 333, 335, 336, 337, 340, 344, 345,

---

[61] *Mir, L.P.*, 319 F.R.D. at 226.
[62] Certain documents are listed on both the Privilege Log and the Redaction Log. The Court addresses the discoverability of those documents in the Privilege Log. Defendants also stated Documents 418574 and 419567 of the Redaction Log "contain privileged communications that do not need to be included on the privilege log pursuant to the First Case Management Order." R. Doc. 383 at p. 25 n.79. The Court construes this as an assertion of the attorney-client privilege over these documents. Accordingly, the Court will consider Documents 418574 and 419567 in the context of the attorney-client privilege asserted herein.

346, 347, 348, 349, 353, 356, 357, 360, 361, 362, 364, 367, 369, 370, 371, 374, 375, 376, and 377.[63]

Defendants' claims of privilege based on the work product doctrine are overruled. Plaintiffs argue Defendants have failed to carry their burden of establishing the work product doctrine is applicable. In opposition, Defendants argue *only* that their claim of privilege is bolstered by the fact that nearly all of the withheld documents were created after the start of litigation.[64]

"As a threshold matter, the issue of whether documents are exempt from discovery under the attorney work product doctrine is governed by federal law."[65] "The work product doctrine is not an umbrella that shades all materials prepared by a lawyer. The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation."[66] "The work product doctrine applies to 'documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.'"[67] "The doctrine does not place work product outside the scope of discovery, but instead 'creates a form of qualified immunity from discovery' for materials prepared in anticipation of litigation."[68]

"The level of protection depends on whether the materials constitute 'opinion' work product or non-opinion, 'fact' work product."[69] "The 'mental impressions, conclusions, opinions or legal theories of an attorney' are opinion work product subject to a higher showing for production."[70] "Fact work product, on the other hand, is any

---

[63] R. Doc. 380-7 at pp. 5-13.
[64] R. Doc. 329 at p. 11.
[65] *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 17 (N.D. Tex. 2021).
[66] *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 486 (W.D. Tex. 2020) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)).
[67] *Id.* at 487 (quoting Fed. R. Civ. P. 26(b)(3)(A)).
[68] *Id.* (quoting *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 514 n.2 (5th Cir. 1993)).
[69] *Id.* (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)).
[70] *Id.* (quoting *In re Int'l Sys. & Controls Corp. Sec. Lit.*, 693 F.2d 1235, 1240 (5th Cir. 1982)).

material 'prepared in anticipation of litigation or for trial by or for another party or its representative' under Rule 26(b)(3)(A) but 'not the "mental impressions, conclusions, opinions or legal theories of an attorney"' under subsection (b)(3)(B)."[71]

"[T]he responding party seeking to withhold responsive documents or materials[] has the burden of demonstrating that the work product doctrine applies."[72] "[B]lanket assertions of work-product protection" are insufficient to carry a party's burden.[73] Defendants failed to carry their burden. Defendants argue *only* that their claim of privilege is *bolstered* by the fact that nearly all of the withheld documents were created after the start of litigation.[74] While it may be true that the timing of the documents may tend to *bolster* an adequately asserted claim of privilege, the Court finds such a fact on its own is insufficient to establish documents are properly withheld under the work product doctrine.[75] Because Defendants provided only blanket assertions of work product protection, the Court finds Defendants have failed to carry their burden.[76]

## B. The Attorney-Client Privilege

Defendants withheld the following documents on the basis that the attorney-client privilege protects them from discovery: Documents 195, 197, 199, 206, 207, 211, 212, 214, 215, 216, 217, 218, 220, 222, 225, 226, 230, 232, 237, 241, 242, 243, 249, 250, 251, 253, 254, 255, 257, 260, 261, 264, 265, 269, 272, 273, 274, 276, 278, 279, 281, 282, 283, 284,

---

[71] *Id.*

[72] *Jolivet*, 340 F.R.D. at 17.

[73] *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 402 (E.D. Tex. 2003) (citing *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981)).

[74] R. Doc. 329 at p. 11.

[75] *See, e.g.*, *WSSA, LLC v. Safran*, No. 1:18-CV-2392, 2019 WL 5595825 (M.D. Penn. Oct. 30, 2019) (finding that, among other things, the fact that "many of the documents post-date . . . the date upon which [the defendant] was placed on notice of potential litigation . . . further bolsters their privileged status as records made in anticipation of litigation").

[76] Defendants assert only the work product doctrine, and not the attorney-client privilege, over the following documents: Documents 198, 200, 204, 209, 210, 213, 221, 238, 239, 240, 244, 246, 248, 280, 288, 311, 362, 370, 371, 375, and 376. Accordingly, having found the work product doctrine inapplicable, Defendants must produce these documents to Plaintiffs unredacted and in full. As to all remaining documents, unless they are subject to the attorney-client privilege as determined herein, the documents are subject to disclosure.

286, 287, 293, 294, 295, 296, 297, 299, 300, 302, 303, 304, 305, 307, 308, 310, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 324, 325, 328, 329, 330, 331, 332, 333, 335, 336, 337, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 351, 352, 353, 355, 356, 357, 358, 360, 361, 363, 364, 365, 367, 369, 372, 373, 374, and 377.[77] In their motion, Plaintiffs categorize the documents they seek based on topic.[78] The Court will address each topic in turn.

"The work-product doctrine is distinct from and broader than the attorney-client privilege."[79] "[T]he work product privilege [exists] . . . to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent,"[80] whereas "[t]he attorney-client privilege exists to protect confidential communications and to protect the attorney-client relationship."[81]

"The attorney-client privilege protects two related, but different communications: (1) confidential communications made by a client to his lawyer for the purpose of obtaining legal advice; and (2) any communication from an attorney to his client when made in the course of giving legal advice, whether or not that advice is based on privileged communications from the client."[82] "The purpose of the attorney-client privilege is to 'encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[83] "For a communication to be protected under the privilege, the proponent 'must

---

[77] R. Doc. 380-7 at pp. 5-13. Plaintiffs asked the Court to address Document 377 via a sur-reply to their motion to compel. R. Doc. 393. During the May 22, 2023 Telephone Status Conference, the Court ordered Defendants to produce pages one through six of Document 377. R. Doc. 397 (19-11133). Accordingly, this dispute has been resolved.

[78] R. Doc. 326-1 (18-7889).

[79] *Id.* at 486 (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)).

[80] *Id.* (quoting *Shields v. Sturm, Ruger, & Co.*, 864 F.2d 379, 382 (5th Cir. 1989)).

[81] *Id.* (quoting *Shields*, 864 F.2d at 382).

[82] *Earl v. Boeing Co.*, 2021 WL 963405, at *2 (E.D. Tex. Mar. 15, 2021) (quoting *United States v. Mobil Corp.*, No. 4:19-cv-507, 149 F.R.D. 533, 536 (N.D. Tex. 1993)) (vacated in part, on other grounds, by *In re Boeing Co.*, No. 21-40190, 2021 WL 3233504 (5th Cir. July 29, 2021)).

[83] *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate, (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'"[84] "Communications by the lawyer to the client are protected 'if they would tend to disclose the client's confidential communications.'"[85] "Because the attorney-client privilege 'has the effect of withholding relevant information from the fact-finder,' it is interpreted narrowly so as to 'apply only where necessary to achieve its purpose.'"[86] "Further, 'the privilege only protects disclosure of communications; it does not protected disclosure of the underlying facts by those who communicated with the attorney.'"[87]

"Application of the attorney-client privilege is a 'question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents.'"[88] "Determining the applicability of the privilege is a 'highly fact-specific' inquiry, and the party asserting the privilege bears the burden of proof.'"[89] "'Attorney-client privilege is not presumed'[90] . . . and 'ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent.'"[91]

When a corporate setting is involved, courts have recognized the attorney-client privilege analysis "presents unique challenges."[92] In *Stoffels v. SBC Communications, Inc.*, the United States District Court for the Western District of Texas stated:

> The attorney-client privilege applies in a corporate setting. However, because in-house counsel has an increased level of participation in the day-to-day operations of the corporation, it is more difficult to define the scope

---

[84] *Id.* (quoting *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017)).
[85] *Id.* (quoting *O'Malley v. Pub. Belt R.R. Comm'n for City of New Orleans*, No. 17-4812, 2018 WL 814190, at *2 (E.D. La. Feb. 9, 2018)).
[86] *Id.* (quoting *BDO USA*, 876 F.3d at 695).
[87] *Id.* (quoting *Upjohn*, 449 U.S. at 395).
[88] *Id.* at *3 (quoting *In re Auclair*, 961 F.3d 65, 68 (5th Cir. 1992)).
[89] *Id.* (quoting *BDO USA*, 986 F.3d at 695).
[90] *Id.* (quoting *United States v. Tedder*, 801 F.2d 1437, 1441 (4th Cir. 1986)).
[91] *Id.* (quoting *BDO USA*, 986 F.3d at 695).
[92] *Earl*, No. 4:19-cv-507, 2021 WL 963405, at *4.

> of the privilege when a communication is made to in-house counsel. Thus, in such a setting, the attorney-client privilege attaches only to communications made for the purpose of giving or obtaining legal advice or services, not business or technical advice or management decisions. The critical inquiry is, therefore, whether any particular communication facilitated the rendition of *predominantly legal advice or services* to the client.[93]

"Even though this standard is 'time-consuming' and 'requires a document-by-document analysis,' it 'ensures a balance between forbidding a company from trying to cloak non-privileged communications with protection by unnecessarily sending them to attorneys and encouraging in-house counsel involvement early and often in corporate decision-making.'"[94]

"Legal advice, as contrasted with business advice, 'involves the interpretation and application of legal principles to guide future conduct or to assess past conduct.'"[95] "If advice offered by in-house counsel intertwines business and legal advice, attorney-client privilege protects the communication only if the legal advice predominates."[96] "Simply labeling communications as 'legal advice' is conclusory and insufficient to satisfy the privilege-proponent's burden."[97] Moreover, "[w]hen a corporation simultaneously sends communications to both lawyers and non-lawyers, . . . 'it usually cannot claim that the primary purpose of the communication was for legal advice or assistance because the communication served both business and legal purposes.'"[98]

---

[93] *Id.* (quoting *Stoffels v. SBC Comms., Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009)).

[94] *Id.* at *3 n.3 (quoting *Corporate Attorney-Client Privilege in the Digital Age: War on Two Fronts?*, 16 STAN. J. L. BUS. & FIN. 288, 307 (2011)).

[95] *Id.* (quoting *BDO USA*, 856 F.3d at 365).

[96] *Id.* (quoting *Neuder v. Battelle Pac. Nw. Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000)).

[97] *Id.* (citing *Coltec Indus., Inc. v. Am. Motorists Ins. Co.*, 197 F.R.D. 368, 373 (N.D. Ill. 2000)).

[98] *Slocum v. Int'l Paper Co.*, 549 F. Supp. 3d 519, 524 (E.D. La. 2021) (quoting *In re Vioxx Prod. Liability Lit.*, 501 F. Supp. 2d 789, 805 (E.D. La. 2007)).

### 1. Media Communications

Plaintiffs objected to Defendant's claim of privilege with respect to communications related to media for the following documents: 218, 220, 237, 243, 249, 250, 254, 260, 264, 276, 278, 279, 286, 287, 294, 300, 302, 304, 313, 320, 321, 322, 341, 351, and 355.[99] Plaintiffs argue advice regarding media communications or public relations is not legal advice and thus is not protected by attorney-client privilege.[100] Plaintiffs further assert that "[n]o outside lawyers were involved in any of these communications and it [is] not possible to tell whether the 'advice' provided by the in-house lawyers was legal advice or business advice."[101] Plaintiffs assert that, either way, "[n]one of these general phrases are sufficient."[102]

In opposition, Defendants argue "whenever legal and non-legal advice may be intertwined, the relevant inquiry is whether the communication was primarily for the purpose of soliciting or giving legal advice."[103] Defendants further argue they "have properly withheld a series of emails that relate to counsel's advice on the content and presentation of the press releases or contain counsel's drafts of the press release or comments or edits to the press release."[104] Having conducted in camera review, the Court makes the following findings:

- Documents 218, 237, 243,[105] 250, 254, 260, 278, 286, 300, 302,[106] 304, 313, 320, 321, 341, 351, and 355 do not contain communications made predominantly for the

---

[99] R. Doc. 326-1 at p. 5 (18-7889). Plaintiffs also objected to Defendants' claim of privilege over the following documents: 228, 233, 245, 263, 271, 285, 291, and 359. *Id.* However, Defendants represented to the Court they have since produced these documents to Plaintiffs. R. Doc. 383 at p. 6. n.16 (19-11133).

[100] R. Doc. 326-1 at p. 5 (18-7889).

[101] *Id.* at p. 6.

[102] *Id.*

[103] R. Doc. 329 at p. 5 (18-7889).

[104] *Id.* at p. 6.

[105] Defendants' own statement further supports the conclusion that no legal advice was being provided. In the email chain, Brett O'Connor, in an email to, inter alia, Vice President and general counsel for Defendants John Perkey, stated: "[r]ather than including the legal team I thought I would get our consensus first before they reviewed." It is clear John Perkey was not considered to be a part of the "legal team" providing legal advice in this instance.

[106] The attachment is likewise subject to disclosure.

purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 220 is subject to disclosure with a limited redaction. Generally, the process of drafting press releases and other statements is not considered legal advice and is not protected under the attorney-client privilege.[107] However, paragraph six of page one contains legal advice and may be redacted prior to disclosure by Defendants to Plaintiffs.

- Documents 249, 264, 276, and 287 contain the same protected language as in Document 220. Such language may be redacted. However, the remainder of the documents shall be produced by Defendants, subject only to this redaction.

- Documents 279, 294, and 322 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

### 2. General Business Advice Communications

Plaintiffs object to Defendant's claim of privilege based on discussions with counsel concerning landfill operations or landfill systems generally for the following documents: 257, 269, 293, 299, 305, 308, 314, 319, 324, 328, 332, 333, 337, 344, 345, 348, 352, and 361.[108] Plaintiffs contend the documents are not properly withheld because general business advice provided by in-house counsel or non-lawyers does not constitute legal advice.[109] In opposition, Defendants argue the documents provide legal advice.[110]

---

[107] *Slocum*, 549 F. Supp. 2d at 525 ("Defendant's request for privilege over the email chain related to the draft press release is rejected. [Defendant] has not met the burden of demonstrating that the primary prupose of this email was to secure an opinion on a specific legal issue or to examine a legal instrument. Rather, in-house counsel merely participated in a decision regarding public relations, and therefore business more generally. The email was addressed to both lawyers and non-lawyers for review, comment, and approval, which supports a finding that the primary purpose of such communications was not to obtain legal assistance since the same was being sought from all. Furthermore, no particular legal issue is identified in the exchange, nor does the content of counsel's reply signing off on the proposed public relations announcement constitute providing legal advice. The exchange is consistent with the general practice of copying legal counsel on all communications which may, at some point, be of legal significance.").

[108] R. Doc. 326-1 at pp. 6-7. Plaintiffs objected to Defendants assertion of privilege as to Documents 219, 252, 266, 267, 289, 290, and 327 as well. *Id.* However, Defendants contend they have now produced these documents. Likewise, Plaintiffs objected to Defendants' withholding of Document 221. *Id.* However, the Court ordered Defendants to produce this document in Section I of this Order.

[109] *Id.*

[110] R. Doc. 329 at pp 6-7 (18-7889).

Having conducted in camera review of these documents, the Court makes the following findings:

- Documents 257, 293, 299, 305, 308, 314, 319, 324, 328, 332, 333, 337, 344, 345, and 348 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and therefore are not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 352 is subject to disclosure with a limited redaction. Page one of Document 352 may be redacted. The rest of the document must be produced.

- Documents 269 and 361[111] contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

### 3.  Other Designations with Insufficient Information

First, Plaintiffs object to Defendants' claim that the following documents reflect legal strategy: Documents 197, 261, 303, 310, 364, 365, 367, and 369.[112] Having conducted in camera review, the Court makes the following findings:

- Documents 197, 261, 303, 310, 364, 365, 367, and 369 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

Second, Plaintiffs object to Defendants' claim that the following documents reflect legal advice: Documents 195, 212, 222, 226, 318, 329, 330, 335, 340, 349, 353, 358, 372, 373, and 374.[113] Having conducted in camera review, the Court makes the following findings:

- Documents 212 and 358 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not

---

[111] Document 361 has been disclosed subject to redactions. The redactions may remain, as is.

[112] R. Doc. 326-1 at p. 7 (18-7889).

[113] Plaintiffs objected to Defendants' alleged application of privilege over Document 311. However, Defendants did not assert the attorney-client privilege over Document 311. Instead, Defendants only asserted the work product doctrine. Because the Court rejected Defendants' application of the work product doctrine above, Defendants must produce Document 311. In addition, Plaintiff objected to Defendants' assertion of privilege over Document 338. However, Defendants have represented to the Court that they have now produced this document to Plaintiffs.

subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 195 is subject to disclosure with redactions. Defendants shall remove the redaction on page 19 of a text message sent at 2:08:51 p.m. The other redactions may remain in place.

- Document 374 is subject to disclosure, with its current redactions in place.

- Documents 222, 226, 318, 329, 330, 335, 340, 349, 353, 372, and 373 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

Third, Plaintiffs object to Defendants' claim that the following documents reflect discussions with counsel concerning the landfill operating agreement: Documents 230, 272, 296, 315, 336, 339, 343, 346, and 363.[114]  Having conducted in camera review, the Court makes the following findings:

- Documents 296,[115] 343, 346 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 230 is subject to disclosure with its current redactions in place.

- Document 272 shall be produced, subject to the following redactions. Page one may be redacted. Page two, paragraphs one and two also may be redacted.

- Document 315 shall be produced, subject to the redaction of the first page. The remainder of the document must be produced in full.

- Document 336 shall be produced, subject to the redaction of pages one and two.

- Document 339 shall be produced, subject to the redaction of pages one and two.

- Document 363 shall be produced, subject to the redaction of the first page. The remainder of the document must be produced in full.

---

[114] Plaintiffs argue the same for Document 338. *Id.* However, Defendants contend they have since produced the document.
[115] The only redaction—made on page one of Document 296—should be removed, and the document should be produced in its entirety.

### 4. Regulatory Compliance

Plaintiffs object to Defendants' claim that the following documents reflect work performed at the direction of counsel or discussions with counsel concerning regulatory compliance: Documents 199, 211, 215, 217, 225, 232, 242, 251, 255, 265, 273, 281, 283, 284, 312, 317, and 347.[116] Having conducted in camera review, the Court makes the following findings.

- Documents 199, 211, 232, 255, 273, 281, and 312 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and therefore are not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 215 shall be produced, subject to the redaction of the first page. The remainder of the document shall be produced.

- Document 225 shall be produced, subject to the redaction of the first and second pages. The remainder of the document shall be produced.

- Document 317 shall be produced, subject to the redaction of the first page. The remainder of the document shall be produced.

- Documents 217, 242, 251, 265, 283, 284, and 347 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

### 5. Remaining Uncategorized Documents

Plaintiffs also object to Defendants' assertion of privilege over the following documents, but do not include these documents in any of the categories stated above: Documents 206, 207, 214, 216, 241, 253, 274, 282, 295, 297, 307, 316, 325, 331, 342, 356,

---

[116] R. Doc. 326-1 at p. 7 (18-7889). Plaintiffs also objected for the same reason to Documents 198, 200, 204, 209, 210, 213, 238, 240, 244, 246, 248, 280, 288, 370 and 371. *Id.* However, because the Court found the work product doctrine inapplicable, the only defense raised by Defendants, the Court has already ordered these documents be produced. Plaintiffs objected for the same reason to Documents 229, 236, 258, and 334. *Id.* However, Defendants contend they have produced these documents. R. Doc. 383 at p. 4 (19-11133).

357, and 360.[117] Having conducted in camera review, the Court makes the following findings:

- Documents 206, 274, 282, 295, 297, 316, 325, 331, do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 214 shall be produced, subject to the redaction of the first page.

- Document 342 shall be produced, subject to the redaction of the first page.

- Documents 207, 216, 241, 253, the redacted portion of 307,[118] 356, 357, and 360 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

### 6.  Documents 418574 and 419567 of the Redaction Log

Defendants stated Documents 418574 and 419567 of the Redaction Log "contain privileged communications that do not need to be included on the privilege log pursuant to the First Case Management Order."[119] The Court construes this as an assertion of the attorney-client privilege over these documents. Having conducted in camera review, the Court makes the following findings:

- Document 419567 does not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, Document 419567 must be produced in full, without redactions.

- Document 418574 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted over the redacted portions of Document 418574.

---

[117] Plaintiffs also objected for the same reason to Documents 198, 239, 375, and 376. *Id.* However, because the Court found the work product doctrine inapplicable, the only defense raised by Defendants as to these documents, the Court has already ordered these documents be produced.
[118] The redacted section is properly redacted. However, the remainder of Document 307 must be produced.
[119] R. Doc. 383 at p. 25 n.79.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to compel is **GRANTED IN PART, DEFERRED IN PART,** [120] **and DENIED IN PART.**

**New Orleans, Louisiana, this 26th day of May, 2023.**


**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[120] R. Doc. 326 (18-7889); R. Doc. 380 (19-11133). The Court has ruled on the documents subject to the Privilege Log and the Redaction Log in this Order. The Court defers ruling on the remaining issues raised in Plaintiffs' motion to compel at this time. In the May 22, 2023 Telephone Status Conference, the Court ordered Defendants to review and produce, with a Privilege Log if necessary, documents in response to Plaintiffs' outstanding discovery requests. R. Doc. 397 (19-11133). The Court ordered Plaintiffs to provide the Court with an update on the impact of Defendants' production on this motion to compel on or before Tuesday, June 6, 2023. *Id.* The Court will consider the remaining issues raised by Plaintiffs' motion to compel after receiving the letter from Plaintiffs.