MINUTE ENTRY
MORGAN, J.
July 17, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, <br>     Plaintiff | CIVIL ACTION |
| VERSUS | NO.  18-7889 <br> c/w 18-8071, <br> 18-8218, 18-9312 |
| WASTE CONNECTIONS BAYOU, INC., ET AL., <br>     Defendants | SECTION: "E" (5) |

*Applies to: All Cases*

## MINUTE ENTRY

A video status conference was held on the record on July 17, 2023, at 2:00 p.m., in the chambers of Judge Susie Morgan.

    Present:    Douglas Hammel, Scott Bickford, Larry Centola, Jason Landry, and John Sileo, counsel for Plaintiff, Elias Jorge Ictech-Bendeck;

    Kacie Gray, counsel for Plaintiff, Savannah Thompson;

    Bruce Betzer, counsel for Plaintiffs, Larry Bernard, Sr. and Mona Bernard;

    Allen Foster and Eric Rowe, counsel for All Addison Plaintiffs;

    Michael Mims, Megan Brillault, John Paul, and Michael Vitris, counsel for Defendants and Consolidated Defendants, Waste Connections Bayou, Inc., Waste Connections US, Inc., and Louisiana Regional Landfill Company;
John DiGiglia and John Baay, counsel for Defendant, Aptim Corp.; and

1

>Michael Futrell and Matthew Moghis, counsel for Defendant, Parish of Jefferson.

The parties discussed the Fifth Circuit's Order clarifying that the *Ictech-Bendeck* class action is not stayed.[1]

On or before **Monday, July 24, 2023**, the parties shall file a joint proposed partial case management order for initial discovery of class representatives and certain fact witnesses in the class action.

The Court reiterates that Plaintiffs' motion to compel, and the Court's related Orders were filed in both the *Ictech-Bendeck* and *Addison* cases.[2] The stay of the *Ictech-Bendeck* action has been lifted.[3] Accordingly, on or before **Monday, July 24, 2023**, Defendants shall produce in the *Ictech-Bendeck* action the following documents, in accordance with the rulings in this Court's May 26, 2023, and June 8, 2023 Orders, restated herein.[4]

From the Redaction Log, Defendants shall produce in full the following redacted documents: 407497; 407531; 407533; 411900; 412039; 412048; 412060; 412064; 413220; 414052; 418013; 418054; 418056; 418161; 418162; 418253; 418265; 418274; 418275; 418351; 418508; 418512; 418514; 418526; 418529; 418571; 418574; 418684; 418705; 418814; 418915; 418917; 418989; 418992; 419158; 419207; 419264; 419491;

---

[1] *In re Jefferson Parish*, No. 23-30243 (5th Cir. July 12, 2023).
[2] The Court initially ruled on a portion of Plaintiffs' motion to compel in its May 26, 2023 Order and Reasons. R. Doc. 338 (*Ictech-Bendeck*); R. Doc. 402 (*Addison*). The Court reiterated its directive to the Waste Connections Defendants in a subsequent Order on June 8, 2023. R. Doc. 344 (*Ictech-Bendeck*); R. Doc. 408 (*Addison*).
[3] *In re Jefferson Parish*, No. 23-30243 (5th Cir. July 12, 2023).
[4] Counsel for the Waste Connections Defendants indicated they may file a motion for reconsideration. The Court reminds counsel that such a motion does not stay this Court's Orders regarding the production of documents. Moreover, the Court has already rejected the Waste Connections Defendants' request for a stay pending resolution of motions for reconsideration on this issue. R. Doc. 344 at p. 2 (*Ictech-Bendeck*); R. Doc. 408 at p. 2 (*Addison*).

419521; 419558; 419567; 419608; 419631; 419846; 419891; 420032; 420055; 420066; 420086; 420223; 420224; 420225; 420226; 420401; 420410; 420436; 420441; 420451; 420522; 420523; 420556; 420658; 420729; 420734; 420735; 420736; 421022; 421023; 421151; 421475; 421478; 421479; 421480; 421670; 421907; 421909; 422065; 422195; 422212; 422217; 422219; 422220; 422221; 422226; 422238; 422969; 422974; 423224; 424739; 424758; and 424872.[5]

From the Privilege Log, Defendants shall produce in full the following documents over which only the work product doctrine was asserted: 198, 200, 204, 209, 210, 213, 221, 238, 239, 240, 244, 246, 248, 280, 288, 311, 362, 370, 371, 375, and 376.[6]

Likewise, from the Privilege Log, Defendants shall produce documents in accordance with the following:

1. **Media Communications**[7]

   - Documents 218, 237, 243, 250, 254, 260, 278, 286, 300, 302,[8] 304, 313, 320, 321, 341, 351, and 355 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

   - Document 220 is subject to disclosure with a limited redaction. Generally, the process of drafting press releases and other statements is not considered legal advice and is not protected under the attorney-client privilege. However, paragraph six of page one contains legal advice and may be redacted prior to disclosure by Defendants to Plaintiffs.

   - Documents 249, 264, 276, and 287 contain the same protected language as in Document 220. Such language may be redacted. However, the remainder of the documents shall be produced by Defendants, subject only to this redaction.

---

[5] *Id.* at pp. 6-10.
[6] *Id.* at p. 12 n.76.
[7] *Id.* at pp. 16-17.
[8] The attachment is likewise subject to disclosure.

3

- Documents 279, 294, and 322 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

2. **General Business Advice Communications[9]**

- Documents 257, 293, 299, 305, 308, 314, 319, 324, 328, 332, 333, 337, 344, 345, and 348 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and therefore are not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 352 is subject to disclosure with a limited redaction. Page one of Document 352 may be redacted. The rest of the document must be produced.

- Documents 269 and 361[10] contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

3. **Other Designations with Insufficient Information[11]**

- Documents 197, 261, 303, 310, 364, 365, 367, and 369 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Documents 212 and 358 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 195 is subject to disclosure with redactions. Defendants shall remove the redaction on page 19 of a text message sent at 2:08:51 p.m. The other redactions may remain in place.

- Document 374 is subject to disclosure, with its current redactions in place.

- Documents 222, 226, 318, 329, 330, 335, 340, 349, 353, 372, and 373 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

---

[9] R. Doc. 402 at pp. 17-18.
[10] Document 361 has been disclosed subject to redactions. The redactions may remain, as is.
[11] R. Doc. 402 at pp. 18-19.

4

- Documents 296,[12] 343, 346 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 230 is subject to disclosure with its current redactions in place.

- Document 272 shall be produced, subject to the following redactions. Page one may be redacted. Page two, paragraphs one and two also may be redacted.

- Document 315 shall be produced, subject to the redaction of the first page. The remainder of the document must be produced in full.

- Document 336 shall be produced, subject to the redaction of pages one and two.

- Document 339 shall be produced, subject to the redaction of pages one and two.

- Document 363 shall be produced, subject to the redaction of the first page. The remainder of the document must be produced in full.

4. **Regulatory Compliance**[13]

    - Documents 199, 211, 232, 255, 273, 281, and 312 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and therefore are not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

    - Document 215 shall be produced, subject to the redaction of the first page. The remainder of the document shall be produced.

    - Document 225 shall be produced, subject to the redaction of the first and second pages. The remainder of the document shall be produced.

    - Document 317 shall be produced, subject to the redaction of the first page. The remainder of the document shall be produced.

    - Documents 217, 242, 251, 265, 283, 284, and 347 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

---

[12] The only redaction—made on page one of Document 296—should be removed, and the document should be produced in its entirety.
[13] R. Doc. 402 at p. 20.

5. **Remaining Uncategorized Documents**[14]

- Documents 206, 274, 282, 295, 297, 316, 325, 331, do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, the documents must be produced in full, without redactions.

- Document 214 shall be produced, subject to the redaction of the first page.

- Document 342 shall be produced, subject to the redaction of the first page.

- Documents 207, 216, 241, 253, the redacted portion of 307,[15] 356, 357, and 360 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted.

6. **Documents 418574 and 419567 of the Redaction Log**[16]

- Document 419567 does not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and are therefore not subject to the attorney-client privilege. Accordingly, Document 419567 must be produced in full, without redactions.

- Document 418574 contain communications made predominantly for the purpose of giving or obtaining legal advice or services. Accordingly, the attorney-client privilege is properly asserted over the redacted portions of Document 418574.

**New Orleans, Louisiana, this 17th day of July, 2023.**

                                                              **SUSIE MORGAN**
                                        **UNITED STATES DISTRICT JUDGE**

JS10 (0:24)

---

[14] *Id.* at pp. 20-21.
[15] The redacted section is properly redacted. However, the remainder of Document 307 must be produced.
[16] R. Doc. 402 at p. 21.