UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO.  18-7889**<br>        **c/w 18-8071,**<br>        **18-8218, 18-9312** |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>    Defendants | **SECTION: "E" (5)** |

*Applies To: All Cases*

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by Defendants.[1] Plaintiffs filed an opposition.[2]

### BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill (the "Landfill") and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019. Having previously stated the facts of this case in detail, the Court will repeat only the facts relevant to the instant motion.

The Court held a trial on general causation, which took place on January 31, February 1-4, and February 22-25, 2022.[3] On November 29, 2022, this Court issued its Findings of Fact and Conclusions of Law as to general causation, determining odors and gases were emitted by the Landfill;[4] the emissions of gases and odors from the Landfill occurred during the relevant time period;[5] and exposure to the odors and gases emitted

---

[1] R. Doc. 351.
[2] R. Doc. 357.
[3] R. Docs. 243-247, 256-259.
[4] R. Doc. 323 at p. 5 (19-11133).
[5] *Id.* at p. 26.

1

by the Landfill at a level of five ppb for thirty minutes was capable of producing the injuries claimed by any one or more of the plaintiffs.[6]

The *Addison* Plaintiffs served on the Waste Connections Defendants discovery requests on March 1, 2023.[7] On April 6, 2023, the Court held a telephone status conference, at which Plaintiffs informed the Court that Defendants had failed to adequately respond to the discovery requests.[8] The Court then imposed deadlines for Plaintiffs to file any motions to compel related to this outstanding discovery.[9]

As the discovery requests were relevant to both *Ictech-Bendeck* and *Addison*, Plaintiffs timely filed their motion to compel in both cases.[10] Defendants opposed the motion.[11] Plaintiffs replied.[12] Plaintiffs also filed a sur-reply, seeking to compel the production of an additional document ("Document 377"), which contains an August 17-18, 2018 email chain.[13] Defendants filed a supplemental opposition.[14] On May 22, 2023, the Court, in a telephone status conference, ordered Defendants to produce pages one through six of Document 377.[15] On May 26, 2023, the Court granted in part, deferred in part, and denied in part aspects of Plaintiffs' motion to compel.[16] Defendants now ask the Court to reconsider its May 22, 2023, and May 26, 2023 Orders.[17]

## LEGAL STANDARD

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or

---

[6] *Id.* at p. 27.
[7] R. Doc. 326-2 at p. 1.
[8] R. Doc. 321.
[9] *Id.* at p. 3.
[10] R. Doc. 326 (18-7889); R. Doc. 380 (19-11133).
[11] R. Doc. 329 (18-7889); R. Doc. 383 (19-11133).
[12] R. Doc. 389 (19-11133).
[13] R. Doc. 393 (19-11133).
[14] R. Doc. 394 (19-11133).
[15] R. Doc. 335.
[16] R. Doc. 338.
[17] R. Doc. 351.

amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[18] A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[19] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[20] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[21]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[22]

## **LAW AND ANALYSIS**

Defendants ask this Court to reconsider certain aspects of its May 22, 2023, and May 26, 2023 Orders addressing Plaintiffs' motion to compel discovery, in which the

---

[18] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369 R, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").
[19] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[20] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[21] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at * 3 (E.D. La. Mar. 5, 2012).
[22] *Castrillo*, No. CIV.A. 09-4369 R, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.

Court ordered Defendants to produce in whole or in part 100 documents. Specifically, Defendants ask the Court to reconsider its orders that Defendants produce the following forty-five documents: 197, 212, 218, 220, 237, 243, 249, 250, 254, 260, 264, 276, 278, 286, 287, 293, 296, 299, 302, 305, 308, 311, 314, 319, 320, 321, 324, 328, 332, 333, 337, 341, 344, 345, 348, 351, 355, 358, 364, 365, 367, 369, 375, 376, and 377. The Court will address Defendants' arguments in the order in which they were raised.

I. **Documents 293, 299, 305, 308, 314, 319, 324, 328, 332, 333, 337, 344, and 348**

Defendants' motion for reconsideration is denied with respect to Documents 293, 299, 305, 308, 314, 319, 324, 328, 332, 333, 337, 344, and 348. Defendants argue the Court's order is inconsistent because the Court upheld Defendants' assertion of privilege over Documents 207 and 360, which contain portions of the same email chain present in this subset of documents.[23]

The Court recognizes the inconsistency in its ruling. However, the Court finds it committed a manifest error of law with respect to *Documents 207 and 360*. The Court finds Documents 207 and 360 do not contain communications made predominantly for the purpose of giving or obtaining legal advice or services and therefore are not subject to the attorney-client privilege. Accordingly, the Court orders Defendants to produce Documents 207 and 360 in full, in addition to Documents 293, 299, 305, 308, 314, 319, 324, 328, 332, 333, 337, 344, and 348.

II. **Documents 220, 237, 249, 260, 264, 276, 286, 287, 321, 341, 351, and 355**

The Court denies Defendants' motion for reconsideration with respect to Documents 220, 237, 249, 260, 264, 276, 286, 287, 321, 341, 351, and 355.[24] Defendants

---

[23] R. Doc. 351-1 at pp. 6-8.
[24] *Id.* at pp. 9-10.

4

are merely rehashing arguments previously made before this Court. A motion for reconsideration "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[25] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[26] Defendants' arguments on these documents merely rehash the arguments previously considered by the Court when deciding the motion to compel. The Court refrains from reconsidering its ruling on these documents merely because Defendants disagree with the outcome. Accordingly, Defendants' motion for reconsideration is denied with respect to Documents 220, 237, 249, 260, 264, 276, 286, 287, 321, 341, 351, and 355.

### III. Documents 218, 243, 250, 254, and 278

For the same reasons as stated in Section II above, the Court denies Defendants' motion for reconsideration with respect to Documents 218, 243, 250, 254, and 278.[27]

### IV. Document 377

The Court grants in part and denies in part Defendants' motion for reconsideration with respect to Document 377. Document 377 was inadvertently produced by Defendants to Plaintiffs, and Defendants sought to claw back the document in full. On May 22, 2023, the Court, in a telephone status conference, ordered Defendants to produce pages one through six of Document 377.[28] Defendants seek reconsideration of that order, arguing Document 377 is protected by the attorney client-privilege.[29] The Court finds it committed a manifest error of law in determining that certain additional pages of Document 377 were

---

[25] *Lacoste*, No. 07-2904, 2009 WL 1565940, at *8 (quoting Templet, 367 F.3d at 478–79).
[26] *Lightfoot*, No. 07-4833, 2012 WL 711842, at * 3.
[27] R. Doc. 351-1 at pp. 11-12.
[28] R. Doc. 335.
[29] R. Doc. 351-1 at pp. 12-14.

not subject to the attorney-client privilege. Accordingly, with respect to Document 377, Defendants' motion for reconsideration is granted in part and denied in part. Defendants are permitted to claw back the last paragraph of page three and pages four through ten of Document 377.[30]

### V. Documents 197, 212, 296, 302, 320, 345, and 358

The Court grants Defendants' motion for reconsideration with respect to Document 345. Defendants contend that the Court committed an inadvertent error when it ordered Defendants to produce Document 345, because the Court, on the basis of attorney-client privilege, withheld all other versions of the same document.[31] The Court agrees with Defendants that it committed an inadvertent error with respect to Document 345. Accordingly, Defendants are permitted to withhold Document 345 on the basis of attorney-client privilege.

Defendants' motion for reconsideration is denied with respect to Documents 197, 212, 296, 302, 320, and 358 for the same reasons as stated in Section II above.

### VI. Documents 364, 365, 367, and 369

Defendants' motion for reconsideration is denied with respect to Documents 364, 365, 367, and 369. Defendants argue the documents and attached Board of Directors meeting minutes contain information subject to the attorney-client privilege, contain confidential information, and lack relevance. The Court finds its rejection of Defendants' arguments on issues of confidentiality and relevance, contained in its May 26, 2023 Order and Reasons, equally applicable to Documents 364, 365, 367, and 369.[32] The Court refrains from revisiting this holding herein. Defendants' remaining arguments in this

---

[30] Defendants are permitted to claw back the last paragraph of page three, *i.e.*, the paragraph starting with "From: Michael C. Mims."
[31] R. Doc. 351-1 at p. 16.
[32] R. Doc. 338 at pp. 7-9.

6

section are merely a restatement of arguments already presented to the Court.[33] Accordingly, Defendants' motion for reconsideration is denied with respect to Documents 364, 365, 367, and 369.

### VII.   Documents 375 and 376

The Court grants Defendants' motion for reconsideration with respect to Documents 375 and 376. Defendants argue that these documents contain emails between counsel and Defendants' consulting expert and are thus not subject to disclosure, pursuant to Federal Rule of Civil Procedure 26(b)(4)(D).[34]

The Court committed a manifest error of fact when it did not consider Eric Winegar's status as a consulting expert. Pursuant to Federal Rule of Civil Procedure 26(b)(4)(D), "a party many not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."[35] Instead, a party may do so only upon "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."[36] Plaintiffs have not showing exceptional circumstances in this case. Accordingly, Defendants' motion for reconsideration with respect to Documents 375 and 376 is granted. Documents 375 and 376 are not subject to disclosure, pursuant to Rule 26.

---

[33] *Lightfoot*, No. 07-4833, 2012 WL 711842, at * 3. Moreover, Board of Directors' meeting minutes are not, by any stretch of the law, privileged *per se*. The Court is within its sound discretion to order the production of these documents. *See, e.g., Johansen v. Trico Marine Int'l, Inc.*, No. H-07-3767, 2009 WL 10694196, at *2 (S.D. Tex. Sept. 15, 2009) (rejecting Defendants' assertion of attorney-client privilege over board meeting minutes where they had "not shown that legal counsel is the primary purpose of all the communications Defendants seek to shield" and where "legal counsel is not the primary reason the Board held meetings or communicated during the meeting").
[34] R. Doc. 351-1 at pp. 19-21.
[35] Fed. R. Civ. P. 26(b)(4)(D).
[36] *Id.*

**VIII.  Document 311**

The Court denies Defendants' motion for reconsideration with respect to Document 311. Defendants vaguely assert the attorney-client privilege applies, arguing Document 311 is not subject to disclosure because it involves a "protected communication regarding legal issues raised by regulatory compliance."[37] In their Privilege Log, however, Defendants did not assert any privileges beyond the work product doctrine over Document 311. A motion for reconsideration is not the proper vehicle by which to present new arguments.[38] Defendants had a full and fair opportunity to assert the attorney-client privilege at any point prior to the Court's May 26, 2023 Order and Reasons, and the Court sees no reason why Defendants should be allowed to raise new arguments at this stage. Accordingly, Defendants' motion for reconsideration on the basis of new arguments not previously raised is denied.

## CONCLUSION

**IT IS ORDERED** that Defendants' motion for reconsideration is **GRANTED IN PART AND DENIED IN PART**.

Defendants' motion is granted with respect to Documents 345, 375, and 376.

Defendants' motion is granted in part and denied in part with respect to Document 377.[39]

---

[37] R. Doc. 351-1 at p. 22.
[38] *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 374 (5th Cir. 2020) (noting the Fifth Circuit "generally do[es] not consider an inssue or a new argument raised for the first time in a motion for reconsideration in the district court."); *Grand Famous Shipping Ltd. v. Port of Houston Auth.*, 572 F. Supp. 3d 307, 316 (S.D. Tex. 2021) ("'[A] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments.'" (quoting *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005)); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 480 (M.D. La. 2002) ("Nor is a motion for reconsideration the proper vehicle by which to present new arguments.").
[39] As stated above, Defendants are permitted to claw back the last paragraph of page three, *i.e.*, the paragraph starting with "From: Michael C. Mims," and pages four through ten.

Defendants' motion is denied with respect to Documents 197, 212, 218, 220, 237, 243, 249, 250, 254, 260, 264, 276, 278, 286, 287, 293, 296, 299, 302, 305, 308, 311, 314, 319, 320, 321, 324, 328, 332, 333, 337, 341, 344, 348, 351, 355, 358, 364, 365, 367, and 369.

**IT IS FURTHER ORDERED** that Defendants are ordered to produce in full Documents 207 and 360.

**New Orleans, Louisiana, this 24th day of July, 2023.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**