## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>      **Plaintiff** | **CIVIL ACTION**<br><br>**NO. 18-7889**<br>**c/w 18-8071,**<br>**18-8218, 18-9312** |
| **VERSUS** | |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>      **Defendants** | **SECTION: "E" (5)** |
| *Applies to: All Cases* | |

## TWELFTH CASE MANAGEMENT ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court enters this Twelfth Case Management Order in the consolidated *Ictech-Bendec*k putative class action cases. With General Causation having been found by the Court on November 29, 2022, ECF No. 285, this Twelfth Case Management Order is a partial case management order that governs class discovery and discovery on issues common to the *Ictech-Bendeck* and related consolidated *Addison v. Louisiana Regional Landfill Co.* cases (Case No. 19-11133).[1]

## I.  GENERAL PROVISIONS

1.  The ESI protocol entered as ECF Doc. 90, as amended from time to time, shall continue to apply to discovery conducted in this case.

---

[1] Defendants reserve their objections to (i) trying any Plaintiffs' cases on the merits in the related *Addison* case prior to class certification being determined as to the *Ictech-Bendeck* case, (ii) merits discovery being propounded by the *Ictech-Bendeck* Plaintiffs on Defendants prior to the determination of class certification, and (iii) proceeding concurrently with preparation for a trial in the *Addison* action and class certification discovery and briefing in the *Ictech-Bendeck* case. Defendants' submission of any term in or the entirety of this proposed Case Management Order shall not be construed as a waiver of the above objection.

2.   The discovery obligations set forth in the Case Management Orders or other orders of the Court are subject to the supplementation requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

3.   The due dates for discovery responses shall be those specified in orders of the Court, those set forth in the Federal Rules of Civil Procedure, or as otherwise agreed by the Parties.[2]

4.   As set forth in this Court's prior Orders, each deposition shall preclude a subsequent deposition of such deponent(s) on topics covered in such prior deposition. This limitation applies to depositions noticed in both the *Addison* and the *Ictech-Bendeck* actions. A party raising such issue with the Court must provide the relevant pages of the deposition at which the party asserts the topic was covered.

5.   All fact discovery related to common issues with the *Addison* action and to class certification shall be completed by **January 31, 2024.**

## II.   **THE PARTIES' WITNESS LISTS**

1.   Pursuant to the May 22, 2023 Minute Entry, ECF No. 335, the Parties previously exchanged lists of known fact witnesses who likely have discoverable information or who may provide statements or testimony that the respective party may use in support of their motion for or opposition to class certification ("Witness List").

2.   The Witness Lists shall be supplemented by the Parties as required under Rule 26.

---

[2] The Parties herein are all of the *Ictech-Bendeck* Plaintiffs, Waste Connections Bayou, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, Aptim Corp., and the Parish of Jefferson.

3.   The deadline for the *Ictech-Bendeck* Plaintiffs to amend their Witness List to identify any additional Class Representatives[3] or remove previously identified Class Representatives was **September 15, 2023**.

## III.   COMPLETION OF FACT DISCOVERY

### A.   The *Addison* and *Ictech-Bendeck* Plaintiffs' Discovery Addressed to Defendants and Depositions of Non-Parties – Common Issues

1.   Discovery on issues that are common to the *Addison* and *Ictech-Bendeck* cases shall be conducted on a consolidated basis. This consolidation of common fact discovery in the *Addison* and *Ictech-Bendeck* actions is also reflected in the Eleventh Case Management Order entered in the *Addison* action.

2.   Discovery on issues that are not common to the *Addison* and *Ictech-Bendeck* cases, discovery related to the thirteen *Addison* Plaintiffs selected by the Parties to have their cases tried in the first *Addison* merits trial, and discovery related to class certification in the *Ictech-Bendeck* case shall occur concurrently with the common issue fact discovery.

3.   **Fact witness depositions taken by Plaintiffs.** The *Addison* and *Ictech-Bendeck* Plaintiffs (collectively) may depose each of the Defendants under Rule 30(b)(6), and may take up to 25 individual fact witness depositions without leave of court. Depositions taken by either the *Addison* or *Ictech-Bendeck* Plaintiffs after November 29, 2022, shall count against the limitation in this paragraph.

---

[3] "Class Representatives" are each of the named Plaintiffs in the consolidated *Ictech-Bendeck* action, each individual identified as a class representative in the *Ictech-Bendeck* Plaintiffs' Preliminary Fact Witness List for Class Certification, served on Defendants on June 12, 2023, and any other individual later identified in a revised Fact Witness List for Class Certification by the *Ictech-Bendeck* Plaintiffs as a class representative in this action.

**B.**     **Discovery on Class Certification Issues Addressed to Defendants**

1.   The *Ictech-Bendeck* Plaintiffs may engage in discovery (e.g., propounding requests for production, interrogatories, and requests for admission, and deposing 30(b)(6) representatives, non-parties, and fact witnesses) on issues that are not common to the *Addison* and *Ictech-Bendeck* Plaintiffs, including on issues specific to class certification. Counsel will meet and confer within five (5) business days following the issuance of discovery requests and depositions notices to resolve any objections by Defendants to Plaintiffs' discovery demands.

**C.**     **Defendants' Written Discovery Addressed to Class Representatives**

1.   The Defendants may engage in written discovery, including on common fact discovery issues and issues related to class certification. Plaintiffs' counsel agrees to accept service of any discovery propounded on Class Representatives who are not named Plaintiffs in this action.

**D.**     **Depositions of Class Representatives and Plaintiff Supporting Witnesses by Defendants[4]**

1.   Defendants can take the deposition of each Class Representative and certain fact witnesses,[5] which depositions can be noticed at any time after the entry of this Twelfth Case Management Order. Depositions of Class Representatives do not count toward the 25-deposition limit set forth in Section III.E.I.

---

[4] The Class Representatives have withdrawn their claims for diminution of property value and are not seeking to certify a class with respect to diminution of property value.

[5] For purposes of this Twelfth Case Management Order, the certain fact witnesses shall refer to the individuals under the heading "Plaintiff Class Representative and Supporting Witnesses" that are not named Plaintiffs or Class Representatives listed in Plaintiffs' Preliminary Fact Witness List for Class Certification, served on Defendants on June 12, 2023, and any other individual later identified in a revised Fact Witness List for Class Certification by Plaintiffs as a supporting witness in this action (hereinafter "Plaintiff Supporting Witnesses").

2.   Unless the Parties agree in advance, or with permission of the Court, no Class Representative will be permitted to attend the deposition of any other Class Representative.

### E.    Defendants' Depositions of Non-Parties

1.   Except as otherwise permitted by this Case Management Order, Defendants may take, without leave of Court, up to 25 individual depositions of non-party fact witnesses.

### F.    Written Discovery from Non-Parties

1.   Subject to the limitations in this Case Management Order or established by the Court in response to a motion for protective order, the Parties may seek discovery from non-parties.

2.   Copies of documents produced to Defendants by third parties in response to a subpoena *duces tecum*, and related communications with such third parties, except to the extent the communication relates only to the timing of a response, will be provided to the Plaintiffs within seven (7) days after receipt.

3.   Copies of documents produced to Plaintiffs by third parties in response to a subpoena duces tecum, and related communications with such third parties except to the extent the communication relates only to the timing of a response, will be provided to the Defendants within seven (7) days after receipt.

## IV.   EXPERT DISCOVERY

1.   The *Ictech-Bendeck* Plaintiffs shall file their list of existing and new expert witnesses for class certification by **September 22, 2023.**

2.   Defendants shall file their lists of existing expert witnesses for class certification by **September 29, 2023.**

3.   Defendants shall file their lists of new expert witnesses for class certification by **October 6, 2023.**

4.   The *Ictech-Bendeck* Plaintiffs shall file their list of rebuttal experts by **October 13, 2023**.

5.   The Parties and the Court shall further discuss intermediate deadlines for expert discovery at the October 23, 2023 status conference.

6.   The deadline for expert discovery for issues related to class certification is **April 30, 2024.**

## V.   CLASS CERTIFICATION BRIEFING

1.   The *Ictech-Bendeck* Plaintiffs shall file their amended motion for class certification and supporting documents by **May 15, 2024.**

2.   Defendants' opposition papers shall be filed on or before **June 19, 2024**.

3.   The *Ictech-Bendeck* Plaintiffs may file a reply, which shall be filed on or before **June 26, 2024.**

4.   The Parties and the Court shall further discuss the need for a hearing or oral argument on the *Ictech-Bendeck* Plaintiffs' motion for class certification at the July 1, 2024 status conference.

## VI.   STATUS CONFERENCE

1.   The Parties and the Court shall have a telephone status conference on **October 23, 2023, at 2:00 pm CT.**

2.   The Parties and the Court shall have an in-person status conference on **July 1, 2024, at 2:00 pm CT.**

## VII.   CHART OF EVENTS

1.   A chart of deadlines for events and milestones, consistent with the preceding terms of this order is below.

### ELEVENTH CASE MANAGEMENT ORDER
### CHART OF EVENTS

| Event | Date |
|---|---|
| Plaintiffs to amend Witness Lists to identify any additional Class Representatives or remove previously identified Class Representatives | Friday, September 15, 2023 |
| Plaintiffs to file list of existing and new experts | Friday, September 22, 2023 |
| Defendants to file list of existing experts | Friday, September 29, 2023 |
| Defendants to file list of new experts | Friday, October 6, 2023 |
| Plaintiffs to file their list of rebuttal experts | Friday October 20, 2023 |
| Status conference | Monday, October 23, 2023 at 2:00 p.m. |
| All fact discovery complete | Wednesday, January 31, 2024 |
| Expert discovery complete | Tuesday, April 30, 2024 |
| Plaintiffs to file amended motion for class certification and supporting documents | Wednesday, May 15, 2024 |
| Defendants to file opposition to motion for class certification | Wednesday, June 19, 2024 |
| Plaintiffs may file reply to motion for class certification on or before | Wednesday, June 26, 2024 |
| In-person status conference | Monday, July 1, 2024 at 2:00 p.m. |

**SO ORDERED.**

**New Orleans, Louisiana, this 17th day of October, 2023.**

**SUSIE MORGAN**
**UNITEDSTATESDISTRICT JUDGE**

7