UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, **Plaintiff** | CIVIL ACTION |
| | NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| **VERSUS** | |
| WASTE CONNECTIONS BAYOU, INC., ET AL., **Defendants** | SECTION: "E" (5) |
| | JUDGE: Morgan MAGISTRATE JUDGE: North |

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

INTRODUCTION ............................................................................................................... 1

RELEVANT BACKGROUND ........................................................................................... 2

LEGAL STANDARD ......................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

    I. The Court should require the proposed class representatives to adequately respond to Defendants' discovery requests. ........................................................................................ 5

        A. The proposed class representatives' contingency fee agreements are relevant to class certification proceedings and are not subject to privilege. ..................................... 6

        B. RFP Nos. 1 to 12 seek facts regarding the proposed class representatives' claims, alleged damages, and basis for class certification, among other information. ................................... 8

        C. The proposed class representatives must state whether documents or information are being withheld based on the objections. .............................................................. 11

    II. The proposed class representatives' privilege log is insufficient as it fails to include the dates of the withheld text messages. ............................................................................ 12

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Akers v. Shaw Environmental, Inc.*,
 Nos. 09-cv-915, 09-cv-1110, 2011 WL 867524 (W.D. La. Mar. 14, 2011) .............................. 9

*Baker v. Walters*,
 652 F. Supp. 3d 768 (N.D. Tex. 2023) ................................................................................. 5, 11

*Dickie Brennan & Co., Inc. v. Lexington Insurance Co.*,
 No. 09-cv-3866, 2010 WL 11538482 (E.D. La. Mar. 12, 2010) ............................................. 13

*Estate of J. Edgar Monroe v. Bottle Rock Power Corp.*,
 No. 03-2682, 2004 WL 737463 (E.D. La. Apr. 2, 2004) .......................................................... 8

*In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*,
 926 F.2d 1423 (5th Cir. 1991) .................................................................................................... 7

*LeBlanc v. Texas Brine Co., LLC*,
 No. 12-cv-2059, 2019 WL 5265063 (E.D. La. Oct. 17, 2019) .................................................. 5

*Lopez v. Don Herring Ltd.*,
 327 F.R.D. 567 (N.D. Tex. 2018) ............................................................................................... 5

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
 894 F.2d 1482 (5th Cir. 1990) .................................................................................................... 4

*Medlock Sw. Management Corp. v. Federal National Mortg. Association*,
 No. 04-cv-129, 2006 WL 8434270 (E.D. Tex. Sept. 1, 2006) .................................................. 6

*Paulsen v. State Farm Insurance Co.*,
 No. 06-cv-9546, 2008 WL 11353752 (E.D. La. Apr. 24, 2008) ................................................ 5

*Porter v. Nationscredit Consumer Disc. Co.*,
 No. 03-cv-3768, 2004 WL 1753255 (E.D. Pa. July 8, 2004) ................................................. 5, 6

*Rodriguez v. W. Publishing Corp.*,
 563 F.3d 948 (9th Cir. 2009) ...................................................................................................... 6

*S. Scrap Material Co. v. Fleming*,
 No. 01-cv-2554, 2003 WL 21474516 (E.D. La. June 18, 2003) ................................................ 8

*Shell Offshore, Inc. v. ENI Petroleum US LLC*,
 No. 16-cv-15537, 2017 WL 11536167 (E.D. La. July 12, 2017) .............................................. 8

*Taylor Lohmeyer Law Firm PLLC v. United States*,
    957 F.3d 505 (5th Cir. 2020)......................................................................................... 7

*Whale Capital, L.P. v. Ridgeway*,
    No. 22-cv-2570, 2023 WL 7220560 (E.D. La. Nov. 2, 2023) ................................... 11

**Rules and Regulations**

Fed. R. Civ. P. 26(a)(1)(A)(iii) .................................................................................. 10
Fed. R. Civ. P. 26(b)(1)................................................................................................. 5
Fed. R. Civ. P. 26(b)(5)(A) .......................................................................................... 13
Fed. R. Civ. P. 26(e) ..................................................................................................... 9
Fed. R. Civ. P. 34(b)(2)(C) ........................................................................................... 5
Fed. R. Evid. 501 ........................................................................................................... 5

**Treatises**

1 *McLaughlin on Class Actions*, § 4:40 (20th ed. 2023) ............................................. 6

## INTRODUCTION

Relying on baseless objections and qualifying their responses with evasive language that this Court has already rejected, the proposed class representatives have failed to sufficiently respond to Defendants' requests for production ("RFPs") and interrogatories.[1] The proposed class representatives first assert that their contingency fee agreements are privileged and are not relevant to the issues in the case. Federal and state law do not support this position, as these agreements relate to the adequacy of representation by the proposed class counsel and putative class representatives (a class certification requirement) and are not protected as attorney-client communications. The proposed class representatives also refuse to respond to 12 requests seeking factual information about their claims, the alleged damages, and the class certification requirements, among other issues. They claim that these documents are protected under the work product doctrine—a position again rejected by federal courts—though they have not identified any such documents on a privilege log.

The proposed class representatives respond to other RFPs and interrogatories "subject to and without waiving their objections" and do not explain whether any documents or information are being withheld based on those objections. This Court has previously held that this ambiguous qualifying language is impermissible, as the opposing party does not know whether responsive documents or information have not been produced and, if so, on what basis. Finally, the proposed class representatives' privilege log, which only consists of 11 entries, omits key information necessary to evaluate the claim of attorney-client privilege. Specifically, they do not include the

---

[1] The proposed class representatives include the named Plaintiffs in the consolidated *Ictech-Bendeck* action—Elias Ictech-Bendeck, Mona Bernard, Larry Bernard, Nicole Landry-Boudreaux, and Savannah Thompson—and certain individuals identified in Plaintiffs' witness lists for class certification—Ophelia Walker, Ann Williams, Kayla Steele, Robyn Crossman, and Phil Adams.

dates of text messages between a Plaintiff and counsel, with whom the Plaintiff appears to have been friends, only referring to the time period as "pre-suit."

The Court should require the proposed class representatives to remedy these deficiencies by (i) producing the contingency fee agreements, (ii) fully responding to RFPs Nos. 1 to 12; (iii) stating whether responsive documents or information have been withheld and, if so, the basis in their responses to the RFPs and in Plaintiff Savannah Thompson's responses to the interrogatories; and (iv) supplementing their privilege log to include the dates of the documents.

## RELEVANT BACKGROUND

Defendants served their first set of RFPs and interrogatories on the proposed class representatives on August 3, 2023, and August 30, 2023, respectively. Defs. Ex. 1, Defs. First Set of RFPs (Aug. 3, 2023); Defs. Ex. 3, Defs. First Set of Interrogatories (Aug. 30, 2023). The proposed class representatives responded to the RFPs with numerous boilerplate objections, including that RFPs Nos. 1 to 12—which requested documents containing information related to general causation, the proposed class representatives' claims and alleged damages, and their basis for class certification, among other issues—purportedly sought "legal conclusions" and work product. Defs. Ex. 2, Pls. Objections to Defs. First Set of RFPs (Aug. 17, 2023). The proposed class representatives stated that they would not respond to these requests or produce their contingency fee agreements or other agreements relating to the terms of their representation by counsel. *Id.* at 3, 20, 31, 42, 53, 64, 75, 86, 97, 108, 119, 130; *see also* Defs. Ex. 7, Pls. Objections to Defs. Second Set of RFPs at 12-13 (Oct. 5, 2023). The proposed class representatives reasserted these objections during the parties' August 30 meet and confer. Decl. of M. Brillault in Support of Defs. Motion to Compel Discovery Responses ¶ 5 (December 28, 2023) ("Brillault Decl.").

On September 15, in the proposed class representatives' responses to the RFPs, they continued to rely on these and other baseless objections. Defs. Ex. 4, Responses to Defendants'

First Set of RFPs (Sept. 15, 2023). For most responses, the proposed class representatives stated that they were responding "[s]ubject to the above objections and without waiving same." *See, e.g.*, *id*. at 24-25. Yet the proposed class representatives did not identify whether they were withholding documents based on the objections. *See, e.g.*, *id.* Defendants requested that the proposed class representatives respond to RFP Nos. 1 to 12, remove the improper "subject to and without waiving" language, and state whether documents have been withheld and, if so, on what basis. Brillault Decl. ¶ 10.[2]

On September 29, the proposed class representatives responded to Defendants' interrogatories. Defs. Ex. 6, Responses to Defendants' First Set of Interrogatories (Sept. 29, 2023). As with their responses to the RFPs, the proposed class representatives responded to most interrogatories "[s]ubject to said objections and without waiving same." *See, e.g.*, *id.* at 23-24. Defendants asked that the proposed class representatives state whether information has been withheld and, if so, on what basis. Brillault Decl. ¶ 13.[3]

On October 9, the proposed class representatives stated they did not intend to remove the "subject to and without waiving" language in the RFPs, objected again to RFP Nos. 1 to 12, and served amended responses to the RFPs addressing certain other deficiencies. Brillault Decl. ¶ 15.

---

[2] The Court has previously held that it is improper for parties to respond to discovery requests "subject to and without waiving" their objections, without stating whether documents have been withheld and on what basis. R. Doc. 344 at 2 n.2.

[3] Defendants served their second set of RFPs and interrogatories to Phil Adams on September 21, 2023, as Mr. Adams was not identified as a proposed class representative until September 15. Defs. Ex. 5, Defs. Second Set of RFPs (Sept. 21, 2023); Brillault Decl. ¶ 9. Mr. Adams served his interrogatory responses on October 23, and his responses to the RFPs on November 29. Brillault Decl. ¶ 17; Defs. Ex. 10, Second Supplemental Answers to Defs. First Set of Interrogatories (Nov. 29, 2023). Ms. Williams provided interrogatory responses on October 6. Brillault Decl. ¶ 14. For both Mr. Adams and Ms. Williams, Defendants requested that they specifically identify whether information was withheld where they responded to interrogatories subject to and without waiving their objections. *Id.* ¶¶ 14, 17.

On October 17, Defendants reiterated that the qualifying language and the proposed class representatives' refusal to produce documents in response to RFP Nos. 1 to 12 were improper. Brillault Decl. ¶ 16. Defendants further stated that they understood that the proposed class representatives did not intend to address these deficiencies. *Id*.

The proposed class representatives have continued to maintain these positions with respect to the RFPs and produced a deficient privilege log that claims that the contingency fee agreements are subject to "attorney-client" privilege and omits the dates of purportedly privileged text messages. *See* Defs. Ex. 8, Amended Response to Defs. First Set of RFPs (Oct. 9, 2023); Defs. Ex. 10 (providing a privilege log for the fee agreements and text messages and responding to RFPs "subject to" and "without waiving" objections).[4] With respect to the interrogatory responses, all proposed class representatives but Savannah Thompson have removed the improper "subject to and without waiving" language and identified the information being withheld based on the objections or by agreement of the parties. Defs. Ex. 9, Supplemental Answers to Defendants' First Set of Interrogatories (Nov. 9, 2023).

## LEGAL STANDARD

A party resisting discovery has the burden of proving that privilege applies or that the request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (affirming default judgment for party's failure to comply with discovery requests). The resisting party must "adequately substantiate[]" its claims. *Paulsen v. State Farm Ins. Co.*, No. 06-cv-9546, 2008 WL 11353752, at *2 (E.D. La. Apr. 24, 2008) (motion to quash denied when party provided no arguments to establish attorney-client and

---

[4] On December 18, Defendants requested that the proposed class representatives supplement the privilege log to include the dates of the text messages. Brillault Decl. ¶ 20. The proposed class representatives did not respond to Defendants. *Id*.

work product privileges); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 585 (N.D. Tex. 2018) (granting motion to compel when objections to discovery requests were not properly supported or substantiated). Moreover, a party must "state whether any responsive materials are being withheld" based on the objections. Fed. R. Civ. P. 34(b)(2)(C); *see also Baker v. Walters*, 652 F. Supp. 3d 768, 782 (N.D. Tex. 2023) (defendants' responses insufficient where they did not state whether defendants were withholding any responsive documents and, if so, what documents and why).

Federal courts apply state law governing the attorney-client privilege when the basis of the court's jurisdiction is diversity of citizenship. *LeBlanc v. Texas Brine Co., LLC*, No. 12-cv-2059, 2019 WL 5265063, at *3 n.4 (E.D. La. Oct. 17, 2019) (North, M.J.) (citing Fed. R. Evid. 501) (party did not carry its burden to establish privilege and was ordered to respond to subpoena). Federal law governs claims of work product protection. *Id.* at *4. With respect to relevancy, a party may seek discovery regarding matters that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Porter v. Nationscredit Consumer Disc. Co.*, No. 03-cv-3768, 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004) (requiring production of fee agreements because they were relevant "to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit, and to the question of awarding of attorneys['] fees upon settlement or judgment"), *aff'd*, 285 Fed. Appx. 871 (3d Cir. 2008).

## ARGUMENT

### I. The Court should require the proposed class representatives to adequately respond to Defendants' discovery requests.

The proposed class representatives have no basis for withholding contingency fee agreements or the documents sought by RFP Nos. 1 to 12, as these documents are relevant to the class certification inquiry and are not subject to privilege. And as this Court has previously held, the proposed class representatives' responses to the discovery requests are improper where they

responded "subject to and without waiving" their objections and failed to identify whether any documents were being withheld based on those objections.

### A. The proposed class representatives' contingency fee agreements are relevant to class certification proceedings and are not subject to privilege.

The proposed class representatives improperly withheld their contingency fee agreements, as such agreements are relevant and are not privileged. Federal courts have held that fee and engagement agreements are relevant to determining whether the proposed class representatives and class counsel will adequately represent the putative class, a prerequisite for class certification. *See, e.g.*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009) (incentive agreements are "plainly relevant" because they "put class counsel and the contracting class representatives into a conflict position from day one"); *Porter*, 2004 WL 1753255, at *2 (requiring answers and production of documents relating to fee arrangements). For example, such agreements may provide insight into the relationship between the proposed class representatives and class counsel. *See Medlock Sw. Mgmt. Corp. v. Fed. Nat'l Mortg. Ass'n*, No. 04-cv-129, 2006 WL 8434270, at *5–6 (E.D. Tex. Sept. 1, 2006) (requiring production of engagement agreement, as it was not privileged and was potentially relevant to adequacy of representation); *see also* 1 McLaughlin on Class Actions § 4:40 (20th ed. 2023) (engagement letters ordinarily are not privileged and "may be probative of the putative class representative's relationship with class counsel and any potential conflicts with absent class members").

The proposed class representatives' fee agreements are relevant here to assessing the adequacy of representation. Of the 13 law firms that have entered appearances on behalf of the proposed class representatives, the putative class representatives have sought to designate five of those firms as class counsel. R. Doc. 368-1 at 36-37. Certain counsel have personal relationships with the proposed class representatives. *See supra* Section II; *see also* Defs. Ex. 13, Rough

6

Transcript of Deposition of L. Bernard at 11, 24 (taken Dec. 19, 2023) (Bruce Betzer represents class representatives Larry and Mona Bernard; he is also engaged to marry the Bernards' daughter, who works at Mr. Betzer's law firm). And during discovery, counsel have indicated that certain firms represent certain proposed class representatives—in other words, the proposed class representatives are not jointly represented by all counsel. The fee agreements are thus essential to understanding which firms represent each of the proposed class representatives and assessing the potential conflicts that may arise between proposed class representatives represented by different attorneys or from the appointment of multiple class counsel.[5] The fee agreements also would shed light on any fee incentives for proposed class representatives.

Contingency fee agreements and other agreements relating to the terms of representation by counsel are typically not protected by attorney-client privilege, as the proposed class representatives wrongly assert. Defs. Ex. 10. Louisiana law and the Fifth Circuit are clear that information relating to the general nature of the legal services, such as fee arrangements, client identities, and the retention of counsel, does not fall within the scope of this privilege. *See Taylor Lohmeyer Law Firm PLLC v. United States*, 957 F.3d 505, 510 (5th Cir. 2020) (citing *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 926 F.2d 1423, 1431 (5th Cir. 1991)) (affirming enforcement order requiring production of client identities and fee arrangements, as they were not privileged); *Estate of J. Edgar Monroe v. Bottle Rock Power*

---

[5] Illustrating the potential for conflicts among counsel, the succession of attorney Val Exnicios previously sought the parties' consent to intervene in the matter prior to settlement discussions to protect the interest of Mr. Exnicios' estate "in his attorney's fees and advanced costs." Defs. Ex. 11, Email from Counsel for Succession of Attorney Val Exnicios (July 5, 2023).

*Corp.*, No. 03-2682, 2004 WL 737463, at *11 (E.D. La. Apr. 2, 2004) (retainer agreements, contingency fee contracts, and fee-splitting arrangements not privileged).[6]

Because the proposed class representatives have not made the necessary showing that their contingency fee arrangements are not relevant and are protected by the attorney-client privilege, the Court should compel their production.[7]

**B. RFP Nos. 1 to 12 seek facts regarding the proposed class representatives' claims, alleged damages, and basis for class certification, among other information.**

The proposed class representatives' objections to RFP Nos. 1 to 12 are improper, and Defendants are entitled to discovery regarding the proposed class representatives' claims, alleged damages, and basis for class certification. In RFP Nos. 1 to 12, Defendants seek basic facts from the proposed class representatives that are clearly discoverable. Defs. Ex. 1. Specifically, Defendants request information about general causation (to the extent not already produced), the proposed class representatives' basis for class certification, their claims and alleged damages, and other facts related to their claims. Yet the proposed class representatives refuse to produce any documents responsive to these requests and have failed to even serve a privilege log identifying the responsive documents withheld.

The proposed class representatives incorrectly assert that RFP Nos. 1 to 12 "call for legal conclusions and are disguised to capture the mental impressions of Plaintiffs' attorneys," and state

---

[6] *See Shell Offshore, Inc. v. ENI Petroleum US LLC*, No. 16-cv-15537, 2017 WL 11536167, at *1 (E.D. La. July 12, 2017) (Wilkinson, Jr., M.J.) (Louisiana law of attorney-client privilege is "substantially similar" to federal law).

[7] To the extent that Plaintiffs assert that the contingency fee agreements are subject to the work product doctrine, courts have also held that this privilege does not apply to engagement or fee agreements. *S. Scrap Material Co. v. Fleming*, No. 01-cv-2554, 2003 WL 21474516, at *13 n.40 (E.D. La. June 18, 2003) (Knowles, M.J.) (collecting E.D. La. cites where information relating to fee arrangements was not protected by privilege).

that they "will not respond to these requests." Defs. Ex. 2 at 3; Defs. Ex. 8 at 2. These blanket objections to RFP Nos. 1 to 12 have no basis in law, as these requests seek factual documents:

- **RFP No. 1**

  - Request No. 1 seeks general causation information that the Court required Plaintiffs to produce under its prior case management orders, including "non-privileged" sampling or monitoring data, information about emissions from or impacts due to other sources, and documents obtained from governmental entities. Defs. Ex. 1 at 8; R. Doc. 123 at 6. Request No. 1 thus reflects the proposed class representatives' ongoing obligation to supplement their discovery responses, required under the federal rules and by this Court. Fed. R. Civ. Pro. 26(e); R. Doc. 141 (Plaintiffs must supplement their responses where they identify additional general causation information). This request does not seek privileged information.

- **RFP Nos. 2–7**

  - Request Nos. 2 to 7 seek factual documents that the proposed class representatives contend support their claims and proposed class certification. Defs. Ex. 1 at 8-9. Courts have held that these types of contention RFPs do not call for the production of privileged information. *See Akers v. Shaw Envtl., Inc.*, Nos. 09-cv-915, 09-cv-1110, 2011 WL 867524, at *4 (W.D. La. Mar. 14, 2011) (compelling responses to contention interrogatories and related RFPs because requests were not overbroad or vague where they sought facts that plaintiffs argued supported their claims, nor did the requests call for legal conclusions). In fact, this Court has required the Waste Connections Defendants to also respond to such contention RFPs.[8] R. Doc. 382 at 3.[9]

- **RFP No. 8**

  - Request No. 8 seeks information related to the proposed class representatives' alleged damages and their computation—again, factual documents that do not warrant a blanket claim of privilege. Defs. Ex. 1 at 9. Indeed, the federal rules require plaintiffs to produce documents relating to damages and their computation.

---

[8] The proposed class representatives argued in their own motion to compel that they were entitled to documents that the Waste Connections Defendants contended proved the liability of the other Defendants. R. Doc. 326-1 at 13.

[9] The proposed class representatives also assert for RFP Nos. 5, 6, and 7—which seek documents relating to commonality, typicality, and adequacy of representation—that the "Court's ruling on General Causation establishes what Defendant[s] seek in this request." Ex. 4 at 6-7. However, the Court's general causation decision related to whether odors were capable of the alleged injuries; it did not decide the class certification requirements, to which these discovery requests relate. R. Doc. 285.

*See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring "a computation of each category of damages").

- **RFP Nos. 9–11**

    o   RFP Nos. 9 to 11 seek information about people who experienced or may have experienced symptoms or an illness caused by onsite exposure at the Jefferson Parish Landfill, River Birch Landfill, or Hwy 90 C&D Landfill. Defs. Ex. 1 at 9. This request plainly seeks factual documents—not legal conclusions or other privileged information.

- **RFP No. 12**

    o   Request No. 12 seeks all other documents relevant to the proposed class representatives' claims and proposed certification. *Id.* The request is intended to serve as a catchall, so there are no surprises related to the documents the proposed class representatives intend to rely on in support of class certification or for their individual claims.

As these requests show, the proposed class representatives have no basis for objecting to these requests in their entirety, particularly where they have not identified any purportedly privileged documents on a privilege log.

The proposed class representatives' remaining boilerplate objections to RFP Nos. 1 to 12 are improper. For example, the proposed class representatives assert that these requests are "very broad and unclear, furthermore, what the Defendants are requesting, if it can be determined, is ambiguous." *See, e.g.*, Defs. Ex. 8 at 5. Their rationale is that the term "'all documents" is "indiscernible" or "overly broad and ambiguous," without further explanation as to how this phrase prevents them from responding. *Id.* at 5-6. Courts consistently hold that such conclusory objections, without adequate explanation or support, do not provide a valid basis for withholding documents. *See Baker*, 652 F. Supp. at 777 (parties failed to meet their burden when its objections were unsupported boilerplate).

The proposed class representatives should be compelled to produce documents responsive to RFP Nos. 1 to 12, as they failed to establish the applicability of the work product doctrine and have not objected with specificity.

### C. The proposed class representatives must state whether documents or information are being withheld based on the objections.

Consistent with its earlier order, the Court should direct the proposed class representatives to clearly state in their responses whether documents are being withheld based on their objections. The proposed class representatives improperly responded to most requests for production "subject to and without waiving" their objections and did not explain whether they were withholding any responsive materials. Defs. Ex. 4; Defs. Ex. 8; Defs. Ex. 10. Ms. Thompson likewise included this vague, qualifying language in responding to Defendants' interrogatories; she did not state whether she refused to provide information based on the objections. Defs. Ex. 6 at 8-14.

These responses are impermissible under the federal rules, which require the response to state whether, and on what basis, any documents are being withheld. *See Whale Capital, L.P. v. Ridgeway*, No. 22-cv-2570, 2023 WL 7220560, at *4 (E.D. La. Nov. 2, 2023) (Currault, J.) (motion to compel granted in part; "improper for parties responding to discovery to provide responses with the caveat that they are given 'subject to and without waiving' objections"). The Court recognized this in its June 8, 2023 Order, holding that such qualifying language in responses to RFPs is "insufficient" and requiring the responding party to state "whether any documents have been withheld and on what basis." R. Doc. 344 at 2 n.2.[10]

---

[10] Plaintiffs previously argued in their motion to compel the Waste Connections Defendants that qualifying "subject to . . . the objections" language "makes it impossible to know whether the answer is complete." R. Doc. 326-1 at 11.

The ambiguous language currently included in the proposed class representatives' discovery responses makes it impossible for Defendants to determine whether the proposed class representatives have responsive information that they are withholding based on their objections. For example, the proposed class representatives object that certain requests for communications with Defendants or governmental entities seek information in the custody of Defendants or third parties, are duplicative of the Plaintiff Fact Sheets, are not limited to July 1, 2017, to December 31, 2019, and are not proportional to the needs of the case. *See, e.g.*, Defs. Ex. 8 at 12-13. They then respond that "subject to . . . and without waiving" those objections, they are not in possession of any responsive documents. *Id.* Defendants do not know whether any information is actually withheld based on the numerous objections, and they should not have to guess or make assumptions as to this fact.[11]

The proposed class representatives should be ordered to remove the "subject to and without waiving" language from their responses to the RFPs, and specifically state in those responses and in Ms. Thompson's responses to the interrogatories whether documents or information have been withheld and, if so, on what basis.

## II.  The proposed class representatives' privilege log is insufficient as it fails to include the dates of the withheld text messages.

The proposed class representatives' privilege log does not include basic information about the dates that text messages were exchanged between Plaintiff Elias (George) Ictech-Bendeck and counsel Seth Schaumburg. The privilege log only states that these text messages were sent "pre-suit," which is plainly insufficient. Defs. Ex. 10. Federal courts have held that

---

[11] With respect to the interrogatories, the proposed class representatives removed the improper "subject to and without waiving" language from the responses of all representatives except Ms. Thompson. *See, e.g.*, Defs. Exs. 9 and 10.

privilege log entries must include identifying information, as it is necessary to enable the parties to assess the claim that the documents are privileged. Fed. R. Civ. P. 26(b)(5)(A); *see, e.g.*, *Dickie Brennan & Co., Inc. v. Lexington Ins. Co.*, No. 09-cv-3866, 2010 WL 11538482, at *2, *5 (E.D. La. Mar. 12, 2010) (Wilkinson, Jr., J.) (requiring amended privilege log; a privilege log must "provide basic information, including the . . . date" (citations omitted)).

Without the date of the communications, Defendants cannot evaluate whether Mr. Ictech-Bendeck and Mr. Schaumburg had an attorney-client relationship at the time of the communications or whether the "potential litigation from odors" related to a claim that was filed. Defs. Ex. 10. This is particularly crucial, as it appears that Mr. Ictech-Bendeck and Mr. Schaumburg were acquaintances or friends for many years prior to this litigation—meaning they may have discussed odors before forming an attorney-client relationship. Defs. Ex. 12, PageVault capture of March 7, 2014 Facebook post by Dana Hebert Bendeck (Dec. 18, 2023). Mr. Ictech-Bendeck should be required to provide the dates of the withheld text messages in the privilege log.

## CONCLUSION

The proposed class representatives had months to supplement their discovery responses and produce the improperly withheld documents, yet they continue to baselessly rebuff Defendants' reasonable discovery demands. Without Court intervention requiring production of documents, amended responses, and a supplemental privilege log, Defendants' ability to defend themselves against class certification will be adversely impacted. Defendants request that the Court compel the proposed class representatives to (i) produce documents relating to fee agreements with counsel, which are relevant to the class certification issue of adequacy and are not privileged; (ii) produce documents requested in RFP Nos. 1 to 12, as Defendants are entitled to the facts surrounding proposed class representatives' claims, alleged damages, and class certification; (iii)

state with specificity whether they are withholding any documents or information in response to

the RFPs and interrogatories; and (iv) supplement their privilege log.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims   
       Michael C. Mims (#33991)
       Charles B. Wilmore (#28812)
       J. Hunter Curtis (#39150)
       Alec Andrade (#38659)
       Cecilia Vazquez Wilson (#39373)
       701 Poydras Street, Suite 5000
       New Orleans, Louisiana  70139
       (504) 581-7979

       BEVERIDGE & DIAMOND, P.C.

       Megan R. Brillault (*pro hac vice*)
       Michael G. Murphy (*pro hac vice*)
       John H. Paul (*pro hac vice*)
       Katelyn E. Ciolino (*pro hac vice*)
       Katrina M. Krebs (*pro hac vice*)
       825 Third Avenue, 16th Floor
       New York, NY 10022
       (212) 702-5400

       James B. Slaughter (*pro hac vice*)
       1900 N Street, NW, Suite 100
       Washington, DC 20036
       (202) 789-6000

       Michael F. Vitris (*pro hac vice*)
       400 W. 15th Street, Suite 1410
       Austin, TX 78701
       (512) 391-8035

       *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:     /s/ Michael S. Futrell
       William P. Connick, La. Bar No. 14158
       Michael S. Futrell, La. Bar. No. 20819
       Matthew D. Moghis, La. Bar. No. 33994
       3421 N. Causeway Blvd., Suite 408
       Metairie, Louisiana 70002
       Telephone: (504) 681-6658
       Facsimile: (504) 838-9903
       E-mail: moghis@connicklaw.com

       *Counsel for Defendant Jefferson Parish*


GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:     /s/ J. Michael DiGiglia
       Ernest P. Gieger, Jr. (6154)
       John E. W. Baay (22928)
       J. Michael DiGiglia (24378)
       Nicholas S. Bergeron (37585)
       Gieger, Laborde & Laperouse, L.L.C.
       Hancock Whitney Center
       701 Poydras Street, Suite 4800
       New Orleans, Louisiana 70139
       Telephone: (504) 561-0400
       Facsimile: (504) 561-1011

       *Attorneys for Defendant Aptim Corp.*

15

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on December 29, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Michael C. Mims_____
OF COUNSEL
