# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIAS JORGE "GEORGE" | * | CIVIL ACTION |
| ICTECH-BENDECK, | * | |
|     Plaintiff | * | NO. 18-7889 |
| | * | c/w 18-8071, |
| VERSUS | * | 18-8218, 18-9312 |
| | * | |
| WASTE CONNECTIONS BAYOU, | * | SECTION: "E" (5) |
| INC., ET AL., | * | |
|     Defendants | * | JUDGE: Morgan |
| | * | MAGISTRATE JUDGE: North |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to the 11th Case Management Order, Plaintiffs and Class Representatives respond to Defendants' First Set of Requests for Production as follows:

**GENERAL OBJECTIONS**

1. Plaintiffs object to all of the definitions contained in Defendants' First Set of Requests for Production. Besides expanding the meaning of words beyond the plain meaning, Defendants provide inaccurate definitions. Defendants have also disguised questions within the definitions. All definitions as defined by Defendants in Defendants' First Set of Requests for Production will not be recognized by Plaintiffs. Instead, the meaning of words will be the plain meaning and usage.

2. The discovery sought is not proportional to the needs of the case. Defendants' First Set of Requests for Production attempts to increase the expense and burden of the Plaintiff as the

information sought is in Defendants' possession or otherwise equally or more easily attainable by Defendants and seeks duplicative information given on Plaintiff Fact Sheet ("PFS").

3. Plaintiffs object to the instructions, which purport to impose obligations outside of the relevant time frame.  Defendants' "Instructions" to the First Set of Requests for Production purports to impose obligations outside of the rules of civil procedure and the instructions are disguised interrogatories promulgated to circumvent the limitation on the number of interrogatories.  Further, the "instructions" attempt to expand the proportionality of the needs of the case when considering the importance of the issues at stake.  As an example, Defendants' instruction number 7 seeks "the entirety of your social media data" from "social media content" from four separate sites.

4. Plaintiffs are still in the process of determining if documents exist in each category requested.  When the responses to Defendants' First Set of Requests for Production are provided, Plaintiffs will further disclose whether documents are being withheld on the basis of the specific objections pursuant to the rules of civil procedure.

5. Plaintiffs object to this discovery to the extent that it is outside the scope permitted by Rule 26(b)(1), is of no importance in resolving the issues in this case, and designed to harass, annoy, or embarrass Plaintiffs.

**SPECIFIC OBJECTIONS**

Plaintiffs object to Defendants' First Set of Requests for Production numbers 1-12 *in globo* as all of these specific Requests improperly calls for legal conclusions and are disguised to capture the Plaintiffs' attorneys' mental impression.  Plaintiffs will not respond to these requests and further object specifically below:

**REQUEST NO. 1:**

Except for documents that have already been produced, all documents containing general causation information, as identified on pages 5–6 of the Court's First Case Management Order, ECF No. 82.

**OBJECTION TO REQUEST NO. 1:**

Plaintiffs object to Request No. 1 as it is overly broad, unclear and ambiguous. Specifically, using the terms "all documents" is indiscernible. Furthermore, many of the requested documents are already in the Defendants' possession, has been produced by Defendants in discovery, or equally available to Defendants, or in the custody and control of third parties. Furthermore, requesting documents to establish a standard that has already been proven is irrelevant, not proportional to discovery needs of the case when considering the importance of the issues at stake, and the parties access to relevant information, the parties' relative resources, the amount in controversy, and the importance of the discovery in resolving the case and the burden or expense of the proposed discovery request outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 1:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 2:**

All documents relating to your definition of the Class Area and its boundaries and composition.

**OBJECTION TO REQUEST NO. 2:**

Plaintiffs object to Request No. 2 as it is overly broad, unclear and ambiguous. Specifically, using the terms "all documents" is indiscernible.   The requested documents are already in the possession of Defendants, has been produced by Defendants, or readily available to Defendants, or in the custody and control of third parties.  This request is not proportional to discovery needs of the case when considering the importance of the issues at stake, the parties' access to relevant information, the parties' relative resources, the importance of the discovery in resolving the case and the burden or expense of the proposed discovery request outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 3:**

All documents relating to your contention that the proposed class is so numerous that joinder of all members is impracticable.

**OBJECTION TO REQUEST NO. 3:**

Plaintiffs object to Request No. 3 as it is overly broad and the Defendant's request is ambiguous. Specifically, using the terms "all documents" is indiscernible. Plaintiffs further object to this request as the requested documents are already in the possession of Defendants, has been produced by Defendants, or is equally available to Defendants, or in the custody and control of third parties.

**RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 4:**

All documents relating to your contention that the alleged emissions, including odors, gases, and particulates, at properties of the proposed class members area share a common source, nature, frequency, strength, or duration.

**OBJECTION TO REQUEST NO. 4:**

Plaintiffs object to Request No. 4 as it is very broad and unclear, furthermore, what the Defendants are requesting, if it can be determined, is ambiguous. Specifically, using the terms "all documents" is indiscernible. The requested documents are already in the possession of Defendants, has been produced by Defendants, or readily available to Defendants, or in the custody and control of third parties. Plaintiffs further object that this request is improper as it attempts to elicit five (5) responses from a single request. This compounded request needs to be separated before the Plaintiff can respond. Further, what the Defendants seek, if it can be understood, exists in Court documents and therefore, it is equally available to Defendants and not proportional to discovery needs of the case when considering the importance of the issues at stake, the parties access to relevant information, the parties' relative resources, the importance of the discovery in resolving the case and the burden or expense of the proposed discovery request outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 5:**

All documents relating to your contention that Defendants have engaged in conduct that has subjected you and all members of the putative class to a nuisance.

**OBJECTION TO REQUEST NO. 5:**

Plaintiffs object to Request No. 5 as it is very broad and what the Defendants are requesting is ambiguous.  Specifically, using the terms "all documents" is overly broad and ambiguous.  The requested documents are already in the possession of Defendants, has been produced by Defendants, or readily available to Defendants, or in the custody and control of third parties.  The Court's ruling on General Causation establishes what Defendant's seek in this request.  Plaintiffs further object that this request is improper as it attempts to elicit two (2) responses from a single request.  This compounded request needs to be clarified and separated before the Plaintiff can respond.

**RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 6:**

All documents relating to your contention that your nuisance claims are typical of the claims of the members of the proposed class.

**OBJECTION TO REQUEST NO. 6:**

Plaintiffs object to Request No. 6 as it is very broad and what the Defendant's are requesting is ambiguous.  Specifically, using the terms "all documents" is overly broad and ambiguous.  The requested documents are already in the possession of Defendants, has been produced by Defendants, or readily available to Defendants, or in the custody and control of third parties.  The Court's ruling on General Causation establishes all of what Defendant's seek in this request.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 7:**

All documents relating to your contention that you can fairly and adequately represent and protect the interests of the class.

**OBJECTION TO REQUEST NO. 7:**

Plaintiffs object to Request No. 7 as it is very broad and what the Defendant are requesting is ambiguous.  Specifically, using the terms "all documents" is overly broad and ambiguous.  The requested documents are already in the possession of Defendants, has been produced by Defendants, or readily available to Defendants, or in the custody and control of third parties.  The Court's ruling on General Causation establishes what Defendant's seek in this request.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 8:**

All documents relating to your alleged damages and the computation of them.

**OBJECTION TO REQUEST NO. 8:**

Plaintiffs object to Request No. 8 as it is very broad and what the Defendant are requesting is ambiguous.  Specifically, using the terms "all documents" is overly broad and ambiguous.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 9:**

All documents concerning any persons who experienced or may have experienced symptoms or an illness caused by onsite exposure to Emissions at the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 9:**

Plaintiffs object to Request No. 9 as it is very broad and what the Defendants are requesting in this request is ambiguous.  Specifically, using the terms "symptoms" and "illness" is overly broad and ambiguous.  Without clarification, the Plaintiff cannot respond.  Further, Plaintiff has never visited the Jefferson Parish Landfill to be exposed to "**onsite**" emissions.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 10:**

All documents concerning any persons who experienced or may have experienced symptoms or an illness caused by onsite exposure to Emissions at River Birch Landfill.

**OBJECTION TO REQUEST NO. 10:**

Plaintiffs object to Request No. 10 as it is very broad and what the Defendants are requesting in this request is ambiguous. Specifically, using the terms "symptoms" and "illness" is overly broad and ambiguous. Without clarification, the Plaintiff cannot respond. Further, Plaintiff has never visited the River Birch Landfill to be exposed to "**onsite**" emissions.

**RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 11:**

All documents concerning any persons who experienced or may have experienced symptoms or an illness caused by onsite exposure to Emissions at the Hwy 90 Construction & Demolition Debris Landfill.

**OBJECTION TO REQUEST NO. 11:**

Plaintiffs object to Request No. 11 as it is very broad and what the Defendants are requesting in this request is ambiguous. Specifically, using the terms "symptoms" and "illness" is

overly broad and ambiguous.  Without clarification, the Plaintiff cannot respond.  Further, Plaintiff has never visited the Hwy 90 Construction and Demolition Debris Landfill to be exposed to "**onsite**" emissions.

**RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 12:**

Every other document relevant to your claims and proposed certification of the putative class.

**OBJECTION TO REQUEST NO. 12:**

Plaintiffs object to Request No. 12 as it is broad and what the Defendants are requesting is ambiguous.  Specifically, using the terms "every other document" is overly broad and ambiguous.  The requested documents are already in the possession of Defendants, has been produced by Defendants, or readily available to Defendants, or in the custody and control of third parties.  Additionally, this request is improper as it attempts to include two requests "relevant to your claims" and "proposed certification" in one numbered request.  This request needs to be clarified as well as separated in order for the Plaintiff to respond.

**RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the above objections, this request calls for materials not in the possession of Plaintiffs, and where appropriate the documents, if any, will be produced in compliance with deadlines established in the case management order.

## SPECIFIC TO ELIAS JORGE ICTECH-BENDECK

**REQUEST NO. 13:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 13:**

Plaintiff objects to Request No. 13 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 13:**

Subject to the above objections, see the attached document.

The plaintiff will supplement this request as additional information becomes available.

**REQUEST NO. 14:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 14:**

Plaintiffs object to Request No. 14 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties.  This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 14:**

Subject to the above objections and without waiving same, the Plaintiff is not in possession of any document responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 15:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 15:**

Plaintiff objects Request No. 15 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 15:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 16:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 16:**

Plaintiff objects to Request No. 16 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 16:**

See response to No. 13.

Documents are being withheld from production based on attorney-client privilege.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 17:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 17:**

Plaintiff objects to Request No. 17 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession

of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 17:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 18:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 18:**

Plaintiff objects to Request No. 18 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 18:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 19:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 19:**

Plaintiff objects to Request No. 19 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 19:**

See attached documents:

a.  Plaintiff Fact Sheet
b.  Copy of Driver's License

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 20:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 20:**

Plaintiff objects to Request No. 20 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 20:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 21:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 21:**

Plaintiff objects to Request No. 21 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 21:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 22:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 22:**

Plaintiff objects to Request No. 22 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 22:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 23:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 23:**

Plaintiff objects to Request No. 23 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature. Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 23:**

Without waiving the above objections, this request seems to call for materials not in the possession of the Plaintiff, and where appropriate, documents will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 24:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 24:**

Plaintiff objects to Request No. 24 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 24:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 25:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 25:**

Plaintiff objects to Request No. 25 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 25:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 26:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 26:**

Plaintiff objects to Request No. 26 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product.  Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 26:**

Defendants are not entitled to this information.

<strong>SPECIFIC TO SAVANNAH THOMPSON</strong>

**REQUEST NO. 27:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 27:**

Plaintiff objects to Request No. 27 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 27:**

Subject to the above objections and without waiving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 28:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 28:**

Plaintiffs object to Request No. 28 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties.  This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 28:**

Subject to the above objections and without waiving same, the Plaintiff is not in possession of any document responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 29:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 29:**

Plaintiff objects Request No. 29 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 29:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 30:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 30:**

Plaintiff objects to Request No. 30 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 30:**

See response to No. 13

Documents are being withheld from production based on attorney-client privilege.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 31:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced

in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 31:**

Plaintiff objects to Request No. 31 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 31:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 32:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 32:**

Plaintiff objects to Request No. 32 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 32:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 33:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 33:**

Plaintiff objects to Request No. 33 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 33:**

See attached documents:

a.  Plaintiff Fact Sheet
b.  Copy of Driver's License

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 34:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 34:**

Plaintiff objects to Request No. 34 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 34:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 35:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 35:**

Plaintiff objects to Request No. 35 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 35:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 36:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 36:**

Plaintiff objects to Request No. 36 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 36:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 37:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 37:**

Plaintiff objects to Request No. 37 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 37:**

Without waiving the above objections, this request seems to call for materials not in the possession of the Plaintiff, and where appropriate, documents will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 38:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 38:**

Plaintiff objects to Request No. 38 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 38:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 39:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 39:**

Plaintiff objects to Request No. 39 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 39:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 40:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 40:**

Plaintiff objects to Request No. 40 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product. Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 40:**

Defendants are not entitled to this information.

**SPECIFIC TO LARRY BERNARD**

**REQUEST NO. 41:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 41:**

Plaintiff objects to Request No. 41 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 41:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 42:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 42:**

Plaintiffs object to Request No. 42 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties. This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 42:**

Subject to the above objections and without waiving same, the Plaintiff is not in possession of any document responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 43:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 43:**

Plaintiff objects Request No. 43 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 43:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 44:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 44:**

Plaintiff objects to Request No. 44 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 44:**

See response to #13

Documents are being withheld from production based on attorney-client privilege.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 45:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced

in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 45:**

Plaintiff objects to Request No. 45 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 45:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 46:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 46:**

Plaintiff objects to Request No. 46 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 46:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 47:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 47:**

Plaintiff objects to Request No. 47 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 47:**

See attached documents:

a.  Plaintiff Fact Sheet
b.  Copy of Driver's License
c.  Copy of property tax bill

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 48:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 48:**

Plaintiff objects to Request No. 48 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 48:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 49:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 49:**

Plaintiff objects to Request No. 49 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 49:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 50:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 50:**

Plaintiff objects to Request No. 50 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 50:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 51:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 51:**

Plaintiff objects to Request No. 51 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 51:**

Without waiving the above objections, this request seems to call for materials not in the possession of the Plaintiff, and where appropriate, documents will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 52:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 52:**

Plaintiff objects to Request No. 52 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 52:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 53:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 53:**

Plaintiff objects to Request No. 53 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 53:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 54:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 54:**

Plaintiff objects to Request No. 54 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product. Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 54:**

Defendants are not entitled to this information.

SPECIFIC TO MONA BERNARD

**REQUEST NO. 55:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 55:**

Plaintiff objects to Request No. 55 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves. Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 55:**

Subject to the above objections, see the attached document.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 56:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 56:**

Plaintiffs object to Request No. 56 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third

parties.  This request is duplicative of information already provided to Defendants in the Plaintiff

Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction"

number one, when the relevant time period in this litigation is July 1, 2017 through December 31,

2019.

       Plaintiff further objects as this request is not proportional to the needs of the case when

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its

likely benefit.

## RESPONSE TO REQUEST NO. 56:

       Subject to the above objections and without waiving same, the Plaintiff is not in possession

of any document responsive to this request.

       The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 57:

       All communications between you and persons involved with or employed by media

organizations, including newspapers, radio stations, podcasts, and television stations relating to (i)

the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you

experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or

injuries you allege in this action.

## OBJECTION TO REQUEST NO. 57:

       Plaintiff objects Request No. 57 because the responsive information is in the possession,

control, or custody or readily available to the Defendants, or in the possession, control, or custody

of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 57:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 58:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 58:**

Plaintiff objects to Request No. 58 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to

present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 58:**

See response to #13

Documents are being withheld from production based on attorney-client privilege.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 59:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 59:**

Plaintiff objects to Request No. 59 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

## RESPONSE TO REQUEST NO. 59:

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 60:

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 60:**

Plaintiff objects to Request No. 60 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 60:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 61:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 61:**

Plaintiff objects to Request No. 61 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 61:**

See attached documents:

a.  Plaintiff Fact Sheet
b.  Copy of Driver's License
c.  Copy of property tax bill

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 62:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 62:**

Plaintiff objects to Request No. 62 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 62:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 63:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 63:**

Plaintiff objects to Request No. 63 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 63:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 64:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 64:**

Plaintiff objects to Request No. 64 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 64:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 65:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 65:**

Plaintiff objects to Request No. 65 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 65:**

Without waiving the above objections, this request seems to call for materials not in the possession of the Plaintiff, and where appropriate, documents will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 66:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 66:**

Plaintiff objects to Request No. 66 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 66:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 67:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 67:**

Plaintiff objects to Request No. 67 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

## RESPONSE TO REQUEST NO. 67:

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 68:

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

## OBJECTION TO REQUEST NO. 68:

Plaintiff objects to Request No. 68 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product.  Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

## RESPONSE TO REQUEST NO. 68:

Defendants are not entitled to this information.

### SPECIFIC TO NICOLE LANDRY-BOUDREAUX

## REQUEST NO. 69:

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

## OBJECTION TO REQUEST NO. 69:

Plaintiff objects to Request No. 69 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in

this litigation is July 1, 2017 through December 31, 2019. Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 69:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 70:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 70:**

Plaintiffs object to Request No. 70 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties. This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 70:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 71:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 71:**

Plaintiff objects Request No. 71 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and

seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

## RESPONSE TO REQUEST NO. 71:

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 72:

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

## OBJECTION TO REQUEST NO. 72:

Plaintiff objects to Request No. 72 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 72:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 73:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 73:**

Plaintiff objects to Request No. 73 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to

present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 73:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 74:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 74:**

Plaintiff objects to Request No. 74 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the

issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

## RESPONSE TO REQUEST NO. 74:

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 75:

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

## OBJECTION TO REQUEST NO. 75:

Plaintiff objects to Request No. 75 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**<u>RESPONSE TO REQUEST NO. 75:</u>**

Plaintiff Fact Sheet already produced to defendants. See attached copy of Plaintiff's driver's license.

The plaintiff will supplement this request as information becomes available.

**<u>REQUEST NO. 76:</u>**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**<u>OBJECTION TO REQUEST NO. 76:</u>**

Plaintiff objects to Request No. 76 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**<u>RESPONSE TO REQUEST NO. 76:</u>**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**<u>REQUEST NO. 77:</u>**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**<u>OBJECTION TO REQUEST NO. 77:</u>**

Plaintiff objects to Request No. 77 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

## RESPONSE TO REQUEST NO. 77:

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 78:

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

## OBJECTION TO REQUEST NO. 78:

Plaintiff objects to Request No. 78 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 78:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 79:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 79:**

Plaintiff objects to Request No. 79 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.   Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

## RESPONSE TO REQUEST NO. 79:

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.  Insomuch as this request seeks expert reports, if any, they will be produced in compliance with Court Orders.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 80:

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

## OBJECTION TO REQUEST NO. 80:

Plaintiff objects to Request No. 80 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 80:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 81:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 81:**

Plaintiff objects to Request No. 81 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 81:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 82:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 82:**

Plaintiff objects to Request No. 82 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product. Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 82:**

Defendants are not entitled to this information.

**SPECIFIC TO DEBOARH CUCCIA**

**REQUEST NO. 83:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 83:**

Plaintiff objects to Request No. 83 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 83:**

Subject to the above objections, see attached screenshots of Facebook posts made by other individuals, but which Plaintiff recalls seeing in real time, and some of which she "liked."  Based on the above objections, social media postings that do not involve the subject matter of this case or outside the relevant time period will not be produced, and are being withheld.  The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 84:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 84:**

Plaintiffs object to Request No. 84 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties.  This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 84:**

Subject to the above objections, none.  Plaintiff recalls calling the LDEQ in 2018 but has no documentation thereof.  The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 85:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 85:**

Plaintiff objects Request No. 85 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 85:**

There is nothing responsive to this request.  The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 86:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 86:**

Plaintiff objects to Request No. 86 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 86:**

Subject to the above objections, none.  Plaintiff reserves the right to supplement this response at a later date.  Given opposing counsel's representations that this request does not seek

attorney-client communications, no documents from within the relevant time period are being withheld based on the foregoing objections.  Otherwise, based on the above objections, no further documents from outside the relevant time period will be produced.

**REQUEST NO. 87:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 87:**

Plaintiff objects to Request No. 88 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 87:**

There is nothing responsive to this request.  The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 88:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 88:**

Plaintiff objects to Request No. 88 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 88:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 89:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 89:**

Plaintiff objects to Request No. 89 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 89:**

See attached receipt from EJ's Air Conditioning & Htg., Inc. dated September 13, 2018.

**REQUEST NO.  90:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 90:**

  Plaintiff objects to Request No. 90 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 90:**

  Subject to the above objections, see screenshots of Facebook posts.  Plaintiff reserves the right to supplement this response at a later date.  Otherwise, based on the above objections, no further documents will be produced outside the relevant time period.

**REQUEST NO. 91:**

  All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 91:**

  Plaintiff objects to Request No. 91 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

  Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 91:**

Subject to the above objections, none.  Plaintiff is not in possession of responsive documents that show that the odor complained of by the Plaintiffs within the relevant time period came from any other source other than the Jefferson Parish Landfill, so there are no documents in this category to produce.  Plaintiff reserves the right to supplement this response at a later date.

**REQUEST NO. 92:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 92:**

Plaintiff objects to Request No. 92 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 92:**

Subject to the above objections, none.  Plaintiff reserves the right to supplement this response at a later date.  No documents from within the relevant time period are being withheld based on the foregoing objections.  Otherwise, based on the above objections, no further documents from outside the relevant time period will be produced.

**REQUEST NO. 93:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 93:**

Plaintiff objects to Request No. 93 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 93:**

Pursuant to Rule 26(b)(4)(D), reports of consulting experts are not discoverable.  The reports of testifying experts have previously been produced or will be produced in accordance with the forthcoming applicable CMO.  As to any other documents, the Request seeks a copy of what Plaintiffs' counsel has, which is information that invades the attorney client privilege and work product immunity.  These documents will not be produced.

**REQUEST NO. 94:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 94:**

Plaintiff objects to Request No. 94 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 94:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 95:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 95:**

Plaintiff objects to Request No. 95 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 95:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 96:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 96:**

Plaintiff objects to Request No. 96 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product.  Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 96:**

See Objection to Request No. 96. Defendants are not entitled to this information. No documents are being produced in response to this request. Documents are being withheld based on the foregoing objections.

**SPECIFIC TO ROBYN CROSSMAN**

**REQUEST NO. 97:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 97:**

Plaintiff objects to Request No. 97 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 97:**

Subject to the above objections, see attached Facebook posts referencing the odors from Jefferson Parish Landfill. Based on the above objections, social media postings that do not involve the subject matter of this case or outside the relevant time period will not be produced, and are being withheld.

**REQUEST NO. 98:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 98:**

Plaintiffs object to Request No. 98 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties. This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 98:**

Subject to the above objections, see attached June 25, 2018 emails with Mike Lockwood. Plaintiff reserves the right to supplement this response at a later date.

**REQUEST NO. 99:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 99:**

Plaintiff objects Request No. 99 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 99:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 100:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 100:**

Plaintiff objects to Request No. 100 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 100:**

Subject to the above objections, see attached Facebook posts.  Plaintiff reserves the right to supplement this response at a later date. Given opposing counsel's representations that this request does not seek attorney-client communications, no documents from within the relevant time period are being withheld based on the foregoing objections. Otherwise, based on the above objections, no further documents from outside the relevant time period will be produced.

**REQUEST NO. 101:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 101:**

Plaintiff objects to Request No. 101 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 101:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 102:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 102:**

Plaintiff objects to Request No. 102 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 102:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 103:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 103:**

Plaintiff objects to Request No. 103 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 103:**

Subject to the above objections, see attached Flood Insurance document and photographs. Plaintiff reserves the right to supplement this response at a later date. Otherwise, based on the above objections, no further documents will be produced outside the relevant time period.

**REQUEST NO. 104:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 104:**

Plaintiff objects to Request No. 104 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 104:**

Subject to the above objections, see attached screenshots of Facebook posts, June 25, 2018 emails with Mike Lockwood, and migraine chart. Plaintiff reserves the right to supplement this response at a later date. Otherwise, based on the above objections, no further documents will be produced outside the relevant time period.

**REQUEST NO. 105:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 105:**

Plaintiff objects to Request No. 105 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 105:**

Subject to the above objections, none.  Plaintiff is not in possession of responsive documents that show that the odor complained of by the Plaintiffs within the relevant time period came from any other source other than the Jefferson Parish Landfill, so there are no documents in this category to produce. Plaintiff reserves the right to supplement this response at a later date.

**REQUEST NO. 106:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 106:**

Plaintiff objects to Request No. 106 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 106:**

Subject to the above objections, see attached photos. Plaintiff reserves the right to supplement this response at a later date. Otherwise, based on the above objections, no further documents will be produced outside the relevant time period.

**REQUEST NO. 107:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 107:**

Plaintiff objects to Request No. 107 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 107:**

Pursuant to Rule 26(b)(4)(D), reports of consulting experts are not discoverable. The reports of testifying experts have previously been produced or will be produced in accordance with the forthcoming applicable CMO. As to any other documents, the Request seeks a copy of what Plaintiffs' counsel has, which is information that invades the attorney client privilege and work product immunity. These documents will not be produced.

**REQUEST NO. 108:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 108:**

Plaintiff objects to Request No. 108 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 108:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 109:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 109:**

Plaintiff objects to Request No. 109 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 109:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 110:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 110:**

Plaintiff objects to Request No. 110 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product.  Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 110:**

See Objection to Request No. 110. Defendants are not entitled to this information. No documents are being produced in response to this request. Documents are being withheld based on the foregoing objections.

**SPECIFIC TO KAYLA ANNE STEELE**

**REQUEST NO. 111:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 111:**

Plaintiff objects to Request No. 111 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

## RESPONSE TO REQUEST NO. 111:

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO.  112:

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 112:**

Plaintiffs object to Request No. 112 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties.  This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 112:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 113:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 113:**

Plaintiff objects Request No. 113 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 113:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 114:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 114:**

Plaintiff objects to Request No. 114 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 114:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 115:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced

in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 115:**

Plaintiff objects to Request No. 115 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 115:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 116:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 116:**

Plaintiff objects to Request No. 116 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 116:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 117:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 117:**

Plaintiff objects to Request No. 117 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 117:**

See attached copy of Plaintiff's Driver's License.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 118:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 118:**

Plaintiff objects to Request No. 118 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 118:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 119:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 119:**

Plaintiff objects to Request No. 119 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 119:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 120:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 120:**

Plaintiff objects to Request No. 120 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 120:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 121:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 121:**

Plaintiff objects to Request No. 121 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 121:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.  Insomuch as this request seeks expert reports, if any, they will be produced in compliance with Court Orders.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 122:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 122:**

Plaintiff objects to Request No. 122 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 122:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 123:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 123:**

Plaintiff objects to Request No. 123 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 123:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 124:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 124:**

Plaintiff objects to Request No. 124 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product.  Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 124:**

Defendants are not entitled to this information.

## SPECIFIC TO ANN WILLIAMS

**REQUEST NO. 139:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 139:**

Plaintiff objects to Request No. 139 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 139:**

Subject to the above objections, is nothing responsive to this request within the relevant time period. The plaintiff will supplement this request as information becomes available. Based on the above objections, social media postings that do not involve the subject matter of this case or outside the relevant time period will not be produced, and are being withheld.

**REQUEST NO. 140:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 140:**

Plaintiffs object to Request No. 140 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties. This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 140:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 141:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 141:**

Plaintiff objects Request No. 141 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 141:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 142:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 142:**

Plaintiff objects to Request No. 142 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 142:**

Subject to the above objections, there is nothing responsive to this request. The plaintiff will supplement this request as information becomes available. Given opposing counsel's representations that this request does not seek attorney-client communications, no documents from within the relevant time period are being withheld based on the foregoing objections. Otherwise, based on the above objections, no further documents from outside the relevant time period will be produced.

**REQUEST NO. 143:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 143:**

Plaintiff objects to Request No. 143 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 143:**

      There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 144:**

      All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 144:**

      Plaintiff objects to Request No. 144 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

      Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 144:**

      There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 145:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 145:**

Plaintiff objects to Request No. 145 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 145:**

Subject to the above objections, see attached bank statements. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 146:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 146:**

Plaintiff objects to Request No. 146 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 146:**

Subject to the above objections, there is nothing responsive to this request. The plaintiff will supplement this request as information becomes available. Otherwise, based on the above objections, no further documents will be produced outside the relevant time period.

**REQUEST NO. 147:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 147:**

Plaintiff objects to Request No. 147 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 147:**

Subject to the above objections, there is nothing responsive to this request. Plaintiff is not in possession of responsive documents that show that the odor complained of by the Plaintiffs within the relevant time period came from any other source other than the Jefferson Parish Landfill, so there are no documents in this category to produce. Plaintiff reserves the right to supplement this response at a later date.

**REQUEST NO. 148:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 148:**

Plaintiff objects to Request No. 148 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 148:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available. No documents from within the relevant time period are being withheld based on the foregoing objections. Otherwise, based on the above objections, no further documents from outside the relevant time period will be produced.

**REQUEST NO. 149:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 149:**

Plaintiff objects to Request No. 149 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 149:**

Pursuant to Rule 26(b)(4)(D), reports of consulting experts are not discoverable. The reports of testifying experts have previously been produced or will be produced in accordance with the forthcoming applicable CMO. As to any other documents, the Request seeks a copy of what Plaintiffs' counsel has, which is information that invades the attorney client privilege and work product immunity. These documents will not be produced.

**REQUEST NO. 150:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 150:**

Plaintiff objects to Request No. 150 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 150:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 151:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 151:**

Plaintiff objects to Request No. 151 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 151:**

There is nothing responsive to this request. The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 152:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 152:**

Plaintiff objects to Request No. 152 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product. Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 152:**

See Objection to Request No. 152. Defendants are not entitled to this information. No documents are being produced in response to this request. Documents are being withheld based on the foregoing objections.

## SPECIFIC TO OPHELIA WALKER

**REQUEST NO. 153:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 153:**

Plaintiff objects to Request No. 153 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves.  Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …"  This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

## RESPONSE TO REQUEST NO. 153:

Subject to the above objections and without waiving same, the Plaintiff is not in possession of any document responsive to this request.

The plaintiff will supplement this request as information becomes available.

## REQUEST NO. 154:

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 154:**

Plaintiffs object to Request No. 154 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties.  This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 154:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 155:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 155:**

Plaintiff objects Request No. 155 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 155:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 156:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 156:**

Plaintiff objects to Request No. 156 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 156:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 157:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced

in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 157:**

Plaintiff objects to Request No. 157 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.  It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.  Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 157:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 158:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 158:**

Plaintiff objects to Request No. 158 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 158:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 159:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 159:**

Plaintiff objects to Request No. 159 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 159:**

See attached copy of Plaintiff's Driver's License.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 160:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 160:**

Plaintiff objects to Request No. 160 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 160:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 161:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 161:**

Plaintiff objects to Request No. 161 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 161:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 162:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 162:**

Plaintiff objects to Request No. 162 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 162:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 163:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 163:**

Plaintiff objects to Request No. 163 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature.  Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 163:**

Without waiving the above objections, this request seems to call for materials not in the possession of the Plaintiff, and where appropriate, documents will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 164:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 164:**

Plaintiff objects to Request No. 164 as being irrelevant.  Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 164:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 165:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 165:**

Plaintiff objects to Request No. 165 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 165:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

The plaintiff will supplement this request as information becomes available.

**REQUEST NO. 166:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 166:**

Plaintiff objects to Request No. 166 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product.  Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 166:**

Defendants are not entitled to this information.


                                                Respectfully submitted,


                                                _____/s/ Bruce C. Betzer_____
                                                Bruce C. Betzer (Bar No. 26800)
                                                THE LAW OFFICE OF BRUCE C. BETZER
                                                3129 Bore Street
                                                Metairie, LA 70001
                                                Telephone: (504) 832-9942
                                                Facsimile: (504) 304-9964
                                                bruce@brucebetzer.com

_____/s/ Douglas S. Hammel_____
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com

_____/s/ Jason Z. Landry_____
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, III (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE

Hon. Max N. Tobias, Jr. (#12837)
LISKA, EXNICIOS & NUNGESSER
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937
maxtobias504@aol.com

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*Counsel for Ictech-Bendeck Plaintiffs*