UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>    Plaintiff<br><br> **VERSUS**<br><br> **WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>    Defendants | **CIVIL ACTION**<br><br>**NO. 18-7889**<br>**c/w 18-8071,**<br>**18-8218, 18-9312**<br><br>**SECTION: "E" (5)**<br><br><br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

**DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFFS AND CLASS REPRESENTATIVES**

Pursuant to Rules 26 and 34 of the Federal Rules for Civil Procedure, the Local Rules of the District Court for the Eastern District of Louisiana, and the Eleventh Case Management Order (ECF No. 362), all Defendants,[1] through their undersigned counsel, propound the following requests for production on Class Representative Phil Adams.

**DEFINITIONS**

The following definitions shall apply to all of the requests for production:

1.   "Class Area" means the proposed class area identified in the Complaint or as subsequently revised by Plaintiffs, including in Plaintiffs' Motion to Certify Class, filed August 25, 2023, ECF No. 368.

---

[1] The Defendants in this matter are Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants"), the Parish of Jefferson, and Aptim Corp.

2. "Class Representative" means each of the named Plaintiffs proposed to represent a putative class in the consolidated *Ictech-Bendeck* action, each individual identified as a proposed class representative in Plaintiffs' Amended Fact Witness List for Class Certification, served on Defendants on September 15, 2023, and any other individual later identified in a revised Fact Witness List for Class Certification or any other pleading by Plaintiffs as a proposed class representative in this action.

3. "Communicate" or "communication" refers to the transmittal of information by any means, and includes every discussion, conversation, conference, meeting, interview, letter, e-mail, telephone call, voicemail, text message, social media post, comment or message, or other electronic instant message.

4. "Complaint" means Plaintiffs' Amending and Superseding Master Class Action Complaint for Damages, filed April 10, 2019, ECF No. 48, as well as any amendment to that Complaint.

5. "Data" means information, including information for reading, storage, or access on a computer.

6. "Defendants" means the Waste Connections Defendants, the Parish of Jefferson, and Aptim Corp.

7. "Document" means any written, printed, typed, recorded, or graphic matter of any kind and shall include the original or a duplicate and all non-duplicate copies and all drafts thereof, which presently are or have been in the actual or constructive possession, custody, or control of Plaintiffs or their counsel, or which have been otherwise available to Plaintiffs, in paper, electronic, or other recording medium, including correspondence, letters, memoranda, telephone messages, logs, delivery invoices, sales receipts, notes, Internet search results, electronic mail (e-mail)

correspondence and any electronic document or data attached thereto (attachments), bookmarked WebPages, Internet or social media communication and posts (including on Nextdoor, Facebook, Twitter, Instagram, Reddit, and other social media and social messaging platforms, and including any posts or comments in private groups or message rooms), reports, files, books, records, agreements, applications, manuals, guidelines, pamphlets, telegrams, telexes, wires, and other communications sent or received, print-outs, diary entries, calendars, tables, archive, calculations, maps, charts, graphs, plot plans, surveys, blueprints, diagrams, recommendations, work papers, summaries, minutes, digests, and other records or recordings of any conferences, meetings, visits, interviews, telephone conversations, and financial or statistical data, analyses, surveys, transcripts or testimony or written statements, affidavits, or printed matter. The term "document" shall also include every other means by which information is recorded, stored, or transmitted including tape recordings, microfilms, microfiche, data compilations, chromatographs, hard disks, floppy disks, social media posts, data processing and computer records, however produced or reproduced, and the written information necessary to understand and use such material. The term "document" shall also include all photographs, films, slides, audio recordings, video recordings, and tapes, however produced or reproduced. The term "non-duplicate copy" means any copy which is not a precise duplicate of its original, such as any copy with marks or notation or any type of description which are not reflected in the original. The term "document" shall also include all records created by, received on, or kept on a computer, mobile device or telephone, or tablet computer.

8. "Emissions" means any airborne substance discharged from any source, including odors, fumes, gases, chemicals, toxins, dust, particulates, and particles.

9. "Governmental entity" means any local, state, or federal government; any department, agency, committee, council, or other subdivision thereof; or any representative, agent, or employee thereof.

10. "Hwy 90 Construction & Demolition Debris Landfill" means the landfill located at 5000 Highway 90 West, Avondale, Louisiana 70094.

11. "Including" means including but not limited to.

12. "Jefferson Parish" means the Parish of Jefferson, Louisiana.

13. "Jefferson Parish Landfill" means the landfill located at 5800 Highway 90 West, Avondale, Louisiana.

14. "Person" means any natural or legal entity, including any person, business, or governmental entity or association.

15. "Relating to" means relating to, concerning, comprising, alluding to, connected with, commenting on, with respect to, about, resulting from, embodying, explaining, supporting, showing, analyzing, setting forth, in respect of, referring to, describing, evidencing, constituting, containing, identifying, stating, dealing with, reflecting, bearing upon, addressing, respecting, regarding, discussing, mentioning, responding to, pertaining to, to do with, or being in any way relevant to the given subject.

16. "River Birch Landfill" means the landfill located at 2000 S Kenner Avenue, Avondale, Louisiana 70094.

17. "Social Media" means websites and applications that enable users to create and share content or to participate in social networking, including but not limited to Facebook, Instagram, Twitter, Nextdoor, Snapchat, Tiktok, Reddit, and YouTube.

18. "Statements" include affidavits, declarations, reports, submissions to the court, or any other form of formal or informal written document, including summaries of oral communications associated with the litigation.

19. "Waste Connections Defendants" means Defendants Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company.

20. "You" or "your" shall mean the Class Representative(s) responding to these requests for production, and counsel, experts, investigators, or other persons acting on the Class Representatives' behalf, unless otherwise limited to specific Class Representatives and counsel, experts, investigators, or other persons acting on behalf of the specified Class Representative.

**INSTRUCTIONS**

The following instructions shall apply to all of the requests for production:

1. Unless otherwise set forth, the time frame governing each request for production shall be from January 1, 2015, to the present.

2. The connectives "and" and "or" shall mean "and/or" and be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests for production all responses that might otherwise be construed to be outside of its scope.

3. The use of the singular form includes the plural, and the use of the plural form includes the singular.

4. Reference to particular types of documents or facts is not intended to change or waive any definition set forth above.

5. Respond to each request for production. If your response to a specific request for production is "none" or "unknown," please write "none" or "unknown" as your response.

6. If you believe that any request for production or some portion thereof is ambiguous or otherwise unclear, identify the language that you deem to be ambiguous or unclear and explain what construction of that language you are using in answering the request for production.

7. Produce social media content as allowed by the social media platform. For example, the following social media platforms provide the linked instructions for downloading an authentic copy of your social media data:

    a. Facebook: https://www.facebook.com/help/212802592074644

    b. Instagram: https://help.instagram.com/181231772500920

    c. Twitter: https://help.twitter.com/en/managing-Your-account/how-to-download-Your-twitter-archive

    d. Nextdoor: https://help.nextdoor.com/s/article/How-to-download-your-personal-information?language=en_US

The entirety of your social media data, rather than specific categories of data, should be downloaded.

8. If you claim that any document that is required to be identified by you in response to any of these requests for production is protected from disclosure by a privilege or immunity, you are directed to:

    a. Identify the portion of the request to which the document is responsive;

    b. Identify the title and general subject matter of each document;

    c. State the date of each document;

    d. Identify the person(s) who participated in its preparation;

    e. Identify the person(s) who signed it, or over whose name it was issued;

    f. Identify the addressee(s) and all recipients of the document;

      g. State the nature and substance of the document with sufficient particularity to enable it to be identified; and

      h. State the nature of the privilege or immunity claimed.

9. If you claim that any document that is responsive to any request for production is no longer in your control for any reason, including any documents that have been destroyed, you are directed to:

      a. State the reason why the document is no longer in your control;

      b. Identify the portion of the request to which the document is responsive;

      c. Identify the title and general subject matter of each such document;

      d. State the date of each document;

      e. Identify all persons who participated in its preparation;

      f. Identify the person(s) who signed it, or over whose name it was issued;

      g. State the nature and substance of the document with sufficient particularity to enable it to be identified;

      h. State the date the document left your control; and

      i. Identify the name, address, and title of the person(s) who has control of the document.

10. Each of the requests for production shall be deemed a continuing request up to and until the time of final judgment in this action.

## REQUESTS FOR PRODUCTION TO ALL CLASS REPRESENTATIVES

The following request for production is directed to all Class Representatives.

### REQUEST FOR PRODUCTION NO. 167:

All documents that you referred to or relied on in responding to the Defendants' interrogatories to you, including any documents identified in your responses thereto.

## REQUESTS FOR PRODUCTION TO PHIL ADAMS

The following requests for production are directed to Class Representative Phil Adams.

### REQUEST FOR PRODUCTION NO. 168:

Any communications you made or content you posted on a social networking website or any other similar websites or Social Media services.

### REQUEST FOR PRODUCTION NO. 169:

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

### REQUEST FOR PRODUCTION NO. 170:

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**REQUEST FOR PRODUCTION NO. 171:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**REQUEST FOR PRODUCTION NO. 172:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**REQUEST FOR PRODUCTION NO. 173:**

All documents responding to requests for information about, or inquiries into, injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**REQUEST FOR PRODUCTION NO. 174:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**REQUEST FOR PRODUCTION NO. 175:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**REQUEST FOR PRODUCTION NO. 176:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**REQUEST FOR PRODUCTION NO. 177:**

Photographs from between January 1, 2017, and December 31, 2019, of: the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**REQUEST FOR PRODUCTION NO. 178:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**REQUEST FOR PRODUCTION NO. 179:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**REQUEST FOR PRODUCTION NO. 180:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**REQUEST FOR PRODUCTION NO. 181:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

Date: September 21, 2023				By:	/s/ Michael C. Mims
						LISKOW & LEWIS, APLC
						Michael C. Mims (#33991)
						Charles B. Wilmore (#28812)
						J. Hunter Curtis (#39150)
						Alec Andrade (#38659)
						Cecilia Vazquez Wilson (#39373)
						Brady M. Hadden (#37708)
						701 Poydras Street, Suite 5000
						New Orleans, Louisiana 70139
						(504) 581-7979

						BEVERIDGE & DIAMOND, P.C.

						Megan R. Brillault (*pro hac vice*)
						Michael G. Murphy (*pro hac vice*)
						John H. Paul (*pro hac vice*)
						Katelyn E. Ciolino (*pro hac vice*)
						Katrina M. Krebs (*pro hac vice*)
						825 Third Avenue, 16th Floor
						New York, NY 10022
						(212) 702-5400

						James B. Slaughter (*pro hac vice*)
						1900 N Street, NW, Suite 100
						Washington, DC 20036
						(202) 789-6000

						Michael F. Vitris (*pro hac vice*)
						400 W. 15th Street, Suite 1410
						Austin, TX 78701
						(512) 391-8035

						*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:   /s/ Michael S. Futrell
      William P. Connick, La. Bar No. 14158
      Michael S. Futrell, La. Bar. No. 20819
      Matthew D. Moghis, La. Bar. No. 33994
      3421 N. Causeway Blvd., Suite 408
      Metairie, Louisiana 70002
      Telephone: (504) 681-6658
      Facsimile: (504) 838-9903
      E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ John E. W. Baay
      Ernest P. Gieger, Jr. (6154)
      John E. W. Baay (22928)
      J. Michael DiGiglia (24378)
      Nicholas S. Bergeron (37585)
      Gieger, Laborde & Laperouse, L.L.C.
      Hancock Whitney Center
      701 Poydras Street, Suite 4800
      New Orleans, Louisiana 70139
      Telephone: (504) 561-0400
      Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on all counsel of record by e-mail this 21st day of September 2023.

/s/ Michael C. Mims
OF COUNSEL