## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELIAS JORGE "GEORGE"** | * | **CIVIL ACTION** |
| **ICTECH-BENDECK,** | * | |
| **Plaintiff** | * | **NO. 18-7889** |
| | * | **c/w 18-8071,** |
| **VERSUS** | * | **18-8218, 18-9312** |
| | * | |
| **WASTE CONNECTIONS BAYOU,** | * | **SECTION: "E" (5)** |
| **INC., ET AL.,** | * | |
| **Defendants** | * | **JUDGE: Morgan** |
| | * | **MAGISTRATE JUDGE: North** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFFS' ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to the 11th Case Management Order, Plaintiffs and Class Representatives answer Defendants' First Set of Interrogatories as follows:

### GLOBAL OBJECTIONS

1. Plaintiffs object to the Interrogatories as a whole.  Many interrogatories include sub-parts that are thinly veiled to appear as one interrogatory but ask for different and specific responses.  Unless and until Defendants narrow the scope, and reduces the number of questions, none can be answered.

2. Defendants have engaged in scorched earth discovery, acting to increase the expense and burden of the Plaintiffs.  The discovery sought is not proportional to the needs of the case and is duplicative in that it requests the same information from members of the same household, and/or requests information known to Defendants through Plaintiff's Fact Sheet ("PFS").

3. Plaintiffs object to the Definitions, which expand the defined meaning of words beyond their ordinary meaning.  For example, "emissions," as defined, includes "rain."  "Relating to," as

defined, means "relating to" and 34 other things. "Identify" includes things like a person's home and business address and job. These additions of discrete categories of information through the definition of "identify" means that a single question asking to identify someone or something is actually several questions, thereby adding to the number of interrogatories that exceed the numerical limit. The same is true with the definition of "communication."

4.  Plaintiffs object to the Instructions, which purport to impose obligations not found in the rules of civil procedure. Purporting to require narrative answers, the Instructions are disguised interrogatories promulgated to circumvent the limitations on the number of interrogatories.

5.  Plaintiffs object on the basis of relevance as to Interrogatories and Requests relating to Plaintiffs' past or current employment history. No plaintiff is making a lost wage claim, Therefore, information relating to a Plaintiffs' employment history, wages, and job titles, is wholly irrelevant. The scope of the information sought is not proportional to the needs of the case. The burden and expense of responding to such Interrogatories outweighs its benefits.

### SPECIFIC TO ELIAS JORGE ICTECH-BENDECK

**INTERROGATORY NO. 1:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish and describe the dates and substance of all such communications.

**OBJECTION TO INTERROGATORY NO. 1:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons."  Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

## ANSWER TO INTERROGATORY NO. 1:

Subject to said objections and without waving same, the only person who Plaintiff has communicated with about the emissions in Jefferson Parish is his attorney Seth H. Schaumburg with Favret, Demarest, Russo, Lutkewitte & Schaumburg, which is subject to attorney-client privilege.

## INTERROGATORY NO. 2:

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

## OBJECTION TO INTERROGATORY NO. 2:

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

## ANSWER TO INTERROGATORY NO. 2:

Subject to said objections and without waving same, Plaintiff has not made any claims.

## INTERROGATORY NO. 3:

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

## OBJECTION TO INTERROGATORY NO. 3:

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action.  No Class Representative is making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 3:**

Subject to said objections and without waving same, Plaintiff responds as follows:

a. Serco FEMA PA TAC IV- 2020-Present
   Site Inspector, Project Specialist, Architect, Senior, LIRO Consolidated Task Order

   Responsible to ensure documents submitted by the Applicant are complete by reviewing photographs of damaged facilities, validating cost estimates, verifying invoices correlate with the scope of work in the construction documents, verifying upgrades are applicable to regulatory codes and compile documentation in order to develop the Project Worksheet DDD/SOW.

b. JACOBS / CCPRS- 2019-2020
   Senior Architect Public Assistance Technical Specialist, Disaster in Puerto Rico and the U.S. Virgin Islands

   Worked specialized lane and validated facility damages, review, and validation of completed work and estimating over $30M large complex educational, hospital, recreational and road projects for the FEMA disaster recovery in Puerto Rico and the U.S. Virgin Islands damaged by hurricane Irma and Maria. Experienced with FEMA Grants Manager, FEMA cost estimating format, RS Means and State, or Local Cost codes and other cost data as appropriate.

   Knowledge of the laws, policies, regulations, or other directives governing FEMA's Public Assistance Program.

c. Bendeck Architects LLC.- 2014-2019
   Senior Principle Architect

   Responsible for business development to include client meetings, preparing preliminary designs, design development and construction documents for over seventy-four residential projects per year and several commercial projects. Ensure project meet local and federal regulations and building codes (Uniform Building Code, International Building Code), as well as compliance with local planning (ADA) and zoning laws, such as required setbacks, height limitations, parking requirements, transparency requirements (windows) and land usage.

d. Gootee Construction, Inc- 2015-2019
   Senior Architect and Project Manager

   Provided leadership, architectural design and project management for large scale project in Louisiana to include the Ritz Carlton New Orleans; Children's Hospital Expansion; Historic New Orleans Collection, Siegnouret-Brulatour House Expansion & Renovation; Ochsner Medical Clinic X-ray I.R. Room, H1, and Pharmacy Infusion renovation.

e.   Bendeck Architects LLC.- 2013-2015
Senior Principle Architect and Consultant

Provided professional architectural consulting services, related to design, project management and construction. Consulting projects include, South Nassau Communities Hospital Long Beach Properties Phase I - Remediation and Demolition Long Beach, New York; Crescent Bank and Trust Renovation Jefferson, Louisiana; Crescent Bank and Trust Build-out Jefferson, Louisiana; River Bend Auto Car Wash Renovation Jefferson, Louisiana; Shell Gas Station Renovation Harvey, Louisiana; Two Sisters Restaurant Renovation New Orleans, Louisiana.

f.   JACOBS / CCPRS- 2011-2013
Director of Design Management

Director, Senior Designer and Project Manager for Hurricane Katrina recovery for the Louisiana Recovery School District and Orleans Parish School Board Master Recovery Plan for Orleans Parish total amount of federal funds is approximately $2 billion to assess damage, procure contracts, review estimates, designs and administer construction.

g.   Blitch Knevel Architects - 1990-2010
Associate Architect, Senior Architect and Project Manager

Senior Project Manager for 20 years of professional architectural experience including university educational facility $30M completed in 2010, religious facilities $15M church completed in 2010, healthcare facility $7.5M, military facilities $40M completed in 2009, military aviation facility $110M completed in 2010, middle school educational facility $7M completed in 2008, convention center $19M completed in 2005, healthcare facilities $54M completed in 2002, assisted living facilities $32M completed in 1998, healthcare facilities $42M completed 1992. Work included programing, estimating, design develop, construction documents and construction administration.

## INTERROGATORY NO. 4:

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

## OBJECTION TO INTERROGATORY NO. 4:

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

**ANSWER TO INTERROGATORY NO. 4:**

Not applicable.

**INTERROGATORY NO. 5:**

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to the amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing.  Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objection and without waiving same, Plaintiff's claim includes the psychological effects of exposure to odors.  These damages may consist of symptoms or effects from the emissions, such as headaches, nausea, loss of appetite, sleep deprivation, dizziness, anxiety and/or fatigue.  The damages also include loss of use and enjoyment of the home, loss of the enjoyment of life, and general nuisance damages.

**INTERROGATORY NO. 6:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory on the basis of prematurity.  Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory will be the subject of expert testimony.  Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which he was exposed.

## SPECIFIC TO SAVANNAH THOMPSON

**INTERROGATORY NO. 1:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish, and describe the dates and substance of all such communications.

**OBJECTION TO INTERROGATORY NO. 1:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons."  Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not

limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

## ANSWER TO INTERROGATORY NO. 1:

Subject to said objections and without waving same, Plaintiff has not spoken with anyone other than her attorneys regarding the emissions.

## INTERROGATORY NO. 2:

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

## OBJECTION TO INTERROGATORY NO. 2:

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

**ANSWER TO INTERROGATORY NO. 2:**

Subject to said objections and without waving same, Plaintiff has not filed any claims.

**INTERROGATORY NO. 3:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action.  No Class Representative is making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 3:**

Subject to said objections, Plaintiff responds as follows:

Busy Moms Daycare, located at 1629 Hickory Avenue in Harahan, LA 70123. Plaintiff's employment dates were approximately 2017-2019/2020 but Plaintiff cannot recall the exact dates of employment. Plaintiff's job title was teacher assistant and/or usher and aided with the care of small children during her tenure.

Plaintiff worked for Crothall Healthcare at the Ochsner Healthcare Campus, located at 200 W. Esplanade Avenue, Kenner, LA 70065 as a patient transporter from May – November 2020.

Plaintiff worked for Ochsner Health System located at 200 W. Esplanade Avenue, Kenner, LA 70065 from November 2020 – September 2021 as a patient access representative handling registration of patients.

Plaintiff worked at Memorial Baptist Church, located at 5701 Veterans Memorial Blvd., Metairie, LA 70003 as a teacher from September 2021 – July 2022. Her duties included educational instruction of small children.

Plaintiff worked at Bags, Inc, located in the New Orleans International Airport located at 1 Terminal Drive, Kenner, LA 70062 from August 2022 through April 2023. Her job title was wheelchair assistance staff and helped visitors traverse the airport by pushing them in wheelchairs.

Plaintiff currently works for the New Orleans Aviation Board as a customer service agent since June 2023, located at 1 Terminal Drive, Kenner, LA 70062. Plaintiff's duties include answering questions posed by visitors at the airport.

Plaintiff does not recall ever handling or being exposed to any gaseous or odorous materials at any position.

**INTERROGATORY NO. 4:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**OBJECTION TO INTERROGATORY NO. 4:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

**ANSWER TO INTERROGATORY NO. 4:**

Subject to said objections and without waving same, Plaintiff is not aware of any testing on the property.

**INTERROGATORY NO. 5:**

Identify each property that you have owned or leased or where you have resided, including the dates during which you owned, leased, or resided at the property, and the nature of your ownership interest in the property (if any).

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects as this Interrogatory is overly broad and not limited in time.  The relevant time period of this litigation is an established fact and interrogatories should reflect that finding.

Plaintiff further objects to this Interrogatory as the information sought is already known to Defendant through Jefferson Parish's own website that maintains the information requested.

Plaintiff further objects to this Interrogatory as overly burdensome as it is duplicative of the information previously provided.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objections and without waving same, Plaintiff has not had any ownership interest in any property she has lived or currently lives, but responds as follows:

1344 Hickory Avenue, Apartment D, Harahan, LA  70123 – October 2017 – July 2019

3000 Terrie Court, Metairie, LA  70001 July 2019 - Late 2020

1090 River Road Picayune, MS 39466 Late 2020 – Early 2021

1921 Kansas Avenue, Kenner, LA  70065 Early 2021 - Present

**INTERROGATORY NO. 6:**

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects as the information sought is already known to Defendant, therefore, this Interrogatory is duplicative in nature.

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing. Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waving same, Plaintiff's claim is for nuisance as she was exposed to the rotten egg smell almost daily. The emissions affected her use and enjoyment of her home.

**INTERROGATORY NO. 7:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory will be the subject of expert testimony. Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the

course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**ANSWER TO INTERROGATORY NO. 7:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which she was exposed.

**SPECIFIC TO LARRY BERNARD**

**INTERROGATORY NO. 1:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish and describe the dates and substance of all such communications.

**OBJECTION TO INTERROGATORY NO. 1:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons." Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

**ANSWER TO INTERROGATORY NO. 1:**

Subject to said objections and without waiving same, Plaintiff has communicated with the following individuals regarding the emissions in Jefferson Parish:

    a.  Plaintiff's wife, Mona Bernard; and

    b.  Plaintiff's daughter, Shanna Bernard.

Plaintiff discussed with these individuals the smells inside and outside of the house due to the emissions.  The communications were verbal and by texts and took place over a couple of years.

**INTERROGATORY NO. 2:**

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

**OBJECTION TO INTERROGATORY NO. 2:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

**ANSWER TO INTERROGATORY NO. 2:**

Subject to said objections and without waving same, Plaintiff was a class representative in a class action lawsuit regarding the May, 1995 flood in Harahan, Louisiana.

**INTERROGATORY NO. 3:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action.  No Class Representative is making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 3:**

Subject to said objections and without waiving same, this interrogatory is irrelevant as Plaintiff is retired.

**INTERROGATORY NO. 4:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**OBJECTION TO INTERROGATORY NO. 4:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

**ANSWER TO INTERROGATORY NO. 4:**

Subject to said objections and without waving same, Plaintiff is unaware of any testing on the property.

**INTERROGATORY NO. 5:**

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing.  Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objection and without waiving same, Plaintiff's claim includes the psychological effects of exposure to odors.  These damages may consist of symptoms or effects from the emissions, such as headaches, loss of appetite, watery eyes, anxiety and/or fatigue.  The

damages also include loss of use and enjoyment of the home, loss of the enjoyment of life, and general nuisance damages.

**INTERROGATORY NO. 6:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory on the basis of prematurity.  Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory may be the subject of expert testimony.  Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which he was exposed.

Plaintiff believes the odors causing his injuries are consistent with the odors found in a landfill.

**SPECIFIC TO MONA BERNARD**

**INTERROGATORY NO. 1:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish, and describe the dates and substance of all such communications.

**OBJECTION TO INTERROGATORY NO. 1:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons."  Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

**ANSWER TO INTERROGATORY NO. 1:**

Subject to said objections and without waiving same, Plaintiff has communicated with the following individuals regarding the emissions in Jefferson Parish:

   c.  Plaintiff's wife, Mona Bernard; and

   d.  Plaintiff's daughter, Shanna Bernard.

Plaintiff discussed with these individuals the smells inside and outside of the house due to the emissions.  The communications were verbal and by texts and took place over a couple of years.

**INTERROGATORY NO. 2:**

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

**OBJECTION TO INTERROGATORY NO. 2:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

**ANSWER TO INTERROGATORY NO. 2:**

Subject to said objections and without waving same, Plaintiff was a class representative in a class action lawsuit regarding the May, 1995 flood in Harahan, Louisiana.

**INTERROGATORY NO. 3:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action.  No Class Representative is making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 3:**

Subject to said objections and without waiving same, this interrogatory is irrelevant as Plaintiff is retired.

**INTERROGATORY NO. 4:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**OBJECTION TO INTERROGATORY NO. 4:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

**ANSWER TO INTERROGATORY NO. 4:**

Subject to said objections and without waving same, Plaintiff is unaware of any testing on the property.

**INTERROGATORY NO. 5:**

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing.  Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objection and without waiving same, Plaintiff's claim includes the psychological effects of exposure to odors.  These damages may consist of symptoms or effects from the emissions, such as headaches, loss of appetite, watery eyes, anxiety and/or fatigue.  The damages also include loss of use and enjoyment of the home, loss of the enjoyment of life, and general nuisance damages.

**INTERROGATORY NO. 6:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory on the basis of prematurity.  Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory will be the subject of expert testimony.  Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which she was exposed.

Plaintiff believes the odor is consistent with the smell of garbage and in the several decades of living at this residence, she has never smelled a rotten egg smell that bad for so long, leading her to conclude the source must be the landfill directly across the river.

## SPECIFIC TO NICOLE LANDRY-BOUDREAUX

**<u>INTERROGATORY NO. 1</u>:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish, and describe the dates and substance of all such communications.

**<u>OBJECTION TO INTERROGATORY NO. 1</u>:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons." Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

**<u>ANSWER TO INTERROGATORY NO. 1</u>:**

Subject to said objections and without waiving same, Plaintiff has spoken to the following individuals about the emissions:

e.  Shawn Boudreaux, husband, and two children, Wayneisha Beverly and Dashonya Beverly – discussed the smells in the house and how she was embarrassed to have people over because of it; had candles burning all the time;

f.  Jaquelyn Landry, mother – discussed the smells in the house and how she was embarrassed to have people over because of it; had candles burning all the time;

g.  Beatrice Fruge, cousin - discussed that she was tired of smelling the emissions and not sure how long she could deal with it; and

h.  Dr. Lakeisha Bastin, Oakwood LCMC Health – discussed her symptoms as a result of the emissions.

## INTERROGATORY NO. 2:

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

## OBJECTION TO INTERROGATORY NO. 2:

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

## ANSWER TO INTERROGATORY NO. 2:

Subject to said objections and without waving same, Plaintiff has not filed any claims alleging exposure to emissions.

**INTERROGATORY NO. 3:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action.  No Class Representative is making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 3:**

Subject to said objections, Plaintiff responds as follows:

Plaintiff worked at Check into Cash during the years 2000 – 2021, but cannot recall the exact dates of employment.  Plaintiff's job title was Senior District Manager and Auditing, HR.

Plaintiff worked at the Jefferson Parish Housing Services Development District for the years 2022-2023.

**INTERROGATORY NO. 4:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**OBJECTION TO INTERROGATORY NO. 4:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

**ANSWER TO INTERROGATORY NO. 4:**

Subject to said objections and without waving same, Plaintiff is unaware of any testing on the property.

**INTERROGATORY NO. 5:**

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing.  Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objection and without waiving same, Plaintiff's claim includes the psychological effects of exposure to odors.  These damages may consist of symptoms or effects from the emissions, such as headaches, nausea, loss of appetite, sleep deprivation, dizziness,

anxiety and/or fatigue.  The damages also include loss of use and enjoyment of the home, loss of

the enjoyment of life, and general nuisance damages.

**INTERROGATORY NO. 6:**

State the facts supporting your contention that your injuries were caused by emissions from

the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory on the basis of prematurity.  Discovery in this case is

ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this

time.

Plaintiff further objects as the information sought in this Interrogatory will be the subject

of expert testimony.  Such testimony and reports will be tendered in connection with the date

established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it

relates to general causation, are known to Defendants through Plaintiffs' filings throughout the

course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General

Causation.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments

on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted

that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified

the JPLF as the likely source of the emissions to which she was exposed.

## SPECIFIC TO ROBYN CROSSMAN

**INTERROGATORY NO. 1:**

Identify each property that you have owned or leased or where you have resided, including the dates during which you owned, leased, or resided at the property, and the nature of your ownership interest in the property (if any).

**OBJECTION TO INTERROGATORY NO. 1:**

Plaintiff objects as this Interrogatory is overly broad and not limited in time.  The relevant time period of this litigation is an established fact and interrogatories should reflect that finding.

Plaintiff further objects to this Interrogatory as the information sought is already known to Defendant through Jefferson Parish's own website that maintains the information requested.

**ANSWER TO INTERROGATORY NO. 1:**

Subject to said objections and without waving same:

**9534 Catalpa Loop, Waggaman, LA 70094 (Lot 117):**
Owners: Robyn Diez Crossman and Corey Francis Crossman
Date of Purchase of Lot 117: 08/27/2017
Date Resided: 01/22/2018 to present

**353 Nursery Avenue Metairie, LA 70005**
Leased
Date Resided: 06/2011 to 01/2018

**INTERROGATORY NO. 2:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**OBJECTION TO INTERROGATORY NO. 2:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

## ANSWER TO INTERROGATORY NO. 2:

Subject to said objections and without waving same, Plaintiff is unaware of any testing having been performed at 9534 Catalpa Loop, Waggaman, LA 70094 (Lot 117).

## INTERROGATORY NO. 3:

Identify all persons with whom you have communicated about emissions in Jefferson Parish, and describe the dates and substance of all such communications.

## OBJECTION TO INTERROGATORY NO. 3:

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons."  Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

## ANSWER TO INTERROGATORY NO. 3:

Subject to said objections and without waiving same, Plaintiff communicated with the following individuals regarding the emissions in Jefferson Parish:

a.  Plaintiff's husband, Corey Crossman (resided in the home and experienced emissions);

b.  Plaintiff's daughter, Isabella Danielle Nagy (resided in the home and experienced emissions);

c.  Plaintiff's mother, Marcia Hope Reid Diez (weekly interaction regarding the odors, health effects of emissions, and potential side effects of emissions);

d.  Plaintiff's father, Louis Douglas Diez (deceased) (weekly interaction regarding the odors and health effects of emissions);

e.  Lindsay Campbell Jackson (Supervisory Staff) (weekly interaction regarding the odors and health effects of emissions);

f.  Curtis Lee Adams (Supervisory Staff) (weekly interaction regarding the odors and health effects of emissions, including his experiencing the same odors in River Ridge, LA);

g.  Shanna Boulain Trim (monthly interaction regarding the health effects of emissions); and,

h.  See also healthcare providers set forth in Answer to Interrogatory No. 7 whom Plaintiff saw from September 2017 through December 31, 2019.

Plaintiff discussed with these individuals the smells inside and outside of the house due to the emissions from September 2017 through December 31, 2019.

**INTERROGATORY NO. 4:**

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

**OBJECTION TO INTERROGATORY NO. 4:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.

**ANSWER TO INTERROGATORY NO. 4:**

Subject to said objections and without waving same, Plaintiff has not filed any claims.

**INTERROGATORY NO. 5:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action.  Plaintiff is not making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objections and without waiving same,

a.  United States Department of Veterans Affairs
1250 Poydras Street, Suite 200, New Orleans, LA 70113
With permanent alternative workplace:  9534 Catalpa Loop, Waggaman, LA 70094
(January 2018 to present) and 353 Nursery Avenue, Metairie, LA 70005
(March 2016 to January 2018)

August 2014 to Present

Plaintiff's job title is Rating Veterans Service Representative

(1) analyze and determine disabilities and disorders and their relationship to a Veterans military service and medical care received, (2) determine eligibility for federal and state benefits, (3) apply regulations and policy regarding entitlement to Veterans benefits.

No handling of materials or emissions related to this position; however, as a fully remote position, exposure to odors and emissions (see alternative workplace address) have been experienced more than twice weekly.

**INTERROGATORY NO. 6:**

Identify all physical or mental injury(ies) or symptoms you believe were caused by emissions from the Jefferson Parish Landfill, including the approximate first date that you believe emissions caused such injury(ies) or symptom(s).

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as it is vague and ambiguous as "physical and mental injuries" is unclear particularly in light of Plaintiffs' claims for nuisance injuries suffered (i.e., annoyance, decrease in quality of life, and interference with use and enjoyment of property) as a result of the Landfill's noxious emissions.  Plaintiff further objects as the information sought may be the subject of expert testimony.  Such testimony and reports will be tendered in compliance with the CMO.

Furthermore, interrogatory no. 6 is premature as discovery is ongoing.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waving same, Plaintiff has experienced the following symptoms from January 2018 up through December 2019: migraine headaches, nausea, loss of appetite, watery eyes, sleep disruption, anxiety/worry, decrease in quality of life, annoyance, discomfort, and loss of use and enjoyment of her property.  Plaintiff and her family could not escape the noxious odors by simply going inside as they also invaded the home.

**INTERROGATORY NO. 7:**

Identify all physicians, healthcare providers, or other medical professionals who treated, consulted with, or examined you between January 1, 2015, to present, for the physical or mental injury(ies) or symptom(s) you believe were caused by exposure to emissions from the Jefferson Parish Landfill, including:

   a. The name of the physician, health care provider, or other medical professional, and the name and address of the facility at which they practice;

   b. The approximate date(s) when you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional; and

   c. The injury(ies) or symptom(s) for which you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional.

**OBJECTION TO INTERROGATORY NO. 7:**

Plaintiff objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.  Plaintiff further objects to the breadth of this Interrogatory in that it requests "all physicians, healthcare providers, and or other medical professionals…"  Said Interrogatory seeks information that is not relevant to the claims or defenses asserted in this litigation.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

## ANSWER TO INTERROGATORY NO. 7:

Subject to said objections and without waving same, Plaintiff responds as follows:

**Dhanpot Mohnot, MD**
New Orleans Headache and Neurology Clinic, APMC
120 Meadowcrest Street, Suite 420
Gretna, LA 70056
November 2019 to present
Migraine headaches

**Rex Houser, MD**
Paradigm Neurology
64301 Highway 434
Lacombe LA 70445
February 2018 to November 2019
Migraine headaches

**Vanderbilt Neurodiagnostics**
1301 Medical Center Drive
Suite B817
Nashville TN 37232
February 2019 to February 2022
Migraine headaches

**Donald Fabacher, MD**
East Jefferson Medical Center and Ochsner Medical Center
February 2018 to August 2022
Migraine Headaches

**Nicole Giambrone, MD**
1532 Allen Toussaint Boulevard
New Orleans LA 70122
January 2018 to January 2021
Migraine headaches

**INTERROGATORY NO. 8:**

Identify all pharmacies where you filled your prescription(s) between January 1, 2015, to present, including (i) the name and address of the pharmacy, (ii) the approximate dates during which you filled prescriptions at the pharmacy, and (iii) the prescriptions you filled at the pharmacy.

**OBJECTION TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory as it is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Plaintiff further objects because this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**ANSWER TO INTERROGATORY NO. 8:**

Subject to said objections and without waving same, Plaintiff responds as follows:

**CVS Pharmacy**
1401 Veterans Boulevard
Metairie LA 70005
June 2011 to January 2018
toprol-xl, toradol, lioresal, migranal, rimegepant, zofran, wellbutrin XL, klonopin, lamictal, vilazodone, bupropion, midodrine, ketorolac, ondanesdestron, topiramate XR

**CVS Pharmacy**
2850 US 90
Avondale LA 70094
January 2018 to March 2018
florinef, provigil, proamatine, toprol-xl, toradol, lioresal, migranal, rimegepant, zofran, wellbutrin XL, klonopin, lamictal, vilazodone, bupropion, midodrine, nurtec, ketorolac, ondanesdestron

**PillPack Pharmacy**
250 Commercial Street, Suite 2012
Manchester NH 03101
March 2018 to present
florinef, provigil, proamatine, toprol-xl, toradol, lioresal, migranal, rimegepant, zofran, wellbutrin XL, klonopin, lamictal, vilazodone, bupropion, midodrine, nurtec, ketorolac, ondanesdestron. cyclobenzaprine, ubrevly

**Walgreens Pharmacy**
13500 US 90
Boutte LA 70039
February 2023 to present
vilazodone

**In office treatment with Dr. Dhanpot Mohnot**: Ajovy, Emgality, Qudexy

## INTERROGATORY NO. 9:

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

## OBJECTION TO INTERROGATORY NO. 9:

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing. Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

## ANSWER TO INTERROGATORY NO. 9:

Subject to said objections and without waving same, Plaintiff's claim includes the psychological effects of exposures to odors she experienced from January 2018 up through December 2019 as a result of the JPLF's emissions. These damages consist of symptoms or effects from the emissions, such as migraine headaches, nausea, loss of appetite, watery eyes, sleep disruption, anxiety/worry, annoyance, and discomfort. The damages also include loss of use and enjoyment of her home, loss of the enjoyment of life, and general nuisance damages. Plaintiff and

her family could not escape the noxious odors by simply going inside as the noxious odors also invaded the home.

**INTERROGATORY NO. 10:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory will be the subject of expert testimony. Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**ANSWER TO INTERROGATORY NO. 10:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which she was exposed.

Further, prior to residing at 9534 Catalpa Loop Waggaman LA 70094, the number of recurring migraines Plaintiff experienced were fewer than four times per month. Upon moving into that residence from her prior residence (353 Nursery Avenue, Metairie, LA 70005), migraine

headaches occurred more than twice per week (with an extensive length per episode) during times when Plaintiff experienced the noxious odors at her residence (both inside and outside).

## SPECIFIC TO KAYLA ANNE STEELE

### INTERROGATORY NO. 1:

Identify each property that you have owned or leased or where you have resided, including the dates during which you owned, leased, or resided at the property, and the nature of your ownership interest in the property (if any).

### OBJECTION TO INTERROGATORY NO. 1:

Plaintiff objects as this Interrogatory is overly broad and not limited in time. The relevant time period of this litigation is an established fact and interrogatories should reflect that finding.

Plaintiff further objects to this Interrogatory as the information sought is already known to Defendant through Jefferson Parish's own website that maintains the information requested.

### ANSWER TO INTERROGATORY NO. 1:

Subject to said objections and without waiving same, Plaintiff owns and resides at 8439 Jefferson Hwy., Harahan, Louisiana, 70123.

### INTERROGATORY NO. 2:

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

### OBJECTION TO INTERROGATORY NO. 2:

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

**ANSWER TO INTERROGATORY NO. 2:**

Subject to said objections and without waving same, Plaintiff is unaware of any testing on the property.

**INTERROGATORY NO. 3:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish, and describe the dates and substance of all such communications.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons."  Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

**ANSWER TO INTERROGATORY NO. 3:**

Subject to said objections and without waving same, Plaintiff communicated with the following individuals regarding the emissions in Jefferson Parish:

  i.  Plaintiff's husband, Brad Steele;

  j.  Plaintiff's mother-in-law, Lisa Steele; and

  k.  Plaintiff's grandmother, Peggy Lagrange.

Plaintiff discussed with these individuals the smells inside and outside of the house due to the emissions.  The communications were verbal and by texts and took place over a couple of years.

**INTERROGATORY NO. 4:**

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

**OBJECTION TO INTERROGATORY NO. 4:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

**ANSWER TO INTERROGATORY NO. 4:**

Subject to said objections and without waving same, Plaintiff has not filed any claims.

**INTERROGATORY NO. 5:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action.  No Class Representative is making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objections, Plaintiff responds as follows:

Plaintiff has worked for SGS North America in St. Rose, Louisiana for the past 1 ½ years to the present.  Plaintiff's job title is administrative assistant.

For the 7 years prior to that, Plaintiff worked at Agriculture Grains & Oils Surveyor & Lab Co. in Harahan, Louisiana.  Plaintiff worked as an administrative assistant.

Prior to that, Plaintiff worked as a lab manager at ClearWater Pool & Spa in Metairie, Louisiana.

**INTERROGATORY NO. 6:**

Identify all physical or mental injury(ies) or symptoms you believe were caused by emissions from the Jefferson Parish Landfill, including the approximate first date that you believe emissions caused such injury(ies) or symptom(s).

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as it is vague and ambiguous as "physical and mental injuries" is unclear particularly in light of Plaintiffs' claims for nuisance injuries suffered (i.e., annoyance, decrease in quality of life, and interference with use and enjoyment of property) as a result of the Landfill's noxious emissions.  Plaintiff further objects as the information sought may be the subject of expert testimony.  Such testimony and reports will be tendered in compliance with the CMO.

Furthermore, interrogatory no. 6 is premature as discovery is ongoing.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waiving same, Plaintiff had symptoms from the summer of 2017 until approximately the summer of 2019.  She suffered with migraine headaches, nausea, loss of appetite, sleep disruption, dizziness, fatigue, anxiety/worry, decrease in the quality of life, and loss of use and enjoyment of her property.

**INTERROGATORY NO. 7:**

Identify all physicians, healthcare providers, or other medical professionals who treated, consulted with, or examined you between January 1, 2015, to present, for the physical or mental injury(ies) or symptom(s) you believe were caused by exposure to emissions from the Jefferson Parish Landfill, including:

  a. The name of the physician, health care provider, or other medical professional, and the name and address of the facility at which they practice;

    b.  The approximate date(s) when you sought treatment from, were examined by, or consulted

       with the physician, health care provider, or other medical professional; and

    c.  The injury(ies) or symptom(s) for which you sought treatment from, were examined by, or

       consulted with the physician, health care provider, or other medical professional.

## OBJECTION TO INTERROGATORY NO. 7:

Plaintiff objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.  Plaintiff further objects to the breadth of this Interrogatory in that it requests "all physicians, healthcare providers, and or other medical professionals…"  Said Interrogatory seeks information that is not relevant to the claims or defenses asserted in this litigation.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

## ANSWER TO INTERROGATORY NO. 7:

Subject to said objections and without waiving same, Plaintiff did not consult with any medical providers.

## INTERROGATORY NO. 8:

Identify all pharmacies where you filled your prescription(s) between January 1, 2015, to present, including (i) the name and address of the pharmacy, (ii) the approximate dates during which you filled prescriptions at the pharmacy, and (iii) the prescriptions you filled at the pharmacy.

**OBJECTION TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory as it is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Plaintiff further objects because this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

**ANSWER TO INTERROGATORY NO. 8:**

Subject to said objections and without waiving same, Plaintiff filled prescriptions at Walgreens in River Ridge and Ciolino in Harahan.

**INTERROGATORY NO. 9:**

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 9:**

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing. Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

**ANSWER TO INTERROGATORY NO. 9:**

Subject to said objection and without waiving same, Plaintiff's claim includes the psychological effects of exposure to odors. These damages may consist of symptoms or effects

from the emissions, such as headaches, nausea, loss of appetite, sleep deprivation, dizziness, anxiety and/or fatigue. The damages also include loss of use and enjoyment of the home, loss of the enjoyment of life, and general nuisance damages.

**INTERROGATORY NO. 10:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory will be the subject of expert testimony. Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**ANSWER TO INTERROGATORY NO. 10:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which she was exposed.

## SPECIFIC TO OPHELIA WALKER

**INTERROGATORY NO. 1:**

Identify each property that you have owned or leased or where you have resided, including the dates during which you owned, leased, or resided at the property, and the nature of your ownership interest in the property (if any).

**OBJECTION TO INTERROGATORY NO. 1:**

Plaintiff objects as this Interrogatory is overly broad and not limited in time.  The relevant time period of this litigation is an established fact and interrogatories should reflect that finding.

Plaintiff further objects to this Interrogatory as the information sought is already known to Defendant through Jefferson Parish's own website that maintains the information requested.

**ANSWER TO INTERROGATORY NO. 1:**

Subject to said objections and without waiving same, Plaintiff has owned and resided at 516 South Jamie Blvd., Avondale, LA 70094 for more than twenty (20) years.

**INTERROGATORY NO. 2:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**OBJECTION TO INTERROGATORY NO. 2:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects specifically to the language "all testing performed" as it is overly broad, ambiguous, and unclear.

**ANSWER TO INTERROGATORY NO. 2:**

Subject to said objections and without waiving same, there has been no testing at Plaintiff's residence as a result of the incident in question.

**INTERROGATORY NO. 3:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish, and describe the dates and substance of all such communications.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as Interrogatory No. 1 is overly broad in asking Plaintiff to identify "all persons." Plaintiff further objects as this Interrogatory is overly broad and not relevant as it is not limited in time to the relevant time period in this litigation, which is July 1, 2017 through December 31, 2019.

**ANSWER TO INTERROGATORY NO. 3:**

Subject to said objections and without waiving same, Plaintiff communicated with the following individuals regarding the emissions in Jefferson Parish:

    a.  Plaintiff's husband, Rogers Walker, who is now deceased;

    b.  Plaintiff's friend, Ruby Veal, who is now deceased;

    c.  Plaintiff's nephew, Terrell Wilson; and

    d.  Councilman Byron Lee's Office.

Plaintiff discussed with these individuals how strong the smell was and how it would come and go and how it affected her grandchild with Asthma. The communications were verbal and took place over a couple of years.

**INTERROGATORY NO. 4:**

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

**OBJECTION TO INTERROGATORY NO. 4:**

Plaintiff objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because responsive information is in the custody, possession, or control or readily available to the Defendants, or in the custody, possession, or control of third parties.

Plaintiff further objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

**ANSWER TO INTERROGATORY NO. 4:**

Subject to said objections and without waiving same, Plaintiff can recall signing a document related to experiencing odors caused by Monsanto sometime around 1998 and an explosion at the Valero Refinery around the same time. She does not know any information about the status or whether there was ever a lawsuit or claim filed.

**INTERROGATORY NO. 5:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**OBJECTION TO INTERROGATORY NO. 5:**

Plaintiff objects as this Interrogatory is overly broad as the time period is not limited to the relevant time period in this litigation which is July 1, 2017- December 31, 2019.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Interrogatory because it is not relevant to claims or defenses asserted in this action. No Class Representative is making a claim for lost wages.

**ANSWER TO INTERROGATORY NO. 5:**

Subject to said objections and without waiving same, Plaintiff was employed by St. Charles Parish for 31 years and retired in May 2005. She acted as liaison between the City Council and citizens with various different entitlements. During her tenure she never handled hazardous gases or odors.

**INTERROGATORY NO. 6:**

Identify all physical or mental injury(ies) or symptoms you believe were caused by emissions from the Jefferson Parish Landfill, including the approximate first date that you believe emissions caused such injury(ies) or symptom(s).

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as it is vague and ambiguous as "physical and mental injuries" is unclear particularly in light of Plaintiffs' claims for nuisance injuries suffered (i.e., annoyance, decrease in quality of life, and interference with use and enjoyment of property) as a result of the Landfill's noxious emissions.  Plaintiff further objects as the information sought may be the subject of expert testimony.  Such testimony and reports will be tendered in compliance with the CMO.

Furthermore, interrogatory no. 6 is premature as discovery is ongoing.

**ANSWER TO INTERROGATORY NO. 6:**

Subject to said objections and without waiving same, Plaintiff suffered with anxiety/worry, sleeplessness, headaches, loss of enjoyment of property and general nuisance damages.

**INTERROGATORY NO. 7:**

Identify all physicians, healthcare providers, or other medical professionals who treated, consulted with, or examined you between January 1, 2015, to present, for the physical or mental injury(ies) or symptom(s) you believe were caused by exposure to emissions from the Jefferson Parish Landfill, including:

    a. The name of the physician, health care provider, or other medical professional, and the name and address of the facility at which they practice;

    b. The approximate date(s) when you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional; and

    c. The injury(ies) or symptom(s) for which you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional.

## OBJECTION TO INTERROGATORY NO. 7:

Plaintiff objects as this Interrogatory is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017- December 31, 2019.  Plaintiff further objects to the breadth of this Interrogatory in that it requests "all physicians, healthcare providers, and or other medical professionals…"  Said Interrogatory seeks information that is not relevant to the claims or defenses asserted in this litigation.

Plaintiff further objects as this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

## ANSWER TO INTERROGATORY NO. 7:

Subject to said objections and without waiving same, Plaintiff consulted with Dr. Patricia Gendusa with Ochsner Baptist on Napoleon Ave., New Orleans.

## INTERROGATORY NO. 8:

Identify all pharmacies where you filled your prescription(s) between January 1, 2015, to present, including (i) the name and address of the pharmacy, (ii) the approximate dates during which you filled prescriptions at the pharmacy, and (iii) the prescriptions you filled at the pharmacy.

**OBJECTION TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory as it is overly broad in the time period requested, seeking information 2015-present when the relevant time period in this litigation is July 1, 2017-December 31, 2019.

Plaintiff further objects because this Interrogatory is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues.  The burden or expense of the proposed discovery outweighs its likely benefit.

**ANSWER TO INTERROGATORY NO. 8:**

Subject to said objections and without waiving same, Plaintiff filled prescriptions at WalMart and CVS.

**INTERROGATORY NO. 9:**

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

**OBJECTION TO INTERROGATORY NO. 9:**

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing.  Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

**ANSWER TO INTERROGATORY NO. 9:**

Subject to said objection and without waiving same, Plaintiff's claim includes the psychological effects of exposure to odors.  These damages may consist of symptoms or effects

from the emissions, such as anxiety/worry, sleeplessness, headaches, loss of enjoyment of use of property, irritation to eyes, nose, and throat.

**INTERROGATORY NO. 10:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory may be the subject of expert testimony. Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**ANSWER TO INTERROGATORY NO. 10:**

Subject to said objections and without waiving same, Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which she was exposed.

Respectfully submitted,

_____/s/ Bruce C. Betzer_____
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com


_____/s/ Douglas S. Hammel_____
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com


_____/s/ Jason Z. Landry_____
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, III (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE


Hon. Max N. Tobias, Jr. (#12837)
LISKA, EXNICIOS & NUNGESSER
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937
maxtobias504@aol.com

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com


John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*Counsel for Ictech-Bendeck Plaintiffs*