UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,** | * * | **CIVIL ACTION** |
| Plaintiff | * * | **NO. 18-7889** c/w 18-8071, |
| **VERSUS** | * * | **18-8218, 18-9312** |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,** | * * | **SECTION: "E" (5)** |
| Defendants | * * * | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to the 11th Case Management Order, Plaintiffs and Class Representatives make the following objections to Defendants' Second Set of Requests for Production.

**GENERAL OBJECTIONS**

1. Plaintiffs object to all of the definitions contained in Defendants' Second Set of Requests for Production. Besides expanding the meaning of words beyond the plain meaning, Defendants provide inaccurate definitions. Defendants have also disguised questions within the definitions. All definitions as defined by Defendants in Defendants' Second Set of Requests for Production will not be recognized by Plaintiffs. Instead, the meaning of words will be the plain meaning and usage.

2. The discovery sought is not proportional to the needs of the case. Defendants' Second Set of Requests for Production attempts to increase the expense and burden of the Plaintiffs as the information sought is in Defendants' possession or otherwise equally or more easily

   attainable by Defendants and seeks duplicative information given on Plaintiffs' Fact Sheet ("PFS").

3. Plaintiffs object to the instructions, which purport to impose obligations outside of the relevant time frame. Defendants' "Instructions" to the Second Set of Requests for Production purports to impose obligations outside of the rules of civil procedure and the instructions are disguised interrogatories promulgated to circumvent the limitation on the number of interrogatories. Further, the "instructions" attempt to expand the proportionality of the needs of the case when considering the importance of the issues at stake. As an example, Defendants' instruction number 7 seeks "the entirety of your social media data" from "social media content" from four separate sites.

4. Plaintiffs are still in the process of determining if documents exist in each category requested. When the responses to Defendants' Second Set of Requests for Production are provided, Plaintiffs will further disclose whether documents are being withheld on the basis of the specific objections pursuant to the rules of civil procedure.

5. Plaintiffs object to this discovery to the extent that it is outside the scope permitted by Rule 26(b)(1), as it is of no importance in resolving the issues in this case, and designed to harass, annoy, or embarrass Plaintiffs.

**REQUEST FOR PRODUCTION NO. 167:**

All documents that you referred to or relied on in responding to the Defendants' interrogatories to you, including any documents identified in your responses thereto.

**OBJECTION TO REQUEST NO. 167:**

Plaintiffs object to Request No. 167 as it is overly broad, unclear and ambiguous. Specifically, using the terms "all documents" is indiscernible. Furthermore, many of the requested

documents are already in the Defendants' possession or has been produced by Defendants in discovery.

## SPECIFIC TO PHIL ADAMS

**REQUEST NO. 168:**

Any communications you made or content you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 168:**

Plaintiff objects to Request No. 168 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves. Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …" This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**REQUEST NO. 169:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 169:**

Plaintiffs object to Request No. 169 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties. This request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST NO. 170:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 170:**

Plaintiff objects Request No. 170 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**REQUEST NO. 171:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 171:**

Plaintiff objects to Request No. 171 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to

present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

**REQUEST NO. 172:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 172:**

Plaintiff objects to Request No. 172 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**REQUEST NO. 173:**

All documents responding to requests for information about, or inquiries into, injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 173:**

Plaintiff objects to Request No. 173 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents responding to requests for information … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST NO. 174:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 174:**

Plaintiff objects to Request No. 174 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**REQUEST NO. 175:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 175:**

Plaintiff objects to Request No. 175 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**REQUEST NO. 176:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 176:**

Plaintiff objects to Request No. 176 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**REQUEST NO. 177:**

Photographs from between January 1, 2017, and December 31, 2019, of: the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 177:**

Plaintiff objects to Request No. 177 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from January 1, 2017 when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**REQUEST NO. 178:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 178:**

Plaintiff objects to Request No. 178 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature. Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**REQUEST NO. 179:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 179:**

Plaintiff objects to Request No. 179 as being irrelevant. Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST NO. 180:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 180:**

Plaintiff objects to Request No. 180 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**REQUEST NO. 181:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 181:**

Plaintiff objects to Request No. 181 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product. Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

Respectfully submitted,

/s/ Bruce C. Betzer
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com


/s/ Douglas S. Hammel
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com


/s/ Jason Z. Landry
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, III (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*Counsel for Ictech-Bendeck Plaintiffs*