## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,** | * * | **CIVIL ACTION** |
| **Plaintiff** | * * | **NO. 18-7889** c/w 18-8071, |
| **VERSUS** | * * | **18-8218, 18-9312** |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,** | * * | **SECTION: "E" (5)** |
| **Defendants** | * * | **JUDGE: Morgan** |
| | * * | **MAGISTRATE JUDGE: North** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFFS' SECOND SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs and Class Representatives submit this second supplement to their answers to Defendants' First Set of Interrogatories as follows:

As per the agreement of the parties, Class representatives are responding to discovery requests for the time period January 1, 2016, through December 31, 2020.

## VERIFICATIONS

Executed Verification of class representative Kayla Anne Steele is attached. We are unable to produce an executed Verification for Elias Jorge Ictech-Bendeck at this time due to an illness in his family. We will provide same upon receipt.

## PRIVILEGE LOG

| Author | Document Type | Date | Document ID | Privilege |
|---|---|---|---|---|
| Jorge Ictech-Bendeck | text messages | Pre-suit | 1 | Attorney-client; Pre-suit communication between client and counsel, Seth Schaumberg, about potential litigation from odors |
| Jorge Ictech-Bendeck | Contingency Fee Agreement | 7/25/18 | 2 | Attorney-client |
| Savannah Thompson | Contingency Fee Agreement | 7/27/18 | 3 | Attorney-client |
| Larry Bernard | Contingency Fee Agreement | 7/27/18 | 4 | Attorney-client |
| Mona Bernard | Contingency Fee Agreement | 7/27/18 | 5 | Attorney-client |
| Nicole Landry-Boudreaux | Contingency Fee Agreement | 6/13/23 | 6 | Attorney-client |
| Robyn Crossman | Contingency Fee Agreement | 8/23/18 | 7 | Attorney-client |
| Ann Williams | Contingency Fee Agreement | 11/9/23 | 8 | Attorney-client |
| Kayla Anne Steele | Contingency Fee Agreement | 8/2018 | 9 | Attorney-client |
| Ophelia Walker | Contingency Fee Agreement | 9/6/18 | 10 | Attorney-client |
| Phil Adams | Contingency Fee Agreement | 11/1/23 | 11 | Attorney-client |

## ELIAS JORGE ICTECH-BENDECK

### Social Media

We are unable to produce the social media profile for Mr. Ictech-Bendeck due to an illness in his family. This information will be provided upon receipt.

## NICOLE LANDRY-BOUDREAUX

### Social Media

Below are the Facebook groups Ms. Landry-Boudreaux are in:

a.  John Ehret Alumni; and
b.  Lincolnshire Community.

## LARRY BERNARD

**Social Media**

Larry Bernard does not go on social media.

**Text Messages**

Larry Bernard only has a pre-paid phone and does not send/receive text messages.

## MONA BERNARD

**Social Media**

Mona Bernard did not post anything on social media related to this incident during the relevant time period.

**Text Messages**

Mona Bernard no longer has text messages related to this incident during the relevant time period.

## KAYLA ANNE STEELE

**Social Media**

This information has been requested and will be produced once it is received.

**Text Messages**

Kayla Anne Steele's telephone does not contain text messages during the relevant time period.

**Second Amended Answer to Interrogatory No. 5:**

Kayla Anne Steele adds the following employment:

Plaintiff had worked for Thionville Labs & Surveying for seven years as an administrative assistant.

## OPHELIA WALKER

### Social Media

Ophelia Walker did not post anything on social media related to this incident during the relevant time period.

## PHIL ADAMS

### Social Media

Phil Adams did not post anything on social media related to this incident during the relevant time period.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Any communications you made or contend you posted on a social networking website or any other similar websites or Social Media services.

**OBJECTION TO REQUEST NO. 1:**

Plaintiff objects to Request No. 1 as it is requesting Plaintiff to produce documents relating to at least eight separate sites, as ordered by "definition" number seventeen, under just one Request for Production.

Plaintiff further objects as this responsive information is already in the possession, custody, or control or easily available to Defendants, or in the custody, control, or possession of third parties, including but not limited to the sites themselves. Further, upon information and belief, the Defendants or agents of the Defendants, have hired Boscoe Legal Services, to search Plaintiff's social medial profiles.

Plaintiff further objects as this request is overly broad, ambiguous and not relevant in requesting "Any communications you made or content you posted on a social networking website or any other similar …" This request seeks documents from eight social media or website services from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Further, this Request does not limit the scope of the production to claims/defenses raised in this action, rather, "instruction" number seven orders "the entirety of your social media data" and therefore seeks irrelevant information.

**RESPONSE TO REQUEST NO. 1:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 2:**

All communications between you and any Defendant or governmental entity relating to (i) the Jefferson Parish Landfill or any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish, or (iii) the facts, claims, or injuries you allege in this action. This request includes complaints made to any Defendant or governmental entity about odors or other environmental conditions.

**OBJECTION TO REQUEST NO. 2:**

Plaintiffs object to Request No. 2 as the responsive information is in the custody, control, or possession or easily available to Defendants, or in the possession, custody, or control of third parties. This request is duplicative of information already provided to Defendants in the Plaintiff Fact Sheet and also seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 2:**

Subject to the above objections and without waiving same, the Plaintiff is not in possession of any document responsive to this request.

**REQUEST NO. 3:**

All communications between you and persons involved with or employed by media organizations, including newspapers, radio stations, podcasts, and television stations relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 3:**

Plaintiff objects Request No. 3 because the responsive information is in the possession, control, or custody or readily available to the Defendants, or in the possession, control, or custody of third parties.

Plaintiff further objects to this request to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and persons involved …" is indiscernible and seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 3:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 4:**

All communications between you and any other person relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (iii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 4:**

Plaintiff objects to Request No. 4 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All communications between you and any other person relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects as this request is compounded and improperly seeks four responses within just one Request for Production and improperly calls for production of privileged documents and/or information, and production that is attorney work product.

Plaintiff objects as this request is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Pursuant to Rule 34, documents are withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 4:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 5:**

All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to (i) the Jefferson Parish Landfill, (ii) any other alleged source of Emissions (ii) Emissions you experienced in Jefferson Parish without regard to the suspected source, or (iv) the facts, claims, or injuries you allege in this action.

**OBJECTION TO REQUEST NO. 5:**

Plaintiff objects to Request No. 5 because it is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Plaintiff objects to this request as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents, including any notes, reports, minutes, videos, or descriptions, of any community or neighborhood meeting, or meeting of a governmental entity relating to …" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to

present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. It further improperly compounds six requests into a single Request for Production.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties. Plaintiff objects as the foregoing request is duplicative and the information sought is already known to Defendants in the form of responses in Plaintiff Fact Sheet.

**RESPONSE TO REQUEST NO. 5:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 6:**

All documents soliciting or otherwise inquiring into injuries or other impacts you may have experienced as a result of the potential exposure to Emissions (regardless of the source) in Jefferson Parish.

**OBJECTION TO REQUEST NO. 6:**

Plaintiff objects to Request No. 6 as it is overly broad, unclear, ambiguous, and not relevant in requesting "All documents soliciting or otherwise inquiring … (regardless of the source)" is indiscernible but to the degree that it can be understood, it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to this request as it calls for legal conclusion, seeks irrelevant information, and to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 6:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 7:**

Documents establishing the location or locations of your residence between July 1, 2017 and December 31, 2019, including any residence outside of Jefferson Parish. Such documents may include a deed, a lease or housing agreement, rent receipts, or utility bills.

**OBJECTION TO REQUEST NO. 7:**

Plaintiff objects to Request No. 7 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects as this Request seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Moreover, Plaintiff objects to this request as it seeks documents duplicative of Plaintiff's PFS, which is considered sworn testimony that they live, or lived, at the address in which they were exposed to dangerous emissions emanating from the Jefferson Parish Landfill during the relevant time period.

**RESPONSE TO REQUEST NO. 7:**

See attached copy of Plaintiff's Driver's License.

**REQUEST NO. 8:**

All documents relating to the alleged impact on you or your property of Emissions that you assert originated from the Jefferson Parish Landfill.

**OBJECTION TO REQUEST NO. 8:**

Plaintiff objects to Request No. 8 as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 8:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 9:**

All documents identifying or relating to a source (known or unknown) of emissions, including odors, gases, and particulates, in Jefferson Parish, other than the Jefferson Parish Landfill, and the alleged impact on you or your property of Emissions from that source.

**OBJECTION TO REQUEST NO. 9:**

Plaintiff objects to Request No. 9 as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 9:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 10:**

Photographs from between January 1, 2017, and December 31, 2019, of the outside of your property; your heating and cooling systems; any means through which Emissions allegedly entered your house; and your personal property that Emissions allegedly permeated. If such photographs are too numerous to produce without undue burden, produce representative photographs that show the above conditions and locations.

**OBJECTION TO REQUEST NO. 10:**

Plaintiff objects to Request No. 10 because it seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties, including but not limited to Google Earth.

Plaintiff further objects to this Request as being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

**RESPONSE TO REQUEST NO. 10:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 11:**

All documents, including any consultant or expert reports, relating to any actions that have been or are reasonably expected to be taken by you to determine, identify, eliminate, study, assess, or otherwise analyze, in whole or in part, Emissions that you allege exist or have existed on your property.

**OBJECTION TO REQUEST NO. 11:**

Plaintiff objects to Request No. 11 because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff objects as this request is premature. Plaintiff will produce responsive, non-privileged, non-work product documents pursuant to the CMO.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 11:**

Without waiving the above objections, this request seems to call for materials not in the possession of the Plaintiff, and where appropriate, documents will be produced in compliance with deadlines established in the case management order.

**REQUEST NO. 12:**

All documents, including tests and analyses, concerning mold, mildew, dust, and other particulates in your home or at your residence.

**OBJECTION TO REQUEST NO. 12:**

Plaintiff objects to Request No. 12 as being irrelevant. Plaintiff further objects to the request being overly broad and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019.

Plaintiff further objects to the extent that the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSE TO REQUEST NO. 12:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 13:**

All documents in your possession relating to any other demand, lawsuit, or worker's compensation claim that you have made or filed or that has been made or filed on your behalf involving (i) allegations of exposure to Emissions (regardless of the source), or (ii) allegations of the types of injuries you allege in this action.

**OBJECTION TO REQUEST NO. 13:**

Plaintiff objects to Request No. 13 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, and the parties' resources.  The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to the request being overly broad as it is not limited in time and irrelevant as it seeks to attain documents from 2015 to present, as ordered in "instruction" number one, when the relevant time period in this litigation is July 1, 2017 through December 31, 2019. Plaintiff objects because this request seeks production of things in the possession, custody, or control or easily available to the Defendants, or in the custody, control, or possession of third parties.

**RESPONSE TO REQUEST NO. 13:**

Subject to the above objections and without waving same, Plaintiff is not in possession of any documents responsive to this request.

**REQUEST NO. 14:**

All documents, including any retainer or other agreement, relating to the terms of your representation by your counsel in this case or the funding of this litigation.

**OBJECTION TO REQUEST NO. 14:**

Plaintiff objects to Request No. 14 as the information requested is of no importance in resolving the issues of this case, is not proportional to the needs of the case when considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

Case 2:18-cv-07889-SM-MBN Document 396-13 Filed 12/29/23 Page 16 of 17

access to the information, and the parties' resources. The burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects because this request seeks information that is privileged or is attorney work product. Plaintiff further objects to the vague and ambiguous nature of "funding" in this request.

Pursuant to Rule 34, documents are being withheld based on the foregoing objections.

**RESPONSE TO REQUEST NO. 14:**

Defendants are not entitled to this information.

Respectfully submitted,

    /s/ Bruce C. Betzer
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com

    /s/ Douglas S. Hammel
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501

airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*Counsel for Ictech-Bendeck Plaintiffs*