UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK,<br>        Plaintiff,<br><br>VERSUS<br><br><br>WASTE CONNECTIONS BAYOU, INC., ET AL.,<br>        Defendants.<br><br>*Related Case:*<br><br>FREDERICK ADDISION ET AL.,<br>        Plaintiffs,<br><br>VERSUS<br><br>LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,<br>        Defendants.<br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 18-7889<br>    c/w 18-8071,<br>        18-8218, 18-9312<br><br>SECTION: "E"(5)<br><br><br><br><br><br><br>CIVIL ACTION<br><br>NO. 19-11133<br><br>SECTION: "E"(5)<br><br><br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

**MEMORANDUM IN SUPPORT OF WASTE CONNECTIONS DEFENDANTS'
MOTION FOR RECONSIDERATION**

The Waste Connections Defendants[1] move the Court pursuant to Fed. R. Civ. P. 54(b) to reconsider its January 2, 2024 Order insofar as it requires the production of the two consulting expert communications at **WC_JPLF_SCS_PRIV_0288** ("288")[2] and **WC_JPLF_SCS_PRIV_0299** ("299").[3] In ordering the production of these two communications

---

[1] "Waste Connections" collectively refers to Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.
[2] References to Document 288 refer both to the email (WC_JPLF_SCS_PRIV_0288) and its attachment (WC_JPLF_SCS_PRIV_0288_001).
[3] The Waste Connections Defendants are producing the remaining documents addressed in the Court's January 2, 2024 Order by the deadline set forth therein. *See* January 4, 2024 Order (18-cv-07889, R. Doc. 397; 19-cv-11133, R. Doc. 468).

1

between outside counsel for the Waste Connections Defendants and their consulting expert SCS Engineers ("SCS"), it appears the Court overlooked the critical fact that they contain SCS's proposals for potential assessments it could perform to aid in the Waste Connections Defendants' defense of the litigation, including proposals for assessments that were not performed or have not previously been disclosed. *See Treece v. Perrier Condo. Owners Ass'n, Inc.*, 569 F. Supp. 3d 347, 356 (E.D. La. 2021) (Morgan, J.) (motions for reconsideration). To require production of the communications would result in manifest injustice and irreparable prejudice in revealing communications protected by the attorney-client privilege, work product doctrine, and consulting expert privilege, have a chilling effect on counsel's frank communications with their consultants, and offend important policies underlying the purpose of these protections. *See PIC Grp., Inc. v. Landcoast Insulation, Inc.*, No. 09-cv-662, 2010 WL 1794964, at *1 (S.D. Miss. Apr. 29, 2010) (granting in part Rule 59(e) motion for reconsideration due to "important privilege issues that could have a significant impact and effect on the case").

To the extent the proposals contain information concerning SCS's surface pollutant concentration measurement data reports[4] or the Special Waste Odor Evaluation Report,[5] SCS's methodologies and data are contained in the final reports and Plaintiffs will have the opportunity to depose SCS on the reports. Plaintiffs therefore cannot demonstrate a substantial or compelling need for disclosure. In the alternative, the Waste Connections Defendants request the Court permit the redaction of these documents for all information except the substantive descriptions of the surface pollutant concentration measurement reports (Task 1) and Special Waste Odor Evaluation

---

[4] This includes the (a) Surface Pollutant Concentration Measurements at the Jefferson Parish Landfill –Data Report, dated May 31, 2019 (WC_JPLF_00210878); (b) Surface Pollutant Concentration Measurements at the Jefferson Parish Landfill -- Supplemental Data Report, dated July 10, 2019 (WC_JPLF_00210732); and (c) Memorandum – Surface Pollutant Concentration Measurements at the Jefferson Parish Landfill, dated April 23, 2021 (WC_JPLF_00403662).
[5] Jefferson Parish Landfill Special Waste Odor Evaluation, dated September 24, 2019 (WC_JPLF_00406383).

Report (Task 4), which were the only tasks completed substantially as proposed in SCS's proposal attached to Document 288.

## I. SCS's proposals for the defense of the litigation are protected by the attorney-client privilege, work product doctrine, and Rule 26(b)(4)(D).

SCS's proposals for consulting expert services to aid in the Waste Connections Defendants' defense of this litigation are protected by the attorney-client privilege, work product doctrine, and consulting expert privilege, to the same extent as separate communications by SCS providing analysis. *See Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 420 (N.D. Ill. 2011) (non-testifying expert's suggested methodology for potential survey not subject to disclosure); *see also Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980) (noting that a party seeking disclosure of non-testifying consulting expert work carries a "heavy burden").

Documents 288 and 290 involve a February 15–18, 2019 email chain labeled "Additional Tasks for JPL Defense (Attorney Client Privileged Communication)." The email chain begins as a communication between Ms. Brillault of Beveridge & Diamond and Thomas Rappolt and Jim Walsh of SCS. The email chain is later extended to include Jeffrey Marshall of SCS and Matt Crockett, region engineer for the Waste Connections Defendants.

The content of the email chains and the attachment to Document 288 contain detailed, substantive descriptions of SCS's proposals to Beveridge & Diamond of potential assessments SCS could perform to aid in the defense of the litigation. This includes (i) Tasks 1 and 4 that resulted in the surface pollutant concentration data reports and the Special Waste Odor Evaluation Report, as further discussed below; (ii) Task 2 for a consulting expert assessment used in trial preparation that has not previously been disclosed;[6] and (iii) Tasks 3 and 5 presented SCS's

---

[6] On the November 13, 2023 privilege log, this task relates to documents WC_JPLF_PRIV_0542, WC_JPLF_PRIV_0543, and WC_JPLF_PRIV_0544. On the December 4, 2023 privilege log, this task relates to documents WC_JPLF_SCS_PRIV_0212, WC_JPLF_SCS_PRIV_0213, WC_JPLF_SCS_PRIV_0214,

3

proposal for assessments that were ultimately not performed. The attachment to Document 288 is further addressed directly to Ms. Brillault and labeled "Privileged and Confidential Attorney/Client Communication and/or Attorney Work Product" and identifies in the first paragraph that the proposals are intended to aid in the Waste Connections Defendants' defense of the Jefferson Parish Landfill litigation.[7]

SCS is a representative of the Waste Connections Defendants' lawyers under La. Code Evid. art. 506(A)(4) and the attorney-client privilege therefore attaches to communications between outside counsel and SCS, as a representative of the Waste Connections Defendants. La. Code Evid. art. 506(B). The communication was made in February 2019, approximately six months after the first class action was filed, and specifically discusses SCS's proposals for consulting expert work to aid in the defense of the litigation. SCS's opinions and theories about potential assessments it could perform to aid in the Waste Connections Defendants' legal defense were provided at the direction of outside counsel to help outside counsel understand the highly technical issues presented in the case, assist in counsel's evaluation of claims and defenses, and to inform case strategy. This purpose is supported on the face of the document—where SCS identified the proposal as intended to assist with defending the case—and in the affidavits SCS submitted on the Waste Connections Defendants' motion to quash.[8]

---

WC_JPLF_SCS_PRIV_0215, WC_JPLF_SCS_PRIV_0216, WC_JPLF_SCS_PRIV_0490, WC_JPLF_SCS_PRIV_0491, WC_JPLF_SCS_PRIV_0492, WC_JPLF_SCS_PRIV_0502, WC_JPLF_SCS_PRIV_0513, WC_JPLF_SCS_PRIV_0559, and WC_JPLF_SCS_PRIV_0618.

[7] The attachments to Document 290 are SCS logos that were part of an email signature.

[8] *See* Affidavit of Thomas Rappolt, dated March 29, 2023, at ¶ 7 (19-cv-11133, R. Doc. 368-2) (SCS assisted the Waste Connections Defendants' legal counsel in the defense of the litigation beginning in August 2018 through consulting expert advice, investigations, and evaluation of the Waste Connections Defendants' defenses and potential claims, all at the direction of counsel); Affidavit of Jeffrey Marshall, dated March 29, 2023, at ¶ 6 (19-cv-11133, R. Doc. 368-5) (special waste odor evaluation undertaken at outside counsel's direction in Mr. Marshall's role as a consulting expert).

By proposing several tasks for gathering and analyzing data from several different sources, SCS assisted the Waste Connections Defendants' litigation counsel to assess the strength, effort, and cost of available defenses and the strength of all parties' positions. *See* Rule 26(b)(4)(D) (protecting "facts known or opinions held" by consulting expert). By selecting some tasks and pausing or rejecting others, litigation counsel indirectly communicated their litigation priorities and their ranking of the relative value of various forms of information. These opinions and judgments are embodied in the proposal and in counsel's decisions as to whether, when, and how to proceed with the proposed tasks. Disclosure of that information would be an irreversible breach of the core protections surrounding consulting expert work product. *See Hanover Ins. Co. v. Plaquemines Par. Gov't,* 304 F.R.D. 494, 500 (E.D. La. 2015) (documents that reveal the attorney's opinions regarding the litigation protected).

For the same reason, these communications are deserving of the highest level of work product protection. Work product protection applies to materials prepared by a party, whether by counsel or a representative of the party, such as a consultant. *See Adams v. Mem'l Hermann*, 973 F.3d 343, 349 (5th Cir. 2020) (work product doctrine "protects materials prepared in anticipation of litigation, whether those materials were prepared by the attorney or by agents of the attorney"); *S. Scrap Material Co. v. Fleming*, No. 01-cv-2554, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003) (Knowles, J.) (work product "doctrine protects not only materials prepared by a party, but also materials prepared by a . . . representative of a party, including attorneys, consultants, agents, or investigators."). SCS's opinions and impressions concerning potential assessments do not constitute the type of "unannotated raw data, test results, maps indicating where samples were taken from" that the court found were purely factual and discoverable in *Southern Scrap*. *S. Scrap Material Co.*, 2003 WL 21474516, at *17. Instead SCS's proposals constituted descriptions of

work it *might* perform, and as indicated in the accompanying email, certain tasks were still pending approval by outside counsel. *See Sara Lee*, 273 F.R.D. at 420 (motion to compel denied). As set forth below, Plaintiffs have also not shown a substantial or compelling need for this information, and with respect to the surface pollutant concentration data reports and Special Waste Odor Evaluation Report, SCS's methodologies and data is contained in the produced final reports and Plaintiffs will have the opportunity to depose SCS concerning the reports.

Mr. Crockett's presence on the email also does not change the nature of the communication or convert it to "business advice." Mr. Crockett (the only non-attorney on the email other than SCS) was a necessary party for SCS to execute on its proposed tasks and his inclusion does not waive the privilege. *See Wash.-St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*, No. 17-cv-405, 2019 WL 2092566, at *5 (M.D. La. May 13, 2019) (attorney-client privilege extends to communications by agents or employees that participate as members of a team to provide information and documents to litigation counsel and obtain from counsel answers to the client's question); *CSX Transp., Inc. v. Chicago S. Shore*, No. 13-cv-285, 2015 WL 470393, at *4-5 (N.D. Ind. Feb. 4, 2015) (communications between consulting expert and client protected as work product). Moreover, as Waste Connections region engineer overseeing the Jefferson Parish Landfill at the time, Mr. Crockett's assessment of SCS's proposal was essential to Waste Connections' understanding and weighing of the value of SCS's work to the outside counsel's advice.

**II.  Plaintiffs have not shown a substantial need for this information.**

The Court's January 2 Order concerned documents relating to SCS's surface pollutant concentration reports and the Special Waste Odor Evaluation Report. Plaintiffs cannot demonstrate a substantial need for the information pertaining to these reports in Documents 288 and 290. With respect to the surface pollutant concentration data reports, Plaintiffs have SCS's final reports that

includes a description of the methodology, equipment used, and field notes, and Plaintiffs will also have the opportunity to depose SCS. With respect to the Special Waste Odor Evaluation Report, produced to Plaintiffs pursuant to court order, the report provides SCS's assessment from a review of landfill waste records that are available to all the parties. *See PacifiCorp v. Nw. Pipeline GP*, No. 10-cv-00099, 2012 WL 13195529, *3 (plaintiff not entitled to discovery of consulting expert's work product where plaintiff "[had] not explained why their own experts could not generate similar opinions once provided with the raw data and observations").

If the Court nevertheless requires production of references to these reports in Documents 288 and 290 (discussed in Tasks 1 and 4 of SCS's proposal), the Waste Connections Defendants respectfully request they be permitted to redact all remaining portions of the communications and their attachments.[9]

## CONCLUSION

The Waste Connections Defendants respectfully request the Court reconsider its January 2 Order and maintain the protections for these communications between SCS, the Waste Connections Defendants, and outside litigation counsel pursuant to the attorney-client privilege, the work product protection, and Rule 26(b)(4)(D).

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By:    /s/ Megan R. Brillault
      Megan R. Brillault (*pro hac vice*)
      Michael G. Murphy (*pro hac vice*)
      John H. Paul (*pro hac vice*)
      Katelyn E. Ciolino (*pro hac vice*)
      Katrina M. Krebs (*pro hac vice*)
      825 Third Avenue, 16th Floor

---

[9] This would include redaction of the full emails for Documents 288 and 290. For the attachment to Document 288 (WC_JPLF_SCS_PRIV_0288_001), this would include redaction of all parts of the proposal *except* Task 1 beginning on page 2, Task 4 beginning on page 8, and the attachments to the proposal.

7

New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035


LISKOW & LEWIS, APLC

Michael C. Mims (#33991)
Charles B. Wilmore (#28812)
J. Hunter Curtis (#39150)
Alec Andrade (#38659)
Cecilia Vazquez Wilson (#39373)
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on January 3, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Megan R. Brillault
OF COUNSEL
