# Jason Z. Landry

| | |
|---|---|
| **From:** | Katrina M. Krebs <KKrebs@bdlaw.com> |
| **Sent:** | Tuesday, October 17, 2023 9:52 PM |
| **To:** | Douglas Hammel |
| **Cc:** | John Sileo; airpino@irpinolaw.com; KGray@irpinolaw.com; lhiggins@irpinolaw.com; probertson@irpinolaw.com; angela@favretlaw.com; dean@favretlaw.com; lfavret@favretlaw.com; seth@favretlaw.com; Jason Z. Landry; Larry J. Centola; Neil F. Nazareth; bruce@brucebetzer.com; casey@johnsileolaw.com; freddiekingiii@yahoo.com; hharper@hlharperandassociates.com; Jeremy J. Landry; Scott R. Bickford; maxtobias504@aol.com; Megan R. Brillault; John H. Paul; Michael C. Mims (mmims@liskow.com); Katelyn E. Ciolino; Michael F. Vitris; Mike Futrell; Matthew Moghis; John Baay; Mike DiGiglia; Nick Bergeron |
| **Subject:** | RE: Ictech-Bendeck - Class Representatives' Responses to RFPs |

Doug—

Thank you for the amended responses. While they address certain deficiencies in Requests Nos. 30, 44, 55, and 58, the amended responses do not fully resolve the deficiencies identified by Defendants.

First, the responses are not clear as to whether documents are being withheld. For example, the Class Representatives object to producing documents from January 1, 2015 to present, as they assert that the relevant time period for purposes of discovery is limited to July 1, 2017 to December 31, 2019. You also maintain those objections in your email below. However, the responses made "subject to" and "without waiving" the objections do not state whether any documents are withheld based on the time period objections. Based on your email, we assume that the Class Representatives do not intend to amend their responses to address this ambiguous and improper language. Please let us know if that is incorrect.

Second, the Class Representatives' objections to the time period for the discovery requests are improper regardless, as discussed in our prior meet and confer and Defendants' email below. In addition to not amending the responses to state whether documents are being withheld based on these objections, based on your email, we assume that the Class Representatives will not withdraw these time period objections. Please let us know if that is incorrect.

Third, Requests Nos. 1 – 12 do not seek privileged information or work product. While expert reports may be one category of documents responsive to these requests, the requests seek factual information regarding the bases for the Class Representatives' claims, damages, and proposed class, as explained in our prior meet and confer. And Request No. 1 simply reflects Plaintiffs' continuing obligation to produce documents containing general causation information. *See* ECF No. 141, Sixth Case Management Order. Based on your email and objections, we assume that the Class Representatives refuse to respond to Requests Nos. 1 – 12. Please let us know if that is incorrect.

Fourth, by this Friday, please provide a reasonable date within the next two weeks by which Defendants can expect the Class Representatives' additional productions—including of the text messages identified as responsive in the Class Representatives' interrogatory responses—with amended responses, re-production of the original responses in compliance with the ESI Protocol, and privilege logs. Two weeks should be more than sufficient given the amount of time that has passed since the requests were first served. Defendants also require these responses to move forward with the depositions of the Class Representatives, which the parties have limited time to take, and to timely move to compel further discovery responses, if needed. In addition, please confirm that the Class Representatives ran the searches agreed upon in the ESI Protocol, in addition to conducting any other searches or investigations needed to identify responsive documents.

Regards,

Katrina

**Katrina M. Krebs**
Associate

**BEVERIDGE & DIAMOND PC**
O +1.212.702.5472 ~ M +1.518.860.4216 ~ KKrebs@bdlaw.com

---

**From:** Douglas Hammel <douglashammel@gmail.com>
**Sent:** Monday, October 9, 2023 5:33 PM
**To:** Katrina M. Krebs <KKrebs@bdlaw.com>
**Cc:** John Sileo <jack@johnsileolaw.com>; airpino@irpinolaw.com; KGray@irpinolaw.com; lhiggins@irpinolaw.com; probertson@irpinolaw.com; angela@favretlaw.com; dean@favretlaw.com; lfavret@favretlaw.com; seth@favretlaw.com; Jason Z. Landry <jzl@mbfirm.com>; Larry J. Centola <lcentola@mbfirm.com>; Neil F. Nazareth <nnazareth@mbfirm.com>; bruce@brucebetzer.com; casey@johnsileolaw.com; freddiekingiii@yahoo.com; hharper@hlharperandassociates.com; Jeremy J. Landry <jjl@mbfirm.com>; Scott R. Bickford <srb@mbfirm.com>; maxtobias504@aol.com; Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Michael C. Mims (mmims@liskow.com) <mmims@liskow.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael F. Vitris <MVitris@bdlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Nick Bergeron <nbergeron@glllaw.com>
**Subject:** Re: Ictech-Bendeck - Class Representatives' Responses to RFPs

**[EXTERNAL SENDER: Use caution with links/attachments]**

---

Katrina,
Thank you for your email above. Please see the response below as well as the amended responses attached to this email.
This should resolve most of the issues, and we are available to discuss any that the defendants believe still remain outstanding.


   A.  Subject to and without waiving
      1      Plaintiffs' responses, where appropriate, indicate whether documents are being withheld. Defendants' responses did not, and that is the difference. We believe the language is appropriate and defendants know whether documents are being withheld.

   B.  Inconsistent or unclear responses
      1      As you know, requests for production 1-12 are thinly concealed attempts to gain insight into trial strategy, and improperly seek information from counsel. Documents like expert reports, for example, are documents that would be responsive and will be produced by deadlines established in the CMO.

      Additionally, your letter references number 1 which requests documents containing general causation information not already produced. I am not aware of any documents produced by Plaintiffs for General Causation and can you clarify what documents you believe would apply only to General Causation?

      2      After making a diligent search, there are not any documents responsive to your requests, but a plaintiff may later recall something that is              responsive or information may be able to be gathered later that was not possible without professional assistance. This way we are providing an              accurate answer

without subjecting ourselves to accusations of withholding relevant information erroneously and accounting for still attempting to gather information.

C. Time Period

    1    Plaintiffs believe that the duration of exposure as determined by the Court in its General Causation findings is the appropriate timeframe for discovery of relevant information. We believe your example of the Judges' previous ruling does not apply because Property diminution claims are not the same as nuisance claims for many reasons, not the least of which is the temporal element required to determine a home's value versus a limited exposure to noxious odors.

D. Deficiencies as to specific requests

    1    With this letter, Plaintiffs are providing an amended response to numbers 9, 10, 11, 30, 44, 55, and 58.

    2    The amended responses provide a description of the produced documents.

E. ESI Protocol

    1, 2, & 3.    The instructions to download social media profiles are not as simple as it seems. To assist, the Plaintiffs have contracted with Michael Perry from I-Corp to work with the Plaintiffs to produce their social media profiles and deliver them in compliance with the ESI protocol.

F. Further productions

    1.    This information will be produced with the assistance of a professional.

G. Privilege log

    1.    A privilege log will be produced where appropriate.

Regards,
Doug

On Fri, Sep 29, 2023 at 1:28 PM Katrina M. Krebs <KKrebs@bdlaw.com> wrote:

> Doug, Jason, Bruce, Jack, and others—
>
> We are following up regarding the Class Representatives' September 15, 2023 responses to Defendants' First Set of Requests for Production. We have identified a number of deficiencies in the responses, which are summarized below. We expect that we can resolve the bulk of these issues via email, but please let us know if a call is needed.

A. "Subject to and without waiving" language:

1. For many responses, the Class Representatives state that they are responding "subject to and without waiving the above objections," "subject to the above objection," or "without waiving the above objections," without explaining what (if any) documents are being withheld based on the objections. As you recall, in Plaintiffs' motion to compel discovery against the Waste Connections Defendants, Plaintiffs argued that this language was "improper," has "no basis in the Federal Rules of Civil Procedure," and results in the objections being "waived." ECF No. 324-1 at 11-12. In the Court's June 8, 2023 Order, the Court stated that this qualifying language is "insufficient," and required the responding party to state "whether any documents have been withheld and on what basis." ECF No. 344 at 1-2, 2 n.2.

    Consistent with Plaintiffs' prior arguments and the Court's June 8, 2023 Order, please remove this qualifying language from your responses and state whether documents have been withheld and, if so, on what basis.

B. Inconsistent or unclear responses:

1. With respect to Requests No. 1-12, the Class Representatives state that they "will not respond to these requests." The individual responses to Requests No. 1-12 then state that the requests seek material purportedly not in possession of the Class Representatives, and any documents will be produced in compliance with deadlines established in the case management order. Please clarify (i) whether the Class Representatives intend to respond to Requests No. 1-12, and (ii) if so, specify which deadlines in the case management order the responses are referring to. Further, to the extent that Plaintiffs currently have documents responsive to certain of these requests—e.g., Request No. 1, which calls for the production of documents containing general causation information not already produced—Defendants disagree that these documents do not need to be immediately produced.

2. A number of responses state that the Class Representative "is not in possession of any document responsive to this request," and then provide that the Class Representative "will supplement this request as information becomes available." *See, e.g.*, responses to Request Nos. 14, 15, 20, 22. Other requests simply state that the Class Representative "will supplement this request as information becomes available" or that the Class Representative "reserves the right to supplement this response at a later date." *See, e.g.*, responses to Request Nos. 13, 16, 98. These responses are ambiguous regarding whether any additional responsive documents exist, and—for at least some responses—appear to be inaccurate. For example, the response to Request No. 111 states that Class Representative Kayla Anne Steele does not have documents responsive to the request for communications she posted on social media; however, the publicly available posts on her Facebook page include photos of her traveling, one of the categories of social media posts that you agreed to produce on September 22, 2023. Moreover, the relevant time period ended on December 31, 2019, so it is not clear what is meant by "as information becomes available."

4

      Where the responses include this ambiguous language, please confirm that all responsive documents have been produced in response to the requests to specific Class Representatives or produce such documents.

C. <u>Time Period</u>:

1. As discussed during our prior meet and confer, we disagree that discovery of the Class Representatives is limited to July 1, 2017, through December 31, 2019. Defendants are entitled to documents from January 1, 2015, onward, as such documents may show that there were other potential sources of the Class Representatives' injuries (e.g., by showing that the individual complained of odors from the Harahan Sewage Treatment Plant, or another source, prior to July 1, 2017). The Court already addressed this issue with respect to discovery on the *Addison* Plaintiffs' property value diminution claims and concluded that Defendants could seek documents reaching back to January 1, 2015, as reflected in the Tenth Case Management Order. ECF No. 336 at 2.

D. <u>Deficiencies as to specific requests</u>:

1. The responses to Request Nos. 30, 44, and 58 reference the response to Request No. 13, which was directed to Plaintiff Elias Ictech-Bendeck. However, Requests Nos. 30, 44, and 58 were directed to other class representatives. Please correct these responses.

2. The response to Request No. 55 states "see the attached document." Please clarify what "attached document" this response references.

E. <u>ESI Protocol</u>:

1. The parties agreed to a protocol governing the production of electronically stored information ("ESI"). ECF No. 90. In that protocol, you agreed to collect ESI, including social media accounts, from the Class Representatives using negotiated search terms, and then to review those searches in responding to the requests. ECF No. 90 at 6, App'x D. Please confirm that you ran these searches in responding to Defendants' requests, in addition to conducting any other searches or investigations needed to identify relevant documents (e.g., discussing with the Class Representative the examples of the types of responsive documents that Defendants provided at your request).

2. Consistent with the instructions in Defendants' First Set of Requests for Production, the ESI protocol provides that for social media, the Class Representatives are to produce an authentic copy of the archived social media as provided by the social media application or site. Please re-produce the Class Representatives' social media posts, *see, e.g.*, 00001, as well as any additional posts that need to be produced, in accordance with the ESI protocol by October 9, 2023.

3. The ESI protocol also governs the production format for ESI and scanned hard copies, including providing specifications regarding the file types and metadata that must be produced. Please re-produce the Class Representatives' responsive documents in accordance with the ESI protocol by October 9, 2023.

F. <u>Further productions</u>:

1. Please produce any additional documents responsive to Defendants' requests by October 9, 2023. This includes social media content, as you agreed on September 22, 2023, to produce social media content relating to quality of life, travel, use of the home, and symptoms complained of in this action (whether related to landfill emissions or not).

G. <u>Privilege log</u>:

1. The Class Representatives stated in their responses that documents are being withheld based on privilege. Please provide a privilege log by October 16, 2023.

Defendants reserve the right to raise additional deficiencies in the September 15, 2023 responses, including Plaintiffs' failure to produce retainer agreements (discussed during the parties' meet and confer on the objections).

We also disagree with the Class Representatives' objections to Defendants' First Set of Interrogatories, served on September 13, 2023. However, that discussion would be most productive after we receive and review the Class Representatives' responses to the interrogatories, due today.

Regards,

Katrina

**Katrina M. Krebs**

Associate

**BEVERIDGE & DIAMOND PC**

O +1.212.702.5472 ~ M +1.518.860.4216 ~ KKrebs@bdlaw.com

**From:** John Sileo <jack@johnsileolaw.com>
**Sent:** Friday, September 22, 2023 8:27 AM
**To:** Katrina M. Krebs <KKrebs@bdlaw.com>
**Cc:** airpino@irpinolaw.com; KGray@irpinolaw.com; lhiggins@irpinolaw.com; probertson@irpinolaw.com; angela@favretlaw.com; dean@favretlaw.com; lfavret@favretlaw.com; seth@favretlaw.com; bruce@brucebetzer.com; casey@johnsileolaw.com; douglashammel@gmail.com; freddiekingiii@yahoo.com; hharper@hlharperandassociates.com; Jeremy J. Landry <jjl@mbfirm.com>; Jason Z. Landry <jzl@mbfirm.com>; Larry J. Centola <lcentola@mbfirm.com>; Neil F. Nazareth <nnazareth@mbfirm.com>; Scott R. Bickford <srb@mbfirm.com>; maxtobias504@aol.com; Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Michael C. Mims (mmims@liskow.com) <mmims@liskow.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael F. Vitris <MVitris@bdlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Nick Bergeron <nbergeron@glllaw.com>
**Subject:** Re: Ictech-Bendeck - Defendants' Discovery Requests

**[EXTERNAL SENDER: Use caution with links/attachments]**

Yes.  I do.  Jack

Sent from my iPhone

> On Sep 21, 2023, at 8:09 PM, Katrina M. Krebs <KKrebs@bdlaw.com> wrote:
>
> Doug, Jason, Bruce, and others—
>
> Attached are Defendants' second set of requests for production to the class representatives, and first set of interrogatories to class representative Phil Adams.
>
> As we agreed with respect to Request No. 13, No. 27, No. 41, No. 55, No. 69, No. 83, No. 97, No. 111, No. 125, No. 139, and No. 153 directed to the other class representatives, we agree to limit Request No. 168 to any communications Mr. Adams made or content he posted on a social networking website

or any other similar websites or social media services relating to quality of life, travel, use of the home, and symptoms complained of in this action (whether related to landfill emissions or not). Again, this is the same criteria that the *Addison* counsel proposed to narrow the scope of a similar request in that action. Please let us know if you agree to this limitation for both Mr. Adams and the other class representatives.

Regards,

Katrina

**Katrina M. Krebs**

Associate

**BEVERIDGE & DIAMOND PC**

O +1.212.702.5472 ~ M +1.518.860.4216 ~ KKrebs@bdlaw.com

---

**From:** Katrina M. Krebs
**Sent:** Friday, September 1, 2023 5:57 PM
**To:** airpino@irpinolaw.com; kgray@irpinolaw.com; lhiggins@irpinolaw.com; probertson@irpinolaw.com; angela@favretlaw.com; dean@favretlaw.com; lfavret@favretlaw.com; seth@favretlaw.com; bruce@brucebetzer.com; casey@johnsileolaw.com; jack@johnsileolaw.com; douglashammel@gmail.com; freddiekingiii@yahoo.com; hharper@hlharperandassociates.com; Jeremy J. Landry <jjl@mbfirm.com>; Jason Z. Landry <jzl@mbfirm.com>; Larry J. Centola <lcentola@mbfirm.com>; Neil F. Nazareth <nnazareth@mbfirm.com>; Scott R. Bickford <srb@mbfirm.com>; maxtobias504@aol.com
**Cc:** Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Michael C. Mims (mmims@liskow.com) <mmims@liskow.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael F. Vitris <MVitris@bdlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Nick Bergeron <nbergeron@glllaw.com>
**Subject:** Ictech-Bendeck - follow up from meet and confer

Doug, Jason, Bruce, and others—

We are following up on the issues discussed during Wednesday's meet and confer regarding Plaintiffs' objections to Defendants' first set of requests for production to the class representatives.

First, as you requested, we agree to extend the deadline for Plaintiffs' responses to the requests for production by ten days, or until September 15.

Second, by next Tuesday, September 5, please confirm in writing that Plaintiffs in the consolidated *Ictech-Bendeck* putative class actions have withdrawn their claims for property value diminution, as you represented during the meet and confer and during status conferences. This will allow us to avoid serving requests for production directed at property value diminution claims.

Third, we agree to limit Request No. 13, No. 27, No. 41, No. 55, No. 69, No. 83, No. 97, No. 111, No. 125, No. 139, and No. 153 to any communications class representatives made or content they posted on a social networking website or any other similar websites or social media services relating to quality of life, travel, use of the home, and symptoms complained of in this action (whether related to landfill emissions or not). This is the same criteria that the *Addison* counsel proposed to narrow the scope of a similar request in that action. Please let us know if you agree to this limitation.

Fourth, as you requested during the meet and confer, below are illustrative examples of types of responsive documents. Note that this list is not exhaustive and does not limit the scope of Defendants' requests for production; it merely illustrates the types of documents that could be responsive.

1. Emails sent or received by the class representative that discuss odors, smells, gases, or particulates experienced at their home or elsewhere in Jefferson Parish—whether those odors, smells, gases, or particulates are attributed to the Jefferson Parish Landfill or another source.
2. Emails sent or received by the class representative that discuss the Jefferson Parish Landfill, other industry or potential sources in Jefferson Parish, impacts to the use of their home, symptoms they believe are caused by the Jefferson Parish Landfill, or other nuisance injuries.
3. Confirmations or records of complaints submitted to LDEQ, other government agencies, the Jefferson Parish Landfill, or other industry or businesses. These documents may mention an odor or smell, identify a potential source, or include the word "complaint" in them.
4. Texts (or other messages on WhatsApp or other chat apps) sent to or received from friends, neighbors, or family (among others) that mention odors, smells, gases, particulates, potential sources, the Jefferson Parish Landfill, impacts to the use of the home, relevant symptoms, or other nuisance injuries.
5. Notes, journal entries, or other records mentioning odors, smells, gases, particulates, potential sources, the Jefferson Parish Landfill, impacts to the use of the home, relevant symptoms, or other nuisance injuries.
6. Comments made on Facebook, the Nextdoor app, or other social media sites—either on the class representative's own page, on other people's pages, or in groups or on neighborhood pages—about odors, smells, gases, particulates, potential sources, the Jefferson Parish Landfill, impacts to the use of the home, relevant symptoms, or other nuisance injuries.
7. Direct messages sent on Facebook or Instagram about odors, smells, gases, particulates, potential sources, the Jefferson Parish Landfill, impacts to the use of the home, relevant symptoms, or other nuisance injuries.
8. Notes from meetings attended about the Jefferson Parish Landfill, odors, or other industry in Jefferson Parish.

9. Medical records or pharmacy records.
10. Videos or photographs taken of meetings or otherwise relating to odors, smells, gases, particulates, the Jefferson Parish Landfill, and other industry in Jefferson Parish.
11. Records of phone calls with LDEQ, friends, neighbors, or family about odors, smells, gases, particulates, potential sources, the Jefferson Parish Landfill, impacts to the use of the home, relevant symptoms, or other nuisance injuries.
12. Copies of any surveys or other requests for information completed about odors, smells, gases, particulates, the Jefferson Parish Landfill, or industry in Jefferson Parish.
13. A copy of a driver's license, utility bill, or other documentation of the class representative's address.
14. Representative photos from between January 1, 2017, and December 31, 2019, depicting the outside of the class representative's property—including the backyard, front yard, and side yards—the heating and cooling systems, any furniture or other personal property the representative alleges were permeated by odors, and any means through which the representative believes the odors entered the house.
15. Records, reports, or emails about any testing or sampling conducted at the class representative's property of odors, gases, particulates, mold, mildew, or dust.
16. Records of any lawsuits, demands, or worker's compensation claims the class representative made or filed that involved allegations of exposure to odors, gases, or particulates, or allegations of impacts to the use of the home, the relevant symptoms, or other nuisance injuries.

Have a good holiday weekend.

Regards,

Katrina

**Katrina M. Krebs**

Associate

**BEVERIDGE & DIAMOND PC**

O +1.212.702.5472 ~ M +1.518.860.4216 ~ KKrebs@bdlaw.com

**From:** Katrina M. Krebs
**Sent:** Wednesday, August 30, 2023 6:34 PM
**To:** airpino@irpinolaw.com; kgray@irpinolaw.com; lhiggins@irpinolaw.com; probertson@irpinolaw.com; angela@favretlaw.com; dean@favretlaw.com; lfavret@favretlaw.com; seth@favretlaw.com; bruce@brucebetzer.com; casey@johnsileolaw.com; jack@johnsileolaw.com; douglashammel@gmail.com; freddiekingiii@yahoo.com; hharper@hlharperandassociates.com; Jeremy

J. Landry <jjl@mbfirm.com>; Jason Z. Landry <jzl@mbfirm.com>; Larry J. Centola <lcentola@mbfirm.com>; Neil F. Nazareth <nnazareth@mbfirm.com>; Scott R. Bickford <srb@mbfirm.com>; maxtobias504@aol.com
**Cc:** Megan R. Brillault <MBrillault@bdlaw.com>; John H. Paul <JPaul@bdlaw.com>; Michael C. Mims (mmims@liskow.com) <mmims@liskow.com>; Katelyn E. Ciolino <KCiolino@bdlaw.com>; Michael F. Vitris <MVitris@bdlaw.com>; Mike Futrell <mfutrell@connicklaw.com>; Matthew Moghis <moghis@connicklaw.com>; John Baay <jbaay@glllaw.com>; Mike DiGiglia <mdigiglia@glllaw.com>; Nick Bergeron <nbergeron@glllaw.com>
**Subject:** Ictech-Bendeck - Defendants' Interrogatories

Counsel—

Attached please find Defendants' Interrogatories directed to the named Plaintiffs and other class representatives in the *Ictech-Bendeck* action.

As discussed during today's meet and confer, please confirm in writing that Plaintiffs in the consolidated *Ictech-Bendeck* putative class actions have withdrawn their claims for property value diminution. We will follow up on the other issues discussed during the meet and confer this week.

Regards,

Katrina

**Katrina M. Krebs**

Associate

825 Third Avenue, 16th Floor ~ New York, NY 10022 ~ bdlaw.com

O +1.212.702.5472 ~ M +1.518.860.4216 ~ KKrebs@bdlaw.com

**CONFIDENTIALITY STATEMENT:** This electronic message contains information from the law firm of Beveridge & Diamond, P.C. and may be confidential or privileged. The information is intended solely for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be aware that any disclosure,

copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at +1.202.789.6000 or by e-mail reply and delete this message. Thank you.

<2023-09-21 Second Set of RFPs to Plaintiffs and Class Reps.pdf>

<2023-09-21 Interrogatories to Class Representative Phil Adams.pdf>

--
Douglas Hammel
Attorney at Law
3129 Bore Street
Metairie, La. 70001
504.304.9952 phone
504.304.9964 fax
*Helping Good People in Unfortunate Situations*

CONFIDENTIALITY NOTICE: This e-mail transmission and any accompanying documents are solely for the use of the intended recipient and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosures, copying, distribution, or action taken or omitted in reliance on it is strictly prohibited. If you received this information in error, please notify the sender immediately and delete the original transmission.