## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,** Plaintiff | **CIVIL ACTION** |
| | **NO. 18-7889** c/w 18-8071, 18-8218, 18-9312 |
| **VERSUS** | |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,** Defendants | **SECTION: "E" (5)** |
| | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS

## TABLE OF CONTENTS

Table of Contents ..................................................................................................................... ii

Introduction ........................................................................................................................... 1

Argument ............................................................................................................................... 2

     I. The contingency fee agreements are relevant, and the proposed class representatives no longer contend that privilege applies ................................................................................. 2

     II. RFP Nos. 1-12 properly seek documents regarding the proposed class representatives' claims, alleged damages, and basis for class certification. .................................................. 5

     III. The proposed class representatives must clearly state whether documents or information have been withheld and, if so, on what basis. ................................................ 8

     IV. The proposed class representatives should remedy their deficient privilege log. .......... 9

Conclusion ........................................................................................................................... 10

## INTRODUCTION

Defendants are entitled to unambiguous and complete responses to their reasonable discovery requests that bear directly on the proposed class representatives' claims and alleged damages and on the propriety of class certification. The putative class representatives' opposition provides no basis for holding otherwise, and the representatives now walk away from certain of their privilege claims and other objections.

The proposed class representatives' contingency fee agreements with counsel are not protected by the attorney-client privilege, as they appear to concede. And the fee agreements readily satisfy the relevancy standard, which the proposed class representatives acknowledge is liberally construed, because they are relevant to the adequacy of representation—particularly given the potential conflicts that are already apparent in the record. Defendants' Requests for Production ("RFPs") Nos. 1 to 12 seek factual documents regarding the proposed class representatives' claims, alleged damages, and basis for class certification, though the proposed representatives' opposition raises new, unsubstantiated objections and seeks to obscure these simple requests.

Unaccountably, the proposed class representatives resist providing a clear statement as to whether they are withholding any documents based on generalized objections and qualifications, as federal courts require. Finally, the proposed class representatives' privilege log does not include basic information required to assess their claim of attorney-client privilege, specifically the approximate dates of text messages that they only now admit are deleted.

The proposed class representatives have not supported their objections or justified their vague discovery responses, and these deficiencies undermine Defendants' ability to assess their claims and oppose class certification. Defendants respectfully request that the representatives be required to (i) produce their contingency fee agreements, (ii) respond to RFP Nos. 1 to 12, (iii) state with specificity whether they are withholding information responsive to the RFPs and

1

interrogatories, and (iv) supplement their privilege log to include the approximate dates of withheld communications.

**ARGUMENT**

## I. The contingency fee agreements are relevant, and the proposed class representatives no longer contend that privilege applies.

The proposed class representatives do not provide any basis for withholding their contingency fee agreements. The fee agreements are not privileged (which the representatives do not dispute in their opposition) and are relevant to the class certification requirements. After initially asserting that the fee agreements are protected by attorney-client privilege in their discovery responses and privilege log, R. Doc. 396-13, Defs. Ex. 10 at 2, the proposed class representatives have now abandoned that claim and do not argue in their opposition that this privilege applies.[1] *See Paulsen v. State Farm Ins. Co.*, No. 06-cv-9546, 2008 WL 11353752, at *2 (E.D. La. Apr. 24, 2008) (motion to quash denied when party provided no arguments to establish privilege). Nor would they have a credible argument that the fee agreements are covered by attorney-client privilege: courts have repeatedly rejected that claim. *See* R. Doc. 396-1, Defs Br. 7-8; *Taylor Lohmeyer Law Firm PLLC v. United States*, 957 F.3d 505, 510 (5th Cir. 2020).

Given the conflicts that may arise from the appointment of multiple class counsel, the contingency fee agreements are relevant to determining the adequacy of representation (a class certification requirement). These conflicts are not unsubstantiated, as the putative class representatives claim. The proposed class representatives admit that only "some firms represent some class representatives." Pls. Br. 5. And not all firms representing those putative class

---

[1] The proposed class representatives in fact argue that Defendants could have asked about the terms of the contingency fee agreements during their depositions, indicating that they did not have any basis for claiming attorney-client privilege applied to the agreements. R. Doc. 403, Pls. Br. 7.

representatives are proposed as class counsel in the initial motion for class certification. *See, e.g.*, R. Doc. 48 at 12 and R. Doc. 368-1 at 36-37 (attorneys representing Plaintiff Nicole Landry-Boudreaux not proposed as class counsel). The contingency fee agreements will shed light on whether the proposed class representatives' counsel have competing fee arrangements—or other terms in their agreements—that could create conflicts leading up to or following judgment or settlement. Such potential conflicts are already apparent in the record. *See* R. Doc. 396-14, Defs. Ex. 11 (successor of attorney Val Exnicios sought consent to intervene to "assert the Exnicios attorneys' fees and costs' claim").

The contingency fee agreements may also verify the proposed class representatives' assertion in the opposition that they have not been offered any incentives. Since this representation was made for the first time in briefing on this motion, *see* Pls. Br. 8, Defendants respectfully request that the Court order each firm representing proposed class representatives to submit an individually signed statement that no such incentives exist.

If those statements cannot be provided, the fee agreements should be produced to assess whether incentives exist. The proposed class representatives attempt to downplay *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), which held that incentive agreements are relevant to the adequacy inquiry, and ignore the ample other law requiring the production of fee agreements. *See Porter v. Nationscredit Consumer Disc. Co.*, No. 03-cv-3768, 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004) (documents relating to fee agreements relevant to adequacy of representation and must be produced); *Klein v. Henry S. Miller Residential Servs., Inc.*, 82 F.R.D. 6, 8-9 (N.D. Tex. 1978) (fee arrangement relevant in class action). These cases are on point here because Defendants have identified potential conflicts and a need for further inquiry into the incentive structure based on the personal relationships between the attorneys and proposed class

3

representatives (which the representatives do not contest). Defs. Br. 6-7, 13 (counsel Bruce Betzer engaged to daughter of proposed class representatives Larry and Mona Bernard, who also works at his firm); R. Doc. 403-3, Pls. Ex. C and R. Doc. 403-4, Pls. Ex. D (personal relationship and long-standing attorney-client relationship between Plaintiff Elias Ictech-Bendeck and counsel Seth Schaumburg); *see also Medlock Sw. Mgmt. Corp. v. Fed. Nat'l Mortg. Ass'n*, No. 04-cv-129, 2006 WL 8434270, at *5–6 (E.D. Tex. Sept. 1, 2006) (engagement agreement arguably relevant to relationship between proposed class representatives and class counsel, which bears on the adequacy of representation, where representative and attorney were friends and previously had attorney-client relationship).[2]

Moreover, Defendants could not meaningfully ask the proposed class representatives about their contingency fee agreements during their depositions, which are now complete, as the representatives argue Defendants should have done. The proposed class representatives could not recall the details of their retention of counsel or the terms of their fee agreements, some of which were entered into over five years ago. For example, Mr. Adams testified during his deposition that despite signing his fee agreement in November 2023, he could not remember "any details about the contingency agreement other than [seeing] an agreement." Defs. Ex. 14, Rough Transcript of Deposition of P. Adams at 204:12-206:17 (taken Jan. 11, 2024) (excerpted). Other proposed class representatives could not recall when they retained or first consulted with counsel. Defs. Ex. 15, Transcript of Deposition of E. Ictech-Bendeck at 12:15-13:11 (taken Jan. 4, 2024) (excerpted) (Mr. Ictech-Bendeck was unable to recall what year he first consulted with counsel); Defs. Ex. 16,

---

[2] These potential conflicts and suspect incentive structure distinguish the cases relied on by the proposed class representatives. *See Larsen v. Coldwell Banker Real Estate Corp.*, No. 10-cv-401, 2011 WL 13131127, at *3 (C.D. Cal. Oct. 4, 2011) (no evidence of a suspect incentive structure or conflict of interest); *In re Google AdWords Litig.,* No. 08-cv-3369, 2010 WL 4942516, at *4-5 (N.D. Cal. Nov. 12, 2010) (insufficient evidence of a conflict).

Transcript of Deposition of L. Bernard at 16:19-17:16 (taken Dec. 19, 2023) (excerpted) (Mr. Bernard was only able to provide the potential year(s) that he thinks he retained Mr. Betzer). In addition, prior to their opposition to this motion, the proposed class representatives asserted that the fee agreements were protected by attorney-client privilege. Defs. Ex. 10 at 2. Given that the proposed class representatives have only now changed their position on this issue, Defendants expected that the representatives would assert privilege if they were deposed about the terms of their contingency fee agreements.

Defendants are entitled to the contingency fee agreements so that they may better understand the relationship and potential conflicts between the proposed class representatives and putative class counsel, and any incentives promised to the representatives—key issues relating to the class certification requirements.

## II. RFP Nos. 1-12 properly seek documents regarding the proposed class representatives' claims, alleged damages, and basis for class certification.

The proposed class representatives now backtrack on their claim that RFP Nos. 1, 8, 9, 10, 11, and 12 seek information protected by the work product doctrine.[3] They instead offer other broad and unsupported objections to these requests, respond to certain requests for the first time in an attempt to moot issues, and assert that they need clarification as to the types of documents the Court required them to produce during the general causation phase of this litigation. With respect to RFP Nos. 2 to 7, the proposed class representatives refuse to respond to contention requests seeking factual documents about their claims, alleged damages, and class certification

---

[3] The proposed class representatives did not address Defendants' argument that their remaining objections to RFPs Nos 1 to 12 were improper boilerplate objections. Defs. Br. 10-11.

requirements. Because the information sought by RFP Nos. 1 to 12 is relevant and discoverable, Defendants respectfully ask the Court to order the representatives to respond to these requests.[4]

The proposed class representatives assert that they are unable to respond to RFP No. 1 because "Defendants did not propound Discovery on Plaintiffs" during general causation, and "Plaintiffs did not produce any documents during the General Causation phase." Pls. Br. 9. Both statements are wrong. RFP No. 1 seeks all documents, to the extent not already produced, "containing general causation information, as identified on pages 5-6 of the Court's First Case Management Order, ECF No. 82"—i.e., documents responsive to the production requirements set forth in the Court's First Case Management Order. Defs. Ex. 1 at 8; Defs. Br. 9. Plaintiffs produced documents responsive to these requests in 2020. The proposed class representatives' argument that they need further clarification on the types of responsive documents does not make sense. The categories of information sought were clearly identified in this request, and only the proposed class representatives (not Defendants) are aware of whether they have documents in their possession, custody, and control regarding general causation.

Still without identifying on a privilege log any documents being withheld in response to RFP Nos. 2 to 7, the proposed class representatives object without basis that these requests seek "trial strategy, work product, and mental impressions of the Plaintiffs' attorneys." Pls. Br. 9. Instead, the RFPs seek factual documents that the proposed class representatives contend support their claims and the class certification requirements, which this Court and other courts have held are discoverable. R. Doc. 382 at 3; *see also Akers v. Shaw Envtl., Inc.,* Nos. 09-cv-915, 09-cv-

---

[4] Because Defendants attached the discovery requests and objections to their motion, they did not recite each request and response verbatim. Defendants instead grouped the requests to help the Court understand the purpose of the discovery requests and to be as concise as possible. The full language of RFPs Nos. 1 to 12 can be found in R. Doc. 396-4, Defs. Ex. 1, R. Doc. 396-5, Defs. Ex. 2, R. Doc. 396-11, Defs. Ex. 8.

1110, 2011 WL 867524, at *3-4 (W.D. La. Mar. 14, 2011) (compelling responses to contention RFPs; request not objectionable merely because the response "'involves an opinion or contention that relates to fact or the application of law to fact'" (quoting Fed. R. Civ. P. 33(a)(2))).

Without addressing their objection that RFP No. 8 seeks privileged information, the proposed class representatives argue that they should not have to provide "all documents relating to [Plaintiffs'] alleged damages and your computation of them" until after trial in *Addison v. Louisiana Regional Landfill Company*. Pls. Br. 9-10. The proposed class representatives cannot avoid producing factual documents about their alleged damages, which will inform whether damages are a class-wide or individual issue, simply because they have not yet determined the methodology for calculating them.

As to RFP Nos. 9 to 11, the proposed class representatives state in their opposition, for the first time, that "there are no documents responsive to this request" because "none of the named Class Representatives have testified to experiencing any illness or symptoms from exposure to odors while *on-site* at any of the three landfills." Pls. Br. 10. And they appear to concede that these requests do not seek documents protected by the work product doctrine. The proposed class representatives should be required to withdraw their privilege objection and provide written responses to these requests.

The proposed class representatives also should be required to respond to RFP No. 12 and state whether they have any additional documents relevant to their claims or the class certification requirements. Defendants are entitled to know whether any such information may be presented in support of the proposed class representatives' arguments, and if the proposed class representatives construe such information not to be responsive to Defendants' other RFPs.

7

### III. The proposed class representatives must clearly state whether documents or information have been withheld and, if so, on what basis.

Federal law does not support the proposed class representatives' argument that a privilege log obviates their need to state whether documents are being withheld based on the objections. *See, e.g., Motion Indus., Inc. v. Superior Derrick Servs., LLC*, No. 15-cv-1958, 2016 WL 760776, at *2 (E.D. La. Feb. 26, 2016) (North, M.J.) (responses to RFPs required to state whether documents were being withheld based on vagueness and overbreadth objections, in addition to privilege objections). The proposed class representatives asserted numerous objections—not limited to privilege—in response to Defendants' RFPs and interrogatories, including overbreadth, ambiguity, proportionality, relevance, duplicative requests, and compounded requests. Defs. Ex. 4; Defs. Ex. 6 (interrogatory responses from Savannah Thompson). Because the proposed class representatives' responses to these RFPs, and Ms. Thompson's responses to her interrogatories, are made "subject to and without waiving" these many objections, Defendants do not know whether the proposed class representatives are withholding information based on those objections.

This Court has held that this qualifying language is insufficient and has required the responding party to state whether information been withheld and on what basis. R. Doc. 344 at 2 n.2; *see also Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, Nos. 13-cv-2809, 13-cv-3197, 2015 WL 269051, at *4 (E.D. La. Jan. 21, 2015) (North, M.J.) (objections fall woefully short of objecting party's burden when party asserted general objections to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents). The proposed class representatives should specifically state whether information is being withheld and describe it, as specificity and clarity in discovery responses is important in highly factual and complex cases such as this one.

8

**IV. The proposed class representatives should remedy their deficient privilege log.**

The Court should require the proposed class representatives to supplement their privilege log to include the approximate dates of Mr. Ictech-Bendeck's text messages with his counsel Seth Schaumburg, which the representatives only now admit they never saw because both Mr. Schaumburg and Mr. Ictech-Bendeck "could no longer access these communications on their mobile devices."[5] Pls. Br. 13. Federal courts require a privilege log to include basic identifying information about the documents withheld, including their dates. *See, e.g., Diversified Maint. Sys. v. J. Star Enters.*, No. 22-cv-959, 2023 WL 3737897, at *3 (E.D. La. May 31, 2023) (privilege log should contain the date, author, recipients, and other information to provide the Court and parties sufficient information to test the merits of the privilege claim). *Dickie Brennan & Co., Inc. v. Lexington Insurance Co.* reiterates this requirement, and the proposed class representatives do not distinguish that case. No. 09-cv-3866, 2010 WL 11538482, at *2 (E.D. La. Mar. 12, 2010) (Wilkinson, Jr., J.) (a privilege log must "identify each document and provide *basic information*, including the author, recipient, and *date* general nature of the document" (emphasis added) (quotation omitted)). As in *Dickie Brennan*, the proposed class representatives have not included "basic information" necessary to evaluate the claim of attorney-client privilege for communications between Mr. Ictech-Bendeck and his counsel Mr. Schaumburg.

Specifically, the proposed class representatives' privilege log merely states that the text messages between Mr. Ictech-Bendeck and Mr. Schaumburg were sent sometime "pre-suit." Defs.

---

[5] Other proposed class representatives have likewise stated that while they texted about odors during the relevant time period, they no longer have those text messages. *See* Defs. Ex. 10 at 3 (despite previously stating that they communicated about odors via text, Mona Bernard "no longer has text messages," and "Kayla Anne Steele's telephone does not contain text messages during the relevant time period"). Defendants reserve the right to move for a remedy regarding the deleted text messages.

Ex. 10 at 2. This vague time period—potentially covering the more than 15 years that Mr. Schaumburg and Mr. Ictech-Bendeck had a relationship prior to this lawsuit—is plainly insufficient. The proposed class representatives should supplement their privilege log to include the approximate dates of the texts, as identified for the first time in their opposition.

## CONCLUSION

The proposed class representatives unveil new information and withdraw prior objections in their opposition to Defendants' motion to compel, reinforcing the importance of requiring the representatives to be clear and unambiguous in their discovery responses. Defendants respectfully ask this Court to exercise its broad discretion and require the proposed class representatives to (i) produce their contingency fee agreements, (ii) provide written responses to RFP Nos. 1 to 12 and produce any documents responsive to these requests, (iii) state whether they are withholding information responsive to the RFPs and to the interrogatories directed to Ms. Thompson, and (iv) supplement their privilege log to include the approximate dates of text messages between Mr. Ictech-Bendeck and Mr. Schaumburg.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
       Michael C. Mims (#33991)
       Charles B. Wilmore (#28812)
       J. Hunter Curtis (#39150)
       Alec Andrade (#38659)
       Cecilia Vazquez Wilson (#39373)
       701 Poydras Street, Suite 5000
       New Orleans, Louisiana 70139
       (504) 581-7979


       BEVERIDGE & DIAMOND, P.C.

       Megan R. Brillault (*pro hac vice*)
       Michael G. Murphy (*pro hac vice*)
       John H. Paul (*pro hac vice*)
       Katelyn E. Ciolino (*pro hac vice*)
       Katrina M. Krebs (*pro hac vice*)
       825 Third Avenue, 16th Floor
       New York, NY 10022
       (212) 702-5400

       James B. Slaughter (*pro hac vice*)
       1900 N Street, NW, Suite 100
       Washington, DC 20036
       (202) 789-6000

       Michael F. Vitris (*pro hac vice*)
       400 W. 15th Street, Suite 1410
       Austin, TX 78701
       (512) 391-8035

       *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:   /s/ Michael S. Futrell
        William P. Connick, La. Bar No. 14158
        Michael S. Futrell, La. Bar. No. 20819
        Matthew D. Moghis, La. Bar. No. 33994
        3421 N. Causeway Blvd., Suite 408
        Metairie, Louisiana 70002
        Telephone: (504) 681-6658
        Facsimile: (504) 838-9903
        E-mail: moghis@connicklaw.com

*Counsel for Defendant Jefferson Parish*


GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
        Ernest P. Gieger, Jr. (6154)
        John E. W. Baay (22928)
        J. Michael DiGiglia (24378)
        Nicholas S. Bergeron (37585)
        Gieger, Laborde & Laperouse, L.L.C.
        Hancock Whitney Center
        701 Poydras Street, Suite 4800
        New Orleans, Louisiana 70139
        Telephone: (504) 561-0400
        Facsimile: (504) 561-1011

*Attorneys for Defendant Aptim Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was electronically filed on January 12, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ Michael C. Mims_

OF COUNSEL
