**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**  Plaintiff | **CIVIL ACTION**  **NO. 18-7889 c/w 18-8071, 18-8218, 18-9312** |
| **VERSUS** | |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**  Defendants | **SECTION: "E" (5)** |
| *Related Case:* | **CIVIL ACTION** |
| **FREDERICK ADDISON, ET AL.,**  Plaintiffs | **NO. 19-11133, c/w 19-14512** |
| **VERSUS** | **SECTION: "E" (5)** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**  Defendants | **JUDGE: Morgan MAGISTRATE JUDGE: North** |
| *Applies to: Both Cases* | |

**PLAINTIFFS' OPPOSITION TO THE WASTE CONNECTIONS**
**DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiffs oppose the Waste Connections Defendants' (collectively "Waste Connections")

Motion for Reconsideration (18-7889, Doc.408; 19-11133, Doc. 483), and respectfully request that

the Court deny it.

**I.       STANDARD OF REVIEW.**

The Court has ruled previously in this case that motions to reconsider are governed by the

same standards that apply to motions brought under Rule 59(e). 18-7889, R.Doc. 360, Order dated

July 24, 2023 at 3.[1]  Among these requirements, a party seeking reconsideration "must clearly

---

[1] The cited order was rendered during the 5th Circuit stay of the *Addison* case and was not filed in *Addison*.

establish either a manifest error of law or fact." *Id.* (citations omitted).  Waste Connections has not

met this standard and does not assert that any aspect of the Court's ruling was incorrect.

## II.      THE MOTION TO RECONSIDER SHOULD BE DENIED.

The Court ruled that Waste Connections had intentionally waived the attorney-client and

work product privileges by disclosing the October 24, 2018, SCS Report. 18-7889, R.Doc.406;

19-11133, R.Doc. 483 at 6.  The Court then ruled that the waiver was a subject matter waiver that

extended to other documents under Federal Rule of Evidence 502, including documents 126 and

134, because, *inter alia*, the Defendants' communications with the media regarding the report

conveyed the misimpression that the Report was prepared by a highly qualified and unbiased third

party, when in fact defense counsel was heavily involved in editing the report. *Id.* at 6-10.

In its motion to reconsider, Waste Connections does not assert that the Court was wrong in

finding that that Waste Connections had intentionally waived the attorney-client privilege and

work product immunity.  Nor does it argue that the Court was wrong in finding that all three prongs

of the analysis under FRE 502 had been met with regard to Documents 126 and 134.  Instead, as

its *sole* argument, Waste Connections contends that one statement of defense counsel found in

these documents is in fact privileged because it "reveals counsel's mental impressions and legal

strategy with respect to the defense of the putative class actions." 18-7889, Doc. 408-1; 19-11133,

R.Doc. 486-1 at 2.  However, the Court's ruling that the privilege was waived had already

presumed that the document was in fact privileged (otherwise the privilege could not be waived).

As a result, the argument that the statement is in fact privileged adds nothing to the analysis as to

whether a waiver occurred.[2]

---

[2] Plaintiffs note that the majority of documents over which Waste Connections has asserted
a privilege in this case were not in fact privileged at all. And, with the SCS documents, Waste
Connections asserted a blanket privilege months before even looking at them to see if a privilege
applied. Waste Connections' abuse of the claim of privilege is an issue for another day.

Waste Connections then tries to argue that "manifest injustice" and "irreparable prejudice" will result if the statement is revealed.  But that argument, likewise, does not bear upon the question of whether Waste Connections intentionally waived the privilege.  Indeed, if Waste Connections suffers any prejudice at all through disclosure of the statement, that will occur as a result of Waste Connections' own intentional waiver, not any error committed by the Court.  It was Waste Connections, not the Court, who decided to make public the Report of its purported "consulting expert," and it was Waste Connections, not the Court, who decided to argue the supposed meaning of the Report to the public, to the state courts, to the LDEQ and to the media.

Waste Connections asserts that the problematic statement by counsel "would not impact Plaintiffs' ability to contextualize the development of SCS's report" and that it is "not necessary in order to contextualize any potential guidance Ms. Brillault provided to SCS."  Brief at 2, 3.  But it is neither the development of the Report nor the guidance that Ms. Brillault provided to SCS that needs contextualizing.  What needs contextualizing is the "misimpression created by Defendants" when they publicly relied upon the SCS Report as independent, unbiased, and based in science, when it was none of those things. *See* 18-7889, Doc.408; 19-11133, R.Doc. 486-1 at 10.  Here, Waste Connections sought to exonerate itself publicly (i.e., sought to persuade potential jurors of its innocence) through statements that were intentionally designed to create a false impression.  It is those statements that must be placed in context.

Waste Connections could have protected the information it now wants to protect by not discussing its litigation strategy with the authors of the publicly released Report, but it chose to discuss its strategy with them anyway.  And that, of course, is the whole point here.  If Waste Connections wanted SCS to be a consulting expert in the litigation to assist with the defense of the litigation, then it needed to confine SCS to that role.  Had it done so, its discussions with SCS could have been protected.  Once Waste Connections decided to use SCS in a different role, SCS

was no longer an expert hired only for trial preparation, and Waste Connections waived those protections.  Because Waste Connections made the SCS Report public and falsely portrayed SCS as unbiased and independent, asked people to rely upon its findings, and at the same time concealed the fact that SCS was actually part the defense team, duty-bound to create and present a case favorable to Waste Connections, the Court correctly ruled that the public dissemination of the Report was a waiver of privilege and that the surrounding falsehoods made it a subject matter waiver.  Waste Connections has not argued that the Court got it wrong on either point.

None of the cases cited by Waste Connections stands for the proposition that a party who has intentionally waived the privilege must nevertheless be protected after the fact from the consequences of the waiver.  *See Hanover Ins. Co. v. Plaquemines Parish Gov't*, 304 F.R.D. 494, 499 (E.D. La. 2015) (waiver not at issue); *PIC Grp., Inc. v. Landcoast Insulation, Inc*., No. CIV.A.109CV662KSMTP, 2010 WL 1794964, at *2 (S.D. Miss. Apr. 29, 2010) (waiver not at issue).  *See also Treece v. Perrier Condo. Owners Ass'n, Inc*., 569 F. Supp. 3d 347, 356 (E.D. La. 2021) (cited for proposition that redaction would not impact Plaintiffs' ability to contextualize the development of the SCS report, does not discuss that issue but does recite standards on motion to reconsider).  Thus, the motion to reconsider has no support, factually or legally.

In summary, on a motion to reconsider, Waste Connections is obligated to demonstrate somehow that the Court got it wrong.  Waste Connections has made no such showing.

For the foregoing reasons, the Motion to Reconsider should be denied.

Dated: January 22, 2024

Respectfully submitted,


_____ S. Eliza James _____
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
FORREST CRESSY & JAMES, LLC
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fcjlaw.com
eliza@fcjlaw.com


_____ /s/ Eric C. Rowe _____
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@wtplaw.com
erowe@wtplaw.com
mchilders@wtplaw.com

*Counsel For Addison Plaintiffs*

_____ /s/ Bruce C. Betzer _____
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com


_____ /s/ Douglas S. Hammel _____
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com


_____ /s/ Jason Z. Landry _____
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, III (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com


John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave., Suite 101
New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*Counsel for Ictech-Bendeck Plaintiffs*