UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO.  18-7889**<br>         **c/w 18-8071,**<br>         **18-8218, 18-9312** |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>    Defendants | **SECTION: "E" (5)** |

*Related Case:*

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-11133**<br>         **c/w 19-14512** |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**<br>    Defendants | **SECTION: "E" (5)** |

*Applies to: All Cases*

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by Defendants Waste Connections Bayou, Inc., Waste Connections US, Inc., and Louisiana Regional Landfill Company (collectively the "Waste Connections Defendants" or "Defendants").[1] Plaintiffs filed an opposition.[2]

---

[1] R. Doc. 486 (19-11133); R. Doc. 408 (18-7889).
[2] R. Doc. 490 (19-11133); R. Doc. 411 (18-7889).

1

## BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill (the "Landfill") and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019. Having previously stated the facts of this case in detail, the Court will repeat only the facts relevant to the instant motion. During discovery, Plaintiffs filed a Motion to Compel Discovery Against the Waste Connections Defendants (hereinafter "Motion to Compel")[3] and the Waste Connections Defendants filed a Motion to Quash the *Addison* Plaintiffs' Subpoena to SCS Engineers (hereinafter "Motion to Quash").[4] To date, the Court has issued several orders resolving issues related to these contested discovery motions.[5] The Court's Order and Reasons issued on January 2, 2024 presents background relevant to the discovery motions.[6]

Presently, the only outstanding issues in these contested motions relate to documents involving Stearns, Conrad & Schmidt, Consulting Engineers, Inc. ("SCS Engineers"),[7] which are categorized into nine "Categories of Work" as identified in Attachment A to the Court's Order and Reasons issued on January 12, 2024 (the "January 12 Order").[8] In its January 12 Order, the Court granted in part and deferred in part Plaintiffs' Motion to Compel, denied in part and deferred in part Defendants'

---

[3] R. Doc. 380 (19-11133); R. Doc. 326 (18-7889). Defendants opposed. R. Doc. 383 (19-11133); R. Doc. 329 (18-7889). Plaintiffs replied. R. Doc. 389 (19-11133). Plaintiffs filed a supplemental memorandum. R. Doc. 393 (19-11133). Defendants filed a supplemental reply. R. Doc. 394 (19-11133).
[4] R. Doc. 368 (19-11133). Plaintiffs filed a Motion to Enforce Subpoena, which the Court construes as an opposition to the Motion to Quash. R. Doc. 381 (19-11133). Defendants filed a Reply Memorandum in Support of Their Motion to Quash. R. Doc. 388 (19-11133). *See also* Subpoena to Produce Documents Issued to SCS Engineers, R. Doc. 381-5 (19-11133).
[5] *See* R. Doc. 338 (18-7889); R. Doc. 402 (19-11133); R. Doc. 344 (18-7889); R. Doc. 417 (19-11133); R. Doc 382 (18-7889); R. Doc. 428 (19-11133).
[6] R. Doc. 468, pp. 2-4 (19-11133); R. Doc. 397 (18-7889).
[7] *See* Requests for Production 58-66, *Addison* Plaintiffs' Second Set of Requests for Production of Documents to the Waste Connections Defendants, R. Doc. 329-2 at 8, 12 (18-7889).
[8] *See* R. Doc. 406-1 (18-7889); R. Doc. 483-1 (19-11133). Attachment A is based on Attachment A to the Letter from Megan R. Brillault, Counsel for the Waste Connections Defendants, to the Court (Dec. 1, 2023). The "Chart Showing Status of Production" attached to the December 1, 2023 Letter contained comments from both the Waste Connections Defendants and Plaintiffs. The Court assigned numbers to the Categories of Work for ease of reference.

Motion to Quash, and ordered Defendants to produce certain documents related to Category #2.[9] Defendants now move the Court to reconsider certain aspects of its January 12 Order.[10]

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure governs motions for reconsideration of interlocutory rulings.[11] Under Rule 54(b), "any order that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."[12] Generally, courts in this district evaluate motions to reconsider interlocutory orders under the same standards as those governing motions to alter or amend final judgments brought pursuant to Rule 59(e).[13]

Courts have considerable discretion when evaluating the merits of a Rule 59(e) motion.[14] To prevail on a motion for reconsideration pursuant to Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[,] [which] cannot be used to raise arguments which could, and should, have been made before the judgment issued."[15] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[16] Courts in this district consider the following factors when applying Rule 59(e) standards:

---

[9] R. Doc. 483 (19-11133); R. Doc. 406 (18-7889).
[10] R. Doc. 486 (19-11133); R. Doc. 408 (18-7889).
[11] *See, e.g.*, *Muslow v. Bd. of Supervisors*, 19-11793, 2021 WL 3566302, at *2 (E.D. La. Aug. 12, 2021).
[12] FED. R. CIV. P. 54(b).
[13] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").
[14] *See, e.g.*, *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Baker v. Fedex Ground Package*, 04-3401, 2007 WL 3334387, at *1 (E.D. La. Nov. 7, 2007).
[15] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[16] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[17]

"Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgment as justice requires."[18] "The district court must exercise this broad discretion sparingly, however, to forestall the perpetual reexamination of orders and the resulting burdens and delays."[19]

### LAW AND ANALYSIS

In their motion, Waste Connections Defendants ask the Court to reconsider its order that Defendants produce in whole documents WC_JPLF_SCS_PRIV_0126 ("0126") and WC_JPLF_SCS_PRIV_0134 ("0134"),[20] as identified in the privilege log produced by Waste Connections Defendants on December 4, 2023.[21] Defendants contend documents 0126 and 0134 "include[] counsel's discussion of legal strategy with respect to the defense of the putative class actions," and "seek to apply limited redactions (i.e., a single sentence in each document) to protect this information from disclosure."[22] Defendants further argue "[r]edaction of the limited portion of the email

---

[17] *Castrillo*, 09-4369, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[18] *Muslow*, 2020 WL 4471160, at *5 (citations omitted) (internal quotation marks omitted).
[19] *Tonti Management Co., Inc. v. Soggy Doggie, LLC*, 19-13134, 2020 WL 9172035, at *6 (E.D. La. Aug. 13, 2020). *See also Lightfoot*, 07-4833, 2012 WL 711842, at * 3 ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."); *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp. 3d. 690, 693 (M.D. La. 2016) ("A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent.").
[20] Documents 0126 and 0134 are two versions of the same email chain.
[21] R. Doc. 486 (19-11133); R. Doc. 408 (18-7889).
[22] R. Doc. 486-1, p. 2 (19-11133); R. Doc. 408-1 (18-7889).

will also not undermine the Court's considerations of fairness, as the statement is not necessary in order to contextualize any potential guidance [defense counsel] provided to SCS."[23]

In opposition, Plaintiffs assert Defendants' motion fails under the Rule 59(e) standard because it fails to assert "the Court was wrong in finding that Waste Connections had intentionally waived the attorney-client privilege and work product immunity."[24] Plaintiffs further argue that "if Waste Connections suffers any prejudice at all through disclosure of the statement, that will occur as a result of Waste Connections' own intentional waiver, not any error committed by the Court."[25]

The Court is afforded broad discretion to reexamine interlocutory orders like the January 12 Order.[26] While motions for reconsideration are "sparingly granted," such action is warranted in this case.[27] Plaintiffs correctly identify "[w]hat needs contextualizing is the 'misimpression created by Defendants' when they publicly relied upon the SCS Report as independent, unbiased, and based in science, when it was none of those things."[28] Indeed, the Court limited "the scope of the waiver . . . only to those documents pertaining to defense counsel's involvement in preparation of the Report that will enable Plaintiffs to qualify, explain, contextualize, and otherwise cure th[is] misimpression created by Defendants."[29]

Upon review, the Court finds certain information contained in Documents 0126 and 0134 is beyond the scope of Defendants' subject matter waiver because it is not necessary to contextualize Defendants' misimpression concerning the unbiased and

---

[23] *Id.* at p. 3.
[24] R. Doc. 490, p. 2 (19-11133); R. Doc. 411 (18-7889).
[25] *Id.* at p. 3.
[26] *See Tonti Management*, 19-13134, 2020 WL 9172035, at *6.
[27] *See Baker*, 04-3401, 2007 WL 3334387, at *1.
[28] R. Doc. 490, p. 3 (19-11133); R. Doc. 411 (18-7889).
[29] R. Doc. 483, p. 10 (19-11133); R. Doc. 406 (18-7889).

independent creation of the October 2018 Report. The Court further finds portions of the documents that reveal counsel's mental impressions with respect to the defense of the putative class actions are protected under the attorney-client privilege. Accordingly, Defendants are not required to produce these protected portions of Documents 0126 and 0134. Thus, Defendants must produce Documents 0126 and 0134 but may redact from each document the third sentence in Megan Brillault's October 21, 2018 10:04 AM message, as proposed in Defendants' Motion for Reconsideration.[30]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Reconsider is **GRANTED**.[31]

**IT IS FURTHER ORDERED** that the Waste Connections Defendants produce Documents 0126 and 0134 to Plaintiffs by **January 24, 2024**. Defendants may redact the third sentence of Megan Brillault's October 21, 2018 10:04 AM message, as proposed in Defendants' Motion for Reconsideration.[32]

**New Orleans, Louisiana, this 23rd day of January, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[30] In their Motion for Reconsideration, Defendants seek to redact "the third sentence in Ms. Brillault's October 21, 2018 10:04 AM message, in which after providing direction to SCS, Ms. Brillault makes a statement that reveals counsel's mental impressions and legal strategy with respect to the defense of the putative class actions." R. Doc. 486-1, p. 2 (19-11133); R. Doc. 408 (18-7889).
[31] R. Doc. 486 (19-11133); R. Doc. 408 (18-7889).
[32] *See* R. Doc. 486-1, p. 2 (19-11133); R. Doc. 408 (18-7889).