UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7889**        c/w 18-8071,        18-8218, 18-9312 |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**     Defendants | **SECTION: "E" (5)** |

*Related Case:*

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**     Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11133**        c/w 19-14512 |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**     Defendants | **SECTION: "E" (5)** |

*Applies to: All Cases*

## ORDER AND REASONS

Before the Court are two contested discovery motions: Plaintiffs' Motion to Compel Discovery Against the Waste Connections Defendants (hereinafter "Motion to Compel")[1] and a Motion to Quash the *Addison* Plaintiffs' Subpoena to SCS Engineers (hereinafter "Motion to Quash") filed by Defendants Waste Connections Bayou, Inc., Waste Connections US, Inc., and Louisiana Regional Landfill Company (collectively the "Waste

---

[1] R. Doc. 326 (18-7889); R. Doc. 380 (19-11133). Defendants opposed. R. Doc. 329 (18-7889); R. Doc. 383 (19-11133). Plaintiffs replied. R. Doc. 389 (19-11133). Plaintiffs filed a supplemental memorandum. R. Doc. 393 (19-11133). Defendants filed a supplemental reply. R. Doc. 394 (19-11133).

1

Connections Defendants" or "Defendants").[2] Presently, the only outstanding issues in these contested motions relate to documents involving Stearns, Conrad & Schmidt, Consulting Engineers, Inc. ("SCS Engineers"),[3] which are categorized into nine "Categories of Work" as identified in Attachment A to the Court's Order and Reasons issued on January 12, 2024.[4] This Order and Reasons concerns documents related to Category #4, supporting affidavits for the Waste Connections Defendants' opposition to the *Addison* Plaintiffs' motion for expedited discovery in state court.

## BACKGROUND

This case concerns the operation of the Jefferson Parish Landfill (the "Landfill") and the resulting odors emitted from the Landfill between July 1, 2017, and December 31, 2019. The Court's Order and Reasons issued on January 2, 2024 presents background relevant to the discovery motions.[5]

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[6] "Information within the scope of discovery need not be admissible in evidence to be discovered."[7] At the discovery stage, relevant evidence includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in

---

[2] R. Doc. 368 (19-11133). Plaintiffs filed a Motion to Enforce Subpoena, which the Court construes as an opposition to the Motion to Quash. R. Doc. 381 (19-11133). Defendants filed a Reply Memorandum in Support of Their Motion to Quash. R. Doc. 388 (19-11133). *See also* Subpoena to Produce Documents Issued to SCS Engineers, R. Doc. 381-5 (19-11133).
[3] *See* Requests for Production 58-66, *Addison* Plaintiffs' Second Set of Requests for Production of Documents to the Waste Connections Defendants, R. Doc. 329-2 at pp. 4-7 (18-7889).
[4] *See* R. Doc. 406-1 (18-7889); R. Doc. 483-1 (19-11133). Attachment A is based on Attachment A to the Letter from Megan R. Brillault, Counsel for the Waste Connections Defendants, to the Court (Dec. 1, 2023). The "Chart Showing Status of Production" attached to the December 1, 2023 Letter contained comments from both the Waste Connections Defendants and Plaintiffs. The Court assigned numbers to the Categories of Work for ease of reference.
[5] R. Doc. 397 (18-7889); R. Doc. 468 (19-11133).
[6] FED. R. CIV. P. 26(b); *see also Miller v. Sam Houston Univ.*, 986 F.3d 880, 891 (5th Cir. 2021).
[7] *Id.*

2

that case."[8] "[T]he threshold for relevance at the discovery stage [under Rule 26(b) of the Federal Rules of Civil Procedure] is lower than at the trial stage" under Federal Rule of Evidence 401.[9] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[10] If relevance is in doubt, the court should be permissive in allowing discovery.[11] This broad scope is necessary given the nature of litigation, where determinations of discoverability are made well in advance of trial.[12] Likewise, "broad discretion is afforded to the district court when deciding discovery matters,"[13] and the Court must determine the scope of discovery "in light of the relevant facts of the particular case."[14]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[15] discovery does have "'ultimate and necessary boundaries.'"[16] Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;

---

[8] *Stevenson v. Benjamin*, 2022 WL 12309062, *1 (5th Cir. 10/21/2022) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978); *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 4/11/2011).
[9] *Id.*
[10] *Dotson v. Edmonson*, 2017 WL 11535244, at *2 (E.D. La. 11/21/2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2/4/2005)).
[11] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 5/11/2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[12] *Rangel*, 274 F.R.D. at 590 n.5.
[13] *Miller*, 986 F.3d at 891 (citing *Crosby v. la. Health Serv. & Indemnity Co.*, 647 F.3d 258, 261 (5th Cir. 2011)).
[14] *See Conboy v. Edward D. Jones & Co.*, 140 F. App'x 510, 517 (5th Cir. 2005).
[15] *Herbert v. Lando*, 441 U.S. 153, 176 (1979) (citations omitted).
[16] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

or (iii) the proposed discovery is outside the scope of Rule 26(b)(1)."[17] Further, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[18] While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[19]

"The party filing the motion to compel bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence."[20] "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted."[21] "[T]he party asserting a privilege exemption from discovery . . . bears the burden of demonstrating the applicability of that privilege."[22] "Blanket assertions of privilege" are insufficient to carry a party's burden.[23]

## LAW AND ANALYSIS

In their motion, Plaintiffs seek to compel discovery of hundreds of documents.[24] After discussions with the parties, the Court categorized documents pertaining to the outstanding discovery requests into nine categories. This Order and Reasons addresses discovery issues involving documents related to Category #4.

---

[17] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[18] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).
[19] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. 7/14/2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, No. 18-13556, 2020 WL 1046336, at *3 (E.D. La. 3/4/2020) (Morgan, J.).
[20] *Summers v. Louisiana*, 2021 WL 4392309, *3 (M.D. La. 9/24/2021) (internal quotations and citations omitted).
[21] *Id.*
[22] *Zahid Hotel Group, L.L.C. v. AmGUARD Insurance Co.*, 22-2792, 2023 WL 4353132, at *2 (E.D. La. July 5, 2023).
[23] *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981).
[24] R. Doc. 326 (18-7889); R. Doc. 380 (19-11133).

Plaintiffs seek documents underlying affidavits by James Walsh, P.E.,[25] and Thomas Rappolt, Q.E.P.,[26] prepared in support of the Waste Connections Defendants' opposition to the *Addison* Plaintiffs' 2018 motion for expedited discovery in state court (the "Walsh and Rappolt Affidavits").[27] On December 8, 2018, before this case was removed to federal court, the *Addison* Plaintiffs filed in Louisiana state court a motion for expedited discovery seeking access to the Landfill for inspection and testing.[28] To support the motion, Plaintiffs attached an affidavit by Paul C. Chrostowski, Ph.D., Q.E.P.[29] The Waste Connections Defendants filed an opposition to Plaintiffs' motion, which included supporting affidavits prepared by Walsh and Rappolt.[30]

The Waste Connections Defendants argue documents related to Category #4 contain correspondence between SCS Engineers and defense counsel "about litigation strategy and arguments in [Defendants'] opposition motion," which is protected by the work product doctrine, consulting expert work product privilege, and/or the attorney-client privilege.[31] Defendants further respond that "[t]he submission of affidavits . . . does not waive privilege for attorney communications with the consulting expert."[32] Defendants withhold the following documents in the privilege log produced on November 13, 2023 on the basis of the work product doctrine, consulting expert work product privilege, and/or the attorney-client privilege: 0218, 0219, 0223, 0224, 0225, 0226, 0227, 0228, 0229, 0230, 0231, 0232, 0233, 0234, 0235, 0236, 0237, 0238, 0239, 0240, 0241, 0243, 0244, 0245, 0246, 0247, 0248, 0249, 0250, 0251, 0252, 0253, 0254, 0255, 0256,

---

[25] R. Doc. 1-6, pp. 33-51 (19-11133).
[26] *Id.* at pp. 52-81.
[27] R. Doc. 329-2, p. 7 (18-7889); R. Doc. 381-5 (19-11133).
[28] R. Doc. 1-5, p. 29 (19-11133).
[29] *Id.* at p. 42.
[30] R. Doc. 1-6, p. 2 (19-11133).
[31] R. Doc. 386, p. 10 (18-7889).
[32] *Id.*

0257, 0258, 0259, 0260, 0261, 0262, 0263, 0264, 0265, 0266, 0267, 0268, 0269, 0270, 0271, 0272, 0273, 0274, 0275, 0276, 0277, 0278, 0279, 0280, 0281, 0282, 0670, 0875, 0877, 0946, and 0947. Defendants also withhold one document related to Category #4, Entry 0515 in the privilege log produced on December 4, 2023 (the "December 4 Privilege Log"), on the basis of the work product doctrine, consulting expert work product privilege, and the attorney-client privilege.

Plaintiffs argue documents underlying the Walsh and Rappolt Affidavits must be produced because the affidavits are expert testimony for which "facts or data provided to the expert and the assumptions provided to the report are fully discoverable under Rule 26(b)(4)(C)."[33] Plaintiffs also claim Defendants waived any privilege as to the documents underlying the affidavits because Walsh and Rappolt's "opinions on the matter were disclosed in court filings," and thus were "not performed as [] confidential consulting expert [work]."[34] Pointing to the sole entry in the December 4 Privilege Log, Plaintiffs further contend "the non-existence of the documents sought is not credible."[35]

Having conducted in camera review of the Category #4 documents withheld by Defendants and the relevant documents Defendants produced to Plaintiffs in discovery, the Court finds Defendants have not withheld any communication by which defense counsel provided facts or data on which Walsh or Rappolt relied in preparation of their affidavits. The Court also finds Defendants have not withheld any communication in which defense counsel advised the affiants of assumptions to be made in preparation of their affidavits. Indeed, as Plaintiffs concede, most of the information Walsh and Rappolt relied on to prepare their affidavits was included in the 2018 Site Evaluation with Respect

---

[33] R. Doc. 385, p. 10 (18-7889).
[34] R. Doc. 381-1, p. 7 (19-11133).
[35] R. Doc. 385, p. 11 (18-7889).

6

to Odors.[36] The remaining reliance documents for the Walsh and Rappolt Affidavits are either publicly available or have been provided to Plaintiffs. Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[37] Compelling Defendants to produce additional documents related to Category #4 would encourage this proscribed behavior and run afoul of the Court's obligation to limit unreasonably duplicative discovery under Rule 26(b)(2)(C).[38] Further, to the extent Defendants may have waived any privilege by attaching the affidavits to their state court pleading,[39] the Court finds the scope of the waiver extends only to those documents Defendants already have produced to Plaintiffs. Defendants' assertions of work product, consulting expert work product, and/or attorney-client privileges on the documents related to Category #4 are proper.

Accordingly, the Waste Connections Defendants are not required to produce any additional documents related to Category #4 to Plaintiffs.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Compel is **DENIED IN PART and DEFERRED IN PART**[40] as stated herein.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash is **GRANTED IN PART and DEFERRED IN PART**.[41]

---

[36] *Id.* at p. 10. The Court identifies the Jefferson Parish Landfill Site Evaluation with Respect to Odors, dated October 24, 2018 as "Category #2." The Court's Order and Reasons issued on January 23, 2024 resolves discovery issues related to that category. R. Doc. 492 (19-11133).
[37] *Crosby*, 647 F.3d at 264.
[38] FED. R. CIV. P. 26(b)(2)(C).
[39] FED. R. EVID. 502.
[40] R. Doc. 326 (18-7889); R. Doc. 380 (19-11133). The Court has ruled on the relevant documents related to Category #4 only in this Order. The Court defers ruling on the remaining issues raised in Plaintiffs' motion to compel at this time.
[41] R. Doc. 368 (19-11133).

The Waste Connections Defendants are not hereby required to produce any additional documents related to Category #4 to Plaintiffs.

**New Orleans, Louisiana, this 31st day of January, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**
