UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | NO. 18-7889 |
| | * | c/w 18-8071, |
| VERSUS | * | 18-8218, 18-9312 |
| | * | |
| WASTE CONNECTIONS BAYOU, INC., ET AL., | * | SECTION: "E" (5) |
| | * | |
| Defendants | * | JUDGE: Morgan |
| | * | MAGISTRATE JUDGE: North |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs and Class Representatives supplement their answers to Defendants' First Set of Interrogatories as follows:

As per the agreement of the parties, Class representatives are responding to discovery requests for the time period January 1, 2016, through December 31, 2020.

#### A.   Verifications

Executed Verifications of the following class representatives are attached: Larry Bernard, Mona Bernard, Phil Adams, Ophelia Walker, Nicole Landry-Boudreaux, Savannah Thompson, Ann Williams, and Robyn Crossman.

#### SPECIFIC TO ELIAS JORGE ICTECH-BENDECK

#### INTERROGATORY NO. 1:

Identify all persons with whom you have communicated about emissions in Jefferson Parish and describe the dates and substance of all such communications.

**EXHIBIT**

tabbies'

11



EXHIBIT

R. Crossman

9

**OBJECTION TO INTERROGATORY NO. 6:**

This interrogatory is premature. Discovery is ongoing and responsive information is not fully known at this time. Additionally, this interrogatory may be the subject of expert testimony and such information will be tendered in compliance with dates established by CMO. Finally, this information is already known to defendants.

**AMENDED ANSWER TO INTERROGATORY NO. 6:**

Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which she was exposed.

## SPECIFIC TO ROBYN CROSSMAN

**INTERROGATORY NO. 1:**

Identify each property that you have owned or leased or where you have resided, including the dates during which you owned, leased, or resided at the property, and the nature of your ownership interest in the property (if any).

**AMENDED ANSWER TO INTERROGATORY NO. 1:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff resided at the following addresses:

**9534 Catalpa Loop, Waggaman, LA 70094 (Lot 117):**
Owners: Robyn Diez Crossman and Corey Francis Crossman
Date of Purchase of Lot 117: 08/27/2017
Date Resided: 01/22/2018 to December 31, 2020.

**353 Nursery Avenue Metairie, LA 70005**
Leased
Date Resided: 01/2016 to 01/2018

**INTERROGATORY NO. 2:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**AMENDED ANSWER TO INTERROGATORY NO. 2:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff is unaware of any testing having been performed at 353 Nursery Avenue Metairie, LA 70005 or 9534 Catalpa Loop, Waggaman, LA 70094 (Lot 117).

**INTERROGATORY NO. 3:**

Identify all persons with whom you have communicated about emissions in Jefferson Parish, and describe the dates and substance of all such communications.

**AMENDED ANSWER TO INTERROGATORY NO. 3:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff communicated with the following individuals regarding emissions in Jefferson Parish:

a. Plaintiff's husband, Corey Crossman (resided in the home and experienced emissions);

b. Plaintiff's daughter, Isabella Danielle Nagy (resided in the home and experienced emissions);

c. Plaintiff's mother, Marcia Hope Reid Diez (weekly interaction in 2018-2019 regarding the odors, health effects of emissions, and potential side effects of emissions);

d. Plaintiff's father, Louis Douglas Diez (deceased) (weekly interaction in 2018-2019 regarding the odors and health effects of emissions);

e.  Lindsay Campbell Jackson (Supervisory Staff) (weekly interaction in 2018-2019 regarding the odors and health effects of emissions);

f.  Curtis Lee Adams (Supervisory Staff) (weekly interaction in 2018-2019 regarding the odors and health effects of emissions, including his experiencing the same odors in River Ridge, LA);

g.  Shanna Boulain Trim (monthly interaction in 2018-2019 regarding the health effects of emissions); and,

h.  See also healthcare providers set forth in Amended Answer to Interrogatory No. 7 whom Plaintiff saw for migraine headaches.

From September 2017 up through January 2018, Plaintiff had discussions with her husband regarding the odors occasionally experienced while at the property on weekends when checking on the progress of the new home construction.

From January 2018 through the end of December 2019 Plaintiff had frequent discussions with the individuals listed above the odors experienced inside and outside of the home which were frequent, harsh, pervasive and invasive.

Plaintiff had a few, occasional discussions with the individuals listed above from January 2020 through approximately summer or perhaps fall 2020 about the emissions experienced at the residence during that time frame which were less frequent, less intense, less invasive, and of a lesser duration.

See also emails with Mike Lockwood, previously produced.

**INTERROGATORY NO. 4:**

Identify every demand, lawsuit, or workers' compensation claim that you have made or filed or that has been made or filed on your behalf involving allegations of exposure to emissions. Your response should identify the case or claim number; all parties and their attorneys; the date

the demand, lawsuit, or claim was made or filed; the body before which the demand, suit, or claim was made or filed; the nature of the demand, lawsuit, or claim; and the present status of the demand, suit, or claim.

**AMENDED ANSWER TO INTERROGATORY NO. 4:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff did not make or file any such claims.

**INTERROGATORY NO. 5:**

Identify each of your places of employment, including (i) the name and address of your employer, (ii) the dates of your employment, (iii) the job title(s) or position(s) you held, (iv) your job duties during the term of employment, and (v) whether you ever handled gaseous or odorous materials or were exposed to emissions during your employment, including the type, nature and frequency of the exposures.

**AMENDED ANSWER TO INTERROGATORY NO. 5:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff's employment during the relevant time period was as follows:

(i)     United States Department of Veterans Affairs
        1250 Poydras Street, Suite 200, New Orleans, LA 70113
        With permanent alternative workplace: 9534 Catalpa Loop,
        Waggaman, LA 70094
        (January 2018 to present) and 353 Nursery Avenue, Metairie, LA 70005
        (March 2016 to January 2018)

(ii)    January 2016 through December 31, 2020.

(iii)   Plaintiff's job title is Rating Veterans Service Representative

(iv)    (1) analyze and determine disabilities and disorders and their relationship to a Veterans military service and medical care received, (2) determine eligibility for federal and state benefits, (3) apply regulations and policy regarding entitlement to Veterans benefits.

(v)    No handling of materials or emissions related to this position; however, as a fully remote position, exposure to odors and emissions (see alternative workplace address) have been experienced more than twice weekly.

**INTERROGATORY NO. 6:**

Identify all physical or mental injury(ies) or symptoms you believe were caused by emissions from the Jefferson Parish Landfill, including the approximate first date that you believe emissions caused such injury(ies) or symptom(s).

**OBJECTION TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as it is vague and ambiguous as "physical and mental injuries" is unclear particularly in light of Plaintiffs' claims for nuisance injuries suffered (i.e., annoyance, decrease in quality of life, and interference with use and enjoyment of property) as a result of the Landfill's noxious emissions. Plaintiff further objects as the information sought may be the subject of expert testimony. Such testimony and reports will be tendered in compliance with the CMO.

Furthermore, interrogatory no. 6 is premature as discovery is ongoing.

**AMENDED ANSWER TO INTERROGATORY NO. 6:**

Plaintiff experienced the following symptoms from January 2018 up through December 2019 due to the Jefferson Parish Landfill's emissions: migraine headaches, nausea, loss of appetite, watery eyes, sleep disruption, anxiety/worry, decrease in quality of life, annoyance, discomfort, and loss of use and enjoyment of her property. Plaintiff and her family could not escape the noxious odors by simply going inside as they also invaded the home.

**INTERROGATORY NO. 7:**

Identify all physicians, healthcare providers, or other medical professionals who treated, consulted with, or examined you between January 1, 2015, to present, for the physical or mental injury(ies) or symptom(s) you believe were caused by exposure to emissions from the Jefferson Parish Landfill, including:

a. The name of the physician, health care provider, or other medical professional, and the name and address of the facility at which they practice;

b. The approximate date(s) when you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional; and

c. The injury(ies) or symptom(s) for which you sought treatment from, were examined by, or consulted with the physician, health care provider, or other medical professional.

**AMENDED ANSWER TO INTERROGATORY NO. 7:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff responds as follows for the triggering and/or exacerbation of migraine headaches she attributes to the landfill from January 2018 through approximately the end of 2019 perhaps early 2020:

**Dhanpot Mohnot, MD**
New Orleans Headache and Neurology Clinic, APMC
120 Meadowcrest Street, Suite 420
Gretna, LA 70056
November 2019 to December 31, 2020
Migraine headaches

**Rex Houser, MD**
Paradigm Neurology
64301 Highway 434
Lacombe LA 70445
February 2018 to November 2019
Migraine headaches

**Vanderbilt Neurodiagnostics**
1301 Medical Center Drive
Suite B817
Nashville TN 37232
February 2019 to December 31, 2020
Migraine headaches

**Donald Fabacher, MD**
East Jefferson Medical Center and Ochsner Medical Center
February 2018 to December 31, 2020
Migraine Headaches

**Nicole Giambrone, MD**
1532 Allen Toussaint Boulevard
New Orleans LA 70122
January 2018 to December 31, 2020
Migraine headaches

## INTERROGATORY NO. 8:

Identify all pharmacies where you filled your prescription(s) between January 1, 2015, to present, including (i) the name and address of the pharmacy, (ii) the approximate dates during which you filled prescriptions at the pharmacy, and (iii) the prescriptions you filled at the pharmacy.

## AMENDED ANSWER TO INTERROGATORY NO. 8:

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff used the following pharmacies to fill prescriptions between January 2016 and December 31, 2020:

**CVS Pharmacy**
1401 Veterans Boulevard
Metairie LA 70005
January 2016 to January 2018
toprol-xl, toradol, lioresal, migranal, rimegepant, zofran, wellbutrin XL, klonopin, lamictal, vilazodone, bupropion, midodrine, ketorolac, ondanesdestron, topiramate XR

**CVS Pharmacy**
2850 US 90
Avondale LA 70094
January 2018 to March 2018
florinef, provigil, proamatine, toprol-xl, toradol, lioresal, migranal, rimegepant, zofran, wellbutrin XL, klonopin, lamictal, vilazodone, bupropion, midodrine, nurtec, ketorolac, ondanesdestron

**PillPack Pharmacy**
250 Commercial Street, Suite 2012
Manchester NH 03101
March 2018 to December 31, 2020
florinef, provigil, proamatine, toprol-xl, toradol, lioresal, migranal, rimegepant, zofran, wellbutrin XL, klonopin, lamictal, vilazodone, bupropion, midodrine, nurtec, ketorolac, ondanesdestron. cyclobenzaprine, ubrevly

**In office treatment with Dr. Dhanpot Mohnot**
November 2019 to December 31, 2020
Ajovy, Emgality, Qudexy

## INTERROGATORY NO. 9:

Identify each category of damages that you seek and, for each category, identify the amount of damages you claim and explain in detail the basis for the amount.

## OBJECTION TO INTERROGATORY NO. 9:

Plaintiff objects to the extent the request calls for a determination reserved for the finder of fact as it relates to amount of damages.

Plaintiff further objects as the information is premature, as fact and expert discovery is ongoing. Because a response to this Interrogatory may require expert testimony, any such expert report will be provided by the date established in any forthcoming CMO.

## AMENDED ANSWER TO INTERROGATORY NO. 9:

Plaintiff's claim includes the psychological effects of exposures to odors she experienced from January 2018 up through December 2019 as a result of the JPLF's emissions. These damages consist of symptoms or effects from the emissions, such as migraine headaches, nausea, loss of appetite, watery eyes, sleep disruption, anxiety/worry, annoyance, and discomfort. The damages

also include loss of use and enjoyment of her home, loss of the enjoyment of life, and general nuisance damages. Plaintiff and her family could not escape the noxious odors by simply going inside as the noxious odors also invaded the home.

Plaintiff's response to this contention interrogatory will be supplemented at a later time after the discovery deadline has elapsed.

**INTERROGATORY NO. 10:**

State the facts supporting your contention that your injuries were caused by emissions from the Jefferson Parish Landfill.

**OBJECTION TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the basis of prematurity. Discovery in this case is ongoing, and therefore the scope of responsive information is not fully known to Plaintiff at this time.

Plaintiff further objects as the information sought in this Interrogatory will be the subject of expert testimony. Such testimony and reports will be tendered in connection with the date established in the forthcoming CMO.

Plaintiff further objects as the information sought by this Interrogatory, specifically as it relates to general causation, are known to Defendants through Plaintiffs' filings throughout the course of this action, as well as the Court's Findings of Fact and Conclusions of Law as to General Causation.

**AMENDED ANSWER TO INTERROGATORY NO. 10:**

Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which she was exposed.

Further, prior to residing at 9534 Catalpa Loop Waggaman LA 70094, the number of recurring migraines Plaintiff experienced were fewer than four times per month. Upon moving into that residence from her prior residence (353 Nursery Avenue, Metairie, LA 70005), migraine headaches occurred more than twice per week (with an extensive length per episode) during times when Plaintiff experienced the noxious odors at her residence (both inside and outside). Plaintiff's response to this contention interrogatory will be supplemented at a later time after the discovery deadline has elapsed.

SPECIFIC TO KAYLA ANNE STEELE

**INTERROGATORY NO. 1:**

Identify each property that you have owned or leased or where you have resided, including the dates during which you owned, leased, or resided at the property, and the nature of your ownership interest in the property (if any).

**AMENDED ANSWER TO INTERROGATORY NO. 1:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Mrs. Steele purchased the home located at 8439 Jefferson Highway with her husband in October, 2017. Prior to that, Mrs. Steele lived on St George Avenue in Jefferson, Louisiana.

**INTERROGATORY NO. 2:**

Identify all testing performed at the property(ies) at which you resided, including the approximate date of the testing and the identity of the person who did the testing.

**AMENDED ANSWER TO INTERROGATORY NO. 2:**

As per the agreement of the parties, Plaintiff is responding to this discovery request for the time period January 1, 2016, through December 31, 2020.

Plaintiff is unaware of any testing on the property at 8439 Jefferson Highway.

**OBJECTION TO INTERROGATORY NO. 10:**

This interrogatory is premature. Discovery is ongoing and responsive information is not fully known at this time. Additionally, this interrogatory may be the subject of expert testimony and such information will be tendered in compliance with dates established by CMO. Finally, this information is already known to defendants through Plaintiff filings and the Court's Findings of Fact and Conclusions of Law as to General Causation.

**AMENDED ANSWER TO INTERROGATORY NO. 10:**

Plaintiff recalls seeing news segments on television, press releases, and newspaper articles wherein Jefferson Parish Officials admitted that the odors were coming from the Jefferson Parish Landfill and wherein the LDEQ identified the JPLF as the likely source of the emissions to which he was exposed.

Plaintiff has not made a personal injury claim. Plaintiff's claim is for nuisance, annoyance, discomfort and loss of use/enjoyment of the home. Plaintiff suffered with migraine headaches, sleep disruption and worry.

Respectfully submitted,

_____/s/ Bruce C. Betzer_____
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com

_____/s/ Douglas S. Hammel_____
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com

       /s/ Jason Z. Landry
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, III (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*Counsel for Ictech-Bendeck Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIAS JORGE "GEORGE" | * | CIVIL ACTION |
| ICTECH-BENDECK, | * | |
| Plaintiff | * | NO. 18-7889 |
| | * | c/w 18-8071, |
| VERSUS | * | 18-8218, 18-9312 |
| | * | |
| WASTE CONNECTIONS BAYOU, | * | SECTION: "E" (5) |
| INC., ET AL., | * | |
| Defendants | * | JUDGE: Morgan |
| | * | MAGISTRATE JUDGE: |
| | | North |
| | * | |

*************************************************************************

**VERIFICATION**

I, Robyn Crossman, have reviewed the Amended and Supplemental Answers to the First Set of Interrogatories propounded by Defendants, Waste Connections US, Inc., Waste Connections Bayou, Inc., and Louisiana Regional Landfill Company (collectively, the "Waste Connections Defendants"), the Parish of Jefferson, and Aptim Corp., and verify that my answers are true and correct to the best of my personal knowledge, information, and belief as I understand those Interrogatories. I reserve the right to amend and/or supplement these requests as allowed by the Federal Rules of Civil Procedure and/or leave of court, including to correct any inadvertent errors or omissions in my answers that may come to my attention.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 9 day of November, 2023.

ROBYN CROSSMAN