# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,** | CIVIL ACTION |
| Plaintiffs | NO. 19-11133, c/w 19-14512 |
| V. | SECTION: "E" (5) |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,** | |
| Defendants | JUDGE: Morgan |
| | MAGISTRATE JUDGE: North |
| *Applies to: Both Cases* | |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE THE H2S EMISSIONS OPINIONS OF JOSE SANANES

Plaintiffs oppose the Defendants' Motion In Limine To Exclude The H2S Emissions Opinions of Jose Sananes. The Motion should be summarily denied.

**I. DEFENDANTS FILED THEIR MOTION IN DIRECT VIOLATION OF THE COURT'S ORDER, AND NO RESPONSE IS REQUIRED.**

The Court's Minute Entry dated April 2, 2024, states that, "Concerning the *Addison* case only, in a status conference held on April 6, 2023, the Court determined that in the trial on specific causation, ***motions in limine will be allowed only for new opinions (i.e., opinions on topics not covered in the trial on general causation) expressed by current experts*** and opinions expressed by new experts on topics related to specific causation." R.Doc. 517.

Having testified in the General Causation Trial, Mr. Sananes was a current expert, and the topics for which Defendants seek to exclude were all covered in the trial on general causation. Indeed, Defendants cite to the *trial transcript* when discussing the testimony of Mr. Sananes that they wish to have excluded. *See* R.Doc. 566-3 citing to the trial transcript on pages 2 (background),

3-4 (methodology for estimating gas generated inside the landfill), 5 (methodology for estimating gas collected by the landfill gas collection system), 5-6 (methodology for estimating gas emitted from the landfill), 12-13 (contention that Mr. Sananes departed from the EPA method and ignored daily data), 13-17 (contention that Mr. Sananes "unreliable leachate saturation percentage does not warrant his violation of EPA's express instructions"; 17-19 (contention that the "unreliable analogy to 'Landfill A' does not warrant his disregard of EPA's express instructions"); 20-22 (Sananes improperly relied upon a drawing prepared by Carlson Environmental); 23-26 (methodology for measuring gas levels). Even pages 22-23, which discuss the cover materials and do not cite the trial transcript, even that topic was addressed at trial. *See*, *e.g.*, R.Doc. 296 (Trial Transcript) Sananes cross-examination at 335-336 ("Q. You didn't consider the effect of cover at all in your estimate of how much gas escapes the landfill, did you? . A. We did not [then explaining reasons]").

Because all of the topics in the current Motion were covered in the trial, the current Motion was not a permitted motion. Accordingly, unless the Court requests a response on the merits, Plaintiffs have no obligation to provide one.

## II. THE PRIOR RULINGS ARE DISPOSITIVE OF THE CURRENT MOTION.

Defendants say they are entitled to a do-over because Rule 702 was amended since the General Causation trial. But the "new rule does not change the existing law. *United States v. Jordan*, No. 3:18-CR-67-CWR-LGI-1, 2023 WL 8703773, at *3 (S.D. Miss. Dec. 15, 2023). The amendment "echoes the existing law on the issue." *Andrews v. Brethren Mut. Ins. Co.*, No. 4:19-CV-02107, 2023 WL 6690710, at *6 (M.D. Pa. Oct. 12, 2023). *See* Advisory Committee notes, Fed. R. Evid. 702 ("Nothing in the amendment imposes any new, specific procedures.")

The amendments were "simply intended to clarify" that the preponderance of the evidence standard that governs the admissibility of other evidence under Federal Rule of Evidence 104(a) also "applies to expert opinions under Rule 702. *Cohen v. Bos. Sci. Corp.*, No. 1:20-CV-00943-PB, 2024 WL 1287648, at *5 (D.N.H. Mar. 26, 2024)—and that standard has already been applied by this Court and should not be relitigated. In this case, the Court not only heard prior motions on admissibility, it thereafter conducted a trial on the merits, where Mr. Sananes was cross-examined at length on the merits of his opinions.

The Court's order proscribing motions in limine on topics covered at trial recognizes that the issues raised by such a motion have already been litigated and decided, and there no just reason the expend the time and resources of the Parties and the Court to litigate them again.

The very first Case Management Order in this case, entered on November 5, 2019, more than four and one-half years ago, determined that the issue of General Causation would be tried first, and would be tried to the bench. R.Doc. 80. General Causation was defined as including "the determination of whether odors and gases were being emitted by the Jefferson Parish Landfill." Id. at 2. Thus, one of the questions to be decided by the Court in the General Causation Phase was whether odors and gases were being emitted by the Landfill.

The Seventh Case Management Order required all *Daubert* motions to exclude expert testimony on General Causation to be filed on or before October 4, 2021. R.Doc. 202 at 6 ¶ F.2. At that time, Plaintiffs' expert was Mr. Nestor Soler, and Defendants filed a *Daubert* motion to exclude his testimony. R.Doc. 207. Defendants asserted that Mr. Soler's estimate of collection efficiency (and thus the emission rate) "depends on unreliable methods and insufficient data" in three respects (a) the use of a theoretical radius of influence derived from a Carlson drawing was improper; (b) the radius of influence cannot be reliably estimate by doubling the length of the well

3

unblocked by liquids and (c) Mr. Soler ignored established and accepted EPA and industry methods to determine landfill collection efficiency.. R.Doc. 201-18 at 10-15.

The Court denied the *Daubert* motion on November 8, 2021, "which largely attacked the experts' methodology, as going to the weight of the evidence." R.Doc. 323 at 3; *see* .Doc. 256 at 5-6. A few weeks later, Mr. Soler became ill, and he was replaced by Mr. Jose Sananes, who was employed by the same company and had worked with Mr. Soler on this project, with the stipulation that Mr. Sananes would "be bound by the reports, including the methodologies, analyses, conclusions, and opinions set forth therein, as if they were his own." R.Doc. 263.

Even if the Defendants' current motion had been permitted, the Court's ruling on November 8, 2021, resolves it. Because the current motion attacks the very same methodologies that were sought to be excluded under *Daubert* prior to the General Causation trial, the Court's ruling that the attacks go to weight, and not admissibility, is dispositive. The motion to exclude must be denied.

In their pretrial statement, Defendants argued to the Court that that their attacks to the weight of the evidence would carry the day:

> Plaintiffs must prove at this hearing that any one or more of them could have been exposed to odors or gases from the JPLF to a degree that would injure a person of ordinary sensibilities, or a member of the general population. To prove this, their experts use unreliable methods, unsound data, and unwarranted assumptions, each of which amplifies the next expert's errors. Their experts' case fails Rule 702's standards for admissibility at multiple points. Defendants will further show that when the weight of evidence is considered, Plaintiffs have not met their evidentiary burden of proof as to any Plaintiff.

R.Doc. 248. Thereafter, Defendants cross-examined Mr. Sananes at length at trial.

In their Post-Trial Brief, Defendants discussed the "radius of influence" (at 21, 23), failing to account for cover soils, (22-23) failing to use a default value or site-specific information to derive a *k* value (even though consideration of the wet nature of the landfill is the use of site-

4

specific information; improper conclusions regarding water in the waste mass (25-27)—all the same arguments that Defendants reassert now. Defendants' Post-Hearing Brief argued, under the heading, "Mr. Sananes' emission rate is unreliable because he did not use generally accepted methods or reliable data" that "The Court should assign no weight to the testimony of Plaintiffs' landfill engineering expert Mr. Sananes because he used unaccepted, novel methods and unreliable information to estimate the H2S emission rate that was a critical input to Plaintiffs' air model." R.Doc. 292 at 20.

In the Court's Findings and Conclusions on General Causation, the Court devoted 21 pages of its opinion to the issue of whether gases and odors were being emitted from the Landfill, and concluded, "The Plaintiffs have proven by a preponderance of the evidence that gases and odors were emitted from phase 4A of the Landfill." R.Doc. 323 at pages 5-26. If the Court had found Mr. Sananes' opinions to have been so unreliable that emissions could not be proven, then it would have ruled for Defendants.

The argument that the prior trial was a bench trial and not a jury trial is specious. The parties agreed that the case would be bifurcated and agreed that the issue of General Causation would be tried to the bench. The Court heard all of the Defendants' *Daubert* objections, on the merits, after a full trial, where Mr. Sananes was cross-examined, and did not sustain any of them. Now Defendant refuse to abide by their prior agreement just because they disagree with the ruling. If parties who have agreed to a bifurcated proceeding with part of the case tried to the bench are entitled to a do-over if the later proceeding is jury trial, then no one would agree to such a bifurcated case. And in this case, if the Defendants have their way, the General Causation Phase was all for naught.

The opinions of Mr. Sananes that Defendants seek to challenge here are the very same opinions, without change, that he offered in the General Causation Phase. The *Daubert* issues have been heard and decided.

## III. CONCLUSION

As set forth above, Defendants file the current motion despite the Court's order directing it not be filed, and in the face of two prior orders of the Court resolving the issues presented by the Motion. No new issues are presented. Plaintiffs should not be required to litigate these issues a third time. The Motion should be summarily denied.

Respectfully submitted, this 13th day of June, 2024.

/s/ S. Eliza James
FORREST CRESSY & JAMES, LLC
Byron M. Forrest (La. Bar No. 35480)
Nicholas V. Cressy (La. Bar No. 35725)
S. Eliza James (La. Bar No. 35182)
1222 Annunciation Street
New Orleans, Louisiana 70130
Tele:(504) 605.0777
Fax: (504) 322.3884
Email: byron@fcjlaw.com
nicholas@fdjlaw.com
eliza@fcjlaw.com

/s/ Eric C. Rowe
C. Allen Foster (Admitted Pro Hac Vice)
Eric C. Rowe (Admitted Pro Hac Vice)
Masten Childers, III (Admitted Pro Hac Vice)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1800 M Street, NW, Suite 450N
Washington, DC 20036
Tele: (202) 659.6800
Fax: (202) 331.0573
Email: cafoster@whiteforlaw.com
erowe@whitefordlaw.com
mchilders@whitefordlaw.com

Harry S. Johnson, (Admitted Pro Hac Vice)
James R. Jeffcoat (Admitted Pro Hac Vice)

WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
hjohnson@whitefordlaw.com
jjeffcoat@whitefordlaw.com

*Counsel For Addison Plaintiffs*

7