UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7889**         c/w 18-8071,         18-8218, 18-9312 |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,**     Defendants | **SECTION: "E" (5)** |

*Related Case:*

| | |
|---|---|
| **FREDERICK ADDISON, ET AL.,**     Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11133**         c/w 19-14512 |
| **LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.,**     Defendants | **SECTION: "E"(5)** |

*Applies to: All Cases*

**ORDER**

Before the Court is Defendants' Motion to Compel Responses to Discovery Requests.[1] Plaintiffs opposed the motion.[2] Defendants filed a reply.[3] The Court's Order is limited to Defendants' first request—to compel the production of the proposed class representatives' contingency fee agreements. Plaintiffs' counsel provided the agreements

---

[1] R. Doc. 396.
[2] R. Doc. 403.
[3] R. Doc. 407.

1

to the Court for in camera review.[4]

After review, the Court finds the contingency fee agreements present no issues with respect to the adequacy of class counsel's representation of the putative class. The fee agreements do not put class counsel and the contracting class representatives in any position of conflict.

Defendants cite *Rodriguez v. West Publishing Corporation*, a case out of the Ninth Circuit, for the proposition that contingency fee agreements are relevant to demonstrate the relationship between class representatives and class counsel, particularly when there is a conflict amongst the parties.[5] The Court finds that, while contingency fee agreements may be "potentially relevant to the adequacy inquiry" when there is evidence of a conflict of interest, there is no evidence of any conflict in this matter.[6] The *Rodriguez* court found that the incentive agreements with the class representatives should have been disclosed because they "disjoined the contingency financial interests of the contracting representatives from the class."[7] This Court finds no evidence of class conflict in this matter after inspecting the agreements in camera because there are no incentive agreements.[8] Further, the Court finds the relationships between class counsel and the class representatives are not relevant to the claims and defenses in this action. Accordingly;

The motion to compel contingency fee agreements of class counsel will be denied.

---

[4] R. Doc. 425.
[5] *See* R. Doc. 396-1, p. 10; *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009). Defendants also cite *Porter v. Nationscredit Consumer Disc. Co.*, No. CIV.A. 03-3768, 2004 WL 1753255 (E.D. Pa. July 8, 2004), and *Medlock Sw. Mgt. Corp. v. Fed. Nat'l Mortg. Ass'n*, No. 5:04CV129, 2006 WL 8434270 (E.D. Tex. Sept. 1, 2006) in support of their arguments.
[6] *Medlock*, 2006 WL 8434270 at *6.
[7] *Rodriguez*, 563 F.3d at 959. *Rodriguez* does not mandate that fee arrangements must always be disclosed.
[8] *Porter* similarly recognized that fee arrangements can be disclosed when they *may* be relevant to determine if a conflict exists. 2004 WL 1753255, at *2. Again, after inspecting the agreements, the Court finds no conflict.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Compel Responses to Discovery Requests,[9] with respect to part (i) requesting the production of the contingency fee agreements of the proposed class representatives, is **DENIED**.

**New Orleans, Louisiana, this 2nd day of July, 2024.**

                                          **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 396.