## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, **Plaintiff** | **CIVIL ACTION** <br><br> **NO. 18-7889** <br> **c/w 18-8071,** <br> **18-8218, 18-9312** |
| **VERSUS** | |
| **PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,** **Defendants** | **SECTION: "E" (5)** <br><br> **JUDGE: Morgan** <br> **MAGISTRATE JUDGE: North** |
| *Applies to: All Cases* | |

## MOTION FOR PRELIMINARY APPROVAL
## OF PROPOSED SETTLEMENT

Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Motion for Preliminary Approval of Proposed Settlement (the "Motion") shall have the meanings and/or definitions given to them in the Agreement ("Agreement") entered into by and between Class Counsel, on behalf of the Class, and the Parish of Jefferson, the original of which is attached to this Motion as Exhibit 1.

The Class, represented herein by Class Counsel, Lawrence J. Centola, III, Jason Z. Landry, Bruce C. Betzer, Douglas S. Hammel, Kacie F. Gray, John D. Sileo, and Seth H. Schaumburg, respectfully represent to and move the Court as follows:

1 .

Class Counsel, on behalf of the Class, and the Parish of Jefferson have agreed on a proposed compromise settlement of all Claims of the Class arising from or related to the Release Occurrence and related acts and/or omissions, against the Released Parties.

2 .

All terms, definitions, provisions, reservations, and conditions of such compromise settlement are more particularly set forth in the Agreement that is attached hereto as Exhibit 1, all

1

of which terms, definitions, provisions, reservations, and conditions as well as Exhibits A, B, and C thereto are made part of this Motion as though copied herein in extenso. To the extent that there may be any conflict between the terms, definitions, provisions, reservations, and conditions set forth in this Motion and those set forth in the Agreement, the terms, definitions, provisions, reservations, and conditions of the Agreement shall govern.

3.

The purposes and intent of all parties to this proposed settlement are (a) to settle all Claims of the Class against the Released Parties; (b) to terminate and extinguish any liability of the Released Parties for all Claims of the Class; and (c) to dismiss on the merits and with prejudice all claims of the Class arising from or related to the Release Occurrence and related acts and/or omissions, against the Released Parties.

4.

As noted in the Agreement, Class Counsel, on behalf of the Class, and the Parish of Jefferson have agreed to, and do hereby propose, the following class for preliminary certification by the Court pursuant to the Agreement and Rule 23 of the Federal Rules of Civil Procedure (the "Class as Defined"). Capitalized terms used herein are defined in the Agreement:

> "Class" or "Class Members" means any and all individuals who, during the time period of July 1, 2017 through December 31, 2019, lived and/or resided in the Class Area. The persons and entities specifically listed in Exhibit B to the Agreement are excluded from the Class.

> The term "Class Area" shall mean and refer to the geographic area as follows:

>> The geographical boundary within the Parish of Jefferson, State of Louisiana, starting at the intersection of Jerome S. Glazer Airport Access Rd. and West Napoleon Ave (including the canal extending westward from the intersection of West Napoleon Ave and Williams Blvd) then proceeding eastward along West Napoleon Avenue until its intersection with North Causeway Boulevard, then proceeding south along Causeway Boulevard until its intersection with River Road, then proceeding south across the Mississippi River until the intersection of Lapalco Boulevard and Bayou Segnette, then

proceeding west until the southernmost end of S. Jamie Boulevard, then proceeding west until the southernmost end of Ruth Drive, then proceeding west/northwest to the intersection of Hwy 90 and the St. Charles Parish/Jefferson Parish line, then proceeding north along the St. Charles Parish/Jefferson Parish line to River Road, then proceeding north along the St. Charles Parish/Jefferson Parish line from River Road to Airline Hwy, then proceeding east along Airline Hwy until its intersection with Jerome S. Glazer Airport Access Rd., then proceeding north until the intersection of Jerome S. Glazer Airport Access Rd. and West Napoleon Ave (including the canal extending westward from the intersection of West Napoleon Ave and Williams Blvd).

The Class Area Map is attached to the Agreement as Exhibit C.

Also included in the class are the persons listed as Class Members on Exhibit A to the Agreement.

5.

Class Counsel move that the Court preliminarily approve Elias Jorge "George" Ictech-Bendeck, Nicole M. Landry-Boudreaux, Mona Bernard, Phil Adams, Robyn Crossman, Kayla Anne Steele, Ann Williams, and Ophelia Walker to appear on behalf of and serve as representatives for the Class in the Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.

Class Counsel move that the Court preliminarily approve Lawrence J. Centola, III, Jason Z. Landry, Bruce C. Betzer, Douglas S. Hammel, Kacie F. Gray, John D. Sileo, and Seth H. Schaumburg to appear on behalf of and serve as counsel for the Class in the Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.

As noted in the Agreement, the Parish of Jefferson has agreed to pay $4,500,000 in settlement on or before February 3, 2025.

3

8.

Movers represent to the Court that the proposed settlement has been reached through extensive and intensive negotiations by which the settling parties have reached agreement through arms-length bargaining without any collusive practices among them.

9.

Movers suggest that among the factors favoring settlement on the terms proposed in the Agreement are:

a.   The uncertainty of the issues affecting liability, including fault and apportionment thereof, causation, injury, damages, and other legal issues.

b.   The assurance to be gained for the benefit of the Class that a substantial recovery will be obtained regardless of the outcome of further litigation.

c.   The economy of costs/exposure reduction for the benefit of the Released Parties.

d.   The costs of continued litigation for the benefit of the Class.

e.   The prevailing consideration in all compromises and settlements that each party, whether the Class or the Parish of Jefferson, weighs the advantages of settlement against the risks of loss.

10.

Movers further represent to the Court that while the Released Parties have denied, and continue to deny, any liability for the Action and the Release Occurrence, the settlement proposed herein, and the consideration therefor, is fair, reasonable, and adequate, considering:

a.   The complexity, expense, and likely duration of the litigation with respect to the further participation of the Class and the Released Parties.

b.   The state of the proceedings and the amount of discovery completed.

c.   The probability vel non of plaintiffs' success on the merits as to the Released Parties.

d.   The range of possible recovery from the Released Parties for both compensatory and exemplary damages, if any.

e.   The concurrences of Class Counsel and counsel for the Parish of Jefferson as reflected in the Settlement Agreement and in the Parish of Jefferson's non-opposition to this Motion.

11.

Class Counsel represents to the Court that in Class Counsel's collective opinion, the settlement, as proposed, is fair and reasonable to the putative class as proposed, especially in view of the uncertainties and vagaries of further litigation with the Released Parties, the numerical constituency of the Class, and the nature and extent of damage to the Class.

12.

In accordance with the provisions of the Agreement, Class Counsel, on behalf of the Class, with the concurrence of the Parish of Jefferson, presents for the approval of the Court the following proposed plan for management of the Settlement Payment to be made by the Parish of Jefferson, as provided in the Agreement:

a.   The Parish of Jefferson shall pay into the Settlement Fund, the Settlement Payment ($4,500,000.00) on or before February 3, 2025 into the Settlement Fund.

b.   Except as otherwise provided in the Agreement, the Settlement Fund shall be maintained and managed under the supervision and orders of the Court.

c.   Movers suggest that (1) the funds deposited and to be deposited into the Settlement Fund should be designated as a qualified settlement fund pursuant to the U.S. Internal Rev. Code §468B (26 U.S.C. §468B) and be regulated according to the regulations promulgated thereunder; and that (2) the Court should assume continuing jurisdiction over the Settlement Fund in accordance with U.S. Internal Rev. Code §468B (26 U.S.C. §468B) and the regulations promulgated thereunder; and that (3) the funds in such account should be invested, disbursed, paid, and/or transferred in accordance with the provisions of the Agreement.

d.   Following the (i) the Court's preliminary certification of the Class as Defined, (ii) the Court's preliminary appointment of appropriate representatives for the Class, and (iii) the Court's preliminary determination that the settlement as proposed in the Agreement is within the range of possible judicial approval, notice to all putative members of the Class, in the form and content to be subsequently provided by Movers to the Court, shall be disseminated in accordance with the proposal set forth in Paragraph 13 of this Motion, informing putative Class Members of the preliminary certification of the Class as Defined; the ability of putative Class Members to opt out of the Class as Defined and the manner and form in which opt

5

outs are to take place; the terms of the Agreement; that except as otherwise provided in the Agreement, no allocations or disbursements will be made from the Settlement Fund without express prior written approval of the Court; the circumstances under which disbursements may be made in the future; and informing putative Class Members of their right to object to the terms of the proposed settlement and to be heard on their objections in a fairness hearing to be conducted at a prescribed time and place and in a prescribed manner.

e. _____ has been appointed as Court Appointed Neutral, pursuant to Rule 53 of the Federal Rules of Civil Procedure, to assist the Court, in cooperation and coordination with Class Counsel and counsel for the Parish of Jefferson to: (i) devise a plan for establishing appropriate reserves to be deducted from the Settlement Payment in order to establish the amount available from the Settlement Payment for distribution to the Class Members; (ii) establish appropriate criteria for evaluation of claims of Class Members; (iii) review and evaluate claims of Class Members in accordance with the criteria so established; (iv) establish proposed allocations for each Class Member in accordance with these criteria and evaluations; (v) prepare a proposed plan for pro-rata distribution of the proposed allocations; (vi) submit to the Court a report on the above, along with recommendations for the Court's consideration in proceeding with the allocation and distribution process following the Effective Date; (vii) engage such staff, deputies, and experts as reasonably necessary and conduct such hearings as may be necessary and appropriate to carry out this assignment, the Class Member disbursements, and the individual allocation or distribution of class counsel fees and cost reimbursements; and (viii) perform such other acts and functions as may be necessary or appropriate to fulfill the duties and responsibilities as set forth herein, assist the Court in further settlement negotiations, or as the Court may direct.

f. The fairness hearing shall be conducted in such manner as to assure full compliance with applicable considerations of due process of law and the provisions of Rule 23 of the Federal Rules of Civil Procedure.

13.

Following preliminary certification of the Class as Defined, to assure that putative Class Members are fully informed of (i) the pendency of the Class Action, (ii) the preliminary certification of the Class as Defined, (iii) the ability of putative Class Members to opt out of the Class as Defined and the manner and form in which opt outs are to take place, (iv) the Agreement and its contents, (v) their right to review the proposed settlement documents, (vi) their right to be represented by private counsel, at their own costs; (vii) their right to object to the Agreement, as proposed, (viii) the means whereby they may make their objections and be heard thereon at the

fairness hearing to be held by the Court at a designated time and place, and (ix) the proof of claim process, Movers request that notice in the form and content attached hereto as Exhibits 2 and 3 be approved by the Court and ordered disseminated to putative Class Members as due process and Rule 23 of the Federal Rules of Civil Procedure require. The notice plan shall provide for dissemination: (a) of notice in the form attached hereto as Exhibit 2 by mail to the last known address of all putative Class Members, if reasonably ascertainable; (b) of notice in the form attached hereto as Exhibit 3 by publication in the Times Picayune/Nola.com, each on two separate days; (c) by posting a copy of notice in the form attached hereto as Exhibit 2 and Exhibit 3 at a neutral website. The preparation and dissemination of the notice shall be the responsibility of Class Counsel, in consultation with the Parish of Jefferson.

14.

The actual number of persons who are Class Members and who will elect to settle their claims pursuant to the Agreement will be better established after notification to all putative Class Members that the Class Action is pending, and for this reason, Class Counsel seeks to have a proof of claim process initiated as set forth herein.

15.

The Court Appointed Neutral, after consultation with Class Counsel and counsel for the Parish of Jefferson, will prepare the form of the proof of claim and determine the method of taking such claims, and Movers propose that there be an opportunity to complete a proof of claim during a period of no less than sixty (60) days following the initial date of publication of the newspaper notification to putative Class Members, which date will follow the provision of notice to Class Members by mail. The notice attached hereto as Exhibit 2, which Movers have suggested be disseminated in the manner set forth in Paragraph 13 of this Motion, includes directions for the submission of claims.

16.

In order to facilitate an orderly settlement of this matter, Class Counsel requests that the Court order that any contingency fee contracts affecting the representation of plaintiffs in the Action dated after August 21, 2024 shall not be enforceable, absent good cause shown following appropriate judicial proceedings.

17.

As described in the Agreement, the parties agree that the Court shall retain jurisdiction over the Action, the Agreement, the formal order and judgment approving the Agreement, the Class Settlement Fund, all ancillary settlement matters, Class Counsel, the Class Members, and the Parish of Jefferson solely for the purpose of administering, supervising, construing, and enforcing the Agreement and the final order and judgment approving the Agreement, and supervising the management and disbursement of the funds in the Settlement Fund.

18.

All terms, definitions, provisions, reservations and conditions of the Agreement, and particularly with regard to any matters not expressly set forth in this Motion, are to be considered in full force and effect and binding on all parties subscribing thereto.

WHEREFORE, CLASS COUNSEL, ON BEHALF OF THE CLASS, PRAYS:

I.    That the Court review the proposed Agreement, attached hereto as Exhibit A, and that the Agreement and the settlement contained therein and all exhibits attached thereto and/or to the Motion be preliminarily approved by the Court as fair, reasonable, and adequate, entered into in good faith and without collusion, and within the range of possible judicial approval, and that the Court direct that the Agreement and the settlement set forth therein be submitted to the Class for consideration at a fairness hearing.

II.   That the Settlement Payment be ordered placed and held in trust, pursuant to the terms the Agreement, and pending further orders of the Court.

III.  That the Court preliminarily certify the Class as Defined.

IV.   That the Court approve the notice, in the form attached hereto as Exhibits 2 and 3, and the dissemination of such notice as described in paragraph 13 of this Motion, as

reasonable within the meaning of Federal Rule of Civil Procedure 23 and all other applicable law.

V.   Class Counsel move that the Court preliminarily approve Elias Jorge "George" Ictech-Bendeck, Nicole M. Landry-Boudreaux, Mona Bernard, Phil Adams, Robyn Crossman, Kayla Anne Steele, Ann Williams, and Ophelia Walker to appear on behalf of and serve as representatives for the Class in the Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

VI.   Class Counsel move that the Court approve Lawrence J. Centola, III, Jason Z. Landry, Bruce C. Betzer, Douglas S. Hammel, Kacie F. Gray, John D. Sileo, and Seth H. Schaumburg to appear on behalf of and serve as counsel for the Class in the Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

VII.   That the Court preliminarily approve the plan for management of the settlement contributions set forth in Paragraph 13 of this Motion.

VIII.   That (1) the funds deposited and to be deposited into the Settlement Fund be designated by the Court as a qualified settlement fund pursuant to the U.S. Internal Rev. Code §468B (26 U.S.C. §468B) and be regulated according to the regulations promulgated thereunder; and that (2) the Court assume continuing jurisdiction over the Settlement Fund in accordance with U.S. Int. Rev. Code §468B (26 U.S.C. §468B) and the regulations promulgated thereunder; and that (3) the funds in such account be invested, disbursed, paid and/or transferred in accordance with the provisions of the Agreement.

XI.   That the Court approve the form, content, and method and date of dissemination to the putative Class Members of the notice of the certification of the Class as Defined, the proposed settlement, and the fairness hearing, in the form to be subsequently provided by Movers to the Court, and order its dissemination to putative Class Members and others by first class mail, postage prepaid, and by publication as set forth in the notice plan, so that the Court may obtain and consider comments/objections of the Class, if any, regarding the Agreement and the settlement set forth therein and consider its fairness, reasonableness, and adequacy.

XII.   That the Court hold a fairness hearing on or about January 15, 2025 on the Agreement and the proposed settlement set forth therein, to consider comments/objections regarding the Agreement and the proposed settlement set forth therein, and to consider its fairness, reasonableness, and adequacy under Rule 23 of the Federal Rules of Civil Procedure.

XIII.   That any member of the Class who objects to the approval of the Agreement and the settlement set forth therein or to entry of final judgment with respect thereto, and who timely and properly files the appropriate documentation of such objection, as described below, may appear at the fairness hearing and show cause why the Agreement and the settlement set forth therein should not be approved as fair, reasonable, and adequate. Objections to the Agreement shall be heard and considered by the Court only if the objector properly files and provides, on or before

a date to be fixed by the Court, a concise written statement describing the specific reason(s) for his or her objections, which must include: (i) the name, address, and telephone number of the Class Member and, if applicable, the name, address, and telephone number of the attorney of such Class Member, (ii) a statement that the objector is a member of the Class, (iii) a description of the property wholly or partially located within the Class area in which they have an ownership interest, (iv) the reasons for objecting, including any supporting materials, papers, or briefs that the objector wishes the Court to consider, and a statement as to whether the objector intends to appear in Court at any final fairness hearing either with or without separate counsel; and (v) the name and address of any witnesses to be presented at the fairness hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony. Any Class Member who wishes to speak, personally or through his or her attorney, at the final fairness hearing must include a notice of intent to appear with his or her objection. Any member of the Class who does not make an objection in the manner specifically provided, by the deadline set forth in the notice, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Agreement and the settlement set forth therein and to any final judgment that may be entered with respect thereto.

XIV.   That any contingency fee contracts affecting the representation of plaintiffs in the Action dated after August 1, 2024 shall not be enforceable absent good cause shown following appropriate judicial proceedings.

XV.   That in due course, and after appropriate public notices and hearing(s), final judgment be entered by the Court, approving the settlement, and all terms thereof as provided in the Agreement, and dismissing the Released Parties regarding any and all Claims, upon the Effective Date, with prejudice and with each party to bear its own costs, including court costs paid through dismissal.

XVI.   That the Court maintain continuing jurisdiction over the settlement proceedings to assure the effectuation thereof for the benefit of the Class.

XVII.   For any other relief indicated or justified in the premises.

Date: September 19, 2024

Respectfully Submitted:

*/s/ Lawrence J. Centola, III*
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, Iii (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065

10

(504)581-7635 – FACSIMILE

*/s/ Bruce C. Betzer*
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com

*/s/ Douglas S. Hammel*
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com

*/s/ Kacie F. Gray*
Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

*/s/ John D. Sileo*
John D. Sileo (La Bar No. 17797)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*/s/ Seth H. Schaumburg*
Seth H. Schaumburg (La Bar No. 24636)
Favret Demarest Russo Lutkewitte & Schaumburg
1555 Poydras Street, Suite 1600
New Orleans, LA 70112
P: (504) 562-1006
F: (504) 523-0699
seth@favretlaw.com
*Counsel for Ictech-Bendeck Plaintiffs*

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Lawrence J. Centola, III*

CLASS COUNSEL, ON BEHALF OF THE CLASS