**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, **Plaintiff** | CIVIL ACTION NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| **VERSUS** | |
| WASTE CONNECTIONS BAYOU, INC., ET AL., **Defendants** | SECTION: "E" (5) |
| *Applies to: All Cases* | JUDGE: Morgan MAGISTRATE JUDGE: North |

**WASTE CONNECTIONS DEFENDANTS' OPPOSITION TO**
**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

Defendants Louisiana Regional Landfill Company ("LRLC"), Waste Connections Bayou, Inc., and Waste Connections US, Inc. (collectively, "Waste Connections Defendants") submit this memorandum in opposition to the Motion for Preliminary Approval of Proposed Settlement (ECF Doc. #474) ("Motion") and respectfully request that, unless the Proposed Settlement[1] is revised in the manner suggested herein, the Court should deny approval of the Proposed Settlement.

**STANDING**

The Waste Connections Defendants have standing to object to the Proposed Settlement because it would result in substantial prejudice to them if not revised in the manner suggested herein. The Fifth Circuit has recognized a non-settling defendant's standing to object to a settlement when the settlement would result in prejudice to the non-settling defendant. *See Dunn*

---

[1] ECF Doc. #474-1. In addition to the Proposed Settlement itself, the Waste Connections Defendants assert that revisions are needed to the proposed notice and proposed legal notice attached to the Proposed Settlement. *See* ECF Docs. #474-2, 474-3.

*v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1173 (5th Cir. 1981) (non-settling defendant properly objected to settlement that affected the availability of witnesses at trial); *see also Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) (holding that non-settling party has standing to challenge a partial settlement where it demonstrates "plain legal prejudice").

As set forth below, the Proposed Settlement purports to assign rights to a contract that LRLC is a party to, in violation of the plain terms of the contract. As a party to the contract, LRLC has standing to enforce its terms. *See Morial v. U.S. Dep't of Hous. & Urb. Dev*., No. CIV.A. 01-3820, 2002 WL 246334, at *3 (E.D. La. Feb. 20, 2002). This is particularly true here given that, if this objection is not remedied, more than 75,000 potential class members will be incorrectly notified that they have rights against the Waste Connections Defendants when, in truth, such rights cannot be validly assigned to them. Additionally, as further explained below, the Proposed Settlement affects the rights of all three the Waste Connections Defendants in the pending class action, such that they have standing to object.

## **ARGUMENT**

The Waste Connections Defendants object to the Proposed Settlement on two grounds: (1) it purports to assign contractual rights to Plaintiffs, in violation of the contract's anti-assignment provision; and (2) it contains incorrect or misleading information about the Waste Connections Defendants, including information suggesting that they are involved in the Proposed Settlement. Additionally, the Waste Connections Defendants submit this opposition to reserve their right to contest the certification of a class for any purpose other than settlement, and to respectfully request that the Court adopt appropriate language in its approval of a revised Proposed Settlement to clarify that a class is being certified for settlement purposes only.

**1. The Proposed Settlement violates LRLC's contract with Jefferson Parish.**

LRLC operated portions of the Jefferson Parish Landfill pursuant to a contract with Jefferson Parish dated May 17, 2012 ("Contract").[2] The Contract provides, "This Agreement may not be sold, subleased, assigned or transferred at [any time] by either party without the prior written approval of the other party…."[3]

Despite this clear and unambiguous language, the Proposed Settlement purports to assign the Parish's rights to the Contract to Plaintiffs, providing: "The Parish agrees to assign its rights (but not obligations) under any applicable contract between the Parish and either Aptim or the Waste Connections Defendants, their subsidiaries and affiliates to the Class."[4] LRLC has not been asked to consent to such an assignment and no consent to such an assignment has been given. To the contrary, LRLC objects to any proposed assignment of rights under the Contract to Plaintiffs.

Under Louisiana law, a contractual right cannot be assigned when the contract prohibits assignment of that right. Louisiana Civil Code art. 2653. Thus, the assignment called for by the Proposed Settlement is prohibited by the Contract's anti-assignment clause. *See In Re Katrina Canal Breaches Litig.*, 2010-1823 (La. 5/10/11), 63 So.3d 955, 960-62 (observing that article 2653 is broad, applies to all assignments, and clearly indicates the Louisiana legislature's "intent to allow parties freedom to contractually prohibit assignment of rights.").

This dispute is ripe for resolution. Because the Contract plainly prohibits the assignment called for by the Proposed Settlement, the Proposed Settlement is legally defective, would incorrectly advise more than 75,000 proposed class members[5] that they have certain rights against

---

[2] Exhibit 1.

[3] Exhibit 1, p. 38, Section IV(Z)(3).

[4] ECF Doc. #474-1, p. 4, Section 3.3; p. 7, Section 5.1(c).

[5] *See* Plaintiffs' Memorandum in Support of Amended Motion to Certify Class at 28 (ECF Doc. 438-21) (estimating more than 75,000 potential class members).

the Waste Connections Defendants, and must be revised before obtaining the Court's approval.

**2. The Proposed Settlement contains incorrect or misleading information about the Waste Connections Defendants.**

Next, the Waste Connections Defendants object to the Proposed Settlement because the proposed notice (Exhibit 2 to Plaintiffs' Motion) ("Proposed Notice") and proposed legal notice (Exhibit 3 to Plaintiffs' Motion) ("Proposed Legal Notice") contain incorrect or misleading information about the Waste Connections Defendants, as follows:

    A. The parties they are suing, the Parish of Jefferson; Aptim Corporation ("Aptim"); and Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. (collectively referred to as "Waste Connections"), are called the defendants.[6]

    B. This class action lawsuit generally stems from claims against the Parish of Jefferson, Waste Connections, and Aptim arising out of or in connection with the alleged release of hydrogen sulfide and other sulfur compounds from the Jefferson Parish Landfill in the time period of July 1, 2017 through December 31, 2019.[7]

    C. The case remains pending against the Waste Connections Defendants (Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.) as the contracted operator of the landfill and Aptim Corporation as the company who operated and maintained the gas collection system at the landfill.[8]

The Waste Connections Defendants are not parties to the Proposed Settlement, and there is no reason for the Proposed Notice and Proposed Legal Notice to mention them at all. By including discussion of the Waste Connections Defendants, the Proposed Notice and Proposed Legal Notice create the false impression that the Waste Connections Defendants are somehow involved in the settlement, which could influence potential class members' decision to opt out or not. Additionally,

---

[6] ECF Doc. #474-2, section 1.

[7] ECF Doc. #474-2, section 2.

[8] ECF Doc. #474-3.

the Proposed Legal Notice contains statements about the Waste Connections Defendants that are plainly incorrect—e.g., that Waste Connections Bayou, Inc. and Waste Connections US, Inc. contracted with Jefferson Parish to operate the Jefferson Parish Landfill.[9] These defects can be cured by simply removing any mention of the Waste Connections Defendants from the Proposed Notice and Proposed Legal Notice, other than perhaps in the case caption.

In the alternative, if the Proposed Notice and Proposed Legal Notice are allowed to mention the Waste Connections Defendants, which they should not, they should be revised to remove inaccurate information about the roles of the Waste Connections Defendants and correctly inform potential class members about the implications of their decision to participate in the settlement or not. To achieve this, Paragraph C above, excerpted from the Proposed Legal Notice, could be deleted and replaced with the following provision:

> Although the Waste Connections Defendants were named in this lawsuit, they are not part of this settlement. The Court has not yet determined whether a class action will be allowed to proceed against the Waste Connections Defendants. Your decision to participate in this settlement will have no bearing on your right, if any, to recover from the Waste Connections Defendants.

Such language would remove the misstatements contained in the Proposed Legal Notice, accurately state which parties are part of the settlement, and would better inform potential class members about the implications of their decision to participate in the settlement or not.

The Waste Connections Defendants further object to the Settlement Agreement and proposed notices to the extent they refer to "Waste Connections" as an entity or to the case caption as "*Ictech-Bendeck v. Waste Connections et al*." (See, e.g., ECF No. 474-1 at paragraph 2.1, 2.10, 5.1(c)). There is no legal entity known as "Waste Connections" and that is not a named Defendant

---

[9] ECF Doc. #474-3.

in this case. The case caption is misrepresented in the Settlement Agreement, which may be publicly accessible after its approval. If the case caption is included in the Settlement Agreement or any approved notice, it should be accurate, and should be revised to "*Ictech-Bendeck v. Progressive Waste Solutions of La, Inc., et al.*" or "*Ictech-Bendeck v. Waste Connections Bayou, Inc., et al.*", and any approved settlement or notices should define the Waste Connections Defendants as Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.

**3. The Court should clarify that it is not certifying a class for any purpose other than settlement.**

Finally, in approving any class settlement herein, the Court should clarify that it is not certifying a class for any purpose other than settlement, and that the Waste Connections Defendants' right to contest class certification will be preserved. Plaintiffs' Motion seeks certification of a class and offers a proposed definition of that class.[10] But Plaintiffs' proposed class definition does not state that the class would be certified for settlement purposes only. The Waste Connections Defendants respectfully request that, in approving any class settlement herein, the Court include the following language, or language that is substantially similar, so as to preserve the rights of the Waste Connections Defendants:

> The Court's certification of this settlement class is solely for purposes of Plaintiffs' settlement with Jefferson Parish. The Waste Connections Defendants oppose certification of any class, asserting that Plaintiffs have failed to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure (including typicality, adequacy of representation, predominance, and superiority). In certifying this settlement class, the Court is not making a determination on whether there exists commonality, numerosity, typicality, adequacy of representation, predominance, and/or superiority sufficient to warrant certification of a class under Rule 23, other than for purposes of this settlement class. The Court's Order is without

---

[10] ECF Doc. #474, para. 4.

prejudice to the defenses and positions of the non-settling defendants as to any issue, including but not limited to the non-settling defendants' right to challenge class certification.

## <u>CONCLUSION</u>

For all of the reasons above, the Waste Connections Defendants respectfully request that, unless the Proposed Settlement, Proposed Notice, and Proposed Legal Notice are revised in the manner suggested herein, the Court should deny approval of the Proposed Settlement.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
        Michael C. Mims (#33991)
        Michael Cash (#31655)
        Cherrell Simms Taplin (#28227)
        Kelly B. Becker (#27375)
        Kathryn Z. Gonski (#33442)
        Brady M. Hadden (#37708)
        Alec Andrade (#38659)
        701 Poydras Street, Suite 5000
        New Orleans, LA 70139
        Telephone: (504) 581-7979
        Telefax: (504) 556-4108

        BEVERIDGE & DIAMOND, P.C.

        Megan R. Brillault (*pro hac vice*)
        Michael G. Murphy (*pro hac vice*)
        John H. Paul (*pro hac vice*)
        Katelyn E. Ciolino (*pro hac vice*)
        Katrina M. Krebs (*pro hac vice*)
        825 Third Avenue, 16th Floor
        New York, NY 10022
        (212) 702-5400

        James B. Slaughter (*pro hac vice*)
        1900 N Street, NW, Suite 100
        Washington, DC 20036
        (202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

**Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on September 30, 2024.

*/s/ Michael C. Mims*