UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, **Plaintiff** | CIVIL ACTION |
| | NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| **VERSUS** | |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL., **Defendants** | SECTION: "E" (5) |
| | JUDGE: Morgan MAGISTRATE JUDGE: North |
| *Applies to: All Cases* | |

**RESPONSE TO THE WASTE CONNECTIONS DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

NOW INTO COURT, come the undersigned Putative Class Counsel, on behalf of the Putative Class Representatives and the Putative Class, who, in accordance with this Honorable Court's Order (Doc. 478), file the instant Response to the Waste Connections Defendants' Opposition Motion for Preliminary Approval of Proposed Settlement to (1) provide the revised settlement agreement and revised notices to the Class in accordance with the objections made by the Waste Connections Defendants (Doc. 477), and (2) address the Waste Connections Defendants' objection to the Proposed Settlement based on the issue of the assignability of the Parish's rights against them under the contract (Doc. 477; Doc. 477-1), to wit:

I.      **The Revised Settlement Agreement and the Revised Notices Cure the Waste Connections Defendants' Objections to the Notice Language.**

In accordance with this Honorable Court's guidance during the September 30, 2024, Status Conference, Class Counsel worked with counsel for the Waste Connections Defendants to revise the settlement agreement and the proposed notices to be sent out per the proposed notice plan (Doc. 474 at Paragraph 13) to address the Waste Connections Defendants' objections to the content

1

therein. Class counsel accepted the edits proposed by Waste Connections. See attached the revised versions of the settlement agreement (Exhibit 1 hereto) and the detailed notice and legal notice (attached hereto as Exhibit 2 and Exhibit 3 respectively).

II.     **The Waste Connections Defendants' Remaining Objection to the Proposed Settlement Based on the Issue of Assignability of the Parish's Rights under the Contract Should Be Overruled.**

A. **The Waste Connections Defendants Do Not Have Standing to Object to the Proposed Settlement.**

Before addressing the merits of their objection, "[a] jurisdictional question must be answered first" – do the Waste Connections Defendants' have standing to object to the Proposed Settlement? *LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d 359, 364 (5th Cir. 2021) citing *Paterson v. Texas*, 308 F.3d 448, 450 (5th Cir. 2002).

"Standing requires an injury that is concrete and particularized as well as actual or imminent." *LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d at 364 citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "The party invoking federal jurisdiction bears the burden of establishing standing." *LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d at 364 quoting *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

"Non-settling parties generally lack standing to object to a settlement agreement." *LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d at 364 citing *Transamerican Refin. Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992); see also *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246 (7th Cir. 1992) ("The general rule, of course, is that a non-settling party does not have standing to object to a settlement between other parties. Particularly, 'non-settling defendants in a multiple defendant litigation context have no standing to object to the fairness or adequacy of the settlement by other defendants.' 2 Herbert B. Newberg, Newberg on Class Actions § 11.54 (2d ed. 1985)."). Rule 23(e) itself clearly contemplates that only class members have standing to object. See FRCP 23(3);

see also *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.").

A potential exception exists "if the settlement agreement purports to strip non-settling defendants of rights to contribution or indemnity." *LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d at 364 citing *Transamerican Refin. Corp. v. Dravo Corp.*, 952 F.2d at 900. "A party also suffers plain legal prejudice if the settlement strips the party of a legal claim or cause of action, such as a cross-claim or the right to present relevant evidence at trial." *Agretti*, 982 F.2d at 247 citing *Alumax Mill Prods., Inc. v. Congress Fin. Corp. of Am.*, 912 F.2d 996, 1002 (8th Cir. 1990) (dismissing cross-claims with prejudice); *Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1173–74 (5th Cir.1981) (making potential witnesses unavailable to remaining defendants).

"On the other hand, courts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties, does not cause plain legal prejudice to the non-settling party." *Agretti*, 982 F.2d at 247 (citations omitted). "Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice." *Agretti*, 982 F.2d at 247 citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233-34 (7th Cir. 1983).

The U.S. Fifth Circuit has "relied on the Seventh Circuit's 'plain legal prejudice' formulation to govern when a non-party may object to a settlement agreement" since rendering its decision in *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164-65 (5th Cir. 1985). *LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d at 364 and fn. 4. "[P]lain legal prejudice is an exception to the general rule that only a party to a settlement may object to a proposed settlement." *Agretti*, 982 F.2d at 248. The Waste Connections Defendants have "standing to object to the settlement, then, only if it has suffered plain legal prejudice because of the settlement between plaintiffs and [the Parish of Jefferson]." *LeBlanc v. Texas Brine Co., L.L.C.*, 989 F.3d at 364.

The Waste Connections Defendants have not and cannot prove plain legal prejudice and thus lack standing to object to the Proposed Settlement.

A judgment approving the Proposed Settlement will resolve claims between the Plaintiff Class and the Parish of Jefferson; however, such a judgment would not purport to decide any substantive legal rights of the Waste Connections Defendants. See *Transamerican Ref. Corp. v. Dravo Corp.*, 952 F.2d at 900 ("Even were we to do so, the fact remains that the appellants are not parties to that judgment. The judgment resolved claims between the Plaintiff class and the Settling Defendants and did not purport to decide any substantive legal rights of the appellants. Indeed the supplemental record produced in this case reflects that the very issue which appellants invoke to reverse the settlement judgment is now pending before the district court. Motions are pending below for dismissal of all contribution claims, bifurcation of Plaintiffs' antitrust and fraud claims, and for separate trial of the appellants' contribution claims. The injury which appellants claim to have suffered by the settlement is highly speculative."). Accordingly, to the extent the Waste Connection Defendants possess any claims of contribution or indemnity from the Parish, those claims remain undisturbed.

Because the Proposed Settlement agreement does not purport to strip the Waste Connections Defendants of any rights to contribution or indemnity from the Parish of Jefferson, the Waste Connections Defendants lack standing.

To be clear, whether the Parish's claims of contribution and indemnity against the Waste Connections Defendants have merit is an issue for another day, as is whether the Parish can validly assign those rights under the contract to the Class. However, while the Waste Connections Defendants may have standing to argue later the validity of the Parish's assignment of rights under the agreement, such standing is irrelevant to whether they will actually or imminently suffer plain legal prejudice through the approval of the Proposed Settlement. Stated differently, the Waste

Connections Defendants' standing to enforce the terms of their contract with the Parish is very different from whether they have standing to object to the Proposed Settlement to which they are not a party.

Here, the Waste Connections Defendants have failed to prove how they will suffer plain legal prejudice because of class members being notified of what the Waste Connections Defendants contend to be an invalid assignment of rights. In fact, their opposition is entirely silent about how they would actually be prejudiced by the notice of a class settlement to which they are not a party.

The Proposed Settlement does not prevent the Waste Connections Defendants from asserting claims for contribution and indemnity against the Parish of Jefferson. Nor does the Proposed Settlement prevent the Waste Connections Defendants from later opposing the Parish's contribution and indemnity claim against them. *Agretti*, 982 F.2d at 248 ("The cases concerning plain legal prejudice do not support ANR's argument that its contract rights have been legally prejudiced. Simply because the district court approved the settlement between Local 710 [co-defendant] and plaintiffs does not resolve any potential claim which ANR may wish to assert against Local 710, even if it arises out of the same facts which were the subject of the settlement.").

Moreover, the Proposed Settlement does not increase the value of the Parish's claim for contribution or indemnity against the Waste Connections Defendants. It is one claim. The claim has the same value no matter who asserts it.

At best, the Waste Connections Defendants have only come forward with "mere allegations of injury" that do not rise to the level of plain legal prejudice. See *Agretti*, 982 F.2d at 247 citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d at 1233-34.

Because the Waste Connections Defendants have failed to articulate how approving the Proposed Settlement would qualify as plain legal prejudice, the Waste Connections Defendants lack standing.

**B. The Parish's Assignment of Rights under the Contract to the Class is Valid.**

The Putative Class adopts the arguments of the Parish of Jefferson regarding the assignment of rights.

The "Agreement" which is subject to the anti-assignability clause (Section Z(3)) is the contract between the Parish and IESI for trash collection and landfill operation and maintenance. Section Z(3) does not speak to any and all rights under or related to that contract, and thus does not prohibit the Parish's assignment of rights to the Class in this instance.

In accordance with its plain language, Section Z(3) can be divided into 2 anti-assignability clauses: (1) anti-assignability of the contract for trash collection and landfill operation and maintenance itself; and (2) anti-assignability of certain specific interests held by IESI related to the contract. See Doc. 477-1 at p. 38, Section Z(3).

The reduced language relied upon by Waste Connections Defendants in their Opposition, along with the remainder of that sentence, comprises the anti-assignability clause of the contract for trash collection and landfill operation and maintenance itself:

> This Agreement may not be sold, subleased, assigned or transferred at any time by either party without prior written approval of the other party, which shall not be unreasonably withheld; provided, however, that IESI may assign this Agreement to any direct or indirect affiliate or subsidiary of IESI or to any person or entity succeeding to all or substantially all of IESI's assets (whether by operation of law, merger, consolidation or otherwise) without the Parish's consent, effective upon written notice to Parish as provided herein.

Immediately after the language relied upon by the Waste Connections Defendants appears language which limits IESI's ability to assign certain interests in the Agreement:

> Except as otherwise provided herein, IESI shall not assign any interest in this Agreement, and shall not transfer any interest in the same (whether by assignment or novation), nor shall IESI assign any monies due or to become due to it under this Agreement without the prior written consent of the Parish thereto, nor without the consent of the surety unless the surety has waived its right to notice of assignment.

Such additional language prohibiting IESI from assigning certain interests under the Agreement, such as monies due under the contract, would be entirely superfluous if the language relied upon by the Waste Connections Defendants prohibits the Parish's assignment of any and all rights under the Agreement, as Defendants contend it does.

Article 2653, which speaks to the validity of anti-assignability clauses under Louisiana law, provides:

> A right cannot be assigned when the contract from which it arises prohibits the assignment of that right. Such a prohibition has no effect against an assignee who has no knowledge of its existence.

See La. C.C. art. 2653. Thus, by Article 2653's plain language, prohibitions to the assignability of a specific right under the contract can be valid under Louisiana law, provided "that right" arising under the contract is expressly identified. In the anti-assignability provision at issue, it is undisputed that no specific right of the Parish arising under the contract is set forth within Section Z(3). In fact, the only specific right mentioned is IESI's right to assign particular interests in the Agreement. Notably, no language limits the Parish's ability to assign its rights under the contract, such as the Parish's interest in monies due thereunder. The absence of any such language speaking to specific rights of the Parish supports the conclusion that the anti-assignability clauses in Section Z(3) must be given limited effect.

Accordingly, the anti-assignability clause, Section Z(3), does not prohibit the Parish's assignment of rights to the Class in this instance. Therefore, the Parish's assignment of rights to the Class is legally valid.

**III.    Conclusion.**

WHEREFORE, Class Counsel, on behalf of the Class, prays that the Court grant the Revised Motion for Preliminary Approval of Proposed Settlement, and that the Court overrule the

Waste Connections Defendants' remaining objection to the Proposed Settlement based on the issue of assignability of the Parish's rights under the contract.

Date: October 4, 2024

Respectfully Submitted:

/s/ Lawrence J. Centola, III
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, Iii (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE

/s/ Bruce C. Betzer
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com

/s/ Douglas S. Hammel
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com

/s/ Kacie F. Gray
Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

*/s/ John D. Sileo*
John D. Sileo (La Bar No. 17797)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

*/s/ Seth H. Schaumburg*
Seth H. Schaumburg (La Bar No. 24636)
Favret Demarest Russo Lutkewitte & Schaumburg
1555 Poydras Street, Suite 1600
New Orleans, LA 70112
P: (504) 562-1006
F: (504) 523-0699
seth@favretlaw.com
*Counsel for Ictech-Bendeck Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Lawrence J. Centola, III*

CLASS COUNSEL, ON BEHALF OF THE CLASS