UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,** *Plaintiff* | * * * * | **CIVIL ACTION NO. 18-7889** *c/w 18-8071, 18-8218, and 18-9312* |
| **VERSUS** | * * | **SECTION: "E" (5)** |
| **PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,** *Defendants* | * * * * | **JUDGE MORGAN** |
| *Applies to: All Cases* | * * | **MAGISTRATE JUDGE NORTH** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### JEFFERSON PARISH'S REPLY MEMORANDUM IN RESPONSE TO WASTE CONNECTIONS DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

MAY PLEASE THE COURT:

The Opposition submitted by Waste Connections Defendants should be summarily rejected by this Court on multiple grounds. First, Louisiana law makes clear that a non-settling party attempting to interject into a settlement in which it is not involved only has standing if they meet their burden of showing "plain legal prejudice," which Waste Connections Defendants have not actually alleged and cannot establish. Second, even if standing is found, the provision relied upon by Waste Connections Defendants to form the basis of their argument does not serve to encumber the right being transferred by Jefferson Parish to Plaintiffs in the proposed settlement. Lastly, and out of an abundance of caution, even if this Court finds some merit to the argument being set forth by Waste Connections Defendants, the current pursuit is – at best – premature and should be reserved for if/when Plaintiffs intend to set forth the transferred right(s).

As will be more fully set forth below, much of the argument in this Reply Memorandum is based in cases cited by Waste Connections Defendants itself in its Opposition. Simply put, there is no factual or legal basis to support the Opposition, and Jefferson Parish respectfully request this Court approved the Motion for Preliminary Approval Proposed Settlement as prayed for.

1. **WASTE CONNECTIONS DEFENDANTS DO NOT HAVE STANDING TO OBJECT TO THE PROPOSED SETTLEMENT.**

A non-settling defendant *only* has standing if they meet their burden of showing there is "plain legal prejudice" to them. Despite alleging in the Opposition that the assignment of rights from Jefferson Parish to Plaintiffs "would result in substantial prejudice" to them, Waste Connections Defendants never actually state what that prejudice allegedly is. Instead, they refer to

three (3) provisions of the Proposed Notice and Proposed Legal Notice, none of which even mention the assignment of rights at issue. Further, following the submission of their Opposition, Waste Connections Defendants submitted proposed changes to the Proposed Legal Notice, all of which were agreed to by both Jefferson Parish and Plaintiffs. Simply put, there has not even been an alleged prejudice arising out of the assignment set forth for this Court to consider and the terms of the Proposed Notice and Proposed Legal Notice have essentially been agreed to.

Moreover, a review of the case law cited by Waste Connections Defendants are in contradiction of their argument and position.

In *Quad/Graphics, Inc. v. Fass,* 724 F2.d 1230, 1233 (7th Cir. 1983), the appellate court affirmed the trial court's dismissal of the settling defendants, finding that "in applying this standard ["plain legal prejudice" doctrine], the courts have determined that a showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify denying the Plaintiff's motion to dismiss.[1] In the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case. It would indeed be incongruous for a non-settling defendant to have any less of a burden in attempting to prevent such a voluntary dismissal than he would if he were the party being dismissed." *Id.* Thus, the court determined that "plain legal prejudice" did not exist and, therefore, the non-settling defendant did not have standing to object to the settlement.

In *Dunn*, 629 F.2d 1171 (5th Cir. 1981), the court held that a non-settling defendant properly objected to a partial settlement that affected the availability of witnesses at trial. In *Dunn*, the terms of the proposed settlement stated that the selling party would bar the testimony of certain employees and witnesses for use in the non-settling defendants defense, which the court found resulted in "plain legal prejudice" to the non-settling defendant. This is obviously not the case in this matter.

Simply put, there has been no factual or legal basis set forth by Waste Connections Defendants to support a showing of "plain legal prejudice."

2. **THERE IS NO ANTI-ASSIGNMENT CLAUSE ON THE RIGHT(S) BEING TRANSFERRED BETWEEN JEFFERSON PARISH AND PLAINTIFF.**

The contract at the basis of the argument being set forth by Waste Connections Defendants is a contract to "Operate, Manage, and Maintain the Jefferson Parish Sanitary Landfill Site," which

---

[1] This language is also used in *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143 (9th Cir. 1982), and *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967).

was executed on May 17, 2012 – several years before the lawsuits at issue were even filed.[2] There is no assignment of rights regarding the operation, management, or maintenance of the Jefferson Parish Sanitary Landfill Site. Instead, rights that arose several years later following the filing of the instant lawsuit(s) are transferred. Again – a reading of the case law cited by Waste Connections Defendants contradicts their stated position.

In *In Re Katrina Canal Breaches Litigation*, 63 So.3d 955 (La. 5/10/2011), the Louisiana Supreme Court found that – while there is no public policy precluding anti-assignment clauses – "the language of an anti-assignment clause must clearly and unambiguously express that it applies to post-loss assignments." In that case, the Court was looking at an anti-assignment clause that was in an insurance policy secondary to the insurer's argument that the anti-assignment clause applied to post-loss assignments of claims. The Court specifically delineated the difference between an anti-assignment clause applying to a contract itself and a right that arises later (even if it is related to the initial contract). Following this line of reasoning, the generic anti-assignment clause in the contract regarding the operation, management, or maintenance of the Jefferson Parish Sanitary Landfill Site has nothing to do with assignment of post-loss assignments of indemnification. If the provision were to apply, it would need to "clearly and unambiguously express that it applies to the post-loss assignment," which it does not.

3. **WASTE CONNECTIONS DEFENDANTS' ARGUMENT IS – AT BEST – PREMATURE.**

Even in the light most favorable to Waste Connections Defendants, the argument being set forth is – at best – premature. There is no change in the ability to pursue any rights, defenses, or obligations on the part of the Waste Connections Defendants, and they may advance those if/when Plaintiffs seek to pursue the assigned right(s). As this Court is aware, Louisiana law favors settlement and resolution of claims and will only disturb settlement if there is a showing of "plain legal prejudice," which there is not. The Motion for Preliminary Approval of the Proposed Settlement should be granted as prayed for.

**WHEREFORE**, Defendant, Jefferson Parish, respectfully requests this Court grant the Motion for Preliminary Approval of the Proposed Settlement.

(*Signature block and Certificate of Service on next page*)

---

[2] Doc. 477-1.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
| **I HEREBY CERTIFY** that a copy of the above and foregoing has been filed with the Clerk of Court via CM/ECF system, which will send notice of electronic filing to all counsel of record. | **CONNICK AND CONNICK, LLC** |
| Metairie, Louisiana, this 4th day of October, 2024. | /s/ Matthew D. Moghis<br>WILLIAM P. CONNICK, La. Bar No. 14158<br>MICHAEL S. FUTRELL, La. Bar No. 20819<br>MATTHEW D. MOGHIS, La. Bar No. 33994<br>3421 N. Causeway Boulevard, Suite 408<br>Metairie, Louisiana 70002<br>Telephone: (504) 681-6658<br>Facsimile: (504) 838-9903<br>Email: moghis@connicklaw.com |
| /s/ Matthew D. Moghis<br>MATTHEW D. MOGHIS | *Counsel for Defendant, Jefferson Parish* |