UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>       Plaintiff<br><br>**VERSUS**<br><br>**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,**<br>       Defendants<br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 18-7889<br>c/w 18-8071,<br>18-8218, 18-9312<br><br>SECTION: "E" (5)<br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

### JEFFERSON PARISH'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

**MAY IT PLEASE THE COURT:**

Jefferson Parish reasserts and reiterates all arguments raised in the Memorandum filed in response to Waste Connections Defendants' Opposition to Motion for Preliminary Approval of Proposed Settlement which was filed on October 4, 2024.[1]  Specifically, Waste Connections has no standing to object as they cannot establish the required "plain legal prejudice".  Additionally, the rights being assigned do not require the consent of Waste Connections.  Finally, Waste Connections' objection regarding the assignability is premature.

In further support and to address the Court's comments made during the October 10, 2024 status conference held in this matter, Jefferson Parish offers the following.

Courts have consistently held that there is a strong public interest in favoring the voluntary settlement of class actions. *Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 507 (5th Cir. 1981) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *Smith v. Crystian*, 91 Fed. Appx. 952, 955 (5th Cir. 2004) (per curiam); *Turner v. Murphy Oil USA*, 472 F.Supp 2d 830, 843 (E.D. La. 2007); *In re Warfarin Sodium Antitrust*

---

[1] Doc. 482.

*Litig.*, 391 F.3d 516, 535 (3d Cir. 2004); *In re Exxon Valdez*, 229 F.3d 790, 795 (9th Cir. 2000); *Lazar v. Pierce*, 757 F.2d 435, 440 (1st Cir. 1985). Further, as a result of such public interest, there is a strong presumption in favor of finding the settlement fair, reasonable, and adequate. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 720 (E.D. La. 2008); accord, e.g., *In re Educ. Testing Serv. Praxis Principles of Learning & Teaching Grades 7-12 Litig.*, 447 F.Supp.2d 612, 619 (E.D. La. 2006); *Neff v. VIA Metro. Transit Auth.*, 179 F.R.D. 185, 208 (W.D. Tex. 1998). Therefore, the burden is on the Waste Connections Defendants to overcome the strong presumption of favoring settlements. The Waste Connections Defendants have offered nothing to overcome the strong presumption other than their objection to the assignment to the settlement class of Jefferson Parish's rights to pursue certain claims.

## I.      The Proposed Settlement Class and the Class set forth in the Motion to Certify are the same.

The proposed settlement class is identical to the proposed class in Plaintiffs' Amended Motion to Certify Class filed on May 15, 2024.[2] Accordingly, it is clear that all members of the proposed class seeking to be certified in the pending Motion to Certify Class are the same as the class members in the proposed settlement class.

## II.     Waste Connections is in the same position with or without the assignment.

Despite Waste Connections Defendants efforts to convince this Court otherwise, the assignment at issue does not impact the Waste Connections Defendants in any way. If the rights at issue are not assigned, the Waste Connections Defendants would be faced with the prospect that Jefferson Parish would assert those contractual rights and causes action against the Waste Connections Defendants. The assignment by Jefferson Parish of its contractual rights and causes of action to the settlement class does not create any additional contractual rights or causes of action against the Waste Connections Defendants. To the contrary, any rights or

---

[2] Doc 481 page 3 and Doc. 438-21 page 20.

causes of action asserted by the settlement class would be the same as those which could be asserted by Jefferson Parish.

### III.    There is precedent for the assignment of rights to a settlement class.

Jefferson Parish points out that Judge Barbier approved a class settlement in which rights were assigned to a settlement class over objections from other parties which is akin to the situation that exists in the instant matter. *In re Oil Spill by Oil Rig Deep Water Horizon in Gulf of Mexico*, 910 F.Supp.2d 891 (E.D. La. 2012). In that case Judge Barbier noted at page 909 that the settlement, which he ultimately approved, included the assignment of certain B.P. spill related claims against Transocean and Halliburton to the class. Footnote 13 of the opinion notes that the Court did not consider the objections by Transocean and Halliburton to the assignment. It is obvious that Judge Barbier determined that any attack on the validity of any such assignment should not be dealt with during the settlement approval proceedings. Rather, any such objections would be properly raised if and when the assignment rights are pursued. In the instant matter, the Waste Connections Defendants would not be precluded from challenging the validity of the assignment if and when they are asserted. Also, Jefferson Parish notes that such assignment of rights to a settlement class were part of the settlement agreement in *State Farm Fire and Casualty Company v. LaFuria*, 2008 WL 5479635 (WD La. Oct. 2008).

### IV.    Jefferson Parish and Plaintiffs have agreed to alternate language

Jefferson Parish also presents to the Court that in the event it is determined that for any reason the proposed assignment is contrary to law, that revised language in the proposed settlement agreement has been included as follows:

> **ARTICLE III**
> **SETTLEMENT PAYMENT**
>
> 3.1. The Parish of Jefferson shall make, or have another make on their behalf, the Settlement Payment to resolve the Claims. After making the Settlement Payment, the Parish of Jefferson shall not be required to make,

or have another make on their behalf, any further payments pursuant to this Agreement (except as otherwise provided in Section 3.3).

3.2. Under no circumstances shall the Parish of Jefferson have any liability for amounts in excess of the Settlement Payment (except as otherwise provided in Section 3.3). All damages to Class Members, attorneys' fees and costs, common benefit fees and expenses, and Administrative Costs shall be paid from the Settlement Payment.

3.3 The Parish agrees to assign its rights and causes of action (but not obligations) under any applicable contract between the Parish and either Aptim or the Waste Connections Defendants, their subsidiaries and affiliates to the Class. Further, The Parish agrees to defend and indemnify the Class from any claims made by either Aptim or the Waste Connections Defendants, their subsidiaries and affiliates arising out of the contracts or the action. Alternatively, the Parish agrees to pursue its rights and causes of action against Aptim and the Waste Connections Defendants, their subsidiaries and affiliates, and that any monies recovered from said action(s) will be paid to the benefit of the Settlement Class. The Parish's rights and causes of action subject to this section are those which arise out of the factual basis set forth in the Action, and expressly include any rights and causes of action arising out of the acts and omissions of Aptim and the Waste Connections Defendants, their subsidiaries and affiliates which gave rise to the Release Occurrence.

While Jefferson Parish maintains that the assignment at issue is proper, the revised language provides an alternative course of action agreed to by Jefferson Parish and the Plaintiffs which does not involve the assignment of any rights by Jefferson Parish.

Jefferson Parish asserts that the Motion for Preliminary Approval should be granted and that Waste Connections objection to the assignment is without merit.

Respectfully submitted,

**CONNICK AND CONNICK, LLC**

By: ___*s/Michael S. Futrell*___
WILLIAM P. CONNICK (14158)
**MICHAEL S. FUTRELL (20819)**
MATTHEW D. MOGHIS (33994)
3421 N. Causeway Boulevard, Suite 408
Metairie, Louisiana 70002
Telephone: (504) 681-6658
Facsimile: (504) 838-9903
*Counsel for Defendant, Jefferson Parish*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2024, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system which will send a notice of electronic filing to all registered counsel of record.

___*s/Michael S. Futrell*___
**MICHAEL S. FUTRELL**