**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,** Plaintiff | **CIVIL ACTION** NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| **VERSUS** | |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,** Defendants | **SECTION: "E" (5)** |
| *Applies to: All Cases* | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE UNTIMELY DISCLOSED WITNESSES

## INTRODUCTION

Plaintiffs should not be permitted to call representatives of accounting and advisory firm EisnerAmper at the January 2025 class certification hearing, as these experts have never been previously disclosed and their testimony was excluded by the Court's order governing the scope of the upcoming hearing. On their December 6, 2024 witness list, Plaintiffs disclosed for the first time that they plan to call one of two settlement and claims administrators employed by EisnerAmper at the upcoming hearing.[1] Plaintiffs' expert disclosure comes well past the Court's discovery deadlines and nearly five months after class certification briefing was completed, and it defies the Court's order (and Plaintiffs' own representation) limiting the hearing to fact witnesses. Moreover, the testimony of the EisnerAmper consultants is not relevant to class certification; but even if it was, at most it could only concern two class certification issues—predominance and superiority—that the Court excluded from the scope of the hearing.

After holding oral argument on predominance and superiority in September 2024, the Court expressly limited the upcoming evidentiary hearing to the issues of typicality, adequacy of representation, and ascertainability. In addition, after Plaintiffs told the Court and Defendants[2] that they did not intend to call expert witnesses, the Court further limited the hearing to fact testimony. R. Doc. 505. Flouting the Court's order and their prior representation, Plaintiffs now offer surprise expert testimony on—as far as Defendants can tell from online practice profiles—the use of claim forms in complex litigation. If that testimony were at all relevant to the class certification inquiry,

---

[1] Defs. Ex. A.

[2] Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., Waste Connections US, Inc., and Aptim Corp. bring this motion.

1

it would go to the excluded superiority and predominance requirements on which the Court already heard argument.

Apparently trying to circumvent the Court's order and their prior representation, Plaintiffs categorize the EisnerAmper witnesses (Brad Madden and Ryan Aldridge) as fact witnesses in their witness list. However, the witnesses would be testifying based on their specialized knowledge of settlement and claims administration—plainly making them expert witnesses, not fact witnesses. In violation of the Court's case management orders and the federal rules, Plaintiffs did not previously identify Mr. Madden or Mr. Aldridge (or any other person from EisnerAmper) as experts, and they did not serve expert reports from these individuals. And even if these Baton Rouge-based consultants could be considered fact witnesses, Plaintiffs failed to comply with the disclosure requirements for fact witnesses. Plaintiffs never identified Mr. Madden and Mr. Aldridge on their Rule 26 initial disclosures or any other witness list that they were required to serve. Given that fact discovery closed on class certification issues more than 10 months ago and the parties' class certification briefing was fully submitted as of June 26, 2024, Plaintiffs' identification of Mr. Madden and Mr. Aldridge comes far too late.

Plaintiffs cannot substantially justify this nondisclosure or prove that it was harmless, a requirement to avoid exclusion of these witnesses under the federal rules. Plaintiffs have not offered any explanation for the untimely disclosure, Defendants oppose another continuance of the hearing as the class certification motion is ripe for decision, and allowing either witness to testify would unfairly prejudice Defendants in their ability to cross-examine and rebut them. Plaintiffs' attempt to ambush Defendants with these witnesses at the hearing should be denied.

Defendants promptly requested that Plaintiffs withdraw the improper witness designations. Plaintiffs ignored Defendants' request, neither withdrawing the EisnerAmper witnesses nor

responding to the substance of Defendants' objections. Defendants should therefore be awarded their attorneys' fees for this motion because Plaintiffs have left it to contested motion practice to resolve this plainly improper witness designation.

## LEGAL STANDARD

Courts have broad discretion to exclude witness testimony that has no or marginal relevance. *United States v. Hagen*, 60 F.4th 932, 941-42 (5th Cir. 2023) (affirming exclusion of irrelevant testimony); *see also* Fed. R. Evid. 402. To avoid exclusion, the party offering a witness must "provide evidence" demonstrating the relevance of the proposed testimony. *Bowman v. R.L. Young, Inc.*, 2022 WL 4000598, at *2-3 (E.D. La. Sept. 1, 2022) (excluding witnesses where relevance of testimony was not established with evidence). Courts may also exclude witnesses as a sanction for violating a scheduling or pretrial order. Fed. R. Civ. P. 16(f); *Sandifer v. Gusman*, 637 F. App'x 117, 121 (5th Cir. 2015) (affirming sanctions; district courts have "inherent power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

In addition, a party that fails to disclose a witness as required by Rule 26(a) or (e) "is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion of the witness is "mandatory and automatic" unless the party that failed to make the disclosure establishes substantial justification or harmlessness. *Red Dot Bldgs. v. Jacobs Tech., Inc.*, 2012 WL 2061904, at *3, *5 (E.D. La. June 7, 2012) (excluding untimely expert report under Rule 37); *see also Whalen v. Monsanto Co.*, 2024 WL 3554527, at *3, *8-9 (E.D. La. Jan. 22, 2024) (Milazzo, J.) (similar), *aff'd*, 2024 WL 4524170 (5th Cir. Oct. 18, 2024).

## ARGUMENT

**I.  Mr. Madden and Mr. Aldridge's testimony is not permitted at or relevant to the upcoming class certification hearing.**

The Court plainly limited the types of evidence allowed at and relevant to the January 2025 class certification hearing to <u>fact</u> testimony, not expert testimony, on three of the Rule 23 prerequisites: typicality, adequacy of representation, and ascertainability. R. Doc. 505 at 2. Plaintiffs identified settlement and claims administrators from the firm EisnerAmper, specifically Mr. Madden and Mr. Aldridge, as "fact witnesses" who they plan to call at the hearing. Defs. Ex. A. The EisnerAmper consultants' testimony falls well outside the Court's directed scope of the class certification hearing and should be excluded.

As an initial matter, Mr. Madden and Mr. Aldridge are experts, not fact witnesses. Lay witnesses may only provide opinion testimony that is "rationally based" on their perception and not "scientific, technical, or other specialized knowledge within the scope of Rule 702" of the Federal Rules of Evidence. Fed. R. Evid. 701. Although Plaintiffs listed Mr. Madden and Mr. Aldridge as fact witnesses, Plaintiffs have not suggested that either individual has first-hand knowledge of the facts of this case (e.g., that they resided in the proposed class area between July 2017 and December 2019). Indeed, it would be hard to fathom that they do, as both Mr. Madden and Mr. Aldridge are based in Baton Rouge, Louisiana, and provide consulting services in complex litigation.[3] Instead, they would be testifying about matters that depend on their specialized knowledge of settlement and claims administration. This plainly makes Mr. Madden and Mr. Aldridge experts under the federal rules. *See Wallace v. Andeavor Corp.*, 916 F.3d 423, 428-29

---

[3] EisnerAmper, Associate Director Brad Madden, https://www.pncpa.com/team/brad-madden/ (last visited Dec. 20, 2024); EisnerAmper, Ryan Aldridge, https://www.eisneramper.com/about-us/professional-directory/ryan-aldridge/ (last visited Dec. 20, 2024).

(5th Cir. 2019) (striking impermissible expert testimony where witness was opining based on his "specialized accounting knowledge," not his experience as an employee of defendant).

Because Mr. Madden and Mr. Aldridge would be providing <u>expert</u> testimony, Plaintiffs' listing of them as "will call" witnesses for the January 2025 hearing directly contradicts the representation that Plaintiffs made to the Court and defies this Court's Order limiting testimony to fact witnesses. R. Doc. 505 at 2, 2 n.1.

In addition, the testimony of Mr. Madden and Mr. Aldridge would at most go to the Rule 23 requirements of superiority and the predominance of common questions, on which the Court is also not accepting evidence. R. Doc. 505 at 2 (stating that the superiority and predominance requirements will be decided on the existing record). While Plaintiffs have not disclosed the substance of the proposed testimony, Mr. Madden focuses "on antitrust and complex class action settlement administration."[4] Mr. Aldridge's experience includes "claims management, data analysis, and technology integration," and he has served in leadership roles for complex settlement programs.[5] Based on their backgrounds, these experts would presumably be testifying about claims administration in class actions (i.e., resolving residents' claims with claim forms).

The relevance of claims management to the class certification inquiry is marginal at best, as claim forms are not appropriately used prior to settlement or certification. R. Doc. 447 at 15 n.10 (explaining that the Court has previously rejected the use of claim forms to resolve individual issues, as it would "deprive defendants of the chance to challenge individuals on essential elements of their claim" (quoting *Guidry v. Dow Chemical Co.*, No. 19-cv-12233, R. Doc. 260, at 18 (E.D.

---

[4] EisnerAmper, Associate Director Brad Madden, https://www.pncpa.com/team/brad-madden/ (last visited Dec. 20, 2024).

[5] EisnerAmper, Ryan Aldridge, https://www.eisneramper.com/about-us/professional-directory/ryan-aldridge/ (last visited Dec. 20, 2024).

La. May 24, 2022) (Morgan, J.))); *see also* Fed. R. Evid. 401 (evidence is relevant where "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action"). But even setting that aside, Plaintiffs never raised the issue of claims administration in arguing that they satisfied the typicality, adequacy of representation, and ascertainability requirements for class certification. Testimony from Mr. Madden and Mr. Aldridge is not necessary to decide these Rule 23 prerequisites.

Mr. Madden and Mr. Aldridge's expert testimony is not permitted by the Court's order establishing the scope of the allowed evidence, and it is not relevant to the three class certification requirements at issue in the hearing. Plaintiffs should not be allowed to circumvent this Court's order simply by characterizing these individuals as fact witnesses, and their testimony should be excluded. *See* Fed. R. Civ. P. 16(f); *Sandifer*, 637 F. App'x at 121 (sanctions warranted as violations of court orders showed bad faith); *Bowman*, 2022 WL 4000598, at *3, *5.

## II.  The exclusion of Mr. Madden and Mr. Aldridge is required, as they were not previously disclosed to Defendants in violation of the Court's orders and the federal rules.

In addition to flouting this Court's order governing the January 2025 hearing, Plaintiffs have ambushed Defendants with brand new witnesses that have never before been disclosed. Untimely disclosed witnesses may not testify at a hearing or trial unless the failure to disclose is substantially justified or harmless to the opponent—a showing Plaintiffs cannot make. Plaintiffs identified the EisnerAmper expert witnesses long after the close of discovery and briefing on class certification was complete. The admission of the witnesses' testimony would be unfairly prejudicial to Defendants and wholly unimportant to the issues set for hearing. The Court should bar the EisnerAmper witnesses' testimony under Rules 16 and 37.

**A. Plaintiffs did not disclose any EisnerAmper representative as an expert or fact witness prior to their December 2024 witness list.**

Rule 26 and the case management orders required Plaintiffs to disclose Mr. Madden and Mr. Aldridge as fact or expert witnesses well before their December 2024 witness list, but Plaintiffs failed to do so—requiring the exclusion of these witnesses under Rules 16 and 37. On their December 6, 2024 witness list, for the first time, Plaintiffs identified representatives Mr. Madden and Mr. Aldridge as "fact witnesses" that they intend to call at the January 2025 class certification hearing. Defs. Ex. A. As discussed above, these consultants are not fact witnesses but plainly would be providing expert testimony. *See supra* Section I.

Because Mr. Madden and Mr. Aldridge are experts, Plaintiffs were required to make certain disclosures under the Court's case management orders and Rule 26—though they never did so. Specifically, the Court required Plaintiffs (i) to identify their class certification and rebuttal experts in September and October 2023, and (ii) to serve class certification reports from those experts in February and March 2024. R. Doc. 417 at 6; *see also* Fed. R. Civ. P. 26(a)(2)(D) (a party must disclose experts and provide reports "at the times . . . that the court orders"). Expert discovery on class certification issues closed in April 2024, and Plaintiffs' motion for class certification has been fully briefed since June 2024. R. Doc. 417 at 6. But until their December 2024 witness list for the class certification hearing, Plaintiffs never identified Mr. Madden or Mr. Aldridge—or any other EisnerAmper representative—as an expert. Nor have they served expert reports from these consultants or otherwise relied on them in support of class certification.

Plaintiffs cannot evade these expert disclosure requirements simply by calling Mr. Madden and Mr. Aldridge fact witnesses in their witness list. Regardless of whether a witness is labeled as an expert or lay witness, courts require that a party make the Rule 26 expert disclosures to the extent the witness's testimony is based on "specialized knowledge." Fed. R. Evid. 701 adv. comm.

notes (2000) ("By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in [Rule] 26 . . . by simply calling an expert witness in the guise of a layperson."); *see also Ziegler v. Walmart Stores, Inc.*, 2024 WL 4512421, at *3 (E.D. La. Oct. 17, 2024) (plaintiffs could not avoid exclusion of untimely submitted expert by identifying her as a lay witness). Because Plaintiffs have not done so, they should not be permitted to call Mr. Madden or Mr. Aldridge and surprise Defendants with new, undisclosed expert testimony. *See Red Dot Bldgs.*, 2012 WL 2061904, at *3, *5; *McGinley v. Luv N' Care, Ltd.*, 2023 WL 6143507, at *2-3 (W.D. La. Sept. 20, 2023) (because witness was not disclosed as an expert, he could only provide lay testimony relating to his employment by defendant and not expert opinions).

Even if Mr. Madden and Mr. Aldridge were not expert witnesses, Plaintiffs still have not satisfied the disclosure requirements of the case management orders and Rule 26 for fact witnesses. The Court required Plaintiffs to serve in 2023, and to supplement as needed, a list of fact witnesses "who likely have discoverable information or who may provide statements or testimony that [they] may use in support of their motion for . . . class certification." R. Doc. 417 at 3. Rule 26 likewise demands that Plaintiffs identify to Defendants "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiffs had a continuing duty to timely supplement these disclosures. Fed. R. Civ. P. 26(e)(1). Yet Plaintiffs did not identify Mr. Madden or Mr. Aldridge in their initial disclosures or on any other witness list until December 2024—more than 10 months after the close of fact discovery. *Id.* at 2. This failure alone requires their exclusion under Rules 16 and 37. *See Mahar v. Nat'l R.R. Passenger Corp.*, 2022 WL 1102222, at *4-6 (E.D. La. Apr. 13, 2022)

(precluding fact witness from testifying at trial where he was not disclosed until a week before the discovery deadline, in violation of the scheduling order).

**B. Plaintiffs cannot show substantial justification or harmlessness from their failure to timely disclose EisnerAmper representatives as witnesses.**

Because Plaintiffs did not timely disclose Mr. Madden and Mr. Aldridge as witnesses, Plaintiffs must—but cannot—establish that this failure was substantially justified or harmless to avoid their exclusion. *See Red Dot Bldgs.*, 2012 WL 2061904, at *3. Substantial justification is lacking here, as Plaintiffs have not provided any explanation for the late disclosure even after Defendants asked Plaintiffs to remove the EisnerAmper consultants from their witness list.

Plaintiffs also cannot demonstrate that the untimely disclosure is harmless. Courts consider four factors in determining whether a party's failure to disclose a witness is harmless: "(1) the explanation for the party's failure to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence." *Id.* at *4 (citing *CQ, Inc. v. TXU Mining Co., L.P.,* 565 F.3d 268, 280 (5th Cir. 2009)); *see also Mahar*, 2022 WL 1102222, at *4 (these same factors are considered under both Rule 16 and Rule 37 (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996))).

Each of these factors weighs against finding the untimely disclosure is harmless. First, Plaintiffs have not offered any reason for their failure to disclose Mr. Madden and Mr. Aldridge as witnesses. Second, allowing the EisnerAmper consultants to testify would unfairly prejudice Defendants. The parties are well past the fact and expert discovery deadlines, and Plaintiffs did not serve expert reports from Mr. Madden and Mr. Aldridge to inform Defendants "of the scope and content of the expert's proposed testimony." *Red Dot Bldgs.*, 2012 WL 2061904, at *4 (prejudice shown where disclosure was made after expert deadline had passed). Defendants

9

therefore do not know what these experts will testify to, cannot effectively cross-examine the witnesses, and will not have an opportunity to rebut their opinions through their own expert or fact witnesses.

Third, Defendants strongly oppose continuing the class certification hearing. The motion for class certification has been pending for about six months, and the Court has indicated that it is prepared to rule on the motion once the record is complete. And the hearing has already been continued once at Plaintiffs' request. R. Doc. 505. Plaintiffs should not be allowed to further delay resolution of the class certification motion through an untimely expert disclosure. Moreover, courts are reluctant to give much weight to the availability of a continuance because a continuance would effectively "reward" the nondisclosing party for violating the federal rules and scheduling order. *Mahar*, 2022 WL 1102222, at *5 (a continuance would create "unnecessary, additional delay" and increase litigation costs); *Red Dot Bldgs.*, 2012 WL 2061904, at *4. Fourth, the testimony of the EisnerAmper consultants is not important to (or even within the scope of) the class certification hearing. *See supra* Section I.

Plaintiffs' failure to disclose Mr. Madden and Mr. Aldridge was not harmless under this four-factor test. Nor have Plaintiffs offered any justification for their noncompliance with the disclosure requirements of Rule 26 and the Court's case management orders. Rules 16 and 37 require the exclusion of the EisnerAmper representatives' testimony.

### III. Attorneys' fees for this motion are warranted given Plaintiffs' violation of Rule 26 and the Court's orders.

The federal rules allow Defendants to recover attorneys' fees incurred in opposing Plaintiffs' belated disclosure of a fact or expert witness or a violation of a court order. *See* Fed. R. Civ. P. 37(c)(1)(A) (court may "order payment of the reasonable expenses, including attorney's fees, caused by" the failure to disclose a witness); Fed. R. Civ. P. 16(f)(2) (court may require

payment of reasonable expenses, including attorneys' fees, incurred due to failure to comply with a court order). Plaintiffs first identified Mr. Madden and Mr. Aldridge as witnesses in December 2024—well after the Court's discovery deadlines had passed, and in violation of both Rule 26 and the Court's explicit order that expert testimony is not permitted at the hearing. Defendants attempted to resolve this dispute without motion practice by requesting via email that Plaintiffs remove the EisnerAmper representatives from their witness list. Defs. Ex. B. Plaintiffs never responded to that request. As a result, Defendants should be awarded their attorneys' fees associated with this motion. *See Thomas v. Rockin D Marine Servs., LLC*, 2013 WL 309005, at *2-3 (E.D. La. Jan. 25, 2013) (awarding attorneys' fees under Rule 37 for failure to disclose).

## CONCLUSION

The testimony of the EisnerAmper representatives would plainly be outside the scope of the hearing, as the Court limited the evidence to fact testimony on three class certification requirements to which Mr. Madden and Mr. Aldridge's testimony is not relevant.

Moreover, Plaintiffs' December 2024 disclosure of Mr. Madden and Mr. Aldridge as witnesses at the class certification hearing comes over seven months after the close of fact and expert discovery, and the motion for class certification has been fully briefed since this past summer. Violating the federal rules and the case management orders, Plaintiffs never served expert reports from these EisnerAmper consultants or otherwise identified them as people with information relevant to class certification or this case. The Court should enforce these orders and the federal rules and preclude Plaintiffs from calling any representative of EisnerAmper at the upcoming class certification hearing.

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By:    /s/ Megan R. Brillault

      Megan R. Brillault (*pro hac vice*)
      Michael G. Murphy (*pro hac vice*)
      John H. Paul (*pro hac vice*)
      Katelyn E. Ciolino (*pro hac vice*)
      Katrina M. Krebs (*pro hac vice*)
      825 Third Avenue, 16th Floor
      New York, NY 10022
      (212) 702-5400

      James B. Slaughter (*pro hac vice*)
      1900 N Street, NW, Suite 100
      Washington, DC 20036
      (202) 789-6000

      Michael F. Vitris (*pro hac vice*)
      400 W. 15th Street, Suite 1410
      Austin, TX 78701
      (512) 391-8035

      LISKOW & LEWIS, APLC

      Michael C. Mims (#33991)
      Michael Cash (#31655)
      Cherrell Simms Taplin (#28227)
      Kelly B. Becker (#27375)
      Kathryn Z. Gonski (#33442)
      Brady M. Hadden (#37708)
      Alec Andrade (#38659)
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979
      Telefax: (504) 556-4108
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979
      Telefax: (504) 556-4108

      *Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

12

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:    /s/ J. Michael DiGiglia
       Ernest P. Gieger, Jr. (6154)
       John E. W. Baay (22928)
       J. Michael DiGiglia (24378)
       Nicholas S. Bergeron (37585)
       Gieger, Laborde & Laperouse, L.L.C.
       Hancock Whitney Center
       701 Poydras Street, Suite 4800
       New Orleans, Louisiana 70139
       Telephone: (504) 561-0400
       Facsimile: (504) 561-1011

       *Attorneys for Defendant Aptim Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 20, 2024, I electronically filed this document with the Clerk of the Court using CM/ECF system. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: <u>/s/ Megan R. Brillault</u>
Of Counsel