UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>        **Plaintiff**<br><br>**VERSUS**<br><br>**WASTE CONNECTIONS BAYOU, INC., ET AL.,**<br>        **Defendants** | **CIVIL ACTION**<br><br>**NO. 18-7889**<br>**c/w 18-8071,**<br>**18-8218, 18-9312**<br><br><br>**SECTION: "E" (5)**<br><br><br><br>**CIVIL ACTION**<br><br>**NO. 19-11133, c/w 19-14512**<br><br>**SECTION: "E" (5)**<br><br><br>**JUDGE: Morgan**<br>**MAGISTRATE JUDGE: North** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
TO EXCLUDE UNTIMELY DISCLOSURED WITNESSES**

NOW INTO COURT, through undersigned counsel, come the proposed class representatives, Elias Ictech-Bendeck, Mona Bernard, Nicole Landry Boudreaux, Ophelia Walker, Ann Williams, Kayla Steele, Robyn Crossman, and Phil Adams (hereinafter sometimes collectively referred to as "Plaintiffs" or "Proposed Class Representatives"), who hereby oppose the Motion to Exclude Untimely Disclosed Witnesses.

1

## INTRODUCTION

The Defendants are attempting to promote a false narrative by attacking the disclosure of two fact witnesses and seeking sanctions by arguing "bad faith." The Defendants wish to prevent the Plaintiffs from calling these fact witnesses who can directly speak to the issue of ascertainability of the proposed class members.

The firm at issue is EisnerAmper, where Ryan Aldrige and Brad Madden are employed, was retained in early September 2024 following the Plaintiffs' settlement with Jefferson Parish after the class certification briefing and discovery were complete. Plaintiffs retained EisnerAmper to determine the names and addresses of all settlement class members so that notice of the Parish settlement could be sent to those individuals living within the proposed boundary between July 2017 and December 2019. These two witnesses have performed specific tasks for EisnerAmper, to gather factual information relative to the settlement class. Their straightforward, factual testimony about what they did, why, and what they found is relevant to whether the proposed class is ascertainable at the upcoming hearing. The Court should deny Defendants' motion and allow the proposed testimony.

## ARGUMENT

The Plaintiffs did not list Messrs. Madden and Aldridge to circumvent the limitation of evidence imposed by the Court. R. Doc. 505. Mr. Madden and Mr. Aldridge are being called as fact witnesses to testify to their first-hand knowledge about what they did to pinpoint the settlement class members. Their testimony will NOT concern a specialized understanding of settlement and claims administration related to predominance and superiority, as argued by Defendants.[1] Instead,

---

[1] Defendant's brief at the bottom of page 1, top of page 2.

they will testify about EisnerAmper's steps to gather data, its analysis, and the information they learned. Their testimony is factual and not hypothetical; it is based solely on their first-hand knowledge of what they did, why they did it, and what they found. Logically, their factual testimony is the best evidence to determine whether the proposed class members living within the boundary during the relevant timeframe are ascertainable in this case.

Defendants' argument that "Plaintiffs are attempting to ambush Defendants"[2] is hyperbole and without merit. Plaintiffs needed to contract a settlement and claims administration company only after all of the Defendants entered into a settlement with *Addison*, and contemporaneously the Parish settled with the *Ictech-Bendeck* plaintiffs the day before the *Addison* trial in August 2024. This turn of events explains or "substantially justifies" the failure to include them in the Rule 26 disclosures.[3]

Defendants know the proceedings following a class settlement and the necessity to work with a settlement and claims administrator. EisnerAmper has been proposed to serve as claims administrator to assist the neutral, working with the Court to administer notice and settlement proceeds to the settlement class members.

Defendants claim their testimony will unfairly prejudice their ability to cross-examine the witnesses and rebut their testimony.[4] These are fact witnesses, not experts testifying to their opinions. Their testimony merely conveys the factual information necessary for ascertainability of the settlement class. To the extent that the Defendants disagree with their findings, they can cross-

---

[2] Defendant's brief pages 2 and 6.
[3] See Fed R. Civ. P. 37(c)(1).
[4] Defendant's brief page 2.

3

examine these witnesses and challenge what they have gathered and analyzed, removing any potential prejudice.

The Defendants argue that Mr. Aldridge and Mr. Madden are expert witnesses. The proposed witnesses will only provide lay testimony and not expert opinions. Additionally, Plaintiffs disagree with the Defendants interpretation of *Wallace V. Andeavor Corp., 916 F.3d 423, 428-29* (5th Cir 2019) and the Defendants' determination that this case "plainly makes Mr. Aldridge and Mr. Madden an expert."[5] *Wallace* filed an anti-retaliation action under the Sarbanes-Oxley Act of 18 U.S.C. sec. 1513A(a). Mr. Wallace had specific expertise in SEC financial reporting practices, and at issue on appeal is whether paragraph 22 of Wallace's declaration (the only paragraph that was excluded) describes **the difference between an excise tax and a sales tax**. Wallace claimed this information was simply learned by observation while working for Defendant. The result of this issue seems obvious. His declaration contained an opinion distinguishing one category of a tax from another. This specialized knowledge required by Wallace, is a determination that can only be made by an expert expressing a specialized opinion.

On the other hand, the Plaintiffs' proposed witnesses in this case will offer a factual line of testimony about the data they used and how that data was attained. Similar to the holding in United States v. Sanjar, 876 F.3d 725,738 (5th Cir. 2017), where a witness has "some specialized knowledge, it is admissible so long as the lay witness offers straightforward conclusions from observations informed by his or her experience."

The Plaintiffs also distinguish Defendants' reliance on *Mahar v. Nat'l R.R. Passenger Corp., 2022* WL 1102222, (E.D. La. Apr. 13, 2022). In *Mahar*, the plaintiffs provided insufficient

---

[5] Defendant's brief at the bottom of page 4 and top of page 5.

disclosures for fourteen (14) expert and treating physicians, and the Defendants sought relief by filing a Motion to Strike. In the end, Judge Vitter ordered the Plaintiffs to amend their disclosures to comply with Rule 26(a)(2)(C), but otherwise were permitted to testify.

Considering all the foregoing, the Court should deny Defendants' motion.

Respectfully Submitted:

*/s/ Bruce C. Betzer*_____
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com

Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, Iii (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE

Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500

Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

Max N. Tobias, Jr. (LA Bar #12837)
LISKA, EXNICIOS & NUNGESSER
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937
mnt@exnicioslaw.com


John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com
*Counsel for Ictech-Bendeck Plaintiffs*