UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,** Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7889 c/w 18-8071, 18-8218, 18-9312** |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,** Defendants | **SECTION: "E" (5)** |

*Applies to: All Cases*

**ORDER OF PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT BETWEEN PLAINTIFFS AND JEFFERSON PARISH**

Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Order of Preliminary Approval of Proposed Settlement shall have the meanings and/or definitions given to them in the Revised Settlement Agreement dated October 31, 2024 ("Agreement") entered into by and between Class Counsel, on behalf of the Class, and the Parish of Jefferson. The original of the Agreement[1] is filed in these proceedings as Exhibit A to the Revised Motion for Preliminary Approval of Proposed Settlement (the "Motion").[2]

On considering the Revised Motion for Preliminary Approval of Proposed Settlement,[3] and the December 26, 2024 revised Notice[4] filed by Plaintiff class, as represented by Class Counsel for (i) preliminary approval of the Agreement and the Settlement as fair, reasonable, and adequate, and (ii) an order preliminarily certifying the Class as Defined, the Agreement and all exhibits thereto, the evidence submitted to

---

[1] R. Doc. 481-1. The original notices to class members may be found at R. Docs. 481-2 and 481-3.
[2] R. Doc. 481.
[3] *Id.*
[4] R. Doc. 512. The revised notices to class members may be found at R. Docs. 512-1 and 512-2.

1

the Court by the parties in support of this motion, the record of these proceedings, the recommendation of counsel for the moving parties, and the requirements of law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure,[5] this Court finds, upon preliminary review, that (1) this Court has jurisdiction over the subject matter and parties to this proceeding; (2) the proposed Agreement is the result of arms-length negotiations between the parties; (3) the proposed Agreement is not the result of collusion, (4) the settlement as proposed in the Agreement bears a probable, reasonable relationship to the claims alleged by the plaintiffs and the litigation risks of the settling parties; and (5) the settlement as proposed in the Agreement is within the range of possible judicial approval. This Court further finds that the proposed definition of the Class is appropriate. Accordingly;

**IT IS ORDERED** that:

I. The Agreement, the settlement contained therein and all exhibits attached thereto and/or to the Motion are preliminarily approved by the Court as fair, reasonable, and adequate, entered into in good faith and without collusion, and within the range of possible judicial approval, and the Court directs that the Agreement and the settlement set forth therein be submitted to the Class for consideration at a fairness hearing.

II. The Settlement Payment is ordered to be placed and held in trust, pursuant to the terms the Agreement, and pending further orders of the Court.

III. The following class (the "Class as Defined") is hereby preliminarily certified for settlement purposes only, and shall consist of the following. Capitalized terms used herein are defined in the Agreement:

"Class" or "Class Members" means any and all individuals who, during the time period of July 1, 2017 through December 31, 2019, lived and/or resided in the Class Area AND anyone specifically named in Exhibit A to the

---

[5] FED. R. CIV. P. 23.

Agreement. The persons and entities specifically listed in Exhibit B to the Agreement are excluded from the Class.

In so holding, the Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure are satisfied and that the Class as Defined may be certified for settlement purposes only.

Rule 23(a)'s ascertainability requirement is met because the proposed Class as Defined is based on objective criteria, such as where a person lived or resided, and does not turn on the merits or delve into any person's subjective mental state.

Numerosity is met under Rule 23(a)(l) as the Class as Defined includes tens of thousands of members rendering joinder impracticable.

Commonality is met under Rule 23(a)(2) as there is a common source and cause for all class members and the claims of all class members hinge on common factual and legal questions as to liability for the Jefferson Parish Landfill's noxious odors, allocation of fault, and dispersion of odors therefrom.

Typicality is met under Rule 23(a)(3) as the claims of the Class Representatives are similar, if not identical, to the claims of the class members, as they are based on the same source and on the same theories of liability.

Adequacy of representation is met under Rule 23(a)(4) as the interests of the Class Representatives are aligned with the interests of the class members because the class members all raise identical claims relating to the same alleged conduct, the same alleged source, and according to the same theory of damages, and because the Court sees no conflict of interest between the Class Representatives and members of the Settlement Class. In addition, the proposed Settlement Class Counsel have demonstrated that they will fairly and adequately represent the interests of the Class as Defined and are qualified to serve as class counsel under Rule 23(g).

Predominance is met under Rule 23(b)(3) for this Settlement Class as the common complex issues concerning liability, allocation of fault for those emissions, and the impact on the surrounding communities in terms of geographic scope, frequency, duration, and concentrations of the emissions predominate over any individualized issues. If the class members' claims against the Parish of Jefferson are not resolved via the settlement class, each putative class member would likely have to individually litigate each of these factual and legal questions, and doing so would be a massive waste of judicial resources, as the vast majority of the issues of law and fact in this case are common to all the class members.

        Superiority is met under Rule 23(b)(3) for this Settlement Class as this class action settlement is the superior method of adjudicating the class members' claims against the Parish of Jefferson because it will provide an efficient and appropriate resolution of those claims. Because the potential class members were allegedly harmed by the Parish of Jefferson under a common set of facts and will rely on the same legal theories, the Court finds that certifying this settlement class is the superior and most efficient means of resolving the claims against the Parish of Jefferson.

IV. The notice, in the forms originally attached as Exhibits 2 and 3 to the Motion, and now revised Exhibits 2 and 3 as attached to the December 26, 2024 Notice, and the dissemination of such notice as described in paragraph 13 of the Motion, is reasonable within the meaning of Federal Rule of Civil Procedure 23 and all other applicable law.

V. Elias Jorge "George" Ictech-Bendeck, Nicole M. Landry-Boudreaux, Mona Bernard, Phil Adams, Robyn Crossman, Kayla Anne Steele, Ann Williams, and Ophelia Walker are hereby preliminarily approved to appear on behalf of and serve as representatives for the Class in the Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

VI. Lawrence J. Centola, III, Jason Z. Landry, Bruce C. Betzer, Douglas S. Hammel, Kacie F. Gray, John D. Sileo, and Seth H. Schaumburg are hereby preliminarily approved to appear on behalf of and serve as counsel for the Settlement Class in the Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

VII. The Court preliminarily approves the plan for management of the settlement contributions set forth in Paragraph 13 of this Motion.

VIII. The funds deposited and to be deposited into the Settlement Fund are designated by the Court as a qualified settlement fund pursuant to the U.S. Internal Rev. Code §468B (26 U.S.C. §468B) and be regulated according to the regulations promulgated thereunder; this Court shall assume continuing jurisdiction over the Settlement Fund in accordance with U.S. Int. Rev. Code §468B (26 U.S.C. §468B) and the regulations promulgated thereunder; and the funds in such account shall be invested, disbursed, paid and/or transferred in accordance with the provisions of the Agreement.

IX. The Court approves the form, content, and method and date of dissemination to the putative Class Members of the notice of the certification of the Class as Defined, the proposed settlement, and the fairness hearing, in the form to be subsequently provided by Movers to the Court, and orders its dissemination to putative Class Members and others by first class mail, postage prepaid, and

by publication as set forth in the notice plan, so that the Court may obtain and consider comments/objections of the Class, if any, regarding the Agreement and the settlement set forth therein and consider its fairness, reasonableness, and adequacy.

X. The Joint Venture (collectively the "JV"), consisting of Brigid E. Collins, Francis J. Lobrano, Alysson Mills, and William Allen Schafer, has been appointed as Court Appointed Neutral, pursuant to Rule 53 of the Federal Rules of Civil Procedure, to assist the Court, in cooperation and coordination with Class Counsel and counsel for the Parish of Jefferson to: (i) devise a plan for establishing appropriate reserves to be deducted from the Settlement Payment in order to establish the amount available from the Settlement Payment for distribution to the Class Members; (ii) establish appropriate criteria for evaluation of claims of Class Members; (iii) review and evaluate claims of Class Members in accordance with the criteria so established; (iv) establish proposed allocations for each Class Member in accordance with these criteria and evaluations; (v) prepare a proposed plan for pro-rata distribution of the proposed allocations; (vi) submit to the Court a report on the above, along with recommendations for the Court's consideration in proceeding with the allocation and distribution process following the Effective Date; (vii) engage such staff, deputies, and experts as reasonably necessary and conduct such hearings as may be necessary and appropriate to carry out this assignment, the Class Member disbursements, and the individual allocation or distribution of class counsel fees and cost reimbursements; and (viii) perform such other acts and functions as may be necessary or appropriate to fulfill the duties and responsibilities as set forth herein, assist the Court in further settlement negotiations, or as the Court may direct.

XI. The Court will hold a fairness hearing on or about **March 26, 2025** on the Agreement and the proposed settlement set forth therein, to consider comments/objections regarding the Agreement and the proposed settlement set forth therein, and to consider its fairness, reasonableness, and adequacy under Rule 23 of the Federal Rules of Civil Procedure.

XII. Any member of the Class who objects to the approval of the Agreement and the settlement set forth therein or to entry of final judgment with respect thereto, and who timely and properly files the appropriate documentation of such objection, as described below, may appear at the fairness hearing and show cause why the Agreement and the settlement set forth therein should not be approved as fair, reasonable, and adequate. Objections to the Agreement shall be heard and considered by the Court only if the objector properly files and provides, on or before a date to be fixed by the Court, a concise written statement describing the specific reason(s) for his or her

objections, which must include: (i) the name, address, and telephone number of the Class Member and, if applicable, the name, address, and telephone number of the attorney of such Class Member, (ii) a statement that the objector is a member of the Class, (iii) a description of the property wholly or partially located within the Class area in which they have an ownership interest, (iv) the reasons for objecting, including any supporting materials, papers, or briefs that the objector wishes the Court to consider, and a statement as to whether the objector intends to appear in Court at any final fairness hearing either with or without separate counsel; and (v) the name and address of any witnesses to be presented at the fairness hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony. Any Class Member who wishes to speak, personally or through his or her attorney, at the final fairness hearing must include a notice of intent to appear with his or her objection. Any member of the Class who does not make an objection in the manner specifically provided, by the deadline set forth in the notice, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Agreement and the settlement set forth therein and to any final judgment that may be entered with respect thereto.

XIII. Any contingency fee contracts affecting the representation of plaintiffs in the Action dated after August 1, 2024 shall not be enforceable absent good cause shown following appropriate judicial proceedings.

XIV. The Court reserves the right to approve the proposed Agreement with or without modification.

XV. The Court maintains continuing jurisdiction over the settlement proceedings to assure the effectuation thereof for the benefit of the Class, including the allocation and distribution of all available settlement funds and hearing thereon.

**New Orleans, Louisiana, this 8th day of January, 2025.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**