**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,** Plaintiff | **CIVIL ACTION** NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| **VERSUS** | |
| **WASTE CONNECTIONS BAYOU, INC., ET AL.,** Defendants | **SECTION: "E" (5)** |
| *Applies to: All Cases* | **JUDGE: Morgan** **MAGISTRATE JUDGE: North** |

**WASTE CONNECTIONS DEFENDANTS' OBJECTIONS**
**TO PROPOSED SETTLEMENT**

Defendants Louisiana Regional Landfill Company ("LRLC"), Waste Connections Bayou, Inc., and Waste Connections US, Inc. (collectively, "Waste Connections Defendants"), through the undersigned counsel, renew their objections to the proposed settlement between Plaintiffs and Defendant Jefferson Parish ("Proposed Settlement").[1]

As an initial matter, Plaintiffs' notice to the settlement class was improper because they provided incorrect information as to the class members' rights under the settlement. While the Court preliminarily approved the October 31, 2024 settlement agreement, R. Doc. 516 at 1, Plaintiffs' notice to the settlement class incorrectly linked (i) the September 15, 2024 settlement

---

[1] While the Court previously overruled the Waste Connections Defendants' objections to the Proposed Settlement, R. Doc. 508, the Waste Connections Defendants are renewing their objections now to preserve the issue for appeal.

agreement that contained a materially different assignment provision, and (ii) an incorrect map of the settlement class area.[2] This alone is sufficient grounds to deny final approval of the settlement.

Even putting the incorrect notice issue aside, the Waste Connections Defendants object to the Proposed Settlement on two grounds: (i) the Proposed Settlement purports to assign the settlement class rights under a May 17, 2012 contract between LRLC and Jefferson Parish ("Contract"), R. Doc. 477-1, in violation of the Contract's anti-assignment provision, and (ii) Plaintiffs' proposed settlement class does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.[3] Final approval of the Proposed Settlement should not be given. But if it is, the Court should include language in its final approval that confirms that the class is being certified for settlement purposes only.

## STANDING

A non-settling defendant has standing to object to a settlement when the settlement would result in prejudice to the non-settling defendant. *See Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1173 (5th Cir. 1981) (non-settling defendant properly objected to settlement that affected the availability of witnesses at trial); *see also Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) (a non-settling party has standing to challenge a partial settlement where it demonstrates "plain legal prejudice"). And a party to a contract has standing to enforce its terms. *See Morial v. U.S. Dep't of Hous. & Urban Dev.*, 2002 WL 246334, at *3 (E.D. La. Feb. 20, 2002).

---

[2] *See* https://www.jplandfillclass.com/court-documents/ (website providing notice of the Proposed Settlement links to the September 15, 2024 settlement agreement); Ex. 1, Sept. 15, 2024 Settlement Agreement Linked in Plaintiffs' Notice (accessed Mar. 5, 2025); Ex. 2, "Zone Map" Linked in Plaintiffs' Notice (accessed Mar. 5, 2025) (omitting northern portion of the class area).

[3] The Waste Connections Defendants incorporate by reference and append hereto their prior briefing and exhibits addressing these issues. *See* R. Docs. 477, 484, 507.

As set forth below and in the memoranda appended hereto, the Proposed Settlement purports to assign the settlement class rights under the Contract in violation of its plain terms. The Waste Connections Defendants therefore have standing to object to the Proposed Settlement to enforce the terms of the Contract to which LRLC is a party and to prevent the substantial prejudice that would result if the Proposed Settlement is approved. Additionally, as explained below, the Proposed Settlement affects the rights of the Waste Connections Defendants in the pending class action, such that they have standing to object.

<strong>OBJECTIONS</strong>

**I.  The Proposed Settlement violates the anti-assignment provision in the Contract.**

Rights under the Contract may not be assigned or transferred by either LRLC or Jefferson Parish without the prior approval of the other party. Yet both the September 15, 2024 and October 31, 2024 settlement agreements purport to assign the settlement class rights under the Contract though LRLC never approved the assignment. The Court should not approve a Proposed Settlement that improperly seeks to assign rights.

LRLC operated portions of the Jefferson Parish Landfill pursuant to the Contract with Jefferson Parish. To secure the contractual relationship, the Contract provides, "This Agreement may not be sold, subleased, assigned or transferred at [any time] by either party without the prior written approval of the other party . . . ." R. Doc. 477-1 at 39.

Despite this unambiguous language, the Proposed Settlement purports to assign all of Jefferson Parish's contractual rights to the settlement class. The September 15, 2024 settlement agreement (of which Plaintiffs provided notice to the settlement class) states in Section 3.3:

> The Parish agrees to assign its rights (but not obligations) under any applicable contract between the Parish and either Aptim or the Waste Connections Defendants, their subsidiaries and affiliates to the Class. Further, [t]he Parish agrees to defend and indemnify the

> Class from any claims made by either Aptim or the Waste
> Connections Defendants, their subsidiaries and affiliates arising out
> of the contracts or the action.

R. Doc. 474-1 at 4. Separately, the October 31, 2024 settlement agreement (which the Court

preliminarily approved, but which Plaintiffs failed to include in the settlement class notice) states

in Section 3.3:

> The Parish agrees to assign its rights and causes of action (but not
> obligations) under any applicable contract between the Parish and
> either Aptim or the Waste Connections Defendants, their
> subsidiaries and affiliates to the Class. Further, [t]he Parish agrees
> to defend and indemnify the Class from any claims made by either
> Aptim or the Waste Connections Defendants, their subsidiaries and
> affiliates arising out of the contracts or the action. Alternatively, the
> Parish agrees to pursue its rights and causes of action against Aptim
> and the Waste Connections Defendants, their subsidiaries and
> affiliates, and that any monies recovered from said action(s) will be
> paid to the benefit of the Settlement Class. The Parish's rights and
> causes of action subject to this section are those which arise out of
> the factual basis set forth in the Action, and expressly include any
> rights and causes of action arising out of the acts and omissions of
> Aptim and the Waste Connections Defendants, their subsidiaries
> and affiliates which gave rise to the Release Occurrence.

R. 501-2 at 4. For both settlement agreements, the Waste Connections Defendants were not asked

to consent to the assignment provision and have not consented to an assignment.

Under Louisiana law, a contractual right cannot be assigned when the contract prohibits

assignment of that right. Louisiana Civil Code art. 2653. LRLC bargained for the right to ensure

that all rights created by the Contract in favor of Jefferson Parish would at all times belong to

Jefferson Parish, not to unforeseen and unknown members of a settlement class, unless LRLC

specifically approved the assignment. Because LRLC has not agreed to the assignment provisions

in either settlement agreement, the assignment called for by the Proposed Settlement is prohibited

by the Contract's anti-assignment clause. *See In Re Katrina Canal Breaches Litig.,* 2010-1823 (La.

5/10/11), 63 So.3d 955, 960-62 (observing that article 2653 is broad, applies to all assignments,

and clearly indicates the Louisiana legislature's "intent to allow parties freedom to contractually prohibit assignment of rights"). The Proposed Settlement is thus legally defective.

Moreover, Plaintiffs are attempting to use the Proposed Settlement to improperly bypass the requirements of Rule 23 and certify a class with pending claims against the Waste Connections Defendants, without allowing the Waste Connections Defendants an opportunity to challenge the certification of the class. The assignment provision in both settlement agreements purport to assign contractual rights "to the Class," defined as "any and all individuals who, during the time period of July 1, 2017 through December 31, 2019, lived and/or resided in the Class Area, and the individuals listed in Exhibit A" to the settlement agreements. R. Doc. 474-1 at 3-4, R. Doc. 501-2 at 3-4. The Proposed Settlement seeks to have the Court certify that class, who could then assert breach of contract or other claims against the Waste Connections Defendants—claims that Plaintiffs have not previously asserted. In other words, even before any such claim has been brought against the Waste Connections Defendants, the Proposed Settlement would establish that the claim could be brought by a class. That would violate the plain language of Rule 23(c)(1)(A), which requires a court to determine whether to certify a class *after* a class action is brought, and it would deprive the Waste Connections Defendants of the right to oppose certification of the class that is bringing claims against it.[4]

The Waste Connections Defendants also would not be in the same position regardless of the assignment, as Plaintiffs and Jefferson Parish have previously argued. Given the many additional procedural and administrative hurdles the Waste Connections Defendants would face if

---

[4] With respect to Plaintiffs' original class allegations, the Waste Connections Defendants have opposed Plaintiffs' motion to certify a class because they have failed to establish the predominance of common questions, superiority, ascertainability, typicality, and adequacy of representation. R. Docs. 447 to 447-53.

the contractual claims were brought by a settlement class instead of Jefferson Parish, the cost of resolving the assigned claims would certainly be higher.

Because the September 15, 2024 and October 31, 2024 settlement agreements assign the settlement class rights under the Contract in violation of the anti-assignment provision, and because the agreements subject the Waste Connections Defendants to potential liability to a class without the opportunity to challenge class certification, the Proposed Settlement should not be approved.

## II. If the Proposed Settlement is approved, the Court should confirm that it is certifying the class for settlement purposes only.

For the reasons explained in the Waste Connections Defendants' opposition to class certification, R. Docs. 447 to 447-53, which the Waste Connections Defendants incorporate by reference, Plaintiffs' settlement class does not satisfy the predominance, superiority, ascertainability, typicality, and adequacy of representation requirements for class certification.[5] While Rule 23(b)(3)(D) management difficulties are not at issue for a settlement class, the Supreme Court explained that the other Rule 23 certification requirements "demand undiluted, even heightened, attention in the settlement." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620, 622, 625 (1997) (settlement class did not satisfy predominance or adequacy of representation requirements). Here, Plaintiffs' settlement class should not be certified because of Plaintiffs' failure to meet the required Rule 23 elements. If the Court grants final approval of the Proposed Settlement, the Court should again confirm that it is not certifying a class for any purpose other

---

[5] The apparent failure of Plaintiffs' counsel to provide the settlement class notice of the October 31, 2024 settlement agreement preliminarily approved by the Court further calls into question the adequacy of representation.

than settlement and that the Waste Connections Defendants' right to contest class certification is preserved.[6]

## CONCLUSION

The Proposed Settlement should not receive final approval because it unlawfully assigns a settlement class rights under the Contract and the settlement class does not satisfy the Rule 23 requirements. If the Proposed Settlement receives final approval, the Court should include language in its order that confirms that the class is being certified for settlement purposes only.

Counsel for the Waste Connections Defendant intend to appear at the March 26, 2025 fairness hearing and are willing to be heard on these issues if helpful to the Court.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
        Michael C. Mims (#33991)
        Michael Cash (#31655)
        Cherrell Simms Taplin (#28227)
        Kelly B. Becker (#27375)
        Kathryn Z. Gonski (#33442)
        Brady M. Hadden (#37708)
        Alec Andrade (#38659)
        701 Poydras Street, Suite 5000
        New Orleans, LA 70139
        Telephone: (504) 581-7979
        Telefax: (504) 556-4108

---

[6] The Court stated in the order preliminarily granting approval of the Proposed Settlement that the settlement class was "certified for settlement purposes only." R. Doc. 516 at 3.

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on March 7, 2025. Copies of these Objections to the Proposed Settlement have also been mailed to the Settlement Administrator and to counsel for Jefferson Parish and Plaintiffs.

*/s/ Michael C. Mims*