UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>**Plaintiff**<br><br>**VERSUS**<br><br>**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,**<br>**Defendants**<br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 18-7889<br>c/w 18-8071,<br>18-8218, 18-9312<br><br>SECTION: "E" (5)<br><br>JUDGE: Morgan<br>MAGISTRATE JUDGE: North |

## FINAL ORDER AND JUDGMENT

There came for hearing commencing on the 26th day of March, 2025, the motion of the Class, appearing through Class Counsel, seeking: (i) entry of a final order and judgment finally approving the terms of the Settlement Agreement and all exhibits thereto and the Settlement as fair, reasonable, and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure, and certifying the Class for settlement purposes only; (ii) dismissal with prejudice of the Parish of Jefferson with reserving all other rights against the non-settling parties; (iii) a finding that the notice given to Class Members and other interested persons of the proposed settlement and all related procedures and hearings complies with all requirements of the federal and state constitutions, laws, and rules, including, but not limited to, due process; (iv) a bar order permanently precluding and enjoining the Class and Class Members from commencing, asserting, and/or prosecuting any and all Claims or actions arising out of, related to, or connected in any way

with the Action and/or the Claims against the Parish of Jefferson; and (v) the issuance of related orders for the effectuation of the Settlement.

Having (i) reviewed the proposed Settlement Agreement between Class Counsel, the Class, and the Released Parties (Rec.Doc 501-2), as well as Class Counsel's motion for approval of the Settlement Agreement; (ii) afforded all parties to the action, including the Class Members, the opportunity to be heard on the terms and conditions of the proposed Settlement at the fairness hearing commencing on the 26th day of March, 2025; (iii) ordered the issuance of proper, comprehensive, and adequate notice consistent with due process of law; (iv) reviewed the record of this proceeding, including, without limitation, this Court's previous orders granting preliminary approval to the Settlement and certifying the Class as Defined; (v) considered all factors which pertain to the approval or disapproval of the proposed settlement of a class action, including all evidence offered at the fairness hearing; (vi) considered the representations and argument of Class Counsel and counsel for the parties and (vii) considered the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure; and

Having further considered all of the objections presented to the fairness, reasonableness, and adequacy of the proposed settlement, if any, and concluded that these objections are not meritorious; and

Having determined and concluded that the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class, based upon all of the relevant factors, which include the following: (i) there was no fraud or collusion among the settling parties to the detriment of the Class; (ii) the probability of further complex, extensive, and costly litigation extending over a period of many years; (iii) the advanced stage of the proceedings, including exhaustive discovery and extensive motion practice; (iv) the probability of the Class Members' likelihood of success on

the merits and benefit to the Class if the litigation should ultimately be successful to the Class; (v) the potential range of recovery; (vi) approval of the Settlement by the Class Representatives and by experienced counsel for the Class; and (vii) the lack of significant or relevant opposition to the Settlement;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

(1) The Settlement Agreement, including (i) any amendments, (ii) all terms and conditions thereto, and (iii) all attached exhibits, and the Settlement are now finally approved by the Court pursuant to applicable law, including Rule 23 of the Federal Rules of Civil Procedure, as fair, reasonable, and adequate and in the best interests of the Class;

(2) Each and every term, provision, condition, and agreement of the Settlement Agreement, including the definitions provided in the Settlement Agreement and all exhibits and amendments to the Settlement Agreement, apply to and are adopted, incorporated, and made part of this Final Order and Judgment as if copied herein *in extenso* and shall be effective, implemented, and enforced as provided in the Settlement Agreement;

(3) The notice provided to all putative Class Members of the proposed settlement and the fairness hearing, in the form attached to the Settlement Agreement and described in the motions of Class Counsel, complies with this Court's Order of January 10, 2025 (Rec.Doc. 516) and with all applicable provisions of law, including the requirements of Federal Rule of Civil Procedure 23;

(4) Notices given to Class Members and all other interested parties throughout this proceeding with respect to the certification of the Class, the proposed Settlement, and all related procedures and hearings, including, without limitation, the notices to putative Class Members and others, were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties of the pendency of the action,

the certification of the Class, the Settlement Agreement and its contents, the proof of claim process, Class Members' right to be represented by private counsel, at their own costs, and Class Members' right to appear in Court to have their objections heard, and to afford Class Members an opportunity to exclude themselves from the Class and to object to the Settlement Agreement. Such notices complied with all requirements of the federal and state constitutions, including the due process clauses, and Rule 23 of the Federal Rules of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined;

(5) The Court finds that the objections made to the fairness of the proposed Settlement lack merit and are hereby overruled;

(6) The Class Representatives and Class Counsel have fairly and adequately represented all members of the Class and protected the interests of the Class;

(7) The Settlement Agreement was the result of extensive and intensive arms-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation;

(8) The Settlement Agreement and the Settlement are fair, reasonable, and adequate in light of the complexity, expense, and likely duration of the litigation and in light of the risks involved in establishing liability and damages, and in maintaining a class action through trial;

(9) The Settlement Agreement was entered into in good faith, at arms-length, and without collusion;

(10) The amount of oral and written discovery and independent investigation conducted in this litigation to date and the factual record compiled suffice to enable the parties to make an

informed decision as to the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and the Settlement;

(11)  The certification of the Class for settlement purposes under Rule 23 of the Federal Rules of Civil Procedure is hereby confirmed, and the parties reserve the right to object *de novo* to class certification for litigation purposes in the event the Settlement Agreement is terminated for any reason;

(12)  Upon the Effective Date, all Claims asserted by, or that could have been asserted by, the Class Members against the Parish of Jefferson are hereby dismissed with prejudice and released, reserving all rights against the non-settling parties, and with each party to bear its own costs, including court costs paid through dismissal.

(13)  Upon the Effective Date, the Parish of Jefferson is hereby finally released from any and all Claims by, through, or on behalf of each Class Member;

(14)  The Settlement Fund is designated as a qualified settlement fund pursuant to the U.S. Internal Rev. Code § 468B (26 U.S.C. § 468B) and shall be regulated according to the regulations promulgated thereunder; this Court shall retain continuing jurisdiction over the Settlement Fund in accordance with U.S. Int. Rev. Code § 468B (26 U.S.C. § 468B) and the regulations promulgated thereunder; and the funds in such account may be invested, disbursed, paid and/or transferred in accordance with the provisions of the Settlement Agreement;

(15)  The proceeds derived from this Settlement, and all interest accrued thereon, shall be maintained in the Settlement Fund, and no funds shall be transferred and/or withdrawn therefrom unless and until the occurrence of the Effective Date, or as set forth in the Settlement Agreement;

(16)     The Court hereby awards $10,000 (TEN THOUSAND DOLLARS) to each of the Class Representatives, Elias Jorge "George" Ictech-Bendeck, Nicole M. Landry-Boudreaux, Mona Bernard, Phil Adams, Robyn Crossman, Kayla Anne Steele, Ann Williams, and Ophelia Walker, in recognition of and compensation for their service to the Class as a class representative, and in further compensation for time and energies spent assisting Settlement Class Counsel in the prosecution of this case since its initial filing and gathering information, with such payments being made exclusively out of the Settlement Fund, without additional contribution or payment by the Parish of Jefferson.

(17)     The Court reserves jurisdiction over the Action, the Settlement Agreement, the Final Order and Judgment, the Settlement Fund, all ancillary settlement matters, Class Counsel, the Class Members, and the Released Parties solely for the purpose of administering, supervising, construing, and enforcing the Settlement Agreement and the Final Order and Judgment and supervising the management and disbursement of the Settlement Fund (without prejudice to the rights of any party to contest personal jurisdiction for any other purpose);

(18)     The Court determines that there is no just reason for delay, and accordingly, Final Order and Judgment is a final judgment and shall be immediately appealable;

(19)     Unless otherwise expressly agreed in writing by Class Counsel, on behalf of the Class, and counsel for the Parish of Jefferson, if the Effective Date does not occur, pursuant to the terms of the Settlement Agreement, or in the event that the Settlement Agreement does not become effective as required by its terms for any other reason, this Final Order and Judgment shall become null and void;

(20)     Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and

Judgment) may be construed or used as an admission or concession by the Parish of Jefferson of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the denials or defenses of the Parish of Jefferson and shall not be offered or received in evidence in any action or proceeding against the Parish of Jefferson in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; *provided, however,* that this Final Order and Judgment and the Settlement Agreement may be filed in any action against the Parish of Jefferson or by any of the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim with respect to the released claims;

(21)   The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on all Class Members, as well as their heirs, executors, administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action with respect to the released claims or are otherwise encompassed by the releases provided in the Settlement Agreement;

(22)   The Court expressly approves the releases set forth in the Settlement Agreement and makes part hereof and incorporates such releases as if fully set forth in this Final Order and Judgment;

- 8 -

(23)    Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement;

(24)    The settling parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and extensions, modifications, and expansions of, the Settlement Agreement as are consistent with this Final Order and Judgment and do not (a) limit the rights of the Class Members under the Settlement Agreement or (b) limit or affect the rights of third persons;

(25)    Anything contained in any previous orders of the Court to the contrary notwithstanding, hereafter, no Class Member shall be allowed to opt-out of, or exclude himself from, the Class as Defined.

Thus done and signed, this _____ day of _____, 2025, in New Orleans, Louisiana.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE