**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK, **Plaintiff** | CIVIL ACTION |
| | NO. 18-7889 c/w 18-8071, 18-8218, 18-9312 |
| VERSUS | |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL., **Defendants** | SECTION: "E" (5) |

<u>DECLARATION OF BRADLEY MADDEN IN SUPPORT OF FINAL SETTLEMENT APPROVAL</u>

I, Bradley Madden, declare:

1.      **Personal Information.** I am a Project Manager for the Claims Administrator, Eisner Advisory Group, LLC (EAG)[1]. The following statements are based on my personal knowledge as well as information provided by other experienced employees working under my supervision.

2.      **Capacity and Basis of this Declaration.** I am over the age of 21. Except as otherwise noted, the matters set forth in this Declaration are based upon my personal knowledge, information received from the parties in this proceeding (the "Parties"), and information provided by my colleagues at EAG and our partners.

**BACKGROUND**

3.      **Preliminary Approval.** On January 8, 2025, the Court entered an order preliminarily approving the Settlement Agreement. After the Court granted preliminary

---

[1] As of May 21, 2023, the Directors & employees of Postlethwaite & Netterville (EAG), APAC joined EisnerAmper as EAG Gulf Coast, LLC. Where EAG is named or contracted, EAG Gulf Coast, LLC employees will service the work under those agreements. EAG's obligations to service work may be assigned by EAG to Eisner Advisory Group, LLC or EAG Gulf Coast, LLC, or one of Eisner Advisory Groups, LLC's or EAG Gulf Coast, LLC's subsidiaries or affiliates.

Exhibit 1

approval of the Settlement, EAG began to implement and coordinate the notice program and claims process.

4.    **The Purpose of this Declaration.** I submit this Declaration to evidence EAG's compliance with the terms of the Preliminary Approval Order, detail EAG's execution of its role as the Claims Administrator and report to the Court the status of claims, opt outs and objections to date.

## CLASS NOTICE PROGRAM EXECUTION

5.    **Notice Database.** As detailed in my affidavit of January 17, 2025, EAG prepared the direct notice list based upon the class definition stated in the Preliminary Approval Order. The direct notice list was created by referencing the publicly available websites of the Jefferson Parish Assessor's Office, https://jpassessor.net/, and the Jefferson Parish Geographic Information System (GIS) Dept., https://jeffmap.jeffparish.net/. The GIS Dept provides a number of maps, and the underlying data sets for those maps, which includes address points. The property search of the Jefferson Parish Assessor's office was used to pull residential owner and address information that could be cross-referenced with the address points of the GIS data. We also purchased a data set from a third party source, Regrid (https://regrid.com/), that we are using as an additional cross-reference. Through this process, 43,131 initial notice addresses were identified.

6.    **Mail Notice.** On February 7, 2025, EAG coordinated and caused the mailing of the Postcard Notice to be mailed via First-Class Mail to individuals within the Notice Database. The Postcard Notice included basic information about the settlement, the case website with online claim form and access to additional information, and the return address of the P.O. Box maintained for the purpose of receiving the submitted Claim Form submissions and undeliverable Postcard Notices in connection with this Settlement. A true and correct copy of the Postcard Notice is attached hereto as Exhibit A.

7.    **Mail Notice Delivery.** Prior to the Postcard Notice mailing, all mailing addresses were checked against the National Change of Address (NCOA) database

maintained by the United States Postal Service (USPS). In addition, the addresses were certified via the Coding Accuracy Support System (CASS) to ensure the quality of the zip code and verified through Delivery Point Validation (DPV) to verify the accuracy of the addresses. After completing these address verifications and removing undeliverable addresses, EAG executed Postcard Notice mailings for 42,255 records.

8.    **Publication Notice.** EAG caused the Summary Notice to be published in The Times-Picayune. The Summary Notice appeared in the February 10, 2025, and February 17, 2025 editions. A copy of the Summary Notice as it appeared in each edition is attached hereto as Exhibit B.

9.    **Settlement Post Office Box.** EAG established the following dedicated Post Office Box (the "P.O. Box") for the Settlement Program:

JP Landfill Settlement Administrator

P.O. Box 4755

Baton Rouge, LA 70821

The P.O. Box serves as a location for the USPS to return undeliverable program mail to EAG and for Class Members to submit Claim Forms, Exclusion Request Forms, and other settlement related correspondence. The P.O. Box address appears prominently in all notices and in multiple locations on the Settlement Website. EAG monitors the P.O. Box daily and uses a dedicated mail intake team to process each item received.

10.    **Settlement Website.** On February 7, 2025, a neutral, informational Settlement Website, www.JPLandfillClass.com, was established to provide Settlement Class Members with details of the Settlement. As of March 19, 2025, the Settlement Website has received 126,565 page views from 31,276 unique visitors. The Settlement Website includes relevant dates, answers to frequently asked questions, instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and provides Settlement Class Members with the ability to submit a claim through the Settlement Website. The

Settlement Website also provides Class Members access to:

    a.   The Long Form Notice (Exhibit C);

    b.   The Short Form Notice (Exhibit D);

    c.   The Class Area Map (Exhibit E);

    d.   The Mail-In Claim Form (Exhibit F);

    e.   The Settlement Agreement;

    f.   The Motion for Preliminary Approval;

    g.   The Revised Motion for Preliminary Approval;[2]

    h.   The Supplemental Memo in support of the Motion for Preliminary Approval; and

    i.   The Order Granting Preliminary Approval.

11.    **Toll-Free Number.** EAG established a toll-free telephone number, 1-844-714-5957 (the "Toll-Free Number"), which is available twenty-four hours per day. Settlement Class Members can call and interact with an interactive voice response ("IVR") system that provides important settlement information and offers the ability to leave a voicemail message to address specific requests or issues. The Toll-Free Number appeared in all notices, as well as in multiple locations on the Settlement Website. The Toll-Free Number will remain active through the close of this Settlement Program.

12.    **Email Support.** EAG established an Email address, info@JPLandfillClass.com, to provide an additional option for Class Members to address specific questions and requests to the Claims Administrator for support. The Email address is displayed on the Settlement Website.

## NOTICE PROGRAM REACH

13.    **Notice Reach Results.** As of March 19, 2025, the Direct Notice program has

---

[2] EAG mistakenly included a prior version of the Motion for Preliminary Approval. When informed by Class Counsel, the error was corrected. EAG regrets the error.

reached a total of 41,359 (97.88%) Settlement notices delivered[3].

## CLAIM ACTIVITY

14.    **Claim Intake and Processing.** Settlement Class Members were able to submit claims via a paper claim form that could be printed from the Settlement Website or file a claim online at the Settlement Website. The online claim submission feature was available beginning February 7, 2025. Settlement Class Members have a Claims Deadline of March 20, 2025. EAG shall continue to analyze claims that have already been received as well as any additional timely claims mailed to the P.O. Box and postmarked by the claim filing deadline. Table 1 below provides summary statistics of claim submissions as of March 14, 2025.

| Table 1: Claim Submission Statistics | |
| --- | --- |
| **Claims Received (as of 3/14/2025)** | **Count** |
| **Total Claims Submitted (Excluding Suspected Bots)** | **4,365** |
| Claim with Property Address Verified within Class Area | 2,791 |
| Claim/Property Address Under Review | 1,177 |
| Potential Duplicate | 398 |
| **Unique Property Addresses Claimed** | **2,569** |

15.    **Suspected Bot Traffic.** In addition to the above identified claims, we have identified approximately 6,075 claims that we believe were submitted by bad actors or bots. This determination was made through the use of several tools, including hcaptcha scoring and review of underlying data for these claims. Additional scrutiny, potentially including deficiency notices, will be applied to these claims.

## EXCLUSIONS AND OBJECTIONS

16.    **Exclusions (Opt Outs) Received.** The exclusion/opt-out deadline was March 10, 2025. As of March 20, 2025, EAG has received four (4) exclusion/opt-out requests from Settlement Class Members. Table 2 below lists the exclusion requests

---

[3] A Settlement Class Member is considered "reached" by direct Notice if a Postcard Notice mailed to the Settlement Class Member has not been returned by the USPS as undeliverable.

received.  The exclusion requests are attached as Exhibit G.

| Table 2: Exclusion Requests | | |
|---|---|---|
| **Count** | **Postmark Date** | **Name** |
| 1 | 2/8/2025 | Thomas C. Hughes, IV |
| 2 | 2/8/2025 | Lori Hughes |
| 3 | 2/8/2025 | Thomas C. Hughes, V |
| 4 | 2/8/2025 | Frank Hughes |

17.    **Settlement Objections.** As of March 20, 2025, EAG has not received any objections from Settlement Class Members.

### NOTICE AND ADMINISTRATION COSTS

18.    **Notice and Administration Costs.** EAG has incurred $138,128 in fees and costs completing notice and administering the Settlement, including $17,052 in postage costs.  EAG estimates total administrative costs and fees to be $220,382, including $24,503 in total postage costs.

### CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20th day of March, 2025 in Baton Rouge, Louisiana.

Bradley Madden

Brandon A. Lagarde
Notary Public
Parish of Ascension
State of Louisiana
My Commission is for Life
LA Bar Roll No. 29302



## Exhibit A: Postcard Notice

While the Parish of Jefferson has agreed to settle their potential liability in this case, the case will remain open even after this partial settlement. The following Non-Settling Defendants were also named in this lawsuit: Aptim Corporation, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. The Non-Settling Defendants are not a part of this settlement. The Court has not yet determined whether a class action will be allowed to proceed against the Non-Settling Defendants. Your decision to participate in this settlement will have no bearing on your right, if any, to recover from the Non-Settling Defendants.

**Who is Included?** Generally, you may be a Class Member if you lived or resided in the Class Area. The exact Class "definition" and more information on the settlement are available at www.JPLandfillclass.com.

**What does the Settlement Provide?** A $4,500,000 settlement fund has been established by the Parish of Jefferson. The settlement fund is to be overseen by an independent "Neutral." A Settlement Agreement, available at the website and in the official court records of these proceedings, describes all of the details about the proposed settlement. The settlement does not mean that the Parish of Jefferson did anything wrong, but the Parish of Jefferson agreed to resolve certain claims and provide benefits to the Class. To learn more or to obtain the detailed notice, call, go to the website, or write to Class Counsel at 338 Lafayette Street, New Orleans, LA 70130.

**How Much Could You Get?** If the settlement receives final Court approval, the Neutral will review claims and propose how much money each valid claim will receive based on a formula he will recommend to the Court. The amount of each payment will be based, in part, on the total number of claims received and on the extent of damages suffered. The Court will decide in a separate hearing how much each Class member who files a valid claim receives from the settlement fund.

**How Do you Ask For A Payment?** Class members can submit their claims via United States mail, postage prepaid, to the Claims Administrator, P.O. Box 4755, Baton Rouge, LA 70821. All claims must be postmarked on or before **March 20, 2025**. The Administrator has proposed exactly what you will need to provide to prove your claim and receive a payment. Thus, you must use the proof of claim form prepared by the Administrator in order to file a valid claim. You may obtain the approved proof of claim form by calling 1-844-714-5957 or going to www.JPLandfillclass.com.

**What are Your Other Options.** The Court will hold a hearing in the case called *Elias Jorge "George" Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc, et al.*," C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312 on **March 26, 2025 at 2:00 p.m.** to consider whether to approve the settlement; to consider any objections to the settlement; and to consider whether to approve Class Counsel's request for attorneys' fees in an amount not to exceed 33 1/3% of the settlement fund. You or your own lawyer may appear and ask to speak at the hearing, at your own cost, but you don't have to. If the settlement is approved, it will release the Parish of Jefferson from all liability for the claims more fully described in the Settlement Agreement. If you don't want to be legally bound by the settlement, you must exclude yourself by **March 10, 2025**. If you don't exclude yourself, you won't be able to sue or continue to sue the Parish of Jefferson for the claims resolved in this settlement. If you exclude yourself, you can't get a payment from the settlement fund. If you do not exclude yourself, you may object to the settlement, if you do so by **March 10, 2025**. The detailed notice explains how to exclude yourself or object.

**More Information.** More information about your rights and options can be found in the Long-Form Notice and Settlement Agreement available at www.JPLandfillclass.com.

**www.JPLandfillclass.com**          **1-844-714-5957**

**LEGAL NOTICE**

*Ictech-Beckeck v. Progressive Waste Solutions of LA, Inc, et al.* Civil Action No. 18-7889 c/w 18-8071, 18-8218, 18-9312

**Persons who lived in Harahan, River Ridge, South Kenner, Metairie, Waggaman, Avondale, or Bridge City in 2017, 2018, or 2019 may be affected by a proposed class action settlement.**

*A federal court authorized this legal notice. This is not a solicitation from a lawyer.*

A partial settlement has been reached in a class action lawsuit about the Jefferson Parish Landfill. A settlement fund has been created to pay amounts to holders of valid claims as well as lawyers' fees and costs approved by the Court. The United States District Court for the Eastern District of Louisiana will have a hearing to decide whether to give final approval to the settlement so that payments can be made from the settlement fund. Those included in the class action, together called a "Class," may ask for a payment, or may exclude themselves from, or object to, the settlement, and eligible Class members may receive a payment from it. There is a detailed notice with more information about the settlement available by calling 1-844-714-5957 or going to the website www.JPLandfillclass.com.

---

**JP Landfill Settlement Administrator**
P.O. Box 4755
Baton Rouge, LA 70821

**ELECTRONIC SERVICE REQUESTED**

PRESORTED
FIRST CLASS
U.S. POSTAGE
**PAID**
FPI

1*1*1*******AUTO**5-DIGIT 70001!!!
Property ID: ABC-1234567
Class Member
1234 Main St.
Metairie, LA 70001-0000



Postal Service: Do Not Mark or Cover Barcode

PP27



## Exhibit B: Newspaper Notice

# N. Korea slams U.S.-S. Korea-Japan partnership

### Kim vows to boost his nuclear program

**BY HYUNG-JIN KIM**
Associated Press



Kim

SEOUL, South Korea — North Korean leader Kim Jong Un said an elevated U.S. security partnership with South Korea and Japan poses a grave threat to his country and vowed to further bolster his nuclear weapons program, state media reported Sunday.

Kim has previously made similar warnings, but his latest statement implies again that the North Korean leader won't likely embrace President Donald Trump's overture to meet him and revive diplomacy anytime soon.

In a speech marking the 77th founding anniversary of the Korean People's Army on Saturday, Kim said the U.S.-Japan-South Korea trilateral security partnership established under a U.S. bid to form a NATO-like regional military bloc is inviting military imbalance on the Korean Peninsula and "raising a grave challenge to the security environment of our state," according to the official Korean Central News Agency.

"Referring to a series of new plans for rapidly bolstering all deterrence including nuclear forces, he clarified once again the unshakable policy of more highly developing the nuclear forces," KCNA said.

Amid stalled diplomacy with the U.S. and South Korea in recent years, Kim has focused on enlarging and modernizing his arsenal of nuclear weapons. In response, the United States and South Korea have expanded their bilateral military exercises and trilateral training involving Japan. North Korea has lashed out at those drills, calling them rehearsals to invade the country.

Since his Jan. 20 inauguration, Trump has said he would reach out to Kim again as he boasted of his high-stakes summit with him during his first term.

During a joint news conference with Japanese Prime Minister Shigeru Ishiba on Friday, Trump said that "We will have relations with North Korea, with Kim Jong Un. I got along with him very well, as you know. I think I stopped the war."

During a Fox News interview broadcast on Jan. 23, Trump called Kim "a smart guy" and "not a religious zealot." Asked whether he will reach out to Kim again, Trump replied, "I will, yeah."

Trump met Kim three times in 2018-19 to discuss how to end North Korea's nuclear program in what was the first-ever summitry between the leaders of the U.S. and North Korea. The high-stakes diplomacy eventually collapsed because Trump rejected Kim's offer to dismantle his main nuclear complex, a partial denuclearization step, in return for broad sanctions relief.

North Korea hasn't directly responded to Trump's recent overture, as it continues weapons testing activities and hostile rhetoric against the U.S. Many experts say Kim is now preoccupied with his dispatch of troops to Russia to support its war efforts against Ukraine. They say Kim would still eventually consider returning to diplomacy with Trump if he determines he would fail to maintain the current solid cooperation with Russia after the war ends.

In his Saturday speech, Kim reaffirmed that North Korea "will invariably support and encourage the just cause of the Russian army and people to defend their sovereignty, security and territorial integrity." Kim accused the U.S. of being behind "the war machine which is stirring up the tragic situation of Ukraine."

In South Korea, some worry that Trump might abandon the international community's long-running goal of achieving a complete denuclearization of North Korea to produce a diplomatic achievement.

# Protesters in Serbia block bridge, roads

By The Associated Press

BELGRADE, Serbia — Striking university students in Serbia blocked a bridge in Belgrade as well as roads throughout the Balkan country on Sunday to mark 100 days since the collapse of a concrete canopy at a train station which killed 15 people.

Many residents joined the students for a seven-hour blockade of the Gazela, or Gazelle, bridge over the Sava River in the Serbian capital. Simultaneously, a three-hour blockade of key roads started in Novi Sad, while students in Nis blocked a highway pay toll station at the entrance of the southern city.

The blockades are part of a campaign of protests led by striking university students who are demanding justice over the Nov. 1 disaster at a train station in Novi Sad, which critics have blamed on government corruption.

**LEGAL NOTICE**

**Persons who lived in Harahan, River Ridge, South Kenner, Metairie, Waggaman, Avondale, or Bridge City in 2017, 2018, or 2019 may be affected by a proposed class action settlement.**

A partial settlement has been reached in a class action lawsuit about the Jefferson Parish Landfill. A settlement fund has been created to pay amounts to holders of valid claims as well as lawyers' fees and costs approved by the Court. The United States District Court for the Eastern District of Louisiana will have a hearing to decide whether to give final approval to the settlement so that payments can be made from the settlement fund. Those included in the class action, together called a "Class," may ask for a payment, or may exclude themselves from, or object to, the settlement, and eligible Class members may receive a payment from it. There is a detailed notice with more information about the settlement available by calling 1-844-714-5957 or going to the website www.JPLandfillclass.com.

While the Parish of Jefferson has agreed to settle their potential liability in this case, the case will remain open even after this partial settlement. The following Non-Settling Defendants were also named in this lawsuit: Aptim Corporation, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. The Non-Settling Defendants are not a part of this settlement. The Court has not yet determined whether a class action will be allowed to proceed against the Non-Settling Defendants. Your decision to participate in this settlement will have no bearing on your right, if any, to recover from the Non-Settling Defendants.

**WHO'S INCLUDED?**

Generally, you may be a Class Member if you lived or resided in the Class Area. The exact Class "definition" and more information on the settlement are available at www.JPLandfillclass.com.

**WHAT DOES THE SETTLEMENT PROVIDE?**

A $4,500,000 settlement fund has been established by the Parish of Jefferson. The settlement fund is to be overseen by an independent "Neutral." A Settlement Agreement, available at the website and in the official court records of these proceedings, describes all of the details about the proposed settlement. The settlement does not mean that the Parish of Jefferson did anything wrong, but the Parish of Jefferson agreed to resolve certain claims and provide benefits to the Class.

To learn more or to obtain the detailed notice, call, go to the website, or write to Class Counsel at 338 Lafayette Street, New Orleans, LA 70130.

**HOW MUCH COULD YOU GET?**

If the settlement receives final Court approval, the Neutral will review claims and propose how much money each valid claim will receive based on a formula he will recommend to the Court. The amount of each payment will be based, in part, on the total number of claims received and on the extent of damages suffered. The Court will decide in a separate hearing how much each Class member who files a valid claim receives from the settlement fund.

**HOW DO YOU ASK FOR A PAYMENT?**

Class members can submit their claims via United States mail, postage prepaid, to the Claims Administrator, P.O. Box 4755, Baton Rouge, LA 70821. All claims must be postmarked on or before **March 20, 2025**. The Administrator has proposed exactly what you will need to provide to prove your claim and receive a payment. Thus, you must use the proof of claim form prepared by the Administrator in order to file a valid claim. You may obtain the approved proof of claim form by calling 1-844-714-5957 or going to www.JPLandfillclass.com.

**WHAT ARE YOUR OTHER OPTIONS?**

The Court will hold a hearing in the case called *Elias Jorge "George" Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc., et al.*," C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312 on **March 26, 2025 at 2:00 p.m.** to consider whether to approve the settlement; to consider any objections to the settlement; and to consider whether to approve Class Counsel's request for attorneys' fees in an amount not to exceed 33 1/3% of the settlement fund. You or your own lawyer may appear and ask to speak at the hearing, at your own cost, but you don't have to. If the settlement is approved, it will release the Parish of Jefferson from all liability for the claims more fully described in the Settlement Agreement.

If you don't want to be legally bound by the settlement, you must exclude yourself by **March 10, 2025**. If you don't exclude yourself, you won't be able to sue or continue to sue the Parish of Jefferson for the claims resolved in this settlement. If you exclude yourself, you can't get a payment from the settlement fund. If you do not exclude yourself, you may object to the settlement, if you do so by **March 10, 2025**. The detailed notice explains how to exclude yourself or object.

**1-844-714-5957**          **www.JPLandfillclass.com**



**ROOF REPLACEMENT & REPAIRS**

**WE'LL BEAT ANY WRITTEN ESTIMATE!**

**30 YEAR NEW ROOF $5,130.00 WITH SYNTHETIC FELT** * BASED ON 1800 SQ. FT.



**ACME EXTERIORS LLC**   ONE CALL FIXES ALL

*NEW ORLEANS BATON ROUGE HOUMA*

Fully Insured



**504-913-6535**

2500 Houma Blvd., Metairie, LA

LCMC Health ♥

*Crescent City Classic*

**NEW ORLEANS 10K TRAINING CALENDAR**

Michelob ULTRA

**For more tips on training and speed breakdowns, visit:**
ccc10k.com/training-calendar

**FEBRUARY 2025**

**Saturday – April 19, 2025**
Sign up today at ccc10k.com
*Prepared by Jill Marie Kenyon (RRCA)*

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | | **1** Walkers: 2 mi / Joggers: 2½ mi / Runners: 6 mi |
| **2** Walkers: 1 mi / Joggers: 2 mi / Runners: 3 mi | **3** Strength/Cross Train/ Rest | **4** Walkers: 1½ mi / Joggers: 2 mi / Runners: 4 mi | **5** Strength/Cross Train/ Rest | **6** Walkers: 1½ mi / Joggers: 2 mi / Runners: 3 mi | **7** Rest | **8** Walkers: 2 mi / Joggers: 2½ mi / Runners: 7 mi |
| **9** Walkers: 1 mi / Joggers: 2 mi / Runners: 3½ mi | **10** Strength/Cross Train/ Rest | **11** Walkers: 2 mi / Joggers: 2 mi / Runners: 4 mi | **12** Strength/Cross Train/ Rest | **13** Walkers: 2 mi / Joggers: 2 mi / Runners: Speed A | **14** Rest | **15** Walkers: 3 mi / Joggers: 3 mi / Runners: 8 mi |
| **16** Walkers: 2 mi / Joggers: 2 mi / Runners: 5 mi | **17** Strength/Cross Train/ Rest | **18** Walkers: 2 mi / Joggers: 2 mi / Runners: 4 mi | **19** Strength/Cross Train/ Rest | **20** Walkers: 2 mi / Joggers: 2 mi / Runners: Speed A | **21** Rest | **22** Walkers: 2 mi / Joggers: 3 mi / Runners: 8 mi |
| **23** Walkers: 2 mi / Joggers: 2 mi / Runners: 5 mi | **24** Strength/Cross Train/ Rest | **25** Walkers: 2½ mi / Joggers: 2 mi / Runners: 4 mi | **26** Strength/Cross Train/ Rest | **27** Walkers: 2½ mi / Joggers: 2 mi / Runners: Speed A | **28** Rest | |

**4A** ◆ Monday, February 17, 2025 ◆ nola.com ◆ The Times-Picayune

# COMPLAINT
Continued from page 1A

Richard Davis, legal director for Innocence Project New Orleans, helped it against Jim Williams, claiming in a memo that the former assistant district attorney in Orleans and Jefferson parishes committed misconduct in case after nullified case.

Jim Williams hasn't prosecuted anyone since the 1990s.

Now a criminal defense attorney based in Gretna, he was a familiar figure under former longtime New Orleans District Attorney Harry Connick, who was accused of failing to train his prosecutors not to cheat.

A parade of reversed convictions and repeated scoldings from the U.S. Supreme Court have supported that view. But a narrow court majority denied a pattern of misconduct in 2011, overturning a $14 million judgment against the District Attorney's Office in the case of former death row inmate John Thompson.

It was a different prosecutor whose failings were blamed for toppling that case. Even so, Jim Williams prosecuted the case, and Davis is asking Andy Dotson, the state's chief disciplinary counsel, to investigate it as part of an alleged pattern of misconduct.

"He's certainly not a lone rogue. Bad offices are why bad actors flourish," Davis said. "The amount of cases is particularly striking with Jim Williams. I don't know of another prosecutor with the same amount of findings, and I have been doing this work for 20 years."

History has taught Davis not to expect much of it: "We've been filing complaints for years and seeing them dismissed for years," he said.

Jim Williams disputed the claims in Davis' memo and described the allegations against him as dated. In an interview, Jim Williams said he hadn't been contacted by the Office of Disciplinary Counsel about the complaint, which Davis said he filed last month.

It's one of many Jim Williams said he's faced over the years, including one filed by Connick himself that was "withdrawn and dismissed," Jim Williams said.

"Not one single one of them sustained. I'm kind of tired of hearing about it," Jim Williams said.

"I just wish they'd do their homework before they make these allegations against me. When you carefully read the complaint, it was like, 'He must have done this. He must have done this.'"

## Pattern alleged

The Office of Disciplinary Counsel doesn't make attorney complaints public until it files misconduct charges. None have been filed against Jim Williams, according to the office.

Jim Williams didn't shy from the limelight as a prosecutor. He specialized in capital prosecutions and kept a tiny model electric chair that vibrated to the touch, decorated with the mug shots of a handful of men he'd landed on death row, according to a 1995 article in Esquire magazine.

"It's striking that a prosecutor who clearly had such a personal interest in the death penalty appeared to be so unscrupulous about how he sought it, and there's never been any consequences for it," Davis said.

His complaint against Jim Williams revisits some of that history, while seeking to hold Jim Williams to account for a pair of recently reversed convictions.

Jerry Davis went free in 2023 after 40 years in prison for a murder in 1983. The complaint accuses Jim Williams, the lead prosecutor, of failing to disclose a key witness's incentive to testify; failing to turn over records and witness statements to the defense; and failing to correct false testimony served up at trial.

Judge Tracey Flemings-Davillier found the "breadth and severity" of violations by prosecutors in the case warranted tossing the verdict, and last year the charges were dropped.

The complaint also accuses Jim Williams of misconduct in the case of Raymond Flanks, who was convicted him of first-degree murder for a 1983 killing. Flanks was released in 2022 after 39 years under an agreement with the district attorney that cited inconsistent witness statements and withheld evidence.

"It is this court's opinion that Mr. Flanks did not receive justice he deserved," Judge Rhonda Goode-Douglas said.

The U.S. Supreme Court's 1963 decision in Brady v. Maryland enshrined into law that the government must turn over all evidence that could help a defendant.

Jim Williams pointed to an earlier ruling from 2016 in the Flanks case, when Judge Keva Landrum rejected a claim that prosecutors hid a key lab report.

"Petitioner fails to show that the prosecutor engaged in any misconduct," Landrum wrote then.

Richard Davis said that



ASSOCIATED PRESS FILE PHOTO BY KEVIN McGill

Attorney Richard Davis, left, of the Innocence Project New Orleans, stands next to Raymond Flanks outside the Orleans Parish Criminal District Courthouse on Nov. 17, 2022. A judge vacated Flanks' conviction in a 1983 murder and set him free, ending his almost four decades in prison, after prosecutors and defense attorneys agreed that evidence favorable to him was withheld from his attorneys in the 1980s.

Flanks won his release over a different piece of hidden evidence that was discovered later.

In an interview, Jim Williams called the allegations against him "outrageous" and expressed frustration at both the fresh complaint and its dissemination.

"I have never withheld Brady material in any case that I ever prosecuted, which probably is in the thousands," Jim Williams said. "I am a great supporter of the work done by (IPNO), but they got this one wrong."

Jim Williams said he suspected a political motive behind the most recent complaint against him, given a recent push by Gov. Jeff Landry to resume executions.

"That's all supposed to be done privately," he said of the attorney disciplinary process. "How do you ring the bell?"

## History of reversals

Innocence Project New Orleans and other advocates say they've been forced to undo unjust convictions for too long with no consequences for prosecutors.

The three-month deferred suspension that former Orleans Parish prosecutor Roger Jordan received in 2005 remains the lone sanction the Louisiana Supreme Court has handed to a prosecutor for failing to turn over evidence. The court found that Jordan failed to reveal one of several statements from a key witness to a 1995 murder outside the Port of Call restaurant in a French Quarter.

"I don't know, it was dark and I did not have my contacts nor my glasses, so I'm coming at this at a disadvantage," the witness said. Jordan argued it wouldn't have helped Shareef Cousin, who spent three years on death row before his conviction was overturned on other grounds.

Orleans Parish has since come to rank among the top in the U.S. in the rate of people who were convicted but later cleared of a crime, according to the National Registry of Exonerations.

Flanks and Jerry Davis are among 31 people since

1991 for which misconduct by Orleans Parish prosecutors was cited as a factor in overturning their convictions, the registry shows. Nearly all of them involve claims of withheld evidence. They include 26 murder cases and four in which the defendant was sentenced to death. All of the defendants were Black.

Most of those reversals came in the two years after Jason Williams took office.

Over the past decade, violations by prosecutors have been cited in at least 65 attorney disciplinary complaints, according to data from the Louisiana Attorney Disciplinary Board, which can recommend discipline to the court.

In a statement, Dotson said his office "does not target particular segments of the profession, and the office does not facilitate criminal or civil litigation or advance a complainant's personal cause."

Rather, it "files formal charges when it is of the belief that there is clear and convincing evidence of ethical misconduct warranting the imposition of sanction."

Its decisions are also subject to "multiple levels of review," he noted.

### 'Like Roman times'

Since 2000, the office has charged at least 10 prosecutors in Louisiana with ethical misconduct, according to a tally from Dotson.

The outcomes of those cases show a Supreme Court that has hardly ever acted against prosecutors in cases where judges found a defendant had been railroaded.

Beyond Jordan, the Louisiana Supreme Court has disciplined two federal prosecutors — one for hiding a romance with an FBI agent, the other for anonymous social media commentary about federal cases. An Orleans Parish prosecutor was suspended in 2011 for exploiting her job status to help collect on a debt.

Retired Louisiana Supreme Court Chief Justice Bernette Johnson questioned the court's priorities.

"We don't really cry about taking a lawyer's license if he steals a client's money. We take their license every day if they steal a dollar," she said. "But when it comes to the criminal defendant ... it's like Roman times in the arena.

"You see someone with bare hands is fighting a lion — you'd think you'd root for those folk. And the crowd's rooting for the lion."

Johnson issued a lone, scathing dissent the last time the court considered disciplining a prosecutor, in 2020.

Dotson last year replaced Charles Plattsmier, who served for 28 years and was viewed by some critics as going easy on prosecutors.

That's not how Loyola Law School professor Dane Ciolino sees it. A specialist in legal ethics who often represents attorneys facing discipline, Ciolino pointed to obstacles in proving misconduct years after the fact against prosecutors, who receive strong civil immunities.

"You have to prove the prosecutor knew the evidence was exculpatory and didn't turn it over knowing that," Ciolino said. "It's not an offense of negligence."

Pinning misconduct on an individual prosecutor also comes with drawbacks, he said.

"Sometimes, a prosecutor might come on a case for a year, then roll off a case, then a new prosecutor comes in. Who knew about the exculpatory evidence?" Ciolino asked, adding, "By the time it becomes clear that the prosecution violated Brady, it's a decade or more later."

### 'Teaching moment'

In 2017, the state Supreme Court issued a decision that was viewed as a test case over when prosecutors could be disciplined for failing to turn over evidence.

The ruling in favor of prosecutor Ronald Seastrunk meant prosecutors in Louisiana likely wouldn't face discipline — censure, suspension or disbarment — unless a court found the failure to turn over evidence would have tipped the verdict. Several pending disciplinary cases were tossed.

Dotson said the Seastrunk decision remains the standard for analyzing complaints of prosecutorial misconduct.

Retired Supreme Court Justice Scott Crichton, who wrote the opinion, said in an interview that the court hasn't gone too easy on prosecutors.

Crichton, a former Caddo Parish prosecutor, described the "awesome power" held by state prosecutors but said misconduct cases were few and far between for the court to decide.

"What is before me is the criminal case. I can't go reach out and tell the ODC, 'Y'all need to institute proceedings on this.' That sort of compromises my impartiality," Crichton said of referrals for discipline.

"I may write something about what I view as misbehavior by the prosecutor. The purpose of doing that is for it to be a teaching moment for those other young assistant DAs."

Jim Williams said he's grown weary of what he insists has always been a false portrayal that he was a practitioner of hiding evidence.

"Guess what? I'm not bloodthirsty. These people all did a lot of time," Jim Williams said. "They got lawyers and they got relief, and that's great for them."

The men whose faces once adorned his toy electric chair were all removed long ago from death row, advocates note. Jim Williams said the object itself is no longer around, and all but forgotten.

"I put it in a box," he said. "It's long gone."

LEGAL NOTICE

**Persons who lived in Harahan, River Ridge, South Kenner, Metairie, Waggaman, Avondale, or Bridge City in 2017, 2018, or 2019 may be affected by a proposed class action settlement.**

A partial settlement has been reached in a class action lawsuit about the Jefferson Parish Landfill. A settlement fund has been created to pay amounts to holders of valid claims as well as lawyers' fees and costs approved by the Court. The United States District Court for the Eastern District of Louisiana will have a hearing to decide whether to give final approval to the settlement so that payments can be made from the settlement fund. Those included in the class action, together called a "Class," may ask for a payment, or may exclude themselves from, or object to, the settlement, and eligible Class members may receive a payment from it. There is a detailed notice with more information about the settlement available by calling 1-844-714-5957 or going to the website www.JPLandfillclass.com.

While the Parish of Jefferson has agreed to settle their potential liability in this case, the case will remain open even after this partial settlement. The following Non-Settling Defendants were also named in this lawsuit: Aptim Corporation, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. The Non-Settling Defendants are not a part of this settlement. The Court has not yet determined whether a class action will be allowed to proceed against the Non-Settling Defendants. Your decision to participate in this settlement will have no bearing on your right, if any, to recover from the Non-Settling Defendants.

**WHO'S INCLUDED?**

Generally, you may be a Class Member if you lived or resided in the Class Area. The exact Class "definition" and more information on the settlement are available at www.JPLandfillclass.com.

**WHAT DOES THE SETTLEMENT PROVIDE?**

A $4,500,000 settlement fund has been established by the Parish of Jefferson. The settlement fund is to be overseen by an independent "Neutral." A Settlement Agreement, available at the website and in the official court records of these proceedings, describes all of the details about the proposed settlement. The settlement does not mean that the Parish of Jefferson did anything wrong, but the Parish of Jefferson agreed to settle the claims and provide benefits to the Class.

To learn more or to obtain the detailed notice, call, go to the website, or write to Class Counsel at 338 Lafayette Street, New Orleans, LA 70130.

**HOW MUCH COULD YOU GET?**

If the settlement receives final court approval, the Neutral will review claims and propose how much money each valid claim will receive based on a formula he will recommend to the Court. The amount of each payment will be based, in part, on the total number of claims received and on the extent of damages suffered. The Court will decide in a separate hearing how much each Class member who files a valid claim receives from the settlement fund.

**WHAT ARE YOUR OTHER OPTIONS?**

The Court will hold a hearing in the case called *Elias Jorge "George" Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc., et al.*," C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312 on **March 26, 2025 at 2:00 p.m.** to consider whether to approve the settlement; to consider any objections to the settlement; and to consider whether to approve Class Counsel's request for attorneys' fees in an amount not to exceed 33 1/3% of the settlement fund. You or your own lawyer may appear and ask to speak at the hearing, at your own cost, but you don't have to. If the settlement is approved, it will release the Parish of Jefferson from all liability for the claims more fully described in the Settlement Agreement.

If you don't want to be legally bound by the settlement, you must exclude yourself by **March 10, 2025**. If you don't exclude yourself, you won't be able to sue or continue to sue the Parish of Jefferson for the claims resolved in this settlement. If you exclude yourself, you can't get a payment from the settlement fund. If you do not exclude yourself, you may object to the settlement, if you do so by **March 10, 2025**. The detailed notice explains how to exclude yourself or object.

**1-844-714-5957          www.JPLandfillclass.com**



# A Familiar Face,
# A Fresh Vision for the Future

With over a decade of experience at UCB, Prentiss brings a strong track record of leadership and a dedication to building strong relationships. Prentiss is dedicated to bringing the services of a "Big Bank" with the personal touch of a "Small Bank" that you've come to rely on at your local UCB branch.

Visit www.UCBANKING.com to find a branch near you!

**Prentiss Wilks**
*President and Chief Lending Officer*



UCB  Member FDIC



EAG Gulf Coast, LLC

## Exhibit C: Long Form Notice

**Jefferson Parish Landfill Class Action**

**United States District Court for the Eastern District of Louisiana**

# Persons who lived in Harahan, River Ridge, South Kenner, Metairie, Waggaman, Avondale, or Bridge City in 2017, 2018 or 2019 may be affected by a proposed class action settlement.

*A federal court authorized this legal notice.  This is not a solicitation from a lawyer.*

- A settlement has been reached with the Parish of Jefferson in a class action lawsuit about the alleged excessive odors coming from the landfill from July 2017 until December 2019. A $4,500,000 settlement fund has been established to pay amounts to holders of valid claims as well as lawyers' fees and costs approved by the Court.

- You may be included in the Class if you lived in the Class Area anytime from July 1, 2017 until December 31, 2019.

- You may receive a payment only if you file a valid claim.  If you do not file a valid claim, you will get no payment.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS: | |
|---|---|
| **SUBMIT A CLAIM** | The only way to ask for and receive a payment from this settlement. Claims must be postmarked/submitted on or before March 20, 2025. |
| **EXCLUDE YOURSELF** | Get no payment from this settlement. This is the only option that allows you to be part of any other lawsuit against the Parish of Jefferson and certain others about the legal claims in this case. Any request to exclude yourself from the settlement must be postmarked on or before March 10, 2025. |
| **OBJECT** | Write to the Court about why you do not like the settlement. Objections must be postmarked on or before March 10, 2025. |
| **GO TO A HEARING** | The Court will hold a Fairness Hearing, which will start at 2:00 p.m. on March 26, 2025. |
| **DO NOTHING** | Get no payment. Give up rights to be part of any lawsuit against the Parish of Jefferson about the legal claims being settled. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice. Full details are included in the Settlement Agreement ("Agreement") and other documents posted on the website at **www.JPLandfillclass.com**.

- The Court in charge of this case still has to decide whether to approve the settlement before any claims are paid. A claims process for dividing the settlement fund among claimants will begin in April 2025.  Please be patient.

- 1 -

**QUESTIONS? CALL 1-844-714-5957, OR VISIT www.JPLandfillclass.com**

| **WHAT THIS NOTICE CONTAINS** |
|:---:|

**BASIC INFORMATION** ...................................................................................... **PAGE 4**
1. Why has this notice been issued?
2. What is this lawsuit about?
3. Why is the case a class action?
4. Why is there a settlement?
5. Who are the class representatives?
**WHO IS IN THE SETTLEMENT** ......................................................................... **PAGE 5**
6. How do I know if I am a part of the settlement?
7. The Court's Class definition.
8. Are there exceptions to being included?
9. I'm still not sure if I am included.
**THE SETTLEMENT BENEFITS—WHAT YOU GET** ......................................... **PAGE 6**
10. What does the settlement provide?
11. What can I get from the settlement?
12. Who will oversee the settlement fund?
**THE CLAIMS PROCESS** .................................................................................... **PAGE 7**
13. How can I get a payment?
14. When would I get my payment?
15. What am I giving up to get a payment or stay in the Class?
**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................... **PAGE 8**
16. If I exclude myself, can I get money from the settlement?
17. If I do not exclude myself, can I sue later?
18. How do I get out of the settlement?
**THE LAWYERS REPRESENTING YOU** ............................................................ **PAGE 9**
19. Do I have a lawyer in this case?
20. How will the lawyers be paid?
**OBJECTING TO THE SETTLEMENT** ................................................................ **PAGE 9**
21. How do I tell the Court if I do not like the settlement?
22. What is the difference between objecting and excluding yourself from the settlement?
**THE COURT'S FAIRNESS HEARING** ............................................................ **PAGE 10**
23. When and where will the Court decide whether to approve the settlement?
24. Do I have to come to the hearing?
25. May I speak at the hearing?
**IF YOU DO NOTHING** ...................................................................................... **PAGE 11**
26. What happens if I do nothing at all and the settlement is approved?
**GETTING MORE INFORMATION** .................................................................... **PAGE 12**
27. How do I get more information?

**QUESTIONS? CALL 1-844-714-5957, OR VISIT www.JPLandfillclass.com**

## BASIC INFORMATION

### 1. Why has this notice been issued?

A Court has authorized this notice because you have a right to know about the proposed settlement of certain claims in this class action lawsuit, including the right to claim money, and about all your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the settlement, and after any appeals are resolved, amounts will be paid to holders of valid claims. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

Judge Susie Morgan in the United States District Court for the Eastern District of Louisiana is overseeing the case. The case is known as *Elias Jorge "George" Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc, et al.*," C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312. The people who sued are called the plaintiffs. The parties they are suing, the Parish of Jefferson; Aptim Corporation; and Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc., are called the defendants. This notice involves a proposed settlement with the Parish of Jefferson and not the other defendants.

### 2. What is this lawsuit about?

This class action lawsuit generally stems from claims against the Parish of Jefferson, Aptim Corporation, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. arising out of or in connection with the alleged release of hydrogen sulfide and other sulfur compounds from the Jefferson Parish Landfill in the time period of July 1, 2017 through December 31, 2019. The Plaintiffs claim that they suffered injuries and property damage because of the Odors and Gasses emitted by the Landfill. The Plaintiffs further claim that the Defendants are legally responsible for these injuries and damages and they thus seek compensation from the Defendants.

### 3. Why is the case a class action?

In a class action, one or more people or entities, called class representatives, sue on behalf of people who have similar claims. All of these people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

The Class Members and the Parish of Jefferson agreed to a settlement to avoid the cost and risk of future trials and appeals, and so that the people allegedly affected can get compensation, in exchange for releasing the Parish of Jefferson from all liability and dismissing all claims against them in this lawsuit and the settled claims with prejudice. The Parish of Jefferson denies any wrongdoing, and the settlement does not mean that the Parish of Jefferson did anything wrong or that the Parish of Jefferson violated any laws. The class representatives and the lawyers representing them think the settlement is best for all Class Members.

### 5. Who are the class representatives?

The Court has approved the following people to represent the Class: Elias Jorge "George" Ictech-Bendeck, Nicole M. Landry-Boudreaux, Mona Bernard, Phil Adams, Robyn Crossman, Kayla Anne

**QUESTIONS? CALL 1-844-714-5957, OR VISIT www.JPLandfillclass.com**

Steele, Ann Williams, and Ophelia Walker.

# WHO IS IN THE SETTLEMENT?

To see if you will be affected by this settlement or if you can get anything from this settlement, you first have to determine if you are a Class Member.

## 6. How do I know if I am a part of the settlement?

Generally, you may be a Class Member if you lived in the Class Area at anytime from July 1, 2017 to December 31, 2019. The Class Area generally includes Waggaman, Avondale, Bridge City, Harahan, River Ridge, and parts of South Kenner and Metairie. More information is provided in the "Court's Class definition" section below in question 7.

More detailed descriptions of the Class and the Agreement are available at and in the official records of these proceedings on file with the Clerk of Court for the United States District Court for the Eastern District of Louisiana, Room C151, 500 Poydras Street, New Orleans, Louisiana 70130.

## 7. The Court's Class definition.

The Court specifically decided that Class Area be defined as follows.

> The geographical boundary within the Parish of Jefferson, State of Louisiana, starting at the intersection of Jerome S. Glazer Airport Access Rd. and West Napoleon Ave (including the canal extending westward from the intersection of West Napoleon Ave and Williams Blvd) then proceeding eastward along West Napoleon Avenue until its intersection with North Causeway Boulevard, then proceeding south along Causeway Boulevard until its intersection with River Road, then proceeding south across the Mississippi River until the intersection of Lapalco Boulevard and Bayou Segnette, then proceeding west until the southernmost end of S. Jamie Boulevard, then proceeding west until the southernmost end of Ruth Drive, then proceeding west/northwest to the intersection of Hwy 90 and the St. Charles Parish/Jefferson Parish line, then proceeding north along the St. Charles Parish/Jefferson Parish line to River Road, then proceeding north along the St. Charles Parish/Jefferson Parish line from River Road to Airline Hwy, then proceeding east along Airline Hwy until its intersection with Jerome S. Glazer Airport Access Rd., then proceeding north until the intersection of Jerome S. Glazer Airport Access Rd. and West Napoleon Ave (including the canal extending westward from the intersection of West Napoleon Ave and Williams Blvd).

## 8. Are there exceptions to being included?

Yes. The following are not included as Class Members:

1. All named plaintiffs in Addison, et al. v. Louisiana Regional Landfill Company, et al., No. 19-11133 c/w 19-14512

2. All Defendants' employees and relevant court personnel.

**Jefferson Parish Landfill Class Action**

3. Owners of undeveloped land not connected to the property on which such owners reside.

4. Any persons and/or entities whose claims were previously (i) settled and released, or (ii) dismissed by court order with prejudice.

Any Claims amongst the Defendants in the Action.

Of course, if you are not included within the Court's Class definition (*see* question 7 above), you are not included in the settlement, and you do not need to take any further action.

## 9. I'm still not sure if I am included.

If you are not sure whether you are included in the Class, you can visit the website at **www.JPLandfillclass.com**, call 1-844-714-5957 for more information, or write to: Class Counsel, 338 Lafayette Street, New Orleans, LA 70130.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 10. What does the settlement provide?

The Parish of Jefferson has established a $4,500,000 settlement fund from which valid claims from Class Members, as well as lawyers' fees and costs, will be paid, as approved by the Court. The Agreement, available at the website and in the official records of these proceedings on file with the Clerk of Court, describes all of the details about the proposed settlement.

The "Neutral" (*see* question 12 below) will recommend to the Court that at least 50% of the settlement fund, plus the interest accrued thereon, be reserved to pay (a) litigation and settlement costs, (b) attorneys' fees for work in litigating the case and obtaining settlement, and (c) awards for Class Representatives and trial representatives. Any funds remaining after paying individual claims, litigation and settlement costs, attorneys' fees, and awards for Class Representatives and trial representatives will not be given back to the Parish of Jefferson.

## 11. What can I get from the settlement?

The amount of each payment to claimants will be based, in part, on the total number of claims received and on the extent of damages suffered. The exact amount that you could receive from the settlement cannot be determined at this time.

## 12. Who will oversee the settlement fund?

An independent "Neutral" will oversee the settlement fund. The Court has appointed the following persons to be the Neutrals: Brigid E. Collins, Francis J. Lobrano, Alysson Mills, and William Allen Schafer. The Neutrals will recommend to the Court how to allocate the settlement fund among the Class Members if and when the Court gives final approval to the settlement. (*See* the section on "The Court's Fairness Hearing" below.)

- 5 -

### Jefferson Parish Landfill Class Action

## THE CLAIMS PROCESS

| 13. How can I get a payment? |
| --- |

Class Members can submit their claims via United States mail, postage prepaid, to the Administrator, at:

> JP Landfill Settlement Administrator
> P.O. Box 4755
> Baton Rouge, LA 70821

All claims must be postmarked on or before **March 20, 2025**. An electronic claim form can be found at **www.JPLandfillclass.com.**

The Neutrals proposed exactly what you will need to provide to prove your claim and receive a payment. You must use the proof of claim form prepared by the Neutrals in order to file a valid claim. You may obtain the proof of claim form by calling 1-844-714-5957 or going to **www.JPLandfillclass.com.**

The Neutrals also will review each claim and propose how much money to pay each claimant based on a formula that he will recommend to the Court. If you timely submit a valid claim, the Neutrals will send you a letter to tell you the proposed amount, if any, you are to receive. In this letter, the Neutrals will also tell you what else you may need to do in order to receive a payment and how to object if you do not like your proposed payment. The Neutrals will decide how much money each Class Member who files a valid claim gets.

Each Class Member must submit a separate claim form. The legal representative of a Class Member who is deceased or who is a minor may submit a claim form on behalf of that Class Member. You cannot be included on someone else's claim form.

| 14. When would I get my payment? |
| --- |

The Court has scheduled a hearing on **March 26, 2025 at 2:00 p.m.** to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved and resolving them can take time. Payments to holders of valid claims cannot be made until the appeal process is finished, the settlement is final, and the allocation process has been completed. Please be patient.

| 15. What am I giving up to get a payment or stay in the Class? |
| --- |

Even if you do not get money from the settlement, if the settlement becomes final, you will release the Parish of Jefferson for any claims that are being settled. That means you cannot sue the Parish of Jefferson ever again for these claims and your claims will be dismissed with prejudice. (This lawsuit and other relevant lawsuits also will be dismissed with prejudice, at least as to the Parish of Jefferson.) The Agreement describes the relevant lawsuit(s), the released Claims, and your obligations with specific descriptions, in necessarily accurate legal terminology, so read it carefully. Talk to Class Counsel (*see* the section on "The Lawyers Representing You") or your own lawyer if you have questions about the relevant lawsuit(s), the Released Claims, the sale of your immovable property, and your obligations, or what they mean.

**Jefferson Parish Landfill Class Action**

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Parish of Jefferson and others over the legal issues being settled in this case, then you must take steps to get out of the Class. This is called asking to be excluded from—or sometimes called "opting out" of—the Class. Any Class Members who do not request exclusion in a request postmarked by the **March 10, 2025** deadline will be bound by all of the judgments made by the Court, whether favorable or not.

### 16. If I exclude myself, can I get money from the settlement?

No. If you exclude yourself, do not write to the Class claims office to request a payment. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. But you may sue, continue to sue, or be part of a different lawsuit against the Parish of Jefferson in the future. You will not be bound by the settlement in this lawsuit. If you exclude yourself, you will no longer be represented by Class Counsel and you will have to take independent action to protect your interests.

### 17. If I do not exclude myself, can I sue later?

No. Unless you exclude yourself, you give up the right to sue the Parish of Jefferson for all the claims that this settlement resolves. You must exclude yourself from this Class to start or continue your own lawsuit or to be part of any different lawsuit relating to these claims.

### 18. How do I get out of the settlement?

If you wish to be excluded from the settlement you must, in writing, in a request postmarked by **March 10, 2025** state that you want to be excluded from the Parish of Jefferson class settlement. You must include (a) your name, (b) the last four digits of your social security number, (c) your date of birth, (d) your current residential address, (e) your mailing address, if different, from your current residence address, (f) the address of the property you owned or rented that makes you a Class Member, (g) your email address if you have one,  and (h) your telephone numbers (day time, night time, and cell). You must sign and date your request to be excluded. If you send in an exclusion request on behalf of someone else, you must include all of the above information, sign and date the request and describe the capacity in which you are acting (for example, mother, father, succession representative, etc.). If you have a lawyer, please provide his/her name, address, and telephone number on your exclusion request. Your lawyer cannot sign an exclusion request for you, and you cannot exclude a class or group of Class Members. You can't ask to be excluded on the phone or at the website. Any exclusion requests must be sent via United States mail, postage prepaid, to the following addresses and must be postmarked on or before **March 10, 2025.**

> JP Landfill Settlement Administrator
> P.O. Box 4755
> Baton Rouge, LA 70821
>
> AND
>
> JPLF Class Counsel
> 338 Lafayette Street
> New Orleans, LA 70130

**QUESTIONS? CALL 1-844-714-5957, OR VISIT www.JPLandfillclass.com**

**Jefferson Parish Landfill Class Action**

# THE LAWYERS REPRESENTING YOU

## 19. Do I have a lawyer in this case?

The Court has appointed the following lawyers to represent Class Members as "Class Counsel": Lawrence J. Centola, III, Jason Z. Landry from Martzell, Bickford & Centola, 338 Lafayette Street, New Orleans, LA 70130, Bruce C. Betzer, Douglas S. Hammel, Kacie F. Gray, John D. Sileo and Seth H. Schaumburg.

If you want to be represented by a lawyer of your choosing, you may hire one at your own expense. If you need assistance with your claim, Class Counsel will assist you. To contact Class Counsel, call 1-844-714-5957 or write to: Class Counsel, 338 Lafayette Street, New Orleans, Louisiana 70130.

## 20. How will the lawyers be paid?

The lawyers will ask for a fee not to exceed thirty-three and 1/3 (33 1/3%) percent of the $4,500,000 settlement fund, or $1,500,000 and for reimbursement of their out-of-pocket costs incurred in litigating the claims being settled. Class Counsel will ask the Court to award these amounts from the settlement fund for their work in litigating the case and obtaining the settlement. The Court may award less than the requested amounts to Class Counsel.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

## 21. How do I tell the Court if I do not like the settlement?

If you are a Class Member, you can object to the settlement if you do not like it or certain parts of it. You must give reasons why you think the Court should not approve the settlement. The Court will consider your views if you properly submit an objection on time. To object, prepare a written statement of the specific reasons you object to the settlement. Please clearly indicate that you are objecting to the Jefferson Parish Landfill Settlement, C.A. No. 18-7889 and consolidated cases. You must file a written objection ("Objection Form") with the Court and mail a copy to Class Counsel and Parish of Jefferson at the addresses set forth below. Your Objection Form must be postmarked by **March 10, 2025.** You must set forth in the Objection Form your full name, telephone number, email address, provide proof of membership in the Class, and provide a description of any property wholly or partially located within the Class Area in which you have an ownership interest. In addition to the above, Objectors must state in their Objection Form the reasons for objecting, including any supporting materials, papers, or briefs that the Objector wishes the Court to consider, and a statement whether the Objector intends to appear in Court at the final fairness hearing on **March 26, 2025 at 2:00 p.m.** either with or without separate counsel. You must also include the name and address of any witnesses to be presented at the fairness hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony. Subject to the Court's discretion, any Class Member shall be entitled to be heard in Court at any hearing (whether individually or through separate counsel), or to object to the Settlement Agreement, provided that such Class Member submits written notice of the Class Member's objection in compliance with the deadline and other requirements specified in this notice and in Section 7.4 of the Agreement. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections.

**QUESTIONS? CALL 1-844-714-5957, OR VISIT www.JPLandfillclass.com**

**Jefferson Parish Landfill Class Action**

You must sign and date your objection. If you have a lawyer, please provide his/her name, address, and telephone number on your objection. You can hire your own lawyer, at your own expense, to appear with or without you at the Fairness Hearing; but you or your lawyer do not have to appear at the Fairness Hearing in order for the Court to consider your objection. If you or your lawyer intends to speak at the Fairness Hearing about your objection, you also must submit a notice of intent to appear with your objection materials. Any objection must be sent via United States mail, postage prepaid, to the following addresses and must be postmarked on or before **March 10, 2025.**

JP Landfill Settlement Administrator
P.O. Box 4755
Baton Rouge, LA 70821

AND

Jefferson Parish Class Counsel
338 Lafayette Street
New Orleans, LA 70130

To obtain a form to use to submit your objection, please visit **www.JPLandfillclass.com.**

## 22. What is the difference between objecting and excluding yourself from the settlement?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you are a Class Member and you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you cannot object to the settlement or to the attorneys' fees or costs, because the case no longer affects you, and you will not receive any settlement payment.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.

## 23. When and where will the Court decide whether to approve the settlement?

The Court has scheduled a Fairness Hearing on **March 26, 2025 at 2:00 p.m.** in Courtroom C322 of the New Orleans Courthouse for the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130. (The hearing may be moved to a different date or time without additional notice to Class Members, so it is a good idea to check **www.JPLandfillclass.com.**) At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will consider whether to approve the settlement, any requested attorneys' fees, expenses, etc., and awards for class representatives. If there are objections, the Court will consider them.

## 24. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But you are welcome to come to court at your own expense. You may also have your own lawyer attend (at your expense), but it is not required.

**Jefferson Parish Landfill Class Action**

## 25. May I speak at the hearing?

You can only speak at the Fairness Hearing if you file a timely objection to the settlement following the procedures set forth in this notice (*see,* "Objecting to the Settlement" above) and you include with your objection a notice of intent to appear. The date and time of the hearing is shown in question 23 above. You cannot speak at the Fairness Hearing if you exclude yourself.

# IF YOU DO NOTHING

## 26. What happens if I do nothing at all and the settlement is approved?

If you do nothing and the settlement is approved, you will not receive any benefits from the settlement. And you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Parish of Jefferson about the claims being settled, ever again. The Agreement contains more detail regarding the scope of the Claims being released. Again, in order to receive settlement benefits, you must timely file a valid proof of claim form.

# GETTING MORE INFORMATION

## 27. How do I get more information?

This notice summarizes the proposed settlement. More details are in the Agreement. You can visit the website at **www.JPLandfillclass.com** or the Clerk of Court's office at Room C151, 500 Poydras Street, New Orleans, Louisiana 70130, where you will find the Agreement, other documents about the settlement, information about the claims process, and other information about the case. Or, you may call 1-844-714-5957 or write to: Class Counsel, 338 Lafayette Street, New Orleans, Louisiana 70130.

- 10 -



EAG Gulf Coast, LLC

## Exhibit D: Summary Notice

**LEGAL NOTICE**

# Persons who lived in Harahan, River Ridge, South Kenner, Metairie, Waggaman, Avondale, or Bridge City in 2017, 2018 or 2019 may be affected by a proposed class action settlement.

A partial settlement has been reached in a class action lawsuit about the Jefferson Parish Landfill. A settlement fund has been created to pay amounts to holders of valid claims as well as lawyers' fees and costs approved by the Court. The United States District Court for the Eastern District of Louisiana will have a hearing to decide whether to give final approval to the settlement so that payments can be made from the settlement fund. Those included in the class action, together called a "Class," may ask for a payment, or may exclude themselves from, or object to, the settlement, and eligible Class members may receive a payment from it. There is a detailed notice with more information about the settlement available by calling 1-844-714-5957 or going to the website www.JPLandfillclass.com.

While the Parish of Jefferson has agreed to settle their potential liability in this case, the case will remain open even after this partial settlement. The following Non-Settling Defendants were also named in this lawsuit: Aptim Corporation, Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. The Non-Settling Defendants are not a part of this settlement. The Court has not yet determined whether a class action will be allowed to proceed against the Non-Settling Defendants. Your decision to participate in this settlement will have no bearing on your right, if any, to recover from the Non-Settling Defendants.

## WHO'S INCLUDED?

Generally, you may be a Class Member if you lived or resided in the Class Area. The Class Area Map is printed on the backside of this notice.

The exact Class "definition" and more information on the settlement are available at www.JPLandfillclass.com.

## WHAT DOES THE SETTLEMENT PROVIDE?

A $4,500,000 settlement fund has been established by the Parish of Jefferson. The settlement fund is to be overseen by an independent "Neutral." A Settlement Agreement, available at the website and in the official court records of these proceedings, describes all of the details about the proposed settlement. The settlement does not mean that the Parish of Jefferson did anything wrong, but the Parish of Jefferson agreed to resolve certain claims and provide benefits to the Class.

To learn more or to obtain the detailed notice, call, go to the website, or write to Class Counsel at 338 Lafayette Street, New Orleans, LA 70130.

## HOW MUCH COULD YOU GET?

If the settlement receives final Court approval, the Neutral will review claims and propose how much money each valid claim will receive based on a formula he will recommend to the Court. The amount of each payment will be based, in part, on the total number of claims received and on the extent of damages suffered. The Court will decide in a separate hearing how much each Class member who files a valid claim receives from the settlement fund.

## HOW DO YOU ASK FOR A PAYMENT?

Class members can submit their claims via United States mail, postage prepaid, to the Claims Administrator, P.O. Box 4755, Baton Rouge, LA 70821 All claims must be postmarked on or before **March 20, 2025**. The Administrator has proposed exactly what you will need to provide to prove your claim and receive a payment. Thus, you must use the proof of claim form prepared by the Administrator in order to file a valid claim. You may obtain the approved proof of claim form by calling 1-844-714-5957 or going to www.JPLandfillclass.com.

## WHAT ARE YOUR OTHER OPTIONS?

The Court will hold a hearing in the case called *Elias Jorge "George" Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc, et al.*," C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312 on **March 26, 2025 at 2:00 p.m.** to consider whether to approve the settlement; to consider any objections to the settlement; and to consider whether to approve Class Counsel's request for attorneys' fees in an amount not to exceed 33 1/3% of the settlement fund. You or your own lawyer may appear and ask to speak at the hearing, at your own cost, but you don't have to. If the settlement is approved, it will release the Parish of Jefferson from all liability for the claims more fully described in the Settlement Agreement.

If you don't want to be legally bound by the settlement, you must exclude yourself by **March 10, 2025.** If you don't exclude yourself, you won't be able to sue or continue to sue the Parish of Jefferson for the claims resolved in this settlement. If you exclude yourself, you can't get a payment from the settlement fund. If you do not exclude yourself, you may object to the settlement, if you do so by **March 10, 2025**. The detailed notice explains how to exclude yourself or object.



Exhibit E: Class Area Map





# Exhibit F: Mail-In Claim Form

Case 2:18-cv-07889-SM-MBN   Document 535-4   Filed 05/24/25   Page 29 of 36

# CLAIM FORM
## CLAIM SUBMISSION DEADLINE: 03/20/2025

## Section 1: Claimant Information

*Complete Section 1 with your current contact information and current mailing address, even if it is not in the Class Area.  This is the address that will be used for all correspondence, including payment, if your claim is accepted.*

_____

First Name

_____          _____

Last Name                                                                                                                                            Suffix

_____

Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number

_____          _____          _____

City                                                                                                                            State                 Zip Code

_____

Email Address (Required)

_____          _____

Phone Number (Required)                                          Social Security/Tax Identification Number (Required)

## Section 2: Property Information

*Complete Section 2 for the property where you resided within the Class Area.  For more than one address/property, please submit a separate claim form for each address.  Please visit the case website to download an additional claim form.*

_____

Property Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number

_____          _____          _____

City                                                                                                                            State                 Zip Code

### Property Type (Choose One)

___ Single Family Residence              ___ Multi-Family Residence (duplex, quadplex, etc.)

___ Apartment Complex                      ___ Other (Please Specify)

Dates of Residency:                    _____ /_____ /_____     to     _____ /_____ /_____

## Section 3: Certification

I affirm under the laws of the United States and the State of Louisiana that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below. I understand that I may be asked to provide supplemental information to the Claims Administrator and/or Special Master before my claim will be considered complete and valid.

*Each Claim Form must be signed by the Class Member seeking to participate in the Settlement.*

Signature: _____

Printed Name: _____

Date: _____ /_____ /_____

## Section 4: Certification

QUESTIONS? VISIT WWW.JPLANDFILLCLASS.COM OR CALL TOLL FREE 1-844-714-5957

# ICTECH-BENDICK ET AL. V. WASTE CONNECTIONS BAYOU, INC., ET AL.

United States District Court for the Eastern District of Louisiana (Case No. 2:18-cv-07889-SM-MBN)

## REMINDER CHECKLIST

1. Complete all sections of this Claim Form.
2. Sign and date the Claim Form in Section 3.
3. Mail your completed Claim Form to the Settlement Administrator. Please keep a copy of your completed Claim Form for your records. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form. You can update your contact information at www.JPLandfillclass.com.



## Exhibit G: Exclusion Requests

I want to be **excluded** from the Parish of Jefferson class settlement, known as -
*Elias Jorge "George" Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc, et al.,"*
*C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312.*

Property ID - QFN-1153639

    A. <u>name -</u> Thomas C Hughes IV
    B. <u>last four digits of ssn -</u> 8026
    C. <u>date of birth -</u> 09/15/1981
    D. <u>current residential address</u> - 15 Colonial Ln, Harahan, LA 70123
    ~~E. your mailing address, if different, from your current residence address~~
    F. <u>address that makes you a class member -</u> 15 Colonial Ln, Harahan, LA 70123
    G. <u>email address -</u> tchughesiv@gmail com
    H. <u>cell -</u> 504-250-4280

_Thomas Hughes_  2/26/2025

I want to be **excluded** from the Parish of Jefferson class settlement known as *Elias Jorge "George" Ictech-Bendeck, et al  v. Progressive Waste Solutions of LA, Inc, et al.," C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312.*

Property ID -  QFN-1153639

A.  name -  Lori Hughes
B.  last four digits of ssn -  8209
C.  date of birth -  05/30/1979
D.  current residential address -  15 Colonial Ln, Harahan, LA 70123
E.  *your mailing address, if different, from your current residence address*
F.  address that makes you a class member -  15 Colonial Ln, Harahan, LA 70123
G  email address -  lorilea36@gmail.com
H  cell -  318-355-4462

2/26/25

I want to be **excluded** from the Parish of Jefferson class settlement known as *Elias Jorge "George" Ictech-Bendeck, et al. v Progressive Waste Solutions of LA, Inc, et al ,"* C.A. No. *18-7889, c/w 18-8071, 18-8218, 18-9312.*

Property ID - QFN-1153639

    A. <u>name -</u> Thomas C Hughes V
    B. <u>last four digits of ssn -</u> 0818
    C. <u>date of birth -</u> 09/14/2009
    D. <u>current residential address -</u> 15 Colonial Ln, Harahan, LA 70123
    E. ~~your mailing address, if different, from your current residence address~~
    F  <u>address that makes you a class member -</u> 15 Colonial Ln, Harahan, LA 70123
    G. <u>email address -</u> tchughesiv@gmail.com
    H. <u>cell -</u> 504-250-4280

2/26/2025

(Father)

I want to be **excluded** from the Parish of Jefferson class settlement known as *Elias Jorge "George" Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc, et al.," C.A. No. 18-7889, c/w 18-8071, 18-8218, 18-9312*

Property ID - QFN-1153639

A. <u>name -</u>  Frank Hughes
B. <u>last four digits of ssn -</u>  1161
C. <u>date of birth -</u>  04/12/2012
D. <u>current residential address -</u>  15 Colonial Ln, Harahan, LA 70123
E. ~~your mailing address, if different, from your current residence address~~
F. <u>address that makes you a class member -</u>  15 Colonial Ln, Harahan, LA 70123
G. <u>email address -</u>  tchughesiv@gmail com
H <u>cell -</u>  504-250-4280

2/26/2025
(Father)



US POSTAGE & FEES PAID IMI
8 OZ GROUND ADVANTAGE RATE
ZONE 2
Commercial

063S0014950610
20477679
FROM 70123

Stamps
02/28/2025

## USPS GROUND ADVANTAGE™

Tommy Hughes
15 Colonial Lane
New Orleans LA 70123-4608

**0001**

SHIP
TO:   JP LANDFILL SETTLEMENT ADMINISTRATOR
P.O. BOX 4755
BATON ROUGE LA 70821-4755



### USPS ADULT SIG 21 OR OLDER



**9497 4111 0550 3574 2322 64**

