UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK,<br><br>    Plaintiff<br><br>VERSUS<br><br><br>PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,<br><br>    Defendants<br><br><br>*Applies to: All Cases* | CIVIL ACTION<br><br>NO. 18-7889<br><br>c/w 18-8071,<br><br>18-8218, 18-9312<br><br><br><br>SECTION: "E" (5)<br><br><br>JUDGE: Morgan<br><br>MAGISTRATE JUDGE: North |

### REPORT AND RECOMMENDATION NO. 1

MAY IT PLEASE THE COURT:

On January 10, 2025 (Rec.Doc. 516), the Court entered its Order granting preliminary approval to the Settlement Agreement submitted on behalf of the Class and the Parish of Jefferson.

Also, in this Court's Order of January 10, 2025 (Rec.Doc. 516), the Court established deadlines for objections to the Settlement, filing requests for exclusion from the Class as Defined (Opt-Outs), and the filing of Proofs of Claim. In particular, objections to the Settlement and/or requests for exclusion from the Class as Defined were to be postmarked on or before March 10, 2025, and Proofs of claim were required to be postmarked no later than March 20, 2025.

### Objections

No objections were received from class members.

### Requests for Exclusion

In response to the Notice of Settlement, four persons from one household submitted a request for exclusion (Opt-Outs.) The following persons, all located at 15 Colonial Lane, Harahan, LA, 70123, opted-out of the settlement:

Thomas C. Hughes, IV
Lori Hughes
Thomas C. Hughes, V
Frank Hughes

### Proofs of Claim

In response to the Court's Order, over 4000 Claimants have submitted Proof of Claims. Most are from eligible Class Members. While work still needs to be done to address all the Claims, such efforts should likewise have no bearing on whether the proposed Settlement Agreement should be finally approved. The Proof of Claim deadline was March 20, 2025.

### Establishment of Reserves

It is also appropriate for this Report and Recommendation to address "**reserves**" or amounts to budget from the $4,500,000 settlement fund (Settlement Fund) in these proceedings to create a Claimant Fund from which individual allocations may be calculated. The undersigned recommends that the Court approve a reserve of 50% of the Settlement Fund for all accrued interest for attorneys' fees, litigation costs, and settlement costs (such settlement costs include the class administrative costs, distribution costs, expenses, and taxes).

Litigation costs to date are $1,412,685 (See Exhibit A- filed under seal).

Class Counsel has indicated that they will petition for an award of attorneys' fees in the amount of 33 1/3% of the Settlement Fund plus interest accrued thereon and an additional sum for litigation costs. However, once the costs of litigation and costs of administration have been paid, there will not likely be enough money to pay the 33 1/3% attorney fee at this time. Funds must be reserved to pay the charges of (a) the undersigned in the performance of assigned duties, (b) accountants to prepare (i) the Qualified Settlement Fund (QSF) election, (ii) QSF tax returns, and (iii) Form 1099 reporting, (c) the cost of necessary notices to the Class, and (d) other actual costs and expenses related to the settlement.

Setting these reserves does not obligate the Settlement Fund. Rather it serves as a budget for the amounts, which will ultimately be fixed by the Judgment of the court following an appropriate petition and hearing thereon. The remaining portion of the Settlement fund, less and except the Settlement Reserve (as such term is defined in the Settlement Agreement), is thus available for handling under the Settlement Agreement proposed for final approval.

The Court Appointed Neutrals request the following reserves at this time:

$2,250,000 - to be awarded to the Class Members (including Class Representative Incentive Awards).

$1,412,685 - awarded to Class Counsel for reimbursement of litigation costs to date.

$ 837,315 - reserved for payment of administration costs, neutrals costs, and attorneys fees.

## Conclusion

The Court is asked to set a reserve (budget) for attorneys' fees, litigation costs, and settlement costs in the amount of 50% of the Settlement Fund as described above, plus all accrued interest thereon.

Respectfully Submitted:

*Court Appointed Neutrals*

By: /s/ *WM. ALLEN SCHAFER*
WM. ALLEN SCHAFER (Bar No. 28989)
147 Keating Drive
Post Office Box 208
Belle Chasse, Louisiana 70037
Phone: (504) 433-3100
Email: Schafer@carverdarden.com


FRANCIS J. LOBRANO (Bar No. 20662)
147 Keating Drive
Post Office Box 208
Belle Chasse, Louisiana 70037
Phone: (504) 433-3100
Email: Schafer@carverdarden.com


BRIGID E. COLLINS (Bar No. 28538)
1100 Poydras Street, Suite 2275
New Orleans, Louisiana 70163
Phone: (504) 432-3295
Email: bec@bcollins.net


ALYSSON MILLS (Bar No. 32904)
650 Poydras Street, Suite 1525
New Orleans, Louisiana 70130
Phone: (504) 586-5253
Email: alysson@alyssonmills.com

## Certificate of Service

I hereby certify that on this 25th day of March, 2025, a copy of the above and foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which then sent notification of such filing to all counsel of record.

*/s/ Wm. Allen Schafer*

# EXHIBIT FILED UNDER SEAL

Exhibit A