UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIAS JORGE "GEORGE" ICTECH-BENDECK,**<br>     **Plaintiff**<br><br>**VERSUS**<br><br>**PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,**<br>     **Defendants** | **CIVIL ACTION**<br><br>**NO. 18-7889**<br>**c/w 18-8071,**<br>**18-8218, 18-9312**<br><br>**SECTION: "E" (5)** |

*Applies to: All Cases*

## SECOND AMENDING AND SUPERSEDING COMPLAINT FOR DAMAGES

NOW COME Plaintiffs, ELIAS JORGE "GEORGE" ICTECH-BENDECK, SAVANNAH THOMPSON, NICOLE M. LANDRY-BOUDREAUX, LARRY BERNARD, SR., and MONA BERNARD ("PLAINTIFFS"), who, pursuant to the Order of the Court, file this Second Amending and Superseding Complaint for Damages, and complain and allege on information and belief the following against Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, Inc. f/k/a IESI LA Landfill Corporation (collectively, "Waste Connections Defendants") and Aptim Corporation ("Aptim").

### INTRODUCTION

This action arises from the continuous, significant and unabated harm suffered by each of the named Plaintiffs as a result of the noxious odors persistently emitted from the Jefferson Parish Landfill into the surrounding areas, including where each of the Plaintiffs resided, from July 2017 through the end of 2019. These unlawful noxious releases caused Plaintiffs substantial loss of the use and enjoyment of their homes and property, and caused Plaintiffs to experience physical

1

symptoms, including headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, as well as anxiety and worry and a decrease in quality of life. Accordingly, Plaintiffs seek redress from Defendants for the harms suffered as a direct result of the releases of noxious odors from the Jefferson Parish Landfill.

## **PROCEDURAL HISTORY**

This case was originally filed as a consolidated class action. On November 29, 2022, the Honorable Susie Morgan, United States District Judge, issued Findings of Fact and Conclusions of Law on the issue of general causation following a trial that took place on January 31, February 1-4, and February 22-25, 2022. In her ruling, Judge Morgan determined that Plaintiffs established general causation for their damage claims, finding by a preponderance of the evidence that:

1. Odors and gases were emitted from the Jefferson Parish Landfill during the relevant time period (July 1, 2017 to December 31, 2019);

2. These odors and gases included hydrogen sulfide at levels of at least 5 parts per billion (ppb) over thirty-minute periods;

3. Exposure to an average of 5 ppb of hydrogen sulfide over thirty minutes is capable of causing certain injuries in the general population, including headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property. The Court determined that at this level of exposure, landfill emissions were capable of producing the injuries claimed by Plaintiffs.

4. The Court in its ruling dated March 27, 2025 denied the Plaintiffs Motion for Class Certification. Rec Doc. 546.

Plaintiffs now amend their Petition to proceed with their individual claims, having established general causation for the damage claims made in this action.

## PARTIES

1. Named Plaintiffs are as follows:

    a. Elias Jorge "George" Ictech-Bendeck, at all relevant times a person of the full age of majority and resident of River Ridge, Parish of Jefferson, State of Louisiana.

    b. Savannah Thompson, at all relevant times a person of the full age of majority and resident of Harahan, Parish of Jefferson, State of Louisiana.

    c. Nicole M. Landry-Boudreaux, at all relevant times a person of the full age of majority and resident of Waggaman, Parish of Jefferson, State of Louisiana.

    d. Larry Bernard, Sr., at all relevant times a person of the full age of majority and resident of Harahan, Parish of Jefferson, State of Louisiana.

    e. Mona Bernard, at all relevant times a person of the full age of majority and resident of Harahan, Parish of Jefferson, State of Louisiana.

2. Made Defendants herein are:

    a. WASTE CONNECTIONS BAYOU, INC., f/k/a PROGRESSIVE WASTE SOLUTIONS OF LA, INC., a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana;

    b. WASTE CONNECTIONS, US, INC., a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana;

    c. LOUISIANA REGIONAL LANDFILL COMPANY, f/k/a IESI LANDFILL CORPORATION, INC., a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana;

      d.    APTIM CORPORATION, a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana; and

      e.    IESI-LA LANDFILL CORPORATION, a foreign corporation authorized to do and doing business in the Parish of Jefferson, state of Louisiana.

3.    Defendants are jointly, severally and in solido indebted unto Plaintiffs for general and special damages suffered by Plaintiffs in a sum sufficient to fully compensate them for all of their damages, together with legal interest, and for all costs as described herein.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), as this case was originally filed as a class action and met the requirements for federal jurisdiction at the time of removal by defendants. Venue is proper in this District as it is where the conduct complained of herein occurred and is also where the injury occurred and where the Removing Defendants removed the underlying class actions filed in Louisiana state court.

5.    Venue is proper in this District as it is where the conduct complained of herein occurred and is also where the injury occurred and where the Removing Defendants removed the underlying actions filed in Louisiana state court.

## FACTUAL ALLEGATIONS

6.    On or about July 1, 2017, the purported "sanitary solid waste" facility/landfill located in Waggaman, Louisiana began to emit noxious odors, consisting primarily of methane and hydrogen sulfide gases, into areas surrounding the Jefferson Parish Landfill ("JP Landfill"). The surrounding neighborhoods, including but not limited to, those located in Waggaman, Louisiana, River Ridge, Louisiana and Harahan, Louisiana experienced said noxious odors on various days and at various times of the day and night depending upon the then prevailing wind direction crossing over and/or otherwise emanating from the site of the JP Landfill through

December 31, 2019.

7. The Court determined in its Findings of Fact and Conclusions of Law dated November 29, 2022, that the Landfill was emitting odors and gases, including hydrogen sulfide, at levels of at least 5 parts per billion (ppb) over thirty-minute periods during the relevant time period. The Court further found that this level of exposure is capable of causing headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, anxiety and worry, a decrease in quality of life, and loss of enjoyment or use of property in the general population.

8. At all relevant times herein, the Waste Connections Defendants (Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., Louisiana Regional Landfill Company, Inc. f/k/a IESI LA Landfill Corporation) managed and operated the JP Landfill pursuant to the terms and conditions of their Contract with the Parish of Jefferson to provide services to operate, manage, and/or maintain the Jefferson Parish Landfill (the "Landfill Operating Agreement").

9. At all relevant times herein, Aptim operated and maintained the gas collection system at the Jefferson Parish Landfill, including the gas collection system in Phase 4A from its installation in early 2018 up through the end of May 2019, pursuant to the terms and conditions of a Contract to provide operation and maintenance services at the JP Landfill (the "GCS O&M Contract").

10. Following complaints by residents, the Louisiana Department of Environmental Quality ("LDEQ") placed one or more mobile air monitoring labs in the area, and subsequently the LDEQ released a report that found higher-than-normal levels of methane and hydrogen sulfide in the areas surrounding the JP landfill.

11. Hydrogen sulfide may be produced in a landfill when there is liquid water, a source of soluble sulfate, sulfate-reducing bacteria, organic material, an anoxic environment (i.e., lacking oxygen), an appropriate pH range (between 4 and 9), and an appropriate temperature range (between 86°F and 100°F), conditions which will likely be present in a municipal solid waste landfill such as the JP Landfill. The Waste Connections Defendants, beginning in October 2016, accepted a special waste called spent lime (a known source of soluble sulfate) into the JP Landfill, which was disposed of in Phase 4A (approximately 2,601 tons in 2016; 13,905 tons in 2017; 6,498 tons in 2018), when it was known that (1) the spent lime contained various forms of calcium sulfate, in particular gypsum; (2) the Landfill contained large amounts of liquid water; (3) the spent lime would be mixed with organic materials; and (4) other conditions for the generation of hydrogen sulfide were all present. Accordingly, the disposal of spent lime in Phase 4A significantly increased hydrogen sulfide generation at the JP Landfill and thus noxious emissions thereof.

12. At all pertinent times, Waste Connections was contractually mandated to screen all incoming waste and prevent harmful and/or problematic waste streams from entering the Landfill.

13. On information and belief, Defendants were collecting only 20 percent of the gases produced by the landfill as a result of the antiquated, poorly maintained, and poorly operated gas and leachate collection systems and inadequate ground cover systems, leaving much, if not all, of the rest of the noxious odors to escape through the ground and other point sources into the air.

14. On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate – the liquid brew that drains from a landfill an carries

6

with it numerous harmful chemicals.

15. The noxious odors were so bad and/or persistent that on or about July 9, 2018, a hotline was created for citizens to report the stench.

16. Air samples collected by the LDEQ in the communities of River Ridge, Harahan and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1, 2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects. The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

17. On or about July 23, 2018, the landfill's private operator [LRLC] was declared to be in breach of its contract regarding operation of the Jefferson Parish Landfill.

18. JP Landfill has been cited by the Louisiana Department of Environmental Quality (LDEQ) for violation of relevant environmental rules and/or regulations. The Waste Connections Defendants contested those allegations and in the end, the LDEQ levied a fine that was paid by the Waste Connections Defendants for their failure to comply with environmental standards.

19. Defendants' actions/inactions are the sole proximate cause of Plaintiffs' damages, which bad acts include but are not limited to the following:

a) Failing to maintain and/or operate the Jefferson Parish Landfill in such a manner such that noxious odors would not emanate and create a nuisance for its surrounding neighbors;

b) Failing to maintain and/or operate and/or design the Jefferson Parish Landfill such that noxious odors would not interfere with the enjoyment of its neighbors' properties and be the cause of other legally cognizable damages to its neighbors;

c) Failing to operate the Jefferson Parish Landfill in such a way so as to prevent the emission of noxious odors onto its neighbors in the surrounding areas;

d) Failing to maintain, attain, and/or implement measures at the Jefferson Parish Landfill to minimize the existence of gaseous emissions and/or leachate;

e) Failing to timely and/or efficiently correct the emission of noxious odors from the Jefferson Parish Landfill so as to not cause harm to others, and in particular, plaintiffs herein;

f) Other action/inaction in violation of Louisiana Civil Code Article (La. C.C. art) 667 and Article 669's "rules of the police [LDEQ]", "customs of the place", and/or in violation of industry standards and/or in violation of the laws, rules, regulations and/or requirements of Louisiana as promulgated by the LDEQ, including but not limited to, those actions and/or inactions as outlined herein as well as others which will be proven at the adjudication of this matter;

g) Defendants' actions/inactions are in violation of La. C.C. arts. 667, 669, 2315, 2316, 2317, 2317.1 and 2322.

h) The Defendants created a nuisance through the emission of noxious odors into the air in and around the JPL, which unreasonably caused Petitioners physical symptoms, i.e., nausea, vomiting, etc.

i) Defendants' acts and omissions in designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

j) Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

## CAUSES OF ACTION

### NUISANCE

20. Defendants created a nuisance through the emission of noxious odors into the air in and around the JP Landfill, which unreasonably interfered with Plaintiffs' use and enjoyment of their property.

21. The odor release affected the Petitioners' peaceful use of their property and created a nuisance as defined by Louisiana law, including under Louisiana Civil Code Article (La. C.C. art) 667, et seq.

### INJURIES SUSTAINED BY PLAINTIFFS

22. As established by the Court's Findings of Fact and Conclusions of Law dated November 29, 2022, the gases and odors emitted from the Landfill were capable of causing certain physical and psychological effects at the exposure levels experienced during the relevant time period. Plaintiffs have suffered these injuries, which include: a) Headaches; b) Nausea; c) Vomiting; d) Loss of appetite; e) Sleep disruption; f) Dizziness; g) Fatigue; h) Anxiety and worry; i) Decrease in quality of life; and j) Loss of enjoyment or use of property.

23. The Court, through its General Causation ruling found that exposure to hydrogen sulfide emissions from the Landfill at levels of at least 5 parts per billion (ppb) over thirty-minute periods is capable of causing the alleged injuries in the general population.

24. Defendants are liable to the Plaintiffs for all damages they have suffered, including substantial loss of the use and enjoyment of their homes and property, the symptoms they experienced, including headaches, nausea, vomiting, loss of appetite, sleep disruption, dizziness, fatigue, as well as anxiety and worry and a decrease in quality of life, on account of nuisance.

9

## **REQUEST FOR TRIAL BY JURY**

25.     Plaintiffs request a jury trial as to all claims triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that a copy of this Second Amending and Superseding Complaint be served on each Defendant, and that they each be cited to answer same within the delays allowed by law, and that, after due proceedings are had, that judgment against Defendants be granted in favor of Plaintiffs in an amount to be determined at trial by the trier of fact reasonable in the premises for harms, damages, and losses as set forth above, special damages, applicable penalties (if any), costs, expert witness fees, attorneys' fees, filing fees, pre- and post-judgment interest, all other injuries and damages as shall be proven at trial, and such other further relief as the Court may deem appropriate, just, and proper as the law allows.

Respectfully Submitted:

*/s/ Bruce C. Betzer*_____
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com
Counsel for Larry Bernard, Sr. and Mona Bernard

Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, Iii (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065

(504)581-7635 – FACSIMILE
Counsel for Ictech-Bendeck

Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com
Counsel for Nichole M. Landry-Boudreaux

Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com
Counsel for Savannah Thompson

John D. Sileo (La Bar No. 17797)
Casey W. Moll (La. Bar No. 35925)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave.,
Suite 101 New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com
casey@johnsileolaw.com

**FAVRET, DEMAREST, RUSSO,
LUTKEWITTE & SCHAUMBURG
A Professional Law Corporation**
Seth H. Schaumburg, No. 24636
Anthony J. Russo, No. 8806
Dean J. Favret, No. 20186
Angela C. Imbornone, No. 19631
Lauren A. Favret, No. 33826
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699