**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ELIAS JORGE "GEORGE" ICTECH-BENDECK,**
**Plaintiff,**

**VERSUS**

**WASTE CONNECTIONS BAYOU, INC., ET AL.,**
**Defendants.**

**CIVIL ACTION**

**NO. 18-7889**
**c/w 18-8071, 18-8218, 18-9312**

**SECTION: "E"(5)**

**JUDGE: Morgan**

**MAGISTRATE JUDGE: North**

**WASTE CONNECTIONS DEFENDANTS' AFFIRMATIVE DEFENSES AND ANSWER TO SECOND AMENDING AND SUPERSEDING COMPLAINT FOR DAMAGES**

Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. ("Waste Connections Defendants"), through undersigned counsel, submit their Affirmative Defenses and Answer to Plaintiffs' Second Amending and Superseding Complaint for Damages, dated May 8, 2025 (R. Doc. 550) ("Second Master Complaint").

**AFFIRMATIVE DEFENSES**

The Waste Connections Defendants assert the following affirmative and other defenses. The Waste Connections Defendants reserve the right to amend their answer as additional information becomes available and additional affirmative defenses become apparent.

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Any alleged odors are not more than an inconvenience to Plaintiffs.

3. The Waste Connections Defendants owned no specific or general duty to Plaintiffs.

4. The Waste Connections Defendants were not the proximate or legal cause of the damages claimed by Plaintiffs.

5. Plaintiffs' claims are prescribed and/or barred in whole or in part by the applicable statute of limitations.

6. Plaintiffs' claims are barred or limited by preexisting injuries, including preexisting physical injuries.

7. Plaintiffs failed to mitigate their damages.

8. Plaintiffs' claims are barred in whole or in part because Plaintiffs' damages are speculative and/or not ascertainable.

9. Plaintiffs' damages, if any, were sustained in whole or in part as a result of intervening and/or superseding causes.

10. Plaintiffs' claims are barred or diminished to the extent that their damages were due to their own comparative fault or to the comparative fault of third parties who were not under the control of the Waste Connections Defendants.

11. Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

12. Plaintiffs' claims are preempted by federal or state law.

13. Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, unclean hands, and waiver.

14. Defendants Waste Connections Bayou, Inc. and Waste Connections US, Inc. are not proper parties to this action.

15. Plaintiffs cannot recover attorneys' fees or costs.

16. Plaintiffs have failed to join all required parties.

17. Any judgment for Plaintiffs and damages that Plaintiffs may be entitled to recover are subject to reduction or offset by the amounts that they have received in the settlement

agreement with Jefferson Parish in this action or by any amounts they have received or are entitled to receive from collateral sources for the same injuries.

**ANSWER TO THE SECOND MASTER COMPLAINT**

The paragraphs below correspond to those in the Second Master Complaint. All allegations in the Second Master Complaint not expressly admitted herein are denied.

Introduction: The Waste Connections Defendants deny the allegations in the Introduction to the Second Master Complaint.

Procedural History: The Waste Connections Defendants admit that this case was initially filed as a putative class action and that on March 27, 2025, the Court denied Plaintiffs' Amended Motion to Certify the Class. The remaining allegations in the Procedural History section of the Second Master Complaint discuss the Findings of Fact and Conclusions of Law issued by the Court on November 29, 2022 (R. Doc. 285) ("Findings of Fact and Conclusions of Law"), which speaks for itself and requires no response. To the extent a response is required, the Waste Connections Defendants deny those allegations and characterizations.

1. The Waste Connections Defendants do not have knowledge or information sufficient to respond to the allegations in Paragraph 1 and, on that basis, deny the allegations.

2. The Waste Connections Defendants admit that Waste Connections Bayou, Inc. is a foreign corporation authorized to do and doing business in Louisiana; that Waste Connections US, Inc., is a foreign corporation but deny that it is authorized to do and doing business in Louisiana; and that Louisiana Regional Landfill Company is a foreign corporation authorized to do and doing business in Louisiana. The Waste Connections Defendants deny the allegations that IESI LA Landfill Corporation is a foreign corporation authorized to do and doing business in Louisiana. The allegations contained in Paragraph 2(d) require no response from the Waste Connections Defendants; to the extent that an answer is required, the Waste Connections

Defendants do not have knowledge or information sufficient to respond to the allegations in Paragraph 2(d) and, on that basis, deny the allegations.

3. The allegations in Paragraph 3 are legal assertions and conclusions of law to which no response is required. To the extent a response is required, the Waste Connections Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are legal conclusions and questions of law to which no response is required. To the extent a response is required, the Waste Connections Defendants deny the allegations regarding "where the injury occurred."

5. The allegations in Paragraph 5 are legal conclusions and questions of law to which no response is required. To the extent a response is required, the Waste Connections Defendants deny the allegations regarding "where the injury occurred."

6. The Waste Connections Defendants deny the allegations in Paragraph 6.

7. Paragraph 7 discusses the Findings of Fact and Conclusions of Law, which speaks for itself and requires no response. To the extent a response is required, Waste Connections Defendants deny the allegations and characterizations in Paragraph 7.

8. The Waste Connections Defendants admit that the Louisiana Regional Landfill Company operated portions of the Jefferson Parish Landfill ("Landfill") pursuant to a contract with Jefferson Parish. The Waste Connections Defendants deny that Waste Connections US, Inc. and Waste Connections Bayou, Inc. "managed and operated" the Landfill and that these entities entered into a contract with Jefferson Parish concerning the Landfill. The contract between Louisiana Regional Landfill Company and Jefferson Parish speaks for itself and requires no response. To the extent a response is required to the allegations regarding its terms and

conditions, the Waste Connections Defendants deny the allegations and characterizations in Paragraph 8.

9. The contract between Aptim Corp. and Jefferson Parish speaks for itself and requires no response. To the extent a response is required, the Waste Connections Defendants do not have knowledge or information sufficient to respond to the allegations in Paragraph 9 and, on that basis, deny the allegations and characterizations.

10. The Waste Connections Defendants admit that the Louisiana Department of Environmental Quality ("LDEQ") conducted air monitoring at certain locations and on certain dates using mobile air monitoring labs. The remaining allegations in Paragraph 10 reference an LDEQ report, which speaks for itself and requires no response. To the extent a response is required, the Waste Connections Defendants deny the allegations and characterizations in Paragraph 10.

11. The Waste Connections Defendants admit that landfills may generate hydrogen sulfide under certain conditions, that the Landfill accepted spent lime that was disposed of in Phase 4A, and that the Landfill received approximately 2,601 tons of spent lime in 2016, 13,905 tons in 2017, and 6,498 tons in 2018. The Waste Connections Defendants deny the remaining allegations in Paragraph 11.

12. The Waste Connections Defendants deny the allegations in Paragraph 12.

13. The Waste Connections Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 discuss a compliance order issued by LDEQ, which speaks for itself and requires no response. To the extent a response is required, the Waste Connections Defendants deny the allegations and characterizations in Paragraph 14.

15. The Waste Connections Defendants deny the allegations in Paragraph 15.

16. The allegations in Paragraph 16 reference air sampling results collected by LDEQ, which speak for themselves and require no response. To the extent a response is required, the Waste Connections Defendants admit that LDEQ collected air samples in various locations in Jefferson Parish but otherwise deny the characterizations regarding the air sampling results. The Waste Connections Defendants further deny as stated the allegations that hydrogen sulfide "is a potentially toxic compound" and that all of the listed compounds "are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects." The Waste Connections Defendants also deny the allegation that all "of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill."

17. The Waste Connections Defendants deny the allegations in Paragraph 17.

18. The Waste Connections Defendants admit that LDEQ has cited Jefferson Parish for certain alleged violations at the Landfill. The Waste Connections Defendants deny the remaining allegations in Paragraph 18.

19. The Waste Connections Defendants deny the allegations in Paragraph 19 and its subparagraphs.

20. The Waste Connections Defendants deny the allegations in Paragraph 20.

21. The Waste Connections Defendants deny the allegations concerning odors affecting the "peaceful use" of Plaintiffs' properties. The remaining allegations in Paragraph 21 are legal assertions and conclusions of law to which no response is required. To the extent a response is required, the Waste Connections Defendants deny the allegations.

22. The allegations in Paragraph 22 discuss the Findings of Fact and Conclusions of Law, which speaks for itself and requires no response. To the extent a response is required, the Waste Connections Defendants deny the allegations and characterizations regarding the Findings

of Fact and Conclusions of Law. The Waste Connections Defendants do not have knowledge or information sufficient to justify a belief that Plaintiffs have experienced the symptoms alleged in Paragraph 22 and, on that basis, deny the allegations.

23. The allegations in Paragraph 23 discuss the Findings of Fact and Conclusions of Law, which speaks for itself and requires no response. To the extent a response is required, Waste Connections Defendants deny the allegations and characterizations in Paragraph 23.

24. The Waste Connections Defendants deny the allegations in Paragraph 24.

25. The allegation in Paragraph 25 is a legal assertion that requires no response.

Prayer for Relief: The Waste Connections Defendants deny that they are liable to Plaintiffs and deny that Plaintiffs are entitled to the relief sought in the Second Master Complaint's Prayer for Relief.

**JURY DEMAND**

The Waste Connections Defendants demand a trial by jury.

WHEREFORE, Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. pray that this answer be deemed good and sufficient and that after due proceedings had, there be judgment rendered against Plaintiffs and in favor of Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc., dismissing Plaintiffs' claims at Plaintiffs' cost, and for all other relief, equitable and legal, to which the Waste Connections Defendants may be entitled.

Respectfully submitted:

LISKOW & LEWIS, APLC

By: /s/ Michael C. Mims
Michael C. Mims (#33991)
Michael Cash (#31655)

Cherrell Simms Taplin (#28227)
Brady M. Hadden (#37708)
Alec Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac vice*)
Michael G. Murphy (*pro hac vice*)
John H. Paul (*pro hac vice*)
Katelyn E. Ciolino (*pro hac vice*)
Katrina M. Krebs (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac vice*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac vice*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May 2025, I served a copy of the foregoing pleading upon all counsel of record and the parties named herein through the Court's ECF system.

/s/ Michael C. Mims
OF COUNSEL