UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICHTECH-BENDECK<br>*Plaintiff* | CIVIL ACTION NO. 2:18-cv-07889 |
| VERSUS | SECTION: |
| WASTE CONNECTIONS BAYOU, INC., ET AL.,<br>*Defendants* | JUDGE SUSIE MORGAN<br>MAGISTRATE MICHAEL NORTH |

## APTIM CORPORATION'S AFFIRMATIVE DEFENSES AND ANSWER TO SECOND AMENDING AND SUPERSEDING COMPLAINT FOR DAMAGES

Defendant Aptim Corporation ("Aptim"), through undersigned counsel, submits its Affirmative Defenses and Answer to Plaintiffs' Second Amending and Superseding Complaint for Damages, dated May 8, 2025 (R. Doc. 550) ("Second Master Complaint").

### AFFIRMATIVE DEFENSES

Aptim asserts the following affirmative and other defenses. Aptim reserves the right to amend its answers and affirmative defenses as additional information becomes available and additional affirmative defenses become apparent.

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs have failed to join parties as required under Rule 19.

3. Any alleged odors are not more than an inconvenience to Plaintiffs.

4. Aptim owned no specific or general duty to Plaintiffs.

5. No act or omission by Aptim was the proximate cause, contributing cause, substantial factor, legal cause, or any cause whatsoever of any damage allegedly sustained by Plaintiffs.

6. Plaintiffs' claims are prescribed and/or barred in whole or in part by the applicable statute of limitations.

7. Plaintiffs' claims are barred or limited by preexisting injuries, including preexisting physical injuries.

8. Plaintiffs failed to mitigate their damages.

9. Plaintiffs' claims are barred in whole or in part because Plaintiffs' damages are speculative and/or not ascertainable.

10. Plaintiffs' damages, if any, were sustained in whole or in part as a result of intervening and/or superseding causes.

11. Aptim contends that Plaintiffs' alleged damages are barred or diminished to the extent that their alleged damages were due to their own comparative fault or to the comparative fault and/or conduct of other persons or other sources of odor for whom Aptim is not liable.

12. The actions of Aptim were in accordance with applicable laws and regulations and were in accordance with the accepted industry practices and procedures.

13. Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

14. Plaintiffs' claims are preempted by federal or state law.

15. Plaintiffs' claims are barred in whole or in part by the doctrines of equitable estoppel, judicial estoppel, unclean hands, and waiver.

16. Plaintiff's claims against Aptim are barred, in whole or in part, to the extent that Plaintiff's alleged injuries or damages, if any, were caused by the negligence, strict liability, or fault of persons or entities for whom/which Aptim is not directly or vicariously liable.

17. Aptim contends that the doctrine of strict liability does not apply to Plaintiffs' claims in this case. However, if the Court determines that the doctrine applies and Aptim is found

strictly liable, which is denied, then Aptim is absolved from all such liability on the basis of all available defenses to the doctrine of strict liability including, but not limited to, the active fault of third-party entities or persons.

18. The alleged odors and/or emissions that Plaintiffs believe are the cause of their alleged injuries or damages are originating from sources other than the Jefferson Parish Landfill.

19. The alleged odors and/or emissions of which Plaintiffs complains are, in part, emanating in part from Plaintiffs' own household garbage that they place on the street for trash pick-up and subsequent disposal at the Jefferson Parish Landfill and, as such, Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged injuries or damages, if any, resulted from their own contributory or comparative fault and/or contributory or comparative negligence.

20. Any award of damages against Aptim must be reduced by the comparative fault of other parties or third persons responsible, in whole or in part, for Plaintiffs' alleged injuries or damages.

21. Aptim is not a proper party to this action.

22. Plaintiffs cannot recover attorneys' fees or costs.

23. Any judgment for Plaintiffs and damages that Plaintiffs may be entitled to recover are subject to reduction or offset by the amounts that they have received in the settlement agreement with Jefferson Parish in this action or by any amounts they have received or are entitled to receive from collateral sources for the same injuries.

24. Should Plaintiffs be entitled to any award, which is specifically denied, and if Plaintiffs, at any time prior to or during the trial, settle with any entities or persons who are found to be actively or primarily at fault, then Aptim affirmatively pleads that any and all debt it may

owe to Plaintiffs has been extinguished by such settlements on the basis that Aptim's alleged liability is secondary or derivative to the settling entity's or person's active or primary fault.

25. Plaintiffs' alleged injuries or damages, if any, were the result of an act of God, unforeseeable occurrence, superseding or intervening acts, and/or *force majeure* over which Aptim had no control and for which it is not legally liable or responsible.

26. To the extent any affirmative defenses pled herein are contradictory, mutually exclusive, or otherwise inconsistent, Aptim pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

27. Aptim specifically reserves its right to assert additional affirmative defenses, if and when, in the course of its investigation, discovery, or preparation for trial, they become known or are available or it otherwise becomes appropriate to assert such affirmative defenses.

28. Aptim adopts any affirmative defenses pled by any other parties in response to the Petition to the extent such defenses are not incompatible with the defenses and responses pled by Aptim and to the extent such defenses do not allege actions or inactions on the part of Aptim that could give rise to a finding of liability on the part of Aptim.

## ANSWER TO THE SECOND MASTER COMPLAINT

The paragraphs below correspond to those in the Second Master Complaint. All allegations in the Second Master Complaint not expressly admitted herein are denied.

Introduction: Aptim denies the allegations in the Introduction to the Second Master Complaint.

Procedural History: Aptim admits that this case was initially filed as a putative class action and that on March 27, 2025, the Court denied Plaintiffs' Amended Motion to Certify the Class. The remaining allegations in the Procedural History section of the Second Master Complaint

discuss the Findings of Fact and Conclusions of Law issued by the Court on November 29, 2022 (R. Doc. 285) ("Findings of Fact and Conclusions of Law"), which speaks for itself and requires no response. To the extent a response is required, Aptim denies those allegations and characterizations.

1. Aptim does not have knowledge or information sufficient to respond to the allegations in Paragraph 1 and, on that basis, denies those allegations.

2. Aptim admits that it is a foreign corporation authorized to do and doing business in Louisiana. The allegations contained in Paragraph 2, other than 2(d), require no response from Aptim; to the extent that an answer is required, Aptim denies the allegations of Paragraph 2 of the Second Master Complaint, other than 2(d), for lack of sufficient information to form a belief therein.

3. The allegations in Paragraph 3 are legal assertions and conclusions of law to which no response is required. To the extent a response is required, Aptim denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Aptim denies the allegations regarding "where the injury occurred."

5. The allegations in Paragraph 5 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Aptim denies the allegations regarding "where the injury occurred."

6. Aptim denies the allegations in Paragraph 6.

7.Paragraph 7 discusses the Findings of Fact and Conclusions of Law, which speaks for itself and requires no response. To the extent a response is required, Aptim denies the allegations and characterizations in Paragraph 7.

8.Paragraph 8 does not contain any allegations pertaining to Aptim to which a response is required. To the extent a response is required, Aptim denies the allegations

9.Aptim admits that it operated the Landfill gas collection system at the Jefferson Parish Landfill pursuant to a contract with Jefferson Parish. The contract between Aptim Corp. and Jefferson Parish speaks for itself and requires no response. Aptim operated and maintained the gas collection system in Phase IVA, to the extent it was made available by Jefferson Parish, from early 2018 through May 17, 2019. Aptim denies the remaining allegations in Paragraph 9.

10.Aptim admits that the Louisiana Department of Environmental Quality ("LDEQ") conducted air monitoring at certain locations and on certain dates using its Mobile Air Monitoring Lab. The remaining allegations in Paragraph 10 reference an LDEQ report, which speaks for itself and requires no response. To the extent a response is required, Aptim denies the allegations and characterizations in Paragraph 10.

11.While Aptim admits that landfills may generate hydrogen sulfide under certain conditions, Aptim denies the remaining allegations and characterizations in Paragraph 11.

12.Aptim denies the allegations of Paragraph 12 of the Second Master Complaint for lack of sufficient information to form a belief therein.

13.Aptim denies the allegations in Paragraph 13.

14.The allegations in Paragraph 14 discuss a compliance order issued by LDEQ, which speaks for itself and requires no response. To the extent a response is required, Aptim denies the allegations and characterizations in Paragraph 14.

15. Aptim denies the allegations in Paragraph 15.

16. The allegations in Paragraph 16 reference air sampling results collected by LDEQ, which speak for themselves and require no response. To the extent a response is required, Aptim admits that LDEQ collected air samples in various locations in Jefferson Parish but otherwise deny the characterizations regarding the air sampling results. Aptim denies, as stated, the allegations that hydrogen sulfide "is a potentially toxic compound" and that all of the listed compounds "are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects." Aptim also denies the allegation that all "of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill."

17. Aptim denies the allegations of Paragraph 17 of the Second Master Complaint for lack of sufficient information to form a belief therein.

18. Aptim admits that LDEQ has cited Jefferson Parish for certain alleged violations at the Landfill. Aptim denies the remaining allegations in Paragraph 18.

19. Aptim denies the allegations in Paragraph 19 and its subparagraphs.

20. Aptim denies the allegations in Paragraph 20.

21. Aptim denies the allegations concerning odors affecting the "peaceful use" of Plaintiffs' properties. The remaining allegations in Paragraph 21 are legal assertions and conclusions of law to which no response is required. To the extent a response is required, Aptim denies those allegations.

22. The allegations in Paragraph 22 discuss the Findings of Fact and Conclusions of Law, which speaks for itself and requires no response. To the extent a response is required, Aptim denies the allegations and characterizations regarding the Findings of Fact and Conclusions of

Law. Aptim denies the allegations of Paragraph 22 of the Second Master Complaint for lack of sufficient information to form a belief therein.

23. The allegations in Paragraph 23 discuss the Findings of Fact and Conclusions of Law, which speaks for itself and requires no response. To the extent a response is required, Aptim denies the allegations and characterizations in Paragraph 23.

24. Aptim denies the allegations in Paragraph 24.

25. The allegation in Paragraph 25 is a legal assertion that requires no response.

Prayer for Relief: Aptim denies that it is liable to Plaintiffs and denies that Plaintiffs are entitled to the relief sought in the Second Master Complaint's Prayer for Relief.

## JURY DEMAND

Aptim demands a trial by jury.

WHEREFORE, Aptim Corporation prays that this answer be deemed good and sufficient and that after due proceedings had, there be judgment rendered against Plaintiffs and in favor of Aptim Corporation dismissing Plaintiffs' claims at Plaintiffs' cost, and for all other relief, equitable and legal, to which Aptim Corporation may be entitled.

Respectfully Submitted:

　　　/s/ J. Michael DiGiglia
J. MICHAEL DIGIGLIA, II (22928)
J. MICHAEL DIGIGLIA (24378)
NICHOLAS S. BERGERON (37585)
LABORDE SIEGEL, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011

*Attorneys for Aptim Corporation*

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been sent to counsel for all parties by delivery of same by Electronic Transmission, this 6th day of June, 2025.

*/s/ J. Michael DiGiglia*