UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICHTECH-BENDECK | CIVIL ACTION NO. 18-07889 |
| *Plaintiffs* | SECTION "E" |
| VERSUS | JUDGE MORGAN |
| PROGRESSIVE WASTE SOLUTIONS, et al, | MAGISTRATE JUDGE NORTH |
| *Defendant* | |

_____

**COMPLAINT IN INTERVENTION**

**(By Successor in Interest to Deceased Lead Class Counsel)**

NOW INTO COURT, through undersigned counsel, comes **VALERIE MARIE EXNICIOS LAMB**, appearing **in capacity as Executrix and sole and universal heir of the Succession of Valery "Val" Patrick Exnicios**, and respectfully submits this Complaint in Intervention under **Federal Rule of Civil Procedure 24**, asserting the right to recover attorneys' fees, and costs, arising from Valery Patrick Exnicios, and the law firm Liska, Exnicios, and Nungesser's representation in the underlying litigation, and avers the following:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to **28 U.S.C. § 1332** and supplemental jurisdiction under **28 U.S.C. § 1367** for related claims.

1

2. Venue is proper in this Court under **28 U.S.C. § 1391**, as the parties are subject to personal jurisdiction in this district and the conduct giving rise to the claims occurred in this district.

## II. IDENTITY OF INTERVENOR

3. Intervenor, VALERIE MARIE EXNICIOS LAMB, is the sole universal heir duly appointed Executrix of the Succession of Valery Patrick Exnicios, who passed away on January 17, 2022, domiciled in Orleans Parish, Louisiana. *See* Exhibit A; *see also*, Exhibit B.

4. The deceased attorney, **Valery "Val" Patrick Exnicios**, served as **Lead Class Counsel** in the above-captioned matter, and he and his law firm Liska, Exnicios, and Nungesser, were the attorneys'-in-fact of Mr. Itch-Bendech. *See* Exhibit C. Furthermore, Liska, Exnicios, and Nungesser, by and through its sole owner, Valery Patrick Exnicios, entered into a valid joint venture or fee-sharing agreement in relation to legal services rendered to the certified class. *See* Exhibits D & E.

## III. BASIS FOR INTERVENTION

5. This Complaint is brought under **Federal Rule of Civil Procedure 24**. *See Coleman v. Affordable Health Care, LLC*, No. CV 19-10707, 2025 WL 592766, at 6 (E.D. La. Feb. 24, 2025).

6. The Intervenor asserts a **significantly protectable interest** in the outcome of this litigation, particularly with respect to:

    a. (a) **Attorney's fees, costs, or common benefit fund distributions**;

    b. (b) Enforcement of the **joint venture agreement** or fee agreement entered into by the deceased and any co-counsel or law firms;

    c. (c) Recognition of work product, time invested, and strategic leadership of the case by the deceased prior to their death.

7. Disposition of the case without intervention may impair or impede the Intervenor's ability to protect these interests, especially in settlement distribution or final allocation of attorneys' fees.

8. No existing party adequately represents the interests of the deceased attorney's succession.

## IV. FACTUAL BACKGROUND

9. On June 25, 2018, attorney Valery "Val" Patrick Exnicios, the sole owner of the law firm, Liska Exnicios & Nungesser, entered into an Agreement for Legal Services with Elias Jorge "George" Ictech-Bendeck, and formed an attorney-client relationship. *See* Exhibit C.

10. On June 25, 2018, Mr. Ictech-Bendeck, by and through his attorney, Mr. Exnicios, filed his Class Action Petition for Damages, *Elias Jorge Ictech-Bendeck, et al. v. Progressive Waste Solutions of LA, Inc., et al*, State of Louisiana, 24th JDC, No.: 785-955, Division, F.

11. On July 25, 2018, the 24th JDC court Ordered that Val Exnicios, Seth Schaumburg, and Douglas Hammel be appointed interim Putative Class Counsel.

12. On August 8, 2018, Mr. Exnicios, of Liska, Exnicios, & Nungesser, entered into a joint venture and/or retainer agreement with Seth Schaumburg, of Favret, Demarest "et al;" Douglas Hammel, of the Law Offices of Douglas Hammel; and Anthony Irpino, of Irpino, Avin, Hawkins wherein the parties jointly agreed,

"that any and all attorneys' fees awarded or otherwise earned in the actions filed against Jefferson Parish and all other Defendants arising out of operations and/or emissions from the Jefferson Parish Landfill located in Waggaman, Louisiana shall be divided … "

as follows:

   a. One fourth (25%) for financing;
   b. One fourth (25%) shared equally among all 4 signatories;
   c. One half (50%) shall be divided upon the respective number of hours of professional services expended in the "prosecution of the client/class members' claims."

   *See* Exhibit D.

13. On August 17, 2018, Defendants filed their Notice of Removal, and overcoming Mr. Exnicios' objections, the instant matter was removed to proceed in this honorable court.

14. On September 23, 2020, another Agreement of Counsel was formed. *See* Exhibit E. The New Agreement of Counsel was between Mr. Exnicios; Mr. Hammel; Mr. Irpino; Mr.

Schaumburg, and three new attorneys: Mr. Bruce Betzer, Mr. Lawrence Centola, III, and Mr. John "Jack" Sileo. The New Agreement of Counsel stated that,

"we the undersigned counsel do hereby agree that retroactive to the filing of the initial lawsuit against the Jefferson Parish Landfill and/or its owner(s) and/or operators, any and all attorneys' fees generated, earned and/or awarded from inception of the cases until the conclusion shall be divided between counsel…"

as follows:

a. One fourth (25%) for financing;

b. One fourth (25%) pro rate by head for the signatories to this Agreement;

c. One half (50%) based upon the work performed;

d. Furthermore, it was "expected that the signatories to this Agreement shall contribute their pro rata share of financing the costs of the litigation."

*See* Exhibit E.

15. On January 17, 2022, Mr. Exnicios died of aggressive pancreatic cancer. *See* Exhibit A.

16. Upon the death of Mr. Exnicios, his will directed that Mr. Max Tobias be appointed counsel of record for the Succession, and assist Ms. Valerie Exnicios Lamb, the Executrix and sole-universal heiress of Mr. Exnicios' Succession, with the Successions Affairs. *See* Exhibit B. With the assistance of Mr. Max Tobias, Jr., the Succession of Mr. Exnicios was opened and captioned: *Succession of Valery Patrick Exnicios*, State of Louisiana, Orleans Civil District Court, No.: 2022-00533, Division "L" Section "6," under Judge Kern A. Reese. *Id*.

5

17. On March 29, 2022, Mr. Max Tobias, Jr, of the law firm Liska, Exnicios, & Nungesser, moved to withdraw Mr. Exnicios as counsel of record for this matter. *See* Exhibit F.

18. On November 12, 2022, Mr. Calder H. Lamb, and Mr. Max Tobias, Jr. jointly moved to remove Mr. Max Tobias, Jr, as counsel of record for the Succession of Mr. Exnicios, and counsel of record for the independent executrix of said succession, Valerie Exnicios Lamb, and leave Mr. Calder H. Lamb as counsel of record for the Mr. Exnicios' Succession and Mrs. Valerie E. Lamb as independent executrix. *See* Exhibit G.

19. Settlement discussions and/or class resolution are now imminent or complete, and Intervenor has learned that no allocation or representation of the deceased's rightful share of fees has been made or may be unjustly excluded.

## V. CLAIMS FOR RELIEF

### COUNT I — Declaratory Relief

20. Intervenor seeks a declaration that:

(A) the Succession of Valery "Val" Patrick Exnicios is entitled to a share of any fees recovered in this case;

(B) any joint venture or co-counsel agreement involving the deceased remains binding and enforceable, now, and for future related actions;

(C) the Court retains equitable authority to allocate fees fairly among counsel, including counsel now deceased.

### COUNT II — Enforcement of Contract / Quantum Meruit

21. In the alternative, Intervenor seeks enforcement of the joint venture or fee-sharing agreement, or recovery in quantum meruit for the value of the deceased's services rendered prior to death.

22. Mr. Exnicios' Succession is entitled to compensation for the deceased's work in accordance with ethical and contractual fee division principles applicable to class actions and contingent fee litigation.

### COUNT III — Equitable Relief

23. Intervenor seeks equitable relief in the form of a lien or constructive trust over any common benefit fund or fee award to prevent unjust enrichment of co-counsel to the exclusion of the deceased's estate.

## VI. JURY DEMAND

24. Intervenor demands a trial by jury pursuant to **Federal Rule of Civil Procedure 38** to enforce the applicable joint venture agreements.

## VII. PRAYER FOR RELIEF

WHEREFORE, Intervenor respectfully prays that this Court:

(A) Permit intervention in this matter under Rule 24;

(B) Recognize and declare the rights of the Succession of **Valery "Val" Patrick Exnicios** to participate in any fee awards or distributions arising from this action or related actions;

(C) Enforce the deceased's contractual and equitable interests in accordance with applicable law;

(D) Award costs and reasonable attorney's fees for prosecution of this intervention; and

(E) Grant any other relief deemed just and proper.

Respectfully submitted,

 /s Calder H. Lamb_____
**CALDER H. LAMB** (#40425)
650 Poydras Street,
Suite 2150, New Orleans, Louisiana 70130
o:  504-598-1000
e:  clamb@koeppelllc.com
*Attorney for Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM./ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

/Calder H. Lamb_____
