UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK,     Plaintiff | CIVIL ACTION<br><br>NO. 18-7889<br>c/w 18-8071, |
| VERSUS | 18-8218, 18-9312 |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., ET AL.,     Defendants | SECTION: "E" (5) |

*Applies to: All Cases*

### ANSWER TO COMPLAINT IN INTERVENTION

Defendants in Intervention, through undersigned counsel, answering the Complaint in Intervention filed by VALERIE MARIE EXNICIOS LAMB, in her capacity as Executrix and sole and universal heir of the Succession of Valery "Val" Patrick Exnicios, respectfully submit the following:

### JURISDICTION AND VENUE

1.

Defendants in Intervention admit the allegations contained in Paragraph 1 of the Complaint in Intervention.

2.

Defendants in Intervention admit the allegations contained in Paragraph 2 of the Complaint in Intervention.

**IDENTITY OF INTERVENOR**

3.

Defendants in Intervention admit the allegations contained in Paragraph 3 of the Complaint in Intervention.

4.

Defendants in Intervention admit the allegations contained in Paragraph 4 of the Complaint in Intervention.

**BASIS FOR INTERVENTION**

5.

Defendants in Intervention admit the allegations contained in Paragraph 5 of the Complaint in Intervention.

6.

Defendants in Intervention admit the allegations contained in Paragraph 6 of the Complaint in Intervention.

7.

Defendants in Intervention admit the allegations contained in Paragraph 7 of the Complaint in Intervention.

8.

Defendants in Intervention deny the allegations contained in Paragraph 8 of the Complaint in Intervention.  Defendants in Intervention always intended to compensate the Executrix of Val's estate, fully, in accordance with our agreement.

## FACTUAL BACKGROUND

9.

Defendants in Intervention admit the allegations contained in Paragraph 9 of the Complaint in Intervention.

10.

Defendants in Intervention admit the allegations contained in Paragraph 10 of the Complaint in Intervention.

11.

Defendants in Intervention admit the allegations contained in Paragraph 11 of the Complaint in Intervention.

12.

Defendants in Intervention admit the allegations contained in Paragraph 12 of the Complaint in Intervention.

13.

Defendants in Intervention admit the allegations contained in Paragraph 13 of the Complaint in Intervention.

14.

Defendants in Intervention admit the allegations contained in Paragraph 14 of the Complaint in Intervention.

15.

Sadly, Defendants in Intervention admit the allegations contained in Paragraph 15 of the Complaint in Intervention.

16.

Defendants in Intervention admit the allegations contained in Paragraph 16 of the Complaint in Intervention.

17.

Defendants in Intervention admit the allegations contained in Paragraph 17 of the Complaint in Intervention.

18.

Defendants in Intervention admit the allegations contained in Paragraph 18 of the Complaint in Intervention.

19.

Defendants in Intervention admit that settlement discussions have occurred but deny any allegation that the Succession of Valery "Val" Patrick Exnicios would be unjustly excluded from its rightful share of fees.

**CLAIMS FOR RELIEF**

**COUNT I — Declaratory Relief**

20.

Defendants in Intervention admit the allegations contained in Paragraph 20 subsection (A), but deny subsections (B) and (C) of the Complaint in Intervention and acknowledge that:

(A) The Succession of Valery "Val" Patrick Exnicios is entitled to a share of any fees recovered in this case, according to the agreement.

(B) Defendants in Intervention recognize the September 23, 2020 agreement of all counsel, labeled as Exhibit E in the Petition for Intervention, as the superceding agreement, and therefore binding and enforceable now. However, the September 23, 2020 agreement (Exhibit E) is not binding and enforceable on all future related actions in perpetuity.

(C)  Defendants in Intervention acknowledge the Court's authority to allocate fees in accordance with ethical and contractual fee division principles applicable to class actions and contingent fee litigation.

## COUNT II — Enforcement of Contract / Quantum Meruit

21.

Defendants in Intervention admit the allegations contained in Paragraph 21 of the Complaint in Intervention and acknowledge the enforceability of the joint venture or fee-sharing agreement.

22.

Defendants in Intervention admit the allegations contained in Paragraph 22 of the Complaint in Intervention and acknowledge that Mr. Exnicios' Succession is entitled to compensation for the deceased's work in accordance with ethical and contractual fee division principles applicable to class actions and contingent fee litigation.

## COUNT III — Equitable Relief

23.

Defendants in Intervention admit that the Succession of Valery "Val" Patrick Exnicios is entitled to its rightful share of any common benefit fund or fee award, but deny that a lien or constructive trust is necessary, as Defendants in Intervention intend to fully compensate the Succession according to the terms of the agreement.

## JURY DEMAND

24.

Defendants in Intervention acknowledge Intervenor's jury demand, but note that, Defendants in Intervention always intended to fully compensate Mr. Exnicios' Succession according to the agreement.  Therefore, it is unlikely a jury trial will be necessary.

## AFFIRMATIVE DEFENSES

### 1.

Defendants in Intervention assert that they have always intended to honor the fee-sharing agreement signed with Mr. Exnicios and to ensure that his Succession receives its rightful share of any attorneys' fees awarded or earned in this litigation.

### 2.

Defendants in Intervention assert that they have not breached any contractual obligations to Mr. Exnicios or his Succession.

### 3.

Defendants in Intervention reserve the right to assert additional affirmative defenses as may become apparent through discovery or further proceedings.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants in Intervention pray that:

(A) The Court takes notice of the Defendants' in Intervention's acknowledgment of the Succession of Valery "Val" Patrick Exnicios' rights under the fee-sharing agreement and permit the intervention under Rule 24;

(B) The Court takes notice of the Defendants' intention to fully compensate the Succession according to the terms of the agreement;

(C) The Court enters an order confirming the rights of the Succession to its share of attorneys' fees in accordance with the fee-sharing agreement; and

(D) The Court denies an award of costs and attorney's fees for bringing this intervention; and

(E) The Court grants such other and further relief as it deems just and proper.

Respectfully Submitted:

*/s/ Lawrence J. Centola, III*_____
Scott R. Bickford (#1165)
srb@mbfirm.com
Lawrence J. Centola, III (#27402)
ljc@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
MARTZELL BICKFORD & CENTOLA
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504)581-7635 – FACSIMILE


*/s/ Bruce C. Betzer*_____
Bruce C. Betzer (Bar No. 26800)
THE LAW OFFICE OF BRUCE C. BETZER
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
bruce@brucebetzer.com


*/s/ Douglas S. Hammel*_____
Douglas S. Hammel (Bar No. 26915)
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
douglashammel@gmail.com


*/s/ Kacie F. Gray*_____
Anthony D. Irpino (#24727)
Louise C. Higgins (#31780)
Pearl Robertson (#34060)
Kacie F. Gray (#36476)
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130
Ph. (504) 525-1500
Fax (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

*/s/ John D. Sileo*
John D. Sileo (La Bar No. 17797)
LAW OFFICE OF JOHN D. SILEO
320 N. Carrollton Ave., Suite 101
New Orleans, LA 70119
(504) 486-4343
jack@johnsileolaw.com


*/s/ Seth H. Schaumburg*
Seth H. Schaumburg (La. Bar No. 24636)
Favret Demarest Russo Lutkewitte & Schaumburg
1555 Poydras Street, Suite 1600
New Orleans, LA 70112
P: (504) 562-1006
F: (504) 523-0699
seth@favretlaw.com

*Counsel for Ictech-Bendeck Plaintiff*

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


*/s/ Douglas S. Hammel*
Douglas S. Hammel