UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICHTECH-BENDECK<br>*Plaintiffs* | CIVIL ACTION NO. 18-07889<br><br>SECTION "E" |
| VERSUS | JUDGE MORGAN |
| PROGRESSIVE WASTE SOLUTIONS, et al,<br>*Defendant* | MAGISTRATE JUDGE NORTH |

## MOTION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes **VALERIE MARIE EXNICIOS LAMB**, appearing **in capacity as Executrix and sole universal heir of the Succession of Valery "Val" Patrick Exnicios**, respectfully submits this Motion for Declaratory Judgment, Memorandum in Support, and Proposed Order, pursuant to Federal Rules of Civil Procedure Rule 57, and U.S. Code § 2201, and hereby pray for a Declaratory Judgement against Defendants-in-Intervention, Anthony Irpino, Doug Hammel, Bruce Betzer, Lawrence Centola, III, John "Jack Sileo, Seth Schaumburg, and their respective law firms (collectively, the "Opposition," or "Defendants-in-Intervention"), and in support thereof, state the following:

1.

Petitioner is a person of full age of majority and a resident of the Parish of Orleans, State of Louisiana, with a legal interest and right in the underlying matter.

1

2.

Defendants-in-Intervention, Anthony Irpino, Doug Hammel, Bruce Betzer, Lawrence Centola, III, John "Jack Sileo, Seth Schaumburg, and their respective law firms, are person(s) or legal entities which properly consent to the jurisdiction of this court, who were the attorneys of record in the underlying matter.

3.

It is not in dispute that the parties entered into a valid contract (the 2020 Contract). An actual and justiciable controversy exists between the parties concerning the interpretation of the 2020 Contract between the parties, the proper allocation of attorneys' fees and litigation costs, monies owed to Petitioner, and attorneys' fees in connection with this matter.

4.

The instant matter is a toxic exposure case wherein a landfill emitted noxious gases that harmed an estimated 6,000 plaintiffs. Regardless of whether this matter is resolved in Federal court or Louisiana state court, the plaintiffs, and the general causation giving rise to those plaintiffs' harms, is the same in both forums.

5.

The Defendants-in-Intervention settled with one defendant, Jefferson Parish, for a sum of $4.5mm. At this time, Val Exnicios was deceased. The Opposition should have placed the settlement funds into a Qualified Settlement Fund ("QSF") to ensure that litigation expenses and attorneys' fees were evenly allocated between all plaintiffs and parties. The Opposition failed to place the settlement funds into a QSF, and instead distributed $1,412,685.00 in litigation expenses

2

to themselves. The Opposition did not seek the consent of Exnicios prior to this distribution, nor did they inform Exnicios of the distribution until much later.

6.

The Defendants-in-Intervention's own ledger states that Val P. Exnicios, Esq, and Liska, Exnicios, and Nungesser, paid 4 checks into the common benefits fund, 10/30/20 for $75,996.27 (no. 15285), 07/20/21 for $35,590.45 (No. 15670), 08/26/21 for $16,155.85 (No. 15764), and 12/07/21 for $12,500 (No. 16004). *See* Docket No. 542, Exhibit A (*sealed*). The Opposition has remitted two payments to Exnicios, one for $3,342.10, and the other for $8,288.53. This is the total extent of the distribution from the Opposition to Exnicios.

7.

Defendants-in-Intervention ratified and/or presupposed Exnicios' interest in the state court proceedings (Mass Action) when they front-loaded the expenses and declined to utilize a Qualified Settlement Fund. If Defendants-in-Intervention sought to limit or challenge Exnicios' interest in the state court cases, then the proper mechanism to handle these disputes would be within the qualified settlement fund. Instead, Defendants-in-Intervention decided to distribute litigation expenses to themselves, without notice or consent from Exnicios, and now seek to block Exnicios from participation in the state court actions.

8.

The combination of denying Exnicios' interest in state court and front-loading of expenses in the Jefferson Parish settlement intentionally harmed and minimized the interest of the Exnicios Estate in the instant proceeding. By placing all expenses onto the Jefferson Parish settlement, the Defendants-in-Intervention reduced and deluded the total possible attorneys' fees available to

Exnicios. Furthermore, the Defendants-in-Intervention expressly intend to benefit in state court from the work and general causation finding of this Federal court, but deny that Exnicios has any interest in the state court proceedings.

9.

The practical effect of front-loading all expenses into the Jefferson Parish settlement, and then denying Exnicios' interest in the related State court cases, is the intentional destruction of Exnicios' interests in the cases and a blatant attempt to discredit Exnicios' contribution. In short – the Defendants-in-Intervention have employed a scheme to cut out Exnicios.

10.

Exnicios prays that this honorable court uphold the tenants of equity and the dignity of the profession by preventing Defendants-in-Intervention's attempt to extinguish Exnicios' legacy.

11.

To this end, Petitioner proposes that the seminal case of *Saucier v. Hayes Dairy Prods., Inc.*, provides a clear path toward final resolution of the instant dispute. 373 So. 2d 102 (La. 1978), *on reh'g* (June 25, 1979). Under the *Saucier* factors, Petitioner is entitled to 15% of all attorneys' fees generated in the underlying matter, and 15% of all attorneys' fees in any and all matters arising from the subject landfill and/or benefiting from the general causation finding in this Federal court.

12.

Furthermore, Petitioner contends that *Saucier* commands that the proper attorneys fees to be allocated in the underlying matter are the customary thirty-three-and-one-third percent (33.33%).

4

13.

Accordingly, Petitioner contends that the proper allocation of attorneys' fees and litigation costs, is 33.33% for attorneys' fees, and the remainder of the 50% allocation for the Jefferson Parish putative class settlement should go to litigation costs.

14.

Exnicios seeks the court's relief for the Opposition's intentional conduct and seeks an upfront payment for the legal expenses and work conducted by Exnicios. As such, Exnicios seeks a declaration from the court that the Opposition owes Exnicios $214,285.71 in legal fees, and $128,600.94 in litigation expenses.

15.

Petitioner also prays that the court grant attorneys' fees and costs in connection with bringing this matter, as Petitioner sought to resolve this matter without litigation for two years but was unsuccessful.

16.

Petitioner seeks a judicial declaration of the parties' respective rights and obligations under the disputed contract, and relationship.

WHEREFORE, Petitioner prays that after due proceedings are had, there be a judgement herein declaring that:

A. Petitioner is entitled to one-seventh (14.28%) of all attorneys' fees under the 2020 Contract;

5

B. The 2020 Contract remains valid and enforceable, and as such applies to all cases, claims, or matters, which arise from the landfill gas exposure, and/or any and all cases that utilize the general causation findings, experts, or legal work conducted in this Federal case;

C. The attorneys' fees in putative class action settlement with Jefferson Parish are 33.33% of the entire settlement value;

D. Defendants-in-Intervention are joint and severally liable to Petitioner for $214,285.71 in attorneys' fees related to the instant Federal matter.

E. Defendants-in-Intervention are joint and severally liable to Petitioner for $128,600.94 in litigation costs related to the instant Federal matter.

F. For all other general and equitable relief as the Court deems just and proper, together with the attorneys' fees and costs associated with bringing the instant proceedings.

Respectfully submitted,

/s Calder H. Lamb
**CALDER H. LAMB** (#40425)
**PETER S. KOEPPEL** (#1465)
650 Poydras Street,
Suite 2150, New Orleans, Louisiana 70130
o: 504-598-1000
e: clamb@koeppelllc.com
   psk@koeppelllc.com
***Attorney for Intervenor***

**CERTIFICATE OF SERVICE**

 I hereby certify that on November 6, 2025, I electronically filed the foregoing and all supporting documents with the Clerk of Court by using the CM./ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

    /Calder H. Lamb

7