## UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIAS JORGE "GORGE" | * | CIVIL ACTION NO. 18-7889 |
| ICTECH-BENDECK, | * | |
|     Plaintiff | * | SECTION "E" (5) |
| | * | |
| VERSUS | * | JUDGE MORGAN |
| | * | |
| PROGRESSIVE WASTE SOLUTIONS | * | MAGISTRATE JUDGE NORTH |
| OF LA. INC., ET AL., | * | |
|     Defendants | * | |

---

## REPLY BRIEF

NOW INTO COURT, through undersigned counsel comes **Intervenor**, Valerie Marie Exnicios Lamb, in her capacity as executrix and sole universal heir of the Succession of Valery "Val" Patrick Exnicios, who files this instant Reply Brief in response to Defendants-in-Intervention ("**DII**"), Seth Schaumburg, John Sileo, Lawrence Centola, III, Anthony Irpino, Douglas Hammel, Bruce Betzer, and their respective law firms, Opposition to Motion for Declaratory Judgment filed on November 25, 2025.

DII's arguments are summarized as follows: (1) that Intervenor's Motion is procedurally deficient – this is incorrect, as a motion to declaratory judgment may include the relief requested; (2) That Intervenor's claim is barred by unclean hands, or lack of evidence – this is incorrect, as DII waived their right to assert unclean hands as it was not raised in their answer, and DII's own records submitted to the Court support Intervenor's positions; and (3) that if the 2020 Contract is enforceable, then Intervenor is only entitled to fees in the Federal matter – this is incorrect, as the language of the contract is unambiguous.

1

Despite DII's contentions of complexity, the circumstances of this matter are straightforward:

(1) There are valid unambiguous contracts between Mr. Exnicios and Mr. Ictech-Bendeck, and Mr. Exnicios and DII;

(2) Mr. Exnicios cannot testify or defend himself due to his death;

(3) Intervenor has provided the proper legal remedy, and supported that remedy with undisputed evidence, and/or admissions by DII, that are in the Court's record.

As such, Intervenor prays this Court issue a Declaratory Judgment in favor of Intervenor, and against DII, and, furthermore, it is well within this Court's discretion to resolve this matter completely.

## I.    PROCEDURAL REQUIREMENTS

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction ..., any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The statute's requirement of a 'case of actual controversy' refers to an Article III case or controversy." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)).

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Id.* (quoting *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). "The Court must ask (1) whether an actual controversy exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.* (quoting *Orix Credit All.*, 212 F.3d at 895) (internal quotations omitted).

Pursuant to the first prong of this test, Intervenor bears the burden of pleading facts demonstrating the existence of a justiciable controversy as to its claims for declaratory relief. *See Frye*, 953 F.3d at 294 (citing *Orix Credit All.*, 212 F.3d at 897). To demonstrate Article III standing, a plaintiff seeking relief in federal court must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Importantly, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). (*quoting Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (Barrett, J.)). "Although '[d]eclaratory judgments cannot be used to seek an advisory opinion advising what the law would be on a hypothetical set of facts ..., declaratory judgment plaintiffs need not actually expose themselves to liability before bringing suit." *Frye*, 953 F.3d at 294 (quoting *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009)).

To show an actual controversy, the dispute at issue "must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). Although "[d]eclaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts ..., declaratory judgment plaintiffs need not actually expose themselves to liability before bringing suit." *Id.* "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*MedImmune*, 549 U.S. at 127, 127 S.Ct. 764 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

Under *MedImmune* and *Vantage Trailers*, Intervenor has pleaded a justiciable declaratory judgment claim. The subject of the controversy is "definite and concrete"—whether Intervenor's 2020 Contract is reformed by the impossibility of performance due to the death of Mr. Val Exnicios. *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764 (quotation omitted). There is also a "real and substantial" disagreement. *Id.* (quotation omitted); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (noting that a dispute was "definite and concrete" where "[p]rior to this suit, the parties had taken adverse positions with respect to their existing obligations"). Further, the legal question of whether the 2020 Contract is effective as to all cases benefiting from the general causation findings of this Honorable Court, is amenable to judicial resolution and "specific relief through a decree of a conclusive character." *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764 (quotation omitted); *see also Orix Credit All.*, 212 F.3d at 895 ("A case is generally ripe if any remaining questions are purely legal ones." (citation omitted)).

The most difficult question is whether the dispute is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764 (quotation omitted). Intervenor has shown that this dispute is of sufficient immediacy to warrant declaratory relief for several reasons. First, the law does not require that Intervenor to wait for all the settlement funds with Jefferson Parish to be disbursed for her claim to be justiciable. *Vantage Trailers*, 567 F.3d at 748 (explaining that "declaratory judgment plaintiffs need not actually expose themselves to liability before bringing suit").

When a plaintiff faces a "genuine threat of enforcement" and takes actions to avoid that threat, "the threat-eliminating behavior was effectively coerced." *MedImmune*, 549 U.S. at 129,

127 S.Ct. 764.  Further, threats of litigation can constitute evidence of a justiciable controversy even if they are "indirect or implicit or covert." *Vantage Trailers*, 567 F.3d at 750 (quotation omitted).  DII's threat of litigation was more than implicit or covert even if it did not use the terms "sue" or "litigation." It is undisputed that DII informed Intervenor that despite the signed and executed 2020 Contract, Intervenor would have to file an intervention to decide the issue as to the effect of the 2020 Contract on all related state court cases.  Furthermore, DII did not inform Intervenor of the ongoing State court mass action which benefited from Mr. Exnicios' legal work. The intent was clear, if Intervenor wanted to protect Val Exnicios' interest in these matters, they would have to litigate.  Finally, DII continued to disburse the Jefferson Parish settlement funds without a qualified settlement fund, without notifying Intervenor, and without Intervenor's consent.

It is entirely proper for Intervenor to request both declaratory relief and include the route towards resolution of the matter.  "Although coercive relief need not accompany a proper declaratory judgment, such relief may be granted by subsequent summary process and arguably can be included in the initial claim for declaratory judgment." § 1.1. Declaratory judgment, 1A La. Civ. L. Treatise, Civ. Proc; *see, e.g., Chauvet v. City of Westwego*, 599 So.2d 294 (La. 1992). The court has complete discretion on matters related to attorneys fees, costs, and disbursements of settlement funds.  *See* Dkt. No. 545.  This matter is ripe to be dispensed with, as there are no material facts in dispute and all evidence relied upon by Intervenor was either admitted by DII as valid in their answer,  *see* Dkt. No. 570, or was been placed into the record by DII themselves.  *See* Dkt. No. 542, Exhibit A (unredacted), at 5.

## II.    NECESSITY OF A DECISION

Declaratory judgment is necessary because DII disputes the validity and scope of the 2020 Contract.  *See* Opposition at 2.  Declaratory Judgment is timely because DII is about to disperse attorney's fees related to the Federal case.  *See* Opposition at 8.  The death of Val Exnicios rendered his performance under the existing 2020 Contract terms *impossible*.  As such, a declaration from this Court informing the parties of their proper obligations under the 2020 Contract is necessary to resolve the instant controversy.

DII's position is self-defeating.  On one hand DII argues that the 2020 Contract is not valid, *see* Opposition at 2, and in the very same section argues that Intervenor breached the valid 2020 Contract.  Furthermore, DII continues by proposing an amount that this court should award, in *money damages*, to Intervenor, under the very contract DII states is not enforceable.  DII speaks out of both sides of their mouth and cases cited by DII favor Intervenor's position.

For example, DII relies upon *Shale Consultants, L.L.C. v. Wilson*, to support the proposition that "because the Intervenor seeks a coercive remedy, i.e. money damages, this is not a properly filed motion."  *See* Opposition at 1.  This interpretation of *Shale Consultants* is unsupported by the case.  The holding of *Shale Consultants*, in regards to declaratory judgments, is an if-then statement:  If "the instant dispute has progressed to the point where either party can see a coercive remedy," then declaratory judgment is unnecessary.  Applied to the instant circumstances, the holding in *Shale Consultants* supports the necessity of a declaratory judgment.  A dollar amount cannot be firmly set as, the settlement funds of Jefferson Parish have not been paid out yet; the parties cannot agree on the percentage of attorneys fees; the parties cannot agree on the percentage attributable to Val Exnicios under the contract due to his death; and the parties cannot agree regarding the effect of the contract on the state court mass action.  Therefore, all statements

6

regarding dollar figures, or *money damages*, are speculative until a declaration from the Court provides the parties with information regarding their respective obligations under the 2020 Contract.

DII makes much of Intervenor's proposed solution to the instant problem under *Saucier*. The reality is that Intervenor would be failing the Court and their client if they did not bring *Saucier* to the Court's attention as quickly as possible. *Saucier* controls and solves the problem at hand and provides a roadmap for the parties to resolve their disagreement. Intervenor is simply providing the best possible information to the court, and providing their analysis of the case in support of their position.

## III.    CLEAN HANDS

Substantive state law determines what constitutes an affirmative defense. *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir.1986); *Seal v. Industrial Elec., Inc.*, 362 F.2d 788, 789 (5th Cir.1966). "However, 'the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs.' " *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir.2007) (quoting *Morgan Guar. Trust Co. of New York v. Blum*, 649 F.2d 342, 344 (5th Cir. Unit B 1981)). As the Fifth Circuit explained in *Arismendez*, "Rule 8(c) of the Federal Rules of Civil Procedure 'requires that an affirmative defense be set forth in a defendant's responsive pleading. Failure to comply with this rule, usually results in a waiver.' " 493 F.3d at 610 (quoting *Lucas*, 807 F.2d at 417). "[A] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Rogers v. McDorman* 521 F.3d 381, 385 (5th Cir.2008) (quoting Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir.1987)).

First, DII did not raise the unclean hands doctrine as an Affirmative Defense in their Answer to Intervenor's Petition.  *See* Dkt. No. 570.  To the extent that DII has not specifically pled the affirmative defenses of clean hands and *in pari delicto* in their Answers, they may have waived such defenses.  *Stanley v. Trinchard*, No. CIV.A. 02-1235, 2010 WL 3168113, at *6 (E.D. La. Aug. 9, 2010).  As such, DII's ability to raise the unclean hands doctrine as a defense has been waived and is now barred.

Second, DII had provided several judicial admissions in their Answer and other documents provided to the court which, pursuant to the law of the case doctrine, have removed controversies from the underlying dispute.   "[F]actual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir.1983) (citations and footnote omitted) (emphasis added). Facts that are admitted in the pleadings "are no longer at issue." *Ferguson v. Neighborhood Housing Services, Inc.*, 780 F.2d 549, 551 (6th Cir.1986); *See also, Davis v. A.G. Edwards & Sons, Inc*., 823 F.2d 105, 108 (5th Cir. 1987).  For example, DII has admitted and "acknowledge the enforceability of the joint venture or fee-sharing agreement."  As stated:

**COUNT I — Declaratory Relief**

20.

Defendants in Intervention admit the allegations contained in Paragraph 20 subsection (A),

but deny subsections (B) and (C) of the Complaint in Intervention and acknowledge that:

(A)  The Succession of Valery "Val" Patrick Exnicios is entitled to a share of any fees recovered in this case, according to the agreement.

(B)  Defendants in Intervention recognize the September 23, 2020 agreement of all counsel, labeled as Exhibit E in the Petition for Intervention, as the superceding agreement, and therefore binding and enforceable now.  However, the September 23, 2020 agreement (Exhibit E) is not binding and enforceable on all future related actions in perpetuity.

(C)  Defendants in Intervention acknowledge the Court's authority to allocate fees in accordance with ethical and contractual fee division principles applicable to class actions and contingent fee litigation.

*See* Dkt. No. 570.  Therefore, any argument by DII regarding the 2020 Contract's enforceability or validity is moot, as the matter has already been admitted.  In addition, DII Filed the following evidence with the Court admitting that Val Exnicios, and his law firm are owed the following monies:

**COMMON BENEFITS FUND**

| Date | Amount Paid | Check No. | Payee |
|------|-------------|-----------|-------|
| 12/30/20 | $75,996.27 | 15285 | Val P. Exnicios, Esq. |
| 07/20/21 | $35,590.45 | 15670 | Liska, Exnicious & Nungesser |
| 08/26/21 | $16,155.85 | 15764 | Liska, Exnicious & Nungesser |
| 12/07/21 | $12,500.00 | 16004 | Val P. Exnicios, Esq. |
| 05/12/22 | $9,757.43 | 16442 | Law Office of Bruce C. Betzer |
| 12/08/22 | $20,000.00 | 17008 | Law Office of Bruce C. Betzer |
| 09/21/23 | $15,000.00 | 17730 | Law Office of Bruce C. Betzer |
| 04/26/24 | $30,000.00 | 18159 | The Law Office of Bruce C. Betzer |
| 08/26/24 | $20,000.00 | 18416 | The Law Office of Bruce C. Betzer |
| TOTAL: | $235,000.00 | | |

*See* Dkt. No. 542, Exhibit A.  Taken together, these documents, and Answer, submitted to the

Court, acknowledge and admit that the 2020 Contract is binding and enforceable and that the above

referenced money is owed to Intervenor.

## IV.    THE COURT HAS FULL DISCRETION

A court may inquire into the reasonableness of a fee on its own motion,[1] and any interested

third party may raise the issue.  § 10.2. Attorney fees, 1A La. Civ. L. Treatise, Civ. Proc. - Special

Proceed.  The Disciplinary Rules provide that the factors to be considered in determining the

reasonableness of a fee include time and labor required, novelty and difficulty of the questions

involved, the skill required, the likelihood that the particular employment would preclude other

employment by the lawyer, the customary fee, the amount involved, the results obtained, the time

limitations imposed by the client or by the circumstances, the nature and length of the attorney's

professional relationship with the client, the attorney's experience, reputation and ability, and

---

[1] *See, e.g., O'Rourke v. Cairns*, 683 So.2d 697 (La. 1996); *Richardson v. Parish of Jefferson*, 727 So.2d 705 (5th Cir. 1999); *City Bank & Trust Co. of Shreveport v. The Hardage Corp.*, 449 So.2d 1181 (2d Cir. 1984) Determination of the reasonableness of attorney's fees is exclusively the prerogative of the court; the court is not bound by a stipulation between the parties as to the amount of attorney's fees which should be awarded. *State v. Clark*, 548 So.2d 365 (2d Cir. 1989). Arguably, the issue of the amount of attorney's fees due may properly be submitted to a jury. *See, e.g., Gold, Weems, Bruser, Sues & Rundell v. Granger*, 870 So.2d 562 (3d Cir. 2004).

whether the fee is fixed or contingent.[2]  A judge may fix a fee on the basis of the attorney's work performed before the court, without any additional evidence.[3]

This Court has complete discretion over the issue, as all parties to the Jefferson Parish Settlement agreed that this Court had jurisdiction and complete discretion over the disbursement and allocation of settlement funds.  *See* Dkt. No. 545.

## V.    CONCLUSION

Mr. Val Exnicios has died and cannot defend himself.  We are here because DII has forced Intervenor's into litigation in order to protect Val Exnicios' lawful interest in the instant proceeding

---

[2] Louisiana State Bar Association Rules of Professional Conduct, Rule 1.5(a); *In Re Tutorship of Property of Huddleston*, 655 So.2d 416 (5th Cir. 1995). *See also, Lafleur v. John Deere Co.*, 491 So.2d 624 (La. 1986), holding that in determining what is a reasonable amount for statutorily imposed attorney's fees in a redhibition case, these factors are relevant: (1) the responsibility incurred, (2) the extent and nature of the work performed, and (3) the legal know how and skill of counsel. A court may base the award on the litigant's contingency fee contract, where the resulting amount is reasonable in the light of the above factors; *Palmer v. Goudchaux/Maison Blanche, Inc.*, 613 So.2d 704 (5th Cir. 1993) ("40% through trial" fee on a total recovery of approximately $3 million was reasonable where the case involved novel and difficult issues, the attorney had the requisite skill to meet the tasks and probably had over 3,000 hours of work in the matter, and there was expert testimony from trial attorneys that contingency contracts of between 25% and 45% were typical in the area); *Mini Togs Products, Inc. v. Wallace*, 513 So.2d 867 (2d Cir. 1987) (attorney spent several hundred hours working on the case, which involved a three day trial. Pretrial preparation was extensive, and the issues were difficult, if not novel, and required the development by the attorney of expertise in a specialized technical area. The attorney had many years of experience and "a good reputation and ability." Held, the trial court's award of one-third of the net amount recovered, $500,000, exclusive of interest, is not an unreasonable attorney's fee). Compare *Horton v. Butler*, 387 So.2d 1315 (1st Cir. 1980) (contingent fee of 25%, amounting to over $4,000, is clearly excessive, where the claim was for an uncontested fire loss and the only services rendered by the attorney were contacting the insurance company and accepting the insurer's payment for the loss seven months after the fire. Accordingly, the attorney was entitled to be compensated on the basis of the services actually rendered). *See also, Minsky v. Shumate*, 924 So. 2d 488 (La. App. 2d Cir. 2006) (factors to be considered in setting attorney's fees include the ultimate result obtained, the responsibility incurred, the importance of the litigation, the amount of money involved, the extent and character of the work performed, legal knowledge, attainment and skill of the attorneys, number of appearances, intricacies of the facts involved, diligence and skill of counsel, and the court's own knowledge).

[3] *Sokol v. Bob McKinnon Chevrolet, Inc.*, 307 So.2d 404 (4th Cir. 1975); *Jones v. Bryant*, 283 So.2d 307 (4th Cir. 1973). *See also, Guidry v. Gulf Coast Coil Tubing*, 24 So. 3d 1019 (La. Ct. App. 3d Cir. 2009) (individual bills are not always necessary to support an entitlement to attorney fees. Courts award such fees under Rule 1.5 of the Rules of Professional Conduct, and the time spent, or actual hours recorded, is only one of eight factors to be considered in fixing fees. Also, proof of lawyer's services is not necessary where it is evident from the record what services the attorney provided).

and other mass action proceedings. This Honorable Court has complete discretion over this issue and has all the necessary information to make a ruling. WHEREFORE, Intervenor, Valerie Marie Exnicios Lamb, in her capacity as executrix and sole universal heir of the Succession of Valery "Val" Patrick Exnicios, prays for this Court to grant their Motion and for justice as this Court deems fit.

Respectfully submitted,

*/s Calder H. Lamb*_____
**CALDER H. LAMB** (#40425)
**PETER S. KOEPPEL** (#1465)
650 Poydras Street,
Suite 2150, New Orleans, Louisiana 70130
o:  504-598-1000
e:  clamb@koeppelllc.com
    psk@koeppelllc.com
***Attorney for Intervenor***