UNITED STATES DISTRICT COURT

EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELIAS JORGE "GORGE"** | * | **CIVIL ACTION NO. 18-7889** |
| **ICTECH-BENDECK,** | * | |
|     Plaintiff | * | **SECTION "E" (5)** |
| | * | |
| **VERSUS** | * | **JUDGE MORGAN** |
| | * | |
| **PROGRESSIVE WASTE SOLUTIONS** | * | **MAGISTRATE JUDGE NORTH** |
| **OF LA. INC., ET AL.,** | * | |
|     Defendants | * | |

## RESPONSE TO MOTION TO FILE PLEADING AND DOCUMENT UNDER SEAL

NOW COMES, **Intervenor**, Valerie E. Lamb, as Independent executrix of the Succession of Valery "Val" Patrick Exnicios, who files the instant Response to Defendants-in-Intervention ("**DII**"), Seth Schaumburg, John Sileo, Lawrence Centola, III, Anthony Irpino, Douglas Hammel, Bruce Betzer, and their respective law firms, Motion to File Pleading and Document Under Seal.

Intervenor opposes DII's Motion and prays that this Honorable Court bar or strike DII's hourly estimate of Val Exnicios' billing hours (the "Document"). The Document is an out-of-court statement offered to prove the truth of the time spent or work performed, and as such it is impermissible hearsay. *See* Fed. R. Evid. 802. There are no applicable hearsay exceptions. Finally, DII does not, and never can, authenticate the Document. The Document is self-serving, not credible, and unsupported by evidence, as it was produced by DII themselves. *See* Fed. R. Evid. 901. Discussed in detail below, DII's Motion to File the Pleading and Document Under Seal should

1

be Denied as moot. The Document alleged to be Val Exnicios' hours should be deemed inadmissible and barred from the record, thus mooting the necessity of relief requested by DII.

## FACTS

On June 30, 2025, Mr. Seth Schaumburg drafted and submitted a word document to Intervenor which was held out as Val Exnicios' estimated hours (the "Document"). Intervenor's position is that the estimates are much too low. Intervenor requested the supporting information that was used to create the Document, but no information was provided. It is undisputed that the Document was not created by Val or Intervenor. It is undisputed that the Document was created after Val's death. It is undisputed that Val cannot testify on his own behalf regarding the accuracy or validity of the Document.

Upon information and belief, the Document was created by DII. Despite repeated requests by Intervenor, DII has not disclosed, or provided, the information that DII used to create the Document. Intervenor has requested e-mails, calendar invitations, documents, and other records, which supported the creation of his document by DII, but has not received any supporting information. The Document should be barred by its doubtful providence alone; even so, the Federal Rules of Evidence support that the Document be barred from the record.

## LAW

### *The Federal Rules of Evidence Bar the Document*

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801, *et seq*. Barring an exception, hearsay is not admissible. Fed. R. Evid. 802. Death can cause a declarant to be unavailable, and allows for exceptions such as former testimony, statement under belief of imminent death, statement against former interest, statement of personal

or family history, statement offered against a party that wrongfully caused the declarants unavailability, or the catchall, see Fed. R. Evid. 807, "statement is supported by sufficient guarantees of trustworthiness-after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement." *See* Fed. R. Evid. 804 & 807.

As Intervenor argues below, none of the hearsay exceptions apply to the Document here today. The Document was not created by Mr. Exnicios, yet claims to be an accurate accounting of Mr. Exnicios' time. As such, the Document has no credibility under the circumstances, and no evidence was provided to support the estimates. The Document also fails to authenticate itself under the Federal Rules of Evidence.

To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901. DII has provided no evidence to support the Document's authenticity, and can never do so, as the document was created after Val Exnicios' death.

### *Even if the Document was Permissible, Sealing is Unnecessary*

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[1] "[T]he working presumption is that judicial records should not be sealed.... And, to the extent that any sealing is necessary, it must be congruent to the need."[2] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the

---

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (internal quotations omitted).

[2] *Id*.

interest in secrecy outweighs the presumption."[3]  Thus, while there is a presumption of public access to judicial records, court have recognized that this access is not absolute.[4]

Here, the Document was fabricated after Val Exnicios' death.  As such DII had complete control regarding the narrative and drafting of the Document.  Therefore, DII had a duty to ensure that no attorney-client or other sensitive information was placed into the document before they sent it to the Court.  Unless DII breached their duty to protect attorney-client confidentiality, or other case specific sensitive information, then DII should have created the Document in a format that is acceptable to the public record.

Regardless, the Document must be barred from the record as it is highly prejudicial and a violation of the rules of evidence.  Thus, DII's Motion must be denied as moot.

## **THE DOCUMENT MUST BE BARRED AND THE MOTION TO SEAL IS MOOT**

DII argues in their Opposition, *see* Dkt. No. 589, that Mr. Exnicios "only" worked "3.33%" of the total hours worked.  DII's position defies common sense, as Mr. Exnicios was the lead attorney in the instant litigation, and was in the case longer than most of DII's attorneys.

In their Opposition, *see Id.*, DII relies upon the Document which they created, as evidence and justification to support their argument that Val's contributions were small and inconsequential.  This position, in turn, is justification for why DII should be allowed to front-load costs and

---

[3] *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.,* No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).

[4] *See, e.g., Thomas v. Strack*, No. 22-170, 2023 WL 11857671, at *1 (S.D. Tex. Nov. 27, 2023) (permitting plaintiff to redact medical information in memorandum); *Kelley v. Garland*, No. 21-15, 2024 WL 4045773, at *4 (N.D. Tex. Aug. 20, 2024) (permitting sealing of exhibits containing plaintiff's confidential medical information); *McCoy v. Kuku*, No. 17-275, 2019 WL 3281176, at *6 (S.D. Tex. July 19, 2019) (granting motion to seal motion and exhibits containing plaintiff's confidential medical information).

shortchange Intervenor's interest. DII themselves asserts that the Document is an out-of-court statement offered to prove that Val Exnicios did not provide as much valuable work as much as the other attorneys.

Intervenor objects to these lines of arguments and redirects that DII is attempting to create evidence to justify their improper handling of settlement funds and the improper reduction of Intervenor's interest in these matters.

The instant Document sits squarely in the definition of impermissible hearsay and should be barred from the record. DII has the burden to provide an applicable exception for why the Document is not hearsay.

As a final note, this document is improper for three other reasons. First, it can never be authenticated, as it was created by DII for their own ambitions. A violation of Rule 901. Second, the Document is simply not credible. It is unsupported by any objective and non-bias sources and was created by DII. Third, the Document is highly prejudicial to Intervenor's interest and would unduly influence the instant proceedings. For the above reasons the Document should be barred from evidence.

If the Court finds that the Document should be barred from the record, then DII's Motion to Seal is moot, as all possible "protected" or "sensitive" information shall can not be filed into the record. As such, Intervenor urges this honorable Court to bar the improper evidence and deny DII's motion.

## **CONCLUSION**

Due to all of these infractions, the Document should be struck from the record and not allowed to be entered into evidence in any form. Because the Document is improper and inadmissible - DII's motion to seal is moot, as there is nothing to seal.

WHEREFORE, Intervenor prays this Honorable Court DENY Defendants-in-Intervention ("DII"), Seth Schaumburg, John Sileo, Lawrence Centola, III, Anthony Irpino, Douglas Hammel, Bruce Betzer, and their respective law firms, Motion to File Pleading and Document Under Seal.

Respectfully submitted,

 /s Calder H. Lamb_____
**CALDER H. LAMB** (#40425)
**PETER S. KOEPPEL** (#1465)
650 Poydras Street,
Suite 2150, New Orleans, Louisiana 70130
o: 504-598-1000
e: clamb@koeppelllc.com
   psk@koeppelllc.com
*Attorney for Intervenor*