UNITED STATES DISTRICT COURT

EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIAS JORGE "GORGE" ICTECH-BENDECK, | * * | CIVIL ACTION NO. 18-7889 |
|     Plaintiff | * * | SECTION "E" (5) |
| VERSUS | * * | JUDGE MORGAN |
| PROGRESSIVE WASTE SOLUTIONS OF LA. INC., ET AL., | * * | MAGISTRATE JUDGE NORTH |
|     Defendants | * | |

### SUPPLEMENTAL BRIEF

NOW COMES, **Intervenor**, Valerie E. Lamb, as Independent executrix of the Succession of Valery "Val" Patrick Exnicios, who files the instant Supplemental Brief addressing the question of whether this Court has supplemental jurisdiction over the Intervention under 28 U.S.C. § 1367. Pursuant to the jurisdiction expressly retained by the Court pursuant to *Kokkonen*, and federal common-law doctrine of ancillary jurisdiction, the Court has jurisdiction over both state and federal issues raised by Intervenor in this matter under ancillary jurisdiction, and may fully and fairly resolve all issues between Intervenor and Defendants-in-Intervention ("**DII**"), Seth Schaumburg, John Sileo, Lawrence Centola, III, Anthony Irpino, Douglas Hammel, Bruce Betzer, and their respective law firms, for the following reasons:

### INTRODUCTION

The crux of this Intervention is the mismanagement of the Jefferson Parish Settlement Fund, and the improper front-loanding of expenses by DII, which caused an improper diminution of decedent's contractual interests in the settlement, and related settlements. The Court expressly

1

retained jurisdiction over such matters. Furthermore, the state and federal issues raised herein are indivisible and linked, as an accurate distribution of funds from the Jefferson Parish Putative Settlement can no longer be achieved until the Court interprets the 2020 Contract, as the death of Mr. Val Exnicios results in impossibility of performance for portions of the 2020 Contract, and an underpayment of attorney litigation expenses. To properly and fairly manage the Settlement distribution the Court must determine the allocation between expenses portion and attorneys' fees portion of the Settlement funds because DII intends benefit from Mr. Exnicios' contributions towards proving general causation, but DII intends to block Intervenor's access to the state court mass actions.

Under both the jurisdiction retained by the Court in the Order of Dismissal, and the federal common-law doctrine of ancillary jurisdiction, this Court has jurisdiction over all federal and related state issues which "enable[] a court to function successfully," *i.e.*, "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Zimmerman v. City of Austin, Texas*, 969 F.3d 564, 568 (5th Cir. 2020) (citing *Energy Mgmt. Servs.*, 739 F.3d at 257 n.1 (quoting Kokkonen, 511 U.S. at 379–80, 114 S.Ct. 1673)).

PROCEDURAL POSTURE

On July 25, 2018, Val Exnicios filed filed a Class Action Petition for Damages ("Complaint") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division H, styled *Elias Jorge "George" Ictech-Bendeck, v. Progressive Waste Solutions of LA, Inc., Waste Connections US, Inc., IESI LA Landfill Corporation, Louisiana Regional Landfill Company, Inc., Aptim Corporation, and Parish of Jefferson*, Case No. 785955.

Defendants removed to federal court "on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA")." *See* Dkt. No. 1.

2

The Court granted Intervenor's Motion for Leave to file their Complaint in Intervention with the Court on July, 9, 2025. *See* Dkt. No. 565.

Intervenor filed their Complaint in Intervention on July 14, 2025. *See* Dkt. No. 567.

The Court issued an Order of Dismissal on August 12, 2025, wherein "the Court specifically retain[ed] jurisdiction to enforce the settlement agreement if settlement is not consummated within sixty days. *See* Fed. R. Civ. P. 41(a)(2); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002)." *See* Dkt. No. 577.

Order of Dismissal as to all cases, was conditionally modified and extended by an additional sixty days, or through December 12, 2025. *See* Dkt. No. 587 Order.

Order of Dismissal as to all cases, was conditionally modified and extended again until February 13, 2026. *See* Dkt. No. 596 Order.

## LAW & ARGUMENT

There are two jurisdictional doctrines which provide the basis for this Court's jurisdiction over both the state and federal issues raised by Intervenor. The first is the reservation of jurisdiction under *Kokkonen*, and *Hospitality House*, expressly stated by the Court in the Order of Dismissal. *See* Dkt. No. 577; see also, *see* Dkt. No. 545. The second basis for jurisdiction is the federal common-law doctrine of ancillary jurisdiction, which arises when the court requires jurisdiction to "manage it's proceedings, vindicate its authority, and effectual its decrees." *Zimmerman v. City of Austin, Texas*, 969 F.3d 564, 568 (5th Cir. 2020) (citing *Energy Mgmt. Servs.*, 739 F.3d at 257 n.1 (quoting Kokkonen, 511 U.S. at 379–80, 114 S.Ct. 1673)).

3

## (A.) LAW: Reservation of Jurisdiction under Kokkonen

In *Kokkonen v. Guardian Life Insurance Co.*, the Supreme Court explained that "[e]nforcement of [a] settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378, 114 S.Ct. 1673. The Court held that a court's "ancillary jurisdiction" "to manage its proceedings, vindicate its authority, and effectuate its decrees" provides such an independent jurisdictional basis to enforce a settlement agreement only if "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal." *Id.* at 380–81, 114 S.Ct. 1673. The Court specified two ways in which a court may make a settlement agreement part of its dismissal order: "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.*

## (A-1.) ARGUMENT: The Satisfaction of Kokkonen

Here both ways specified in *Hosp. House, Inc. v. Gilbert*, (a) retaining jurisdiction, and (b) incorporating the terms of the settlement agreement in the order, are satisfied. 298 F.3d 424, Fn. 6 (5th Cir. 2002).[1] First, the Court issued an Order of Dismissal on August 12, 2025, wherein "the Court specifically retain[ed] jurisdiction to enforce the settlement agreement if settlement is not consummated within sixty days. *See* Fed. R. Civ. P. 41(a)(2); *Kokkonen v. Guardian Life Ins. Co.*

---

[1] *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, Fn. 6 (5th Cir. 2002) ("The Kokkonen Court made clear that a district court may have ancillary jurisdiction to enforce a settlement agreement even where, as in the instant case, the previous dismissal was not effected by court order, but rather by the filing of "a stipulation of dismissal signed by all parties" pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). Fed.R.Civ.P. 41(a)(1)(ii). The Court noted that even though Rule 41(a)(1)(ii) "does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal," the district court has the authority to make a settlement agreement part of its dismissal order "if the parties agree." 511 U.S. at 381–82, 114 S.Ct. 1673."

*of Am.*, 511 U.S. 375, 381-82 (1994); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002)." *See* Dkt. No. 577.

Second, the Court's Order approving the terms of the Settlement Agreement and as fair, and dismissing the Parish of Jefferson expressly reserved jurisdiction over "all ancillary settlement matters," and stated:

> (17)   The Court reserves jurisdiction over the Action, the Settlement Agreement, the Final Order and Judgment, the Settlement Fund, all ancillary settlement matters, Class Counsel, the Class Members, and the Released Parties solely for the purpose of administering, supervising, construing, and enforcing the Settlement Agreement and the Final Order and Judgment and supervising the management and disbursement of the Settlement Fund (without prejudice to the rights of any party to contest personal jurisdiction for any other purpose);

*See* Dkt. No. 545. As such, Intervenor states that their asserted matters qualify as "ancillary settlement matters" and may be properly addressed by the Court herein.

As a final aside, the Settlement Agreement is deficient as Intervenor was not consulted and did not consent to the agreement, despite direct statements to contrary:

> 8.4. Class Counsel, as well as Favret, Demarest, Russo, Lutkewitte and Schaumburg; Hammel Law Firm, LLC; Irpino, Avin & Hawkins; Law Office of Bruce Betzer; Law Office of John D. Sileo and Liska, Exnicios & Nungesser agrees not to represent any Opt-Outs to this Agreement.

Dkt. No. 501-2 Settlement Agreement. Neither Val Exnicios, nor Liska, Exnicios & Nungesser are included in the agreement.

> 2.8. "Class Counsel" means Lawrence J. Centola, III, Jason Z. Landry, Bruce C. Betzer, Douglas S. Hammel, Kacie F. Gray, John D. Sileo, and Seth H. Schaumburg.

Dkt. No. 501-2 Settlement Agreement. As such, the exercise of the Court's retained jurisdiction is necessary to cure the issues federal and state court issues raised herein.

**(B.) LAW: Federal Common-Law Ancillary Jurisdiction**

On July 14, 2025, Intervenor filed their Complaint in Intervention. At the time of the Intervention the 1367 codified type of ancillary jurisdiction was the proper basis for the exercise of supplemental jurisdiction over all claims brought by intervenor. However, on August 12, 2025, when the Court issued the Order of Dismissal, notwithstanding the reservation included in the Order of Dismissal (as discussed above), the jurisdictional basis for this Court to hear Intervenor's federal and state law claims arguably shifted from jurisdiction as defined by *Kokkonen*, to common-law based ancillary jurisdiction.

Now, it is the second, common-law basis for ancillary jurisdiction which provides jurisdiction for this Court to hear the intertwined state and federal issues involved in this matter.

The second, common-law type of ancillary jurisdiction is one that "enable[s] a court to function successfully," *i.e.*, "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Energy Mgmt. Servs.*, 739 F.3d at 257 n.1 (quoting *Kokkonen*, 511 U.S. at 379–80, 114 S.Ct. 1673). It is uncodified, but it "remains a viable doctrine of ancillary jurisdiction and is often referred to as 'ancillary enforcement jurisdiction.' " *Id.* (quoting *Peacock*, 516 U.S. at 356, 116 S.Ct. 862). "This form of jurisdiction developed in case law as 'ancillary' or 'ancillary enforcement' jurisdiction. It seems clear that § 1367 does not apply to this form of jurisdiction." 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3523.2 (3d ed. 1998). Proceedings concerning attorneys' fees for a case that invoked federal subject-matter jurisdiction are supported by this uncodified ancillary jurisdiction. *Id.* "The court's enforcement authority

extends to 'collateral issues,' things like fees, costs, contempt, and sanctions." *Scott*, 899 F.3d at 416. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, Fn. 1 (5th Cir. 2014).

**(B-2.) ARGUMENT: Jurisdiction By Functional Necessity**

Federal common-law ancillary jurisdiction is doctrine for circumstances such as these. Intervenor asserts that the instant federal and state matters are all interlinked with the management of the Jefferson Parish Putative Class Settlement, and a failure to resolve the issues here will result in prejudicial damage against Intervenor's interest which cannot be cured by a State court.

Intervenor has argued that the Hourly estimate provided by DII is not proper evidence and cannot be attributed to Mr. Exnicios' efforts under the 2020 Contract. Furthermore, due to his death, Mr. Exnicios can no longer perform under the contract in the financing, and hourly work, segments of the payout structure. As such, Intervenor has provided the solution to the instant problem which is supported by the Louisiana Supreme Court under *Saucier*. *See Saucier v. Hayes Dairy Prods., Inc.*, 373 So. 2d 102, 117–18 (La. 1978), on reh'g (June 25, 1979); *See also*, Dkt. No. 588. Conversely, DII, the party responsible for the instant dilemma, has offered a solution which is derived from their own creative estimates of Mr. Exnicios' hours, and by denying to accept Mr. Exnicios' interest in the related State court matters.

Finally, as *Zimmerman* guides, the Court's ancillary jurisdiction extends to fees, breach of contract, and the front-loading of expenses. *Zimmerman v. City of Austin, Texas*, 969 F.3d 564, 569 (5th Cir. 2020). Normally, there would be friction between the *Zimmerman* distinction with *Kokkonen*, in that ancillary jurisdiction does not extend into settlement agreement *enforcement*. *Id.* However, Intervenor does not seek *enforcement* but rather contractual interpretation, attorney's

fees, and equitable distribution of Settlement proceeds by the Court. As such, both *Kokkonen*, and *Zimmerman* hold that this Court has jurisdiction over the instant issues.

**(C.) Efficiency, Equity and the Law of the Case**

There are numerous equitable advantages of this Court resolving the totality of the issues herein. The Court is fully aware of the complexities of this matter. The Court approved the fairness of the Jefferson Parish Putative Class Settlement. The Court had direct experience regarding Mr. Exnicios' contributions to this matter. When compared with a state court, this Court is much better positioned and has firsthand information with which to assess the instant dispute.

In addition, all the parties before this Court remain the same. Intervenor simply represents a party who died, and therefore, had to file the instant intervention to preserve the rights of the deceased. The intervention, therefore, comports with the general rules of judicial economy, and does not represent a risk of forum shopping or intentional destruction of diversity. Furthermore, DII has consented to this Court's jurisdiction in their Answer to the Complaint in Intervention:

> 1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367 for related claims.

Dkt. No. 567 Complaint in Intervention at 1.

> Defendants in Intervention admit the allegations contained in Paragraph 1 of the Complaint in Intervention.

Dkt. No. 570 Answer to Complaint in Intervention at 1. It is for the benefit of all parties that the matter be resolved here and now with finality, rather than piecemeal overtime.

CONCLUSION

As shown above, this Court has ample jurisdictional basis to hear both state and federal issues for the instant intervention, pursuant to the Court's own jurisdictional reservation, or by the federal-common law doctrine of ancillary jurisdiction. This is a unique position, as the State court may only address State court issues, which may lead to inconsistent and irreconcilable results between the two courts. Furthermore, if the Court fails to retain jurisdiction over both State and Federal issues contained here, then the totality of Intervenor's interest may be irreparably prejudiced or harmed through the ratification of the front-loading of legal expenses related to the instant proceeding. As such, now is the time to address the proper allocation of costs and expenses across all related matters – both state and federal – and this Court is the most efficient and authoritative venue to resolve these disputes.

Respectfully submitted,

/s Calder H. Lamb
**CALDER H. LAMB** (#40425)
**PETER S. KOEPPEL** (#1465)
650 Poydras Street,
Suite 2150, New Orleans, Louisiana 70130
o: 504-598-1000
e: clamb@koeppelllc.com
   psk@koeppelllc.com
*Attorney for Intervenor*

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically filed the foregoing with with Clerk of Couret by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Calder H. Lamb*