# UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELIAS JORGE "GORGE" ICTECH-BENDECK,** | * * | **CIVIL ACTION NO. 18-7889** |
| Plaintiff | * * | **SECTION "E" (5)** |
| **VERSUS** | * * | **JUDGE MORGAN** |
| **PROGRESSIVE WASTE SOLUTIONS OF LA. INC., ET AL.,** | * * * | **MAGISTRATE JUDGE NORTH** |
| Defendants | * | |

## REPLY TO OPPOSITION

NOW INTO COURT, through undersigned counsel, comes Intervenor, Valerie Marie Exnicios Lamb, in her capacity as Executrix and sole universal heir of the Succession of Valery "Val" Patrick Exnicios, who files this Reply to Defendants-in-Intervention ("DII"), Seth Schaumburg, John Sileo, Douglas Hammel, Bruce Betzer, Lawrence J. Centola, III, Anthony Irpino, and their respective law firms,' Response to Intervenor's Supplemental Brief filed in accordance with this Honorable Court's Order (Doc. 594).

### A. DII's Own Actions Have Linked the Federal and State Issues, and this Honorable Court has Expressly Retained Jurisdiction.

If Valerie Exnicios Lamb had failed to intervene to protect the rights of her deceased father, then DII's arguments that "1367(a) does not apply to provide supplemental jurisdiction because the alleged breach of contract involving Intervenor and Defendants-in-Intervention does not arise out of the same set of operative facts,"[1] and that the "non-diverse parties" entrance into such an

---

[1] Doc. 598, at 4.

1

agreement is a separate set of operative facts,"[2] might apply.  However, Valerie Exnicios Lamb did intervene, and she filed her intervention on July 14, 2025 (Doc. 567), before the Court's Order of Dismissal (Doc. 577).  In addition, the Court's Order approving the Settlement agreement as fair expressly reserved jurisdiction over "all ancillary settlement matters." (Doc. 545).  Furthermore, the Order of Dismissal  (Doc. 596) expressly retained jurisdiction under *Kokkonen* and extended the Order of Dismissal until February 13, 2026.  Therefore, the Court has retained jurisdiction and perfected the requirements defined in *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424 (5th Cir. 2002).

      DII argues that the federal and state issues are separate; but DII's own actions have made the issues indivisible.  After Mr. Exnicios' death, DII could have placed all funds into a qualified settlement fund, and distributed funds only after the resolution of the Federal and State court matters.  This would have avoided the instant dispute.  Instead, DII distributed all expenses, without notifying or gaining the consent of Intervenor, and now DII has utilized the benefits gained by those expenses in state court without compensating Intervenor.  The assertion that the state and federal cases, or the instant claims, are somehow separate issues is wrongheaded.

      Intervenor is simply stepping into the shoes of the lead plaintiff's counsel who died while the underlying litigation was ongoing.  The facts are the same.  The legal issues are the same. The parties are the same.  It is the same defendants.  It is the same set of plaintiffs, and it is the same attorneys.  Except now, DII seeks to cut out the interest of Mr. Exnicios due to his death.

---

[2] *Id.*

**B. The Caselaw Cited by DII Does not Apply.**

DII provides two cases in support of their position, namely, *Zimmerman*,[3] and *Energy Mgmt.*,[4] both of which do not support the arguments presented by DII due to the numerous distinguishing features. DII does not apply *Zimmerman* in any meaningful way in their arguments and Intervenor cited to and discussed *Zimmerman* in support of Intervenor's arguments in their Supplemental Brief (Doc. 597). Because Intervenor argues that *Zimmerman* supports our position, we refer this Honorable Court to the arguments presented prior.

DII's misplaced argument against the jurisdiction of this Honorable Court relies solely upon the *Energy Mgmt.* opinion. The issues raised, the facts, and the holding of the *Energy Mgmt.* opinion are wholly different than the ones at bar today, as such, the *Energy Mgmt.* opinion is distinguishable to a degree that it is inert and not controlling.

In *Energy Mgmt.*, EMS, a Louisiana energy auditing firm, was hired by the City to review the City's overpayment to CLECO. In compensation for their services, EMS was to get 20% of any recovery that the City was awarded in the City v. CLECO litigation. *Energy Mgmt.*, 739 F.3d 255 at 257-258. The agreement provided that the City would allow EMS to review all settlement documents in order to assess its fee. *Id.* at 258. The agreement between the City and EMS was formed in 2004, and the litigation between the City and CLECO was initiated in 2005 and was settled and dismissed with prejudice on February 24, 2010. *Id.* at 256. Subsequently, in August 2010, EMS filed a separate suit against the City in Louisiana state court wherein EMS asserted a breach of contract claim alleging that the City failed to provide compensation and documentation. *Id.* at 258. The City removed the case to the Western District of Louisiana, asserting supplemental

---

[3] *Zimmerman v. City of Austin, Texas*, 969 F.3d 564 (5th Cir. 2020).
[4] *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255 (5th Cir. 2014).

3

jurisdiction under 28 U.S.C. §§ 1367 and 1441. *Id.* EMS then filed a motion to remand the case to state court which was denied. *Id.* An appeal to the Fifth Circuit follwed. *Id.*

The Fifth Circuit determined that the district court's jurisdiction over the City v. CLECO litigation and settlement did not satisfy the requirements for removal of EMS's separate civil action under § 1441 because the court did not have original jurisdiction over EMS's claims, and thus the prior settlement's limited jurisdiction did not vest the district court with jurisdiction over EMS's claims "entirely new" claims. *Id.* First, the court noted that the City v. CLECO matter, which the parties settled and was dismissed on the merits with prejudice, could not serve as an anchor for exercising jurisdiction over EMS's state-law contract claims. *Id.* Additionally, the attorneys' fees and sealed document matters over which the district court retained limited jurisdiction did not support supplemental jurisdiction because "EMS's state-law claims were not asserted in the same proceeding as the claims in City v. CLECO." *Id.* at 259. The *Energy Mgmt.* court reasoned that "the now-dismissed claims in the City v. CLECO litigation, regardless of how factually "intertwined" with EMS's suit, may not serve as an anchor claim to establish jurisdiction over EMS's "entirely new and original suit." *Id.* at 260.

The *Energy Mgmt.* opinion does not apply here because Intervenor's action is not an "entirely new and original suit," rather it is an intervention into the litigation. *Id.* The City in *Energy Mgmt.* was asserting federal jurisdiction against EMS – a company that was not a participant in the underlying litigation.

*Energy Mgmt.* was a run of the mill contract dispute between a business entity and the government which occurred after the dismissal of the underlying litigation. We speculate; however, it appears that the City in *Energy Mgmt.* was attempting a creative argument for the

4

purpose of forum shopping, but the City failed. As such, the Court in *Energy Mgmt.* rightly decided the issue and prevented forum shopping by the City.

The *Energy Mgmt.* circumstances are entirely distinct from the instant issues before the Court today. Unlike here, EMS did not intervene into the City v. CLECO litigation and only raised their claims after the underlying lawsuit was dismissed with prejudice.

Unlike the City v. CLECO litigation which was the basis for the *Energy Mgmt.* opinion, the instant matter is a dispute between the deceased lead plaintiff's attorney and the remaining legal counsel for the putative class. Furthermore, the state and federal issues before the Court today are indivisible and linked due to the improper front-loading of expenses by DII. This is an intervention asserting the rights of the deceased, and the action is aimed at preventing irreparable harm caused by the improper diminution of the decedent's rights, and is not a standard breach of contract action. In addition, the underlying litigation here has not been dismissed with prejudice – unlike the City v. CLECO litigation. As such, Intervenor asserts that the underlying litigation may still provide an "anchor" as discussed in *Energy Mgmt*.

Finally, the issue before this Court is not removal, nor is this intervention an "original suit," as such there is no need for a novel interpretation of the law. The express orders of this Honorable Court and the controlling law of the United States Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of Am.*,[5] and the Fifth Circuit's interpretation of that holding in *Hospitality House, Inc*,[6] provide this Court with a firm jurisdictional basis to hear and resolve all issues raised by Intervenor.

---

[5]

[6] Hospitality House, Inc. v. Gilbert, 2

### C. DII's Remaining Assertions are Unsupported, and DII is Silent on the Issue of Ancillary Jurisdiction

DII's remaining arguments are unsupported by jurisprudence and are unsupported by equity. DII argues that the instant situation is "exceptional," but does not explain how or why. DII states that Intervenor's action is "premature," but again, does not explain how or why. DII suggests that Intervenor should have sat on their hands while DII continued to distribute money without notifying or gaining the consent of Intervenors. For this reason of "prematurity" DII asks the Court to deny jurisdiction so that DII may have the venue of their choice and continue delaying payment to Intervenor.

Furthermore, DII's position is silent on the major issue which gave rise to the instant dispute - the frontloading of expenses to the detriment of Intervenor's position. Instead, DII focuses only delaying the interpretation of the "fee-sharing agreement." (Doc. 598). While DII argues that the "fee-sharing agreement […] is better left for the state court to decide," DII provides no proposal, guidance, or caselaw, for how the Court is to untangle the frontloaded expenses from the attorneys' fees. *Id.* DII is silent on these issues because it is impossible to resolve the frontloaded expenses, without also resolving the interpretation of the attorneys' fees.

Finally, DII is silent as to the Federal common-law ancillary jurisdiction which is justly applied in circumstances such as these. As stated in Intervenor's Supplemental Brief, the Court must exercise jurisdiction over this matter in order to manage the settlement proceeding properly.

### **CONCLUSION**

As previously stated, this Honorable Court has ample jurisdictional basis to hear both state and federal issues raised by the Intervention. Furthermore, only adjudication by this Court can

6

prevent irreparable harm and prejudice which would inevitably occur if DII's improper front-loading of expenses is allowed to proceed unchecked. This Court is uniquely positioned as it presided over the general causation determination which DII now seeks to use to their benefit in state court. This Court has firsthand knowledge of Mr. Exnicios' contributions in the underlying matter. Finally, this Court has the power to resolve all issues involved and prevent injustice which may occur due to DII's attempts at piecemeal litigation and forum shopping. Respectfully, Intervenor requests that this Honorable Court retain jurisdiction over all matters asserted by Intervenor.

        Respectfully submitted,

        /s Calder H. Lamb_____
       **CALDER H. LAMB** (#40425)
       **PETER S. KOEPPEL** (#1465)
       650 Poydras Street,
       Suite 2150, New Orleans, Louisiana 70130
       o: 504-598-1000
       e: clamb@koeppelllc.com
         psk@koeppelllc.com
       *Attorney for Intervenor*