MINUTE ENTRY
MORGAN, J.
March 20, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELIAS JORGE "GEORGE" ICTECH-BENDECK,    Plaintiff | CIVIL ACTION |
| VERSUS | NO.  18-7889 c/w 18-8071, 18-8218, 18-9312 |
| WASTE CONNECTIONS BAYOU, INC., ET AL.,    Defendants | SECTION: "E" (5) |

*Applies to: All Cases*

## <u>MINUTE ENTRY AND ORDER</u>

A video status conference was held on March 20, 2026, at 10:00 a.m., in the chambers

of Judge Susie Morgan.

Present:    Douglas Hammel, Seth Schaumburg, Lawrence Centola, and John Sileo, counsel for Plaintiff, Elias Jorge Ictech-Bendeck;

Bruce Betzer, counsel for Plaintiffs, Larry Bernard, Sr. and Mona Bernard;

Calder Lamb, counsel for Intervenor, Valerie Marie Exnicios Lamb; and

Michael Mims, counsel for Defendants, Waste Connections Bayou, Inc., Waste Connections US, Inc., and Louisiana Regional Landfill Company.

The Court and parties discussed the status of settlement negotiations. Counsel informed the Court that no settlement has been reached.

Plaintiffs' counsel informed the Court that they intend to file a motion for approval of attorneys' fees next week. The Court informed the parties that it intends to hold an evidentiary hearing on the forthcoming motion for approval of attorneys' fees on June 8, 2026, at 9:00 a.m. The Court will set the hearing for two days. The Court will also set an in-person pre-hearing conference for May 22, 2026, at 10:00 a.m. The Court further informed the parties that the Motion for Declaratory Judgment filed by Intervenor will be addressed in conjunction with the evidentiary hearing on the motion for approval of attorneys' fees.[1] Upon the filing of the motion for approval of attorneys' fees, the Court will issue a scheduling order setting forth the pre-hearing deadlines.

The Court and the parties discussed the pending *Ex Parte* Motion to Seal filed by Plaintiffs' counsel, which requests the Court seal an exhibit allegedly reflecting the hours worked by Mr. Exnicios on the instant action.[2] Mr. Lamb objected to the exhibit because it was unclear from where the information in the exhibit was derived. Mr. Schaumburg and Mr. Betzer agreed to provide Mr. Lamb, by end of the day, the underlying documents used to create the exhibit. The Court will deny the Motion to Seal as the records have been redacted appropriately.

The Court and parties discussed the *Ex Parte* Motion for In Camera Review filed by Intervenor.[3] The Court informed Intervenor that the Motion for In Camera Review will be denied and instructed him that, if he intends to use portions of the IOLTA records at the

---

[1] R. Doc. 588.
[2] R. Doc. 591.
[3] R. Doc. 603.

evidentiary hearing, he must redact the records and provide them to all counsel pursuant to the forthcoming scheduling order and Local Rule 5.6.

Accordingly,

**IT IS ORDERED** that the *Ex Parte* Motion to Seal filed by Plaintiffs' counsel[4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court file Exhibit 591-1 into the public record.[5]

**IT IS FURTHER ORDERED** that the *Ex Parte* Motion for In Camera Review filed by Intervenor[6] is **DENIED**.

**New Orleans, Louisiana, this 20th day of March, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (0:40)

---

[4] R. Doc. 591.
[5] R. Doc. 591-1.
[6] R. Doc. 603.