*Revised February 2022*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PRETRIAL NOTICE**

   **IT IS ORDERED** that a Pretrial Conference will be held in chambers before Judge Susie Morgan, Section "E," in the case(s) shown on the attached Minute Entry on the dates and the times indicated.

   The purpose of the Pretrial Conference is to secure a just and speedy determination of the issues.  If the format of the Pretrial Order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

   The procedure necessary for the preparation of the formal Pretrial Order that will be reviewed and entered at this conference is as follows:

I.

   The Pretrial Order **must be filed by 5:00 p.m.** on a day that allows two full working days prior to the conference, excluding Saturdays, Sundays and holidays (e.g., if the conference is set for 10:00 a.m. Friday, it must be filed by 5:00 p.m. Tuesday.  If the conference is set on Monday, the Pretrial Order must be filed by 5:00 p.m. on Wednesday).  **Two file-stamped courtesy copies** of the Pretrial Order must also be provided to the Court at this time.

II.

   Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial.  It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond.  If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be the duty of that party to communicate immediately with the Court. The conference of counsel shall be held at least ten days prior to the date of the scheduled Pretrial Conference in order for counsel for all parties to furnish each other with a statement of the real issues to which each party will offer evidence in support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.  Counsel for plaintiff then shall prepare a Pretrial Order and submit it to opposing counsel, after which all counsel jointly shall file the final draft of the proposed Pretrial Order to the Judge.

1

III.

At their meeting, counsel **must** consider the following:

A.  **Jurisdiction.**  Since jurisdiction may not ever be conferred by consent and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make a reasonable effort to ascertain that the Court has jurisdiction.

B.  **Parties.**  Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C.  **Joinder.**  Questions of misjoinder or nonjoinder of parties.

IV.

At the Pretrial Conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court.  Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed Pretrial Order.  Save your time, the Court's time, and the client's time and money.

V.

The Pretrial Conference **must** be attended by the lead attorneys, as reflected on the record, who will try the case (**see Local Rule 11.2**), unless prior to the conference the Court grants permission for other counsel to attend.  These attorneys will familiarize themselves with the pretrial rules, and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pretrial Conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including but not limited to sua sponte dismissal of the suit, assessment of costs and attorney fees, default or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the Court's attention in the Pretrial Order.

IX.

The Pretrial Order shall bear the signatures of all counsel at the time it is filed with the Court; the Pretrial Order shall contain an appropriate signature space for the Judge. The order shall set forth the following, with each numbered paragraph to be preceded by a heading descriptive of its content:

1.    The date of the Pretrial Conference.

2.    The appearance of counsel identifying the party (or parties) represented.

3.    A description of the parties, and in cases of insurance carriers, identification of its insured.  A description of the legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims.

4.    a.    With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim, third-party claim, or cross claim, and, the legal and jurisdictional basis for each such claim, or, if contested, the jurisdictional questions presented;

      b.    In diversity damage suits, there is authority for dismissing the action, either before or after trial, when it appears the damages reasonably could not come within the jurisdictional limitation.  Therefore, the proposed Pretrial Order in such cases shall contain either a stipulation that $75,000 is in controversy or a listing of the evidence supporting the claim that such sum reasonably could be awarded.

5.    A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits.  If the Court at any prior hearing has indicated that it would decide certain matters at the time of the Pretrial Conference, a brief summary of those matters and the position of each party with respect thereto should be included in the Pretrial Order.

6.    A brief summary of the material facts claimed by:
      a.    Plaintiff;
      b.    Defendant; and
      c.    Other parties.

7.    A **single listing** of all uncontested material facts.

8.    A **single listing** of the contested issues of fact.  (This does not mean that counsel must **concur** in a statement of the issues; it simply means they must list in a single list all issues of fact.)  When applicable, particularities concerning the following fact issues shall be set forth:

3

a. Whenever there is an issue as to the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

b. Whenever there is an issue with respect to negligence of the defendant or the contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

c. Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

d. Whenever the alleged breach of a contractual obligation is an issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

e. Whenever the meaning of a contract or other writing is an issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

f. Whenever duress or fraud or mistake is an issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth in the Pretrial Order;

g. If special damages are sought, they shall be itemized with particularity. (See Fed. R. Civ. P. 9(g));

h. If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9. A **single listing** of the contested issues of law. (See explanation in 8 above.)

10. Each party shall provide the Court with a list and description of **Bates numbered exhibits** intended to be introduced at the trial and those intended to be used as demonstrative exhibits during the presentation of testimony. Prior to the confection of the Pretrial Order, the parties shall meet and exchange copies of all exhibits. The parties shall attempt in good faith to agree as to their authenticity and relevancy.

a. Each list shall note the exhibits that are to be admitted without objection and those to which there will be an objection, listing which party or parties are making the objection and the nature of the

4

objection.  As to any exhibits to which the parties cannot agree, written objections shall be filed no later than **5:00 p.m. on the date set in the scheduling order.**  Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s) described in subpart 10.d below. Written objections must be accompanied by a memorandum containing legal authority in support of each objection.  Responses to objections to exhibits shall be filed no later than **5:00 p.m. on the date set in the scheduling order.**  Responses must contain legal authority pertaining to every objection.

b.   If a party considers it has good cause not to disclose exhibits to be used solely for the purpose of impeachment, it must file a motion for leave to file under seal the proposed impeachment exhibits and a memorandum explaining why they need not be disclosed under Chiasson v. Zapata Gulf Marine Corp., 988 F.2nd 513 (5th Cir. 1993). Any exhibits to be used solely for impeachment must be presented to the Court for in camera review by **5:00 p.m. on the date set in the scheduling order.**

c.   Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct.  If there are such exhibits, the Pretrial Order shall state:  The parties shall discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the Pretrial Conference.

d.   Counsel shall provide the Court with **two copies** of the **joint** bench book (or bench books) **by 5:00 p.m. on the date set in the scheduling order**.  The joint bench book(s) shall consist of one set of exhibits, with no duplications.  Exhibits shall be **consecutively numbered and tabbed in a binder not larger than three (3) inches.**  Each bench book shall have a cover sheet on the front of the binder indicating the case caption and which exhibits are included in the binder.  Each bench book shall have a label on the spine of the binder showing only the exhibits included in that specific binder. The bench book(s) shall include a single joint index of consecutively numbered "unobjected-to" exhibits and a single joint index of consecutively numbered "objected-to" exhibits.  The indices shall identify which party will offer each exhibit and which witness(es) will testify regarding each exhibit at trial.  Counsel are to provide an electronic version of the joint bench book(s) to the Court on either a single disc or flash drive.  The electronic version must be submitted to the Court along with the copies of the joint bench book(s).

e.   The courtroom is equipped with an evidence presentation system for use with counsel supplied laptops, printed documents, and photographs.  This system displays the evidence on unobtrusive flat

5

panel monitors positioned on counsel tables, the witness stand, and throughout the jury box. The court will provide counsel with a demonstration of the equipment upon request by contacting Judge Morgan's case manager.

f.   Unless ordered otherwise by the Court, only exhibits properly identified on the exhibit list shall be included for use at trial.

g.   For jury trials, the parties must provide to all counsel copies of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments **by 5:00 p.m. on the date set in the scheduling order.**

h.   For jury trials, the parties are responsible for putting all exhibits admitted during the course of the trial on a single disc or flash drive to be provided to the jury for use during deliberations. The jury will be provided with electronic copies of exhibits and may be provided paper copies of individual exhibits at the Court's discretion. Counsel for all parties will be required to certify that the exhibits provided to the jury are correct.

11.   A list of all deposition testimony to be offered into evidence.

a.   The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement. Proponents and opponents shall furnish the Court with appropriate statements of authorities in support of their positions as to the proposed testimony.

By the deadline set forth in the Scheduling Order, the parties must jointly **deliver** to the Court a **hard copy of the deposition transcripts** containing the unobjected-to deposition testimony designations and any disputed designations. The hard copy should be on **single-sided pages in uncompressed format as a searchable PDF.**

The transcript should be electronically or manually **highlighted** with one color indicating the unobjected-to deposition designations and different colors indicating the lines of the deposition that are objected to by a party. Counsel must ensure the transcript text is legible through the highlighted coloring.

E.g., yellow for agreed-upon designations, orange for lines objected to by Plaintiff, green for lines objected to by Defendant 1, and pink for lines objected to by Defendant 2.

6

**Responses** to objections to deposition testimony designations and **comprehensive supporting argument** must be filed no later than the deadline set forth in the Scheduling Order.

Once the Court rules on the objections, the parties must revise the deposition transcripts and/or edit the video depositions for use at trial. Any video depositions presented at trial should be saved to the hard drive of the computer that will be used to present the video in court. Video depositions should not be streamed from a shared or cloud drive. All parties are responsible for ensuring the contents of the revised transcripts and/or edited videos accurately reflect the parties' designations and the Court's rulings on the parties' objections.

b. In non-jury trials, the parties shall, no later than **5:00 p.m. on the date set in the scheduling order,** file with the Court:

A summary of what each party intends to prove through the deposition testimony, including, when appropriate, particular page and line references to said depositions.

12. a. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments.

b. Either a stipulation that the parties have no objection to the use of the listed objects for such purpose, or a statement of the objections to their use; and a statement that if other such objects are to be used by any party, they shall be submitted to opposing counsel no later than **5:00 p.m. on the date set in the scheduling order.** If there is then opposition to, or the opposing party opposes their use, notice of the dispute shall be filed with the Court no later than **by 5:00 p.m. on the date set in the scheduling order.**

13. a. A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of each one's testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

b. A statement that the witness list was filed in accordance with prior court orders. No other witness shall be allowed unless agreeable to all parties and the addition of the witness does not affect the trial date. This restriction shall not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify

that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

c. Except for good cause shown, the Court shall not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the Pretrial Order and prior court orders;

d. Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness no later than **5:00 p.m. on the date set in the scheduling order.**

14. A statement indicating whether the case is a jury or non-jury case.

a. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provisions:

"Counsel will prepare a **joint statement of the case** which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should not be more than two or three paragraphs. The statement will be filed with the Court no later than **5:00 p.m. on the date set in the scheduling order.**

Proposed jury instructions are to be filed no later than **5:00 p.m. on the date set in the scheduling order.** The parties must file **joint jury instructions**. The parties will meet and confer sufficiently in advance of the required submission date in order to prepare the joint jury instructions. The instructions must include citations to relevant legal authority. The instructions should be set forth in the order in which the parties wish to have the instructions read. Counsel must also submit an electronic version (in Word format) to the Court no later than **5:00 p.m. on the date set in the scheduling order**, at the following email address: efile-Morgan@laed.uscourts.gov, and must deliver **two file-stamped courtesy copies** to Chambers.

In the event that agreement cannot be reached on all jury instructions, counsel shall provide alternate versions with respect to any instruction in dispute. Each party should note its reasons for

8

putting forth an alternative instruction and the law in support thereof.

A **joint proposed jury verdict form** is to be filed no later than **5:00 p.m. on the date set in the scheduling order.** The parties shall meet and confer in advance of the required submission date in order to prepare the joint proposed jury verdict form. Counsel must also submit an electronic version (in Word format) to the Court no later than **5:00 p.m. on the date set in the scheduling order,** at the following email address: efile-Morgan@laed.uscourts.gov. In the event that agreement cannot be reached, the parties shall file (1) separate proposed jury verdict forms; and (2) a joint memorandum explaining the disagreements between the parties as to the proposed jury verdict form.

Any **proposed special voir dire questions** are to be filed by each counsel no later than **5:00 p.m. on the date set in the scheduling order.**

b.   In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required. Same are to be filed no later than **5:00 p.m. on the date set in the scheduling order.** Counsel shall also deliver **two file-stamped courtesy copies** of same to Chambers no later than **5:00 p.m. on the date set in the scheduling order.**

c.   In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. However, any party may, in any event, file such memoranda no later than **5:00 p.m. on the date set in the scheduling order,** and should address any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

15.   In cases in which damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum." It is the policy of this Court, in appropriate cases, to try issues of liability and quantum separately. Accordingly, counsel should be prepared to discuss at the Pretrial Conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16.   A statement describing any other matters that might expedite a disposition of the case.

17.   A statement that trial shall commence on _____, at ____ a.m./p.m. A realistic estimate of the number of trial days is required. Where counsel cannot agree upon the number of trial days required, the estimate of each

side should be given.  In addition, the proposed order must contain a sentence including any trial dates and times previously assigned.

18.   A statement that "This Pretrial Order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing.  Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19.   A statement that "The possibility of settlement of this case was considered."

20.   The proposed Pretrial Order must contain appropriate signature spaces for counsel for all parties and the Judge.

**IT IS FURTHER ORDERED** that the foregoing pretrial notice be electronically mailed to counsel of record for all parties to these cases, and counsel will comply with the directions set forth herein.

**Whenever a case is settled or otherwise disposed of, counsel must immediately inform the clerk's office, both the district and magistrate judges to whom the case is allotted, and all persons subpoenaed as witnesses. If a case is settled as to fewer than all of the parties or all of the claims, counsel must also identify the remaining parties and unsettled claims.**

If needed during trials, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse. The space features three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services. Details and information on these services including conference room reservations can be found at http://nofba.org or by contacting Debbie Skrmetta, Executive Director at 504-589-7990 or fbaneworleans@gmail.com.

New Orleans, Louisiana

_____
UNITED STATES DISTRICT JUDGE

10