UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELISA JORGE "GEORGE" ICTECH-BENDECK, | * | CIVIL ACTION |
| Plaintiff | * | No. 18-7889 |
| | * | c/w 18-8071, |
| VERSUS | * | 18-8218, 18-9312 |
| | * | |
| PROGESSIVE WASTE | * | |
| SOLUTIONS OF LA, INC. ET AL., | * | SECTION: "E" (5) |
| Defendants | * | |
| | * | JUDGE: Morgan |
| *Applies to: All Cases* | * | MAGISTRATE JUDGE: North |
| | * | |

**********************************************

**OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES
IN THE SETTLEMENT WITH THE PARISH OF JEFFERSON**

MAY IT PLEASE THE COURT:

Intervenor, Opposes the Motion to Award of Attorneys' Fees filed by Plaintiffs' Counsel ("PC"). PC has not placed the settlement funds of plaintiff class representatives into the common benefit fund. PC omits that this is a *partial* settlement of the matter total, and does not inform the court that the matter continues in the State Court Mass Action.[1] Furthermore, PC is utilizing the findings of general causation made in this matter in the ongoing State Court Mass Action against the remaining defendants - yet – burdening all of the expenses related to gaining that general causation ruling onto this *partial* settlement with Jefferson Parish. PC is intentionally requesting an unusually low one-fifth attorneys' fee in order to continue their plan to "cut out" Intervenor's interest in the attorneys' fees under the 2020 Agreement.

---

[1] *Robyn Crossman, et al. v. Waste Connections US, Inc., Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., Louisiana Regional Landfill Company, f/k/a IESI LA Landfill Corporation, IESI La Landfill Corporation, and APTIM Corporation*, Suit No.: 865.706, Division D, 24th Judicial District Court for the Parish of Jefferson, Louisiana.

1

The complicating issue before the Court is the death of lead class counsel, Mr. Exnicios which occurred during the course of litigation.  His death was not expressly contemplated by the 2020 Agreement and therefore has thrown ambiguity into how the eventual attorneys' fees are to be divided among counsel. *See* Exhibit A.  All parties agree that the 2020 Agreement is binding and enforceable; however, PC does not agree that the 2020 Agreement flows into the State Court Mass Action.  PC's position is that Mr. Exnicios' death dissolved any obligations between the parties and that the State Court Mass Action is a separate action.  Intervenor's position is that the 2020 Agreement applies to both cases as the State Court Action is pursued all the same attorneys except Mr. Exnicios, against all the same defendants except Jefferson Parish, and has asked the State Court to invoke and adopt the general causation findings by this court.

The "front-loading" of expenses provides an unjust benefit to PC by cutting out Intervenor, and an unjust benefit to the continuing defendants (in possible deferred settlement costs) in the State Court Mass Action.  Take the combined look of PC's actions: (A) PC refuses to acknowledge Intervenor's fee interest in the State Court Mass Action; (B) PC quickly paid out all expenses without the knowledge or consent of Intervenor; (C) PC now requests a one-fifth attorneys' fee, rather than the customary one-third.  PC is intentionally acting to unjustly enrich themselves at the expense of the decedent.

In a normal situation, there would be no prejudice to any party nor conflict, as the same plaintiffs, same defendants, and same attorneys are present between a settling putative class action against one defendant, and a continuing a state court mass action against the remaining defendants. Here; however, Intervenor's position has been damaged by PC's conduct.  PC was aware of Intervenor's claims, and instead of spreading the costs across all defendants, they allocated all costs onto a single defendant's settlement – to the detriment of Intervenor's fee position.  PC's

2

conduct is in violation of the principles of the common benefit doctrine, Federal Rule of Civil Procedure 23(h), and constitutes unjust enrichment.

Under the terms of the 2020 Agreement, there are three 'buckets' so to speak where attorneys' fees are divided up. The most clear, is the "by heads" section, which divides 25% of all attorneys' fees by the seven (7) signatories of the agreement. Intervenor asserts that this term is unambiguous and means that Intervenor shall get one-seventh of one-fourth of all attorneys' fees awarded. The next section awards one-fourth for "financing" the cost of litigation. The final section awards one-half for "work performed."

Due to an oral agreement between Mr. Schaumberg and Mr. Exnicios, which was ratified by all parties to the 2020 Agreement, Intervenor asserts that Mr. Exnicios and Mr. Schaumberg must combine the tabulation their contributions in the "financing" and "work performed" buckets and split the total. All counsel included in PC were aware of the arrangement between Mr. Schaumberg and Mr. Exnicios and consented to their arrangement. Now that he has died they are attempting to renege. Intervenor has evidence of the existence of this agreement and will provide such at the evidentiary hearing.

Importantly, the Plaintiffs in this matter are protected. Plaintiffs will receive 50% of the Jefferson Parish Settlement funds. The Court has complete discretion to decide to use the Lodestar method, a one-third percentage, a one-fifth percentage, or any reasonable methodology to determine the award of attorneys' fees in this matter. Intervenor objects to the one-fifth presented by PC, as that value is unreasonably low given the complexity of the matter. Furthermore, PC has admitted that they have "cut out" Intervenor's interest in the State Court Mass Action and are requesting a low attorney's fee in the class action to further minimize Intervenor's fee interest. As

3

such, Intervenor respectfully requests the customary one-third percentage (33.33%) fee be awarded to the attorneys in this matter.

As a final note, much has been said about the Rules of Professional Conduct and the sharing of attorneys' fees. Intervenor wishes to highlight that both the ABA and the Louisiana Rules of Professional Conduct expressly allow for the sharing of fees to a deceased lawyer's estate. *See* Rule 5.4 (a).

## A. Seth Schaumberg and Val Exnicios' Oral Agreement & Ratification

The evidence indicates that Mr. Schaumberg and Mr. Exnicios concocted an oral agreement wherein Mr. Schaumberg would provide the financing obligation for both Mr. Exnicios and himself, while Mr. Exnicios would provide the litigation expertise required for a toxic tort action with thousands of plaintiffs. In consideration for the exchange of capital and labor any attorneys' fees allocated to both individuals efforts would be split fifty-fifty. The oral agreement was in place before Mr. Exnicios signed up Mr. Ictect-Bendeck as lead plaintiff. All parties were aware of this agreement and entered into their joint venture with an understanding of Mr. Schaumberg and Mr. Exnicios' oral agreement. The 2018 Agreement, and later the 2020 Agreement, ratified the oral agreement, and solidified the relationships of all parties. Intervenor's interpretation of the Oral Agreement between Mr. Exnicios and Mr. Schaumberg holds that the total value of attorneys' fees under the 2020 Agreement owed to Mr. Exnicios and Mr. Schaumberg, must be combined, and then separated fifty percent to each. Furthermore, the Oral Agreement as ratified by the 2020 Agreement, applies to both the instant class action, and the related continuation, *i.e.*, the State Court Mass Action, through the Rule of Professional Conduct 5.4.

As the recent *Spears v. Hall* decision commands, the Rules of Professional Conduct have the force of law.  2025-00195 (La. 3/6/26).    Likely the contract between Mr. Ictech-Bendeck and Mr. Exnicios complied with Rule 1.5, *see* Exhibit B at 4.  However, the impact of the *Spears v. Hall* decision is muted in this matter, because the opinion was issued well after the death of Mr. Exnicios, and at the moment of Mr. Exnicios' death - Rule 5.4 controls - rather than Rule 1.5. 2025-00195 (La. 3/6/26); *see also* Louisiana Rules of Professional Conduct 5.4(a).[2]  For these reasons Intervenor finds the request for 20% unreasonable, and the allocation of all expenses onto this one settlement unreasonable.  As such, Intervenor objects to PC's motion and prays it is denied.

## B.  Lead Plaintiff's Counsel Contract

Under the terms of the contract for legal services between Mr. Exnicios and Mr. Ictech-Bendeck there is a clause which contemplates compensation after the termination of the attorney client relationship.  *See* Exhibit B.  It states that "in no case shall the amount in compensation paid for VPE's profession services be less than $295 per hour."

(9)    IF VPE  resigns, is discharged or disqualified or otherwise ceases to serve as Client's attorney prior to a full and final settlement or final judgment, he shall receive as compensation for his services and those of associate counsel in his employ or others otherwise associated on Client's claim reasonable fees based on all of the facts and circumstances deemed relevant by Louisiana statutory law and/or jurisprudence, including its/his/their prevailing standard hourly rates and the risk taken by it/him/them in accepting the Client's legal representation on a contingency fee basis; notwithstanding all of the above, in the event of VPE's resignation, discharge, disqualification or cessation, in no case shall the amount in compensation paid for VPE's professional services be less than $295 per hour.

*See* Exhibit B.  The 20% attorneys' fee requested by PC reduces value of Mr. Exnicios' time to less than $120 per hour, which is less than half of his contractual minimum.  Intervenor finds the request

---

[2] Furthermore, this comports with Louisiana's general rules on the interpretation of the Civil Code, and Statutes, as the more specific statute controls over the general.

5

for 20% unreasonable, and the allocation of all expenses onto this one settlement unreasonable. As such, Intervenor objects to PC's motion and prays it is denied.

C.  **Common Fund / Common Benefit Doctrine**
    **Equity Requires Proportional Sharing of Costs Among All Beneficiaries**

The common-fund doctrine is an equitable exception to the American Rule. Judge Fallon explained in succinct detail in *Turner v. Murphy Oil USA, Inc.*, 422 F.Supp.2d 676 (E.D.La.2006), the basis for and requirements surrounding the establishment of a common benefit fund:

> Under what is generally termed the "American rule," every litigant is responsible for the payment of his or her own attorney's fees. If there is no attorney-client relationship, no attorney's fees are generally owed. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, in certain settings, the American rule creates the problem of free riding, that is, when individuals who benefit from the litigation avoid sharing the full burden and expense of litigation by relying on the work of others. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980) (citing *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1881) and *Central R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885)).

> Thus, to avoid the problem of free-riding, the U.S. Supreme Court over 125 years ago approved the common benefit doctrine, which provides that when the efforts of a litigant or attorney create, preserve, protect, increase, or discover a common fund, all who benefit from that fund must contribute proportionately to the costs of the litigation. *Boeing*, 444 U.S. at 479, 100 S.Ct. 745, 62 L.Ed.2d 676; *Pettus*, 113 U.S. at 123, 5 S.Ct. 387, 28 L.Ed. 915; *Greenough*, 105 U.S. at 532–33, 26 L.Ed. 1157, 105 U.S. 527. "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing*, 444 U.S. at 478, 100 S.Ct. 745, 62 L.Ed.2d 676. See also Manual for Complex Litigation (Fourth) § 14.121 (2004) (discussing the American Rule and the common-benefit exception in complex cases).

> The Louisiana Supreme Court has recognized the common benefit doctrine and has developed the following test to determine whether attorneys are owed funds under the doctrine. *Kirkpatrick v. Young*, 456 So.2d 622, 625 (La.1984). First, the attorney must demonstrate that he acted 1) on his own and 2) at his own expense. *Id.* Second, the attorney must show that he maintained a successful suit for the preservation, protection, or increase of a common fund. *Id.*

6

The Fifth Circuit Court of Appeals has applied this doctrine in class actions and multi-district litigation cases. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 823–25 (5th Cir.1996) (approving of district court's use of common benefit doctrine in ERISA class action); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1021 (5th Cir.1977) (finding the doctrine could apply to an MDL).

*Id.* at 681.

Here,  general causation, emissions mapping, liability assessment, and expert discovery benefited *all* parties, and the common benefit is being utilized in both the instant case, and the State Court Mass Action.  For these reasons Intervenor finds the request for 20% unreasonable, and the allocation of all expenses onto this one settlement unreasonable.  As such, Intervenor objects to PC's motion and prays it is denied.

### D.  FRCP 23(h) – The Court's Independent Duty to Award Only "Reasonable" Fees and Protect Absent Class Members

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h). The Advisory Committee Notes emphasize that the court must scrutinize fee requests to ensure they are fair, reasonable, and adequate in light of the actual benefit conferred – even in the absence of objection. *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 857 (E.D. La. 2007).

Here**,** the Court must evaluate the fee in the context of this *partial* settlement under Rule 23(e)(2)(C) (adequacy of relief, including "the terms of any proposed award of attorney's fees"). Front-loading all litigation costs onto the first (and least culpable) defendant while the case continues against others fails the reasonableness test. Courts routinely reduce or reallocate fees in partial settlements when the class bears a disproportionate burden. *See generally*, *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 988 (9th Cir. 2023).  Only one defendant has settled, but expenses related to the prosecution of all defendants have already been paid out.  For these reasons

7

Intervenor finds the request for 20% unreasonable, and the allocation of all expenses onto this one settlement unreasonable.  As such, Intervenor objects to PC's motion and prays it is denied.

**WHEREFORE**, Intervenor Valerie Marie Exnicios Lamb, as Executrix and sole universal heir of the Estate of Val P. Exnicios, respectfully prays that the Court:

(1) Deny Plaintiff Counsel's Motion for Attorneys' fees in its current form;

(2) Order an award of 33.33% attorneys' fees;

(3) Order that all settlement funds related to plaintiff class representatives be placed into the common benefit fund and distributed from such funds;

(4) Order that all expenses related to general causation, in the Class Action which are being utilized in the State Court Mass Action, be spread across the Class Action and the State Court Mass Action by heads of total defendants remaining in the case.

(5) Order that the 2020 Agreement between Counsel controls the Attorneys' fee division, in this matter, in the related State Court Mass Action, and order that the final interpretation of the 2020 Agreement will be determined at, or after, the evidentiary hearing on June 8th, 2026.

(5) Order that Intervenor be paid out of the common benefit fund before any other distributions of any nature occur.

8

Respectfully submitted:

/s Calder H. Lamb_____
**CALDER H. LAMB** (#40425)
**PETER S. KOEPPEL** (#1465)
650 Poydras Street, Suite 2150,
New Orleans, Louisiana 70130
o:  504-598-1000
e:  clamb@koeppelllc.com
    psk@koeppelllc.com
***Attorney for Intervenor***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Calder H. Lamb*

9