## AGREEMENT FOR LEGAL SERVICES / ATTORNEY- CLIENT CONTRACT
**Page 1 of 3**

This agreement between **Elias Jorge "George" Ictech-Bendeck** ("Client"), personally and/or through his/her/its authorized representative, and Val Patrick Exnicios, Esq. d/b/a LISKA, EXNICIOS and NUNGESSER, Attorneys-at-Law (hereinafter "VPE"), witnesseth that:

(1) Client does hereby retain, employ, and appoint VPE to represent me in all matters pertaining to any and all claims which I have or may have pertaining to: Claims arising from the Jefferson Parish Landfill("Client's Claims").

(2) I hereby empower VPE to sue, to compromise, to receive any and all payments, to receipt for any and all money, and to do anything generally which VPE may deem necessary and/or advisable in the prosecution of Client's Claims as fully as though I were present, and with full ratification and confirmation thereof.

(3) VPE shall have the right and authority, without prior approval of Client, to associate other counsel whether employed by him or otherwise, as well as paralegals, investigators and other support staff to work with VPE in furthering Client's Claims; the association of other counsel or staff shall not increase client's obligations hereunder and any sharing of attorneys' fees shall be disclosed to, and approved by client in conformity with any and all of attorney's obligations pursuant to the Louisiana Rules of Professional Conduct as promulgated and/or amended by the Louisiana Supreme Court.

(4) VPE shall have the right and authority, without prior approval of Client, to incur such litigation costs and expenses as he in his sole discretion may deem necessary and/or advisable in furtherance of Client's Claims. Client agrees to bear responsibility for these litigation costs and expenses, which in the event of a successful recovery, shall be deducted from Client's share of any recovery. Litigation costs and expenses shall include, but are not limited to, case specific court costs, filing fees, subpoena fees, service of process fees, deposition fees, witness fees, legal research fees (e.g.,Westlaw and/or Lexis), file materials costs, long distance telephone charges, cellular phone fees, photocopy costs at 25 cents per page, medical records costs, postage, fax fees at 35 cents per page, delivery service fees, case specific paralegal fees, expert witness fees, trial consultant fees, mock trial costs, shadow jury fees, private investigation fees, mediation fees, trial exhibit costs, travel costs and any other case specific litigation costs and/or expenses.

Should VPE elect to do so while acknowledging that VPE is not under any obligation to do so, Client further authorizes VPE to secure such loan or loans as VPE may, at its/his sole discretion, elect to secure to pay Client's litigation costs and expenses, and/or to advance Client minimal living expenses solely in conformity with the Louisiana Rules of Professional Conduct, and/or to advance the cost of Client's necessary medical treatment ; the full amount of interest charged on such loan or loans shall be reimbursed to VPE from Client's share of any successful recovery effected; the interest rate charged shall be 12% per annum unless VPE is reasonably able to secure a lesser rate of interest, in which case, client shall pay only such lesser rate of interest.

**AGREEMENT FOR LEGAL SERVICES**
Page 2 of 3

(5)   As compensation for legal services rendered and to be rendered on behalf of Client and/or in furtherance of Client's Claims, Client shall pay VPE certain  legal fees and does hereby assign to VPE an interest in Client's Claims to satisfy said legal fees and any litigation costs and expenses, advances, loans and interest incurred by VPE in furtherance of Client's Claims. VPE's fees shall be 33 1/3 % of the total gross amount recovered should this matter be compromised prior to filing suit.  Should it be necessary to file suit against the alleged responsible parties, VPE's fees shall be  40  % of the total gross amount recovered. In the event of no recovery, there shall be no fee.

(6)   As used in this Agreement, the "total gross amount recovered" means the total of all principal, interest, penalties, litigation costs and expenses, attorney's fees and all other amounts recovered or to be recovered, including the value of any structured settlement, future payments, remediation, or non-pecuniary benefits, whether by suit, settlement, judgment or otherwise.

(7)   VPE agrees that it/he will diligently institute and prosecute Client's Claims to determination in the appropriate trial court, and make all reasonable and necessary efforts to collect any judgment that may be rendered therein in Client's favor; and in the event of a ruling or other judgment unfavorable to Client in said trial court, VPE will, if in its/his sole opinion good grounds exist, appeal said cause to the appropriate court of appeals and prosecute same to a final determination therein; in the event of the necessity of pursuing client's claims or any part thereof on appeal, an additional 10% of the total gross amount recovered shall be paid by client to VPE in compensation for his professional services at the appellate level(s) of litigation.

(8)   It is further agreed by Client and VPE that neither VPE nor Client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of Client's Claims.

(9)   IF VPE  resigns, is discharged or disqualified or otherwise ceases to serve as Client's attorney prior to a full and final settlement or final judgment, he shall receive as compensation for his services and those of associate counsel in his employ or others otherwise associated on Client's claim reasonable fees based on all of the facts and circumstances deemed relevant by Louisiana statutory law and/or jurisprudence, including its/his/their prevailing standard hourly rates and the risk taken by it/him/them in accepting the Client's legal representation on a contingency fee basis; notwithstanding all of the above, in the event of VPE's resignation, discharge, disqualification or cessation, in no case shall the amount in compensation paid for VPE's professional services be less than $ 295 per hour.

(10)   No guarantee or representation has been made to Client as to what type or amount of recovery, if any, may be expected on Client's Claims. VPE shall utilize his best professional efforts to secure for client a favorable result but no specific result can be, or has been, promised. Client specifically acknowledges that VPE has advised that litigation is inherently risky and that no favorable outcome or result can ever be guaranteed by him or anyone.

AGREEMENT FOR LEGAL SERVICES
Page 3 of 3

(11)   This agreement is governed by Louisiana law, contains the entire and complete understanding between the parties and can only be modified by written amendment signed by all parties.

(12)   Client agrees that any disputes hereunder will be fully arbitrated by a mutually agreeable arbitrator and if agreement as to a specific arbitrator can not be mutually agreed upon, each party shall select an attorney who in turn shall select a third person arbitrator who shall serve as the arbitrator of any and all disputes hereunder, and that any arbitrable and/or non-arbitrable issues will be subject to the laws of the State of Louisiana (without regard to the conflicts of law principles/provisions thereof.)

WITNESSES:

Print Name: Brandy Bentel

Print Name: Kristen Gervais

AGREED TO AND APPROVED BY:

CLIENT(s):

X _____

X _____

AND/OR By:_____,
Client(s)' Authorized Representative

DATE: 7/25/18

ACCEPTED BY:

VAL P. EXNICIOS, ESQ.,
d/b/a LISKA, EXNICIOS & NUNGESSER

X _____
By: VAL PATRICK EXNICIOS, ESQ.
     LOUISIANA BAR # 19563   ,

DATE: 7/25/18